Reuben Yeroushalmi (SBN 193981)
**YEROUSHALMI & YEROUSHALMI***
9100 Wilshire Boulevard, Suite 240W
Beverly Hills, California 90212
Telephone: 310.623.1926
Facsimile: 310.623.1930

Attorney for Defendant,
CONSUMER ADVOCACY GROUP

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

ENCHANTE ACCESSORIES, INC.,

Plaintiff,

vs.

CONSUMER ADVOCACY GROUP, INC., in the public interest.

Defendants.

CASE NO. 4:22-cv-05035-DMR
**[The Honorable Donna M. Ryu]**

**DECLARATION OF REUBEN YEROUSHALMI IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND IN SUPPORT OF DEFENDANT CONSUMER ADVOCACY GROUP'S MOTION TO DISMISS COMPLAINT**

**[Filed Concurrently with Notice of Motion; Memorandum of Points and Authorities; and [Proposed] Order**

Date: **December 8, 2022**
Time: 1:00 p.m.
Courtroom: 4

Complaint Filed: September 7, 2022
Trial Date: Not Yet Set

## DECLARATION OF REUBEN YEROUSHALMI

I, Reuben Yeroushalmi, declare as follows based on personal knowledge, and if called upon to testify under oath to the assertions below, I would do so competently. I am an adult, over age 18, and have full capacity to make this affidavit. I am the principal at the offices of Yeroushalmi & Yeroushalmi, attorneys for Defendant, Consumer Advocacy Group, Inc. ("CAG").

## PENDING CAG MATTERS AGAINST ENCHANTE

1. I understand that Enchante Accessories, Inc., ("Enchante") bases its claims against CAG in the Complaint in this matter (Ecf Dkt 1) upon the lawsuits that CAG has filed against Enchante. I have and do represent CAG in the lawsuits discussed in the Complaint as follows:

    a. *Consumer Advocacy Group. V. Ross Stores, Inc. et al. Los Angeles Superior Court, Case No. 19STCV25883*. This action was filed on July 23, 2019. Enchante filed an answer on February 23, 2020 to the First Amended Complaint asserting Res Judicata (Third Affirmative Defense), Commerce Clause Violation (Fourth Affirmative Defense), Freedom of Express (including that the First Amendment would be violated by requiring warning be placed on the product (in the Eighth Affirmative Defense) and Void for Vagueness (Ninth Affirmative Defense). Ross's Answer filed on September 23, 2019 also asserted res judicata, uncertainty, and that applying Proposition 65 would be unconstitutional (Fifteenth Affirmative Defense). Plaintiff dismissed Enchante from the action without prejudice on or about June 2, 2022.

        i. Attached as **Exhibit A** is Enchante's Answer to the First Amended Complaint in the 19STCV25883.

        ii. Attached as **Exhibit B** is Ross's Answer to the complaint in the

19STCV25883.

b. Consumer Advocacy Group v. *Ross Stores, Inc. et al. Case No. 19STCV25883 Alameda County Superior Court, Case No. RG19034033*. Enchante's Answer to the First Amended Complaint filed on or about May 2, 2022 raises first amendment issues and accuses Consumer Advocacy Group of interfering with its business. In this case Defendant Ross brought a motion for summary judgment which was denied*:*

i. Attached as **Exhibit C** is a true and correct copy of the future hearings portion of the online docket from the Superior Court of Alameda County showing a trial is set on February 27, 2023 in this matter.

ii. Attached as **Exhibit D** is Enchante's Answer to the First Amended Complaint.

iii. Attached as **Exhibit E** order denying Ross's Motion for Summary Judgment.

c. *Consumer Advocacy Group v Ross Stores, Inc. et al., Los Angeles Superior Court, Case No. 20STCV18693*. The lawsuit was filed by the Plaintiff on May 15, 2020 and is set for bench trial on August 7, 2023. Enchante filed a notice of related case and although the cases were not ultimately related, Enchante asserted that Case 19STSV25883 and RG19034033 "involves the same parties and is based on the same or similar claims." Enchante in its answer to Plaintiff's complaint asserts the following defences: First Amendment, Void for Vagueness and Due Process as the Eighth, Ninth and Tenth Affirmative Defenses. Ross's answer to the complaint asserts unconstitutional and uncertainty as the Fourteenth and Fifteeth Affirmative Defenses.

i. A true and correct copy of the docket from the Court's lacourt.org website is attached as **Exhibit F**.

ii. Attached as **Exhibit G** is the Notice of Related case Enchante filed in the 20STCV45871 matter.

iii. Attached as **Exhibit H** is Enchante's answer to the complaint in Case No. 20STCV18693.

iv. Attached as **Exhibit I** is Ross's answer to the First Amended Complaint in case no. 20STCV18693.

d. *Consumer Advocacy Group v. Ross Stores, Inc. et al. Los Angeles Superior Court, Case No. 20STCV45871*. In this matter Enchante has appeared as a defendant in intervention. The lawsuit was filed on December 1, 2020 and bench trial is set on June 26, 2023. Defendant Ross Stores, Inc filed an answer on February 24, 2021 to the First Amended Complaint. In its answer, Ross asserts Due Process violation that "the claims asserted and remedies sought by Plaintiff would violate the right of Defendant to due process under the California and United States Constitutions." (Second Affirmative Defense), Res Judicata/Collateral Estoppel (Eighth Cause of Action), "Uncertainty" as the Fourteenth Affirmative defense that "the Complaint and each cause of action therein is vague, ambiguous, uncertain and fails to adequately notify Defendant which products are alleged to violate the Safe Drinking Water and Toxic Enforcement Act of 1986, California Health & Safety Code section 25249.5, et seq., ("Proposition 65") and which are not alleged to violate Proposition 65." Asserts as Fifteenth Affirmative Defense that: "Plaintiff's claims violate Defendant's rights under the United States and California Constitutions in that,

among other things: (1) Plaintiff is attempting to enforce Proposition 65 in a manner that renders the requirements of that statute and regulation unconstitutionally vague; and (2) given the vague, overbroad and uncertain nature of Plaintiff's allegations, requiring Defendant to prove that the alleged exposures cause no significant risk and/or have no observable effect violates Defendant's due process and other constitutional rights." Enchante filed an answer to the First Amended Complaint on February 24, 2022 asserting the defenses of inter alia, Freedom of expression (Eighth Affirmative Defense of "Freedom of Expression" involving the First Amendment), Ninth Affirmative Defense of "void for vagueness"), among others.

i. Attached as **Exhibit J** is a true and correct copy of the docket in this matter.

ii. Attached as **Exhibit K** is Ross Stores, Inc's answer to the First Amended Complaint.

iii. Attached as attached as **Exhibit L** is Enchante's Answer to the First Amended Complaint.

e. *Consumer Advocacy Group v. Ross Stores, Inc., Los Angeles Superior Court, Case No. 22STCV20056*. The Complaint in this matter was filed on June 20, 2022 and Ross filed its answer on September 1, 2022. Ross's answer asserts, among other things, First Amendment violation that: "The Complaint and the alleged cause of action in it are barred, in whole or in part, because a Proposition 65 warning would be compelled false and misleading speech, and interferes with Defendant's right of free speech, in violation of the First Amendment to the United States Constitution.

i. Attached as **Exhibit M** is a true and correct copy of the docket on this case.

ii. Attached as **Exhibit N** is Ross's answer to the complaint.

**DEHP**

2. DEHP Di(2-ethylhexyl)phthalate (DEHP) is listed by the State of California because it "can cause cancer and birth defects or other reproductive harm. Exposure to DEHP may increase the risk of cancer and may also harm the male reproductive system" Attached as **Exhibit O** is the print out from https://www.p65warnings.ca.gov/fact-sheets/di2-ethylhexylphthalate-dehp#:~:text=DEHP%20is%20on%20the%20Proposition,harm%20the%20male%20reproductive%20system.

3. The European Union also prohibits the use of phthalates (including DEHP) in a concentration of greater than 0.1% by weight in all articles. Attached as **Exhibit P** is the Regulation 1907/2006/EC of the European Parliament and of the Council of 17 December 2018 concerning Registration, Evaluation, Authorization and Restriction of Chemicals (REACH), 2018 O.J. (L322) 18.

4. Plaintiff Enchante and its retailer defendant Ross have been sued because Enchante and Ross have repeatedly placed toxic products into the stream of commerce, in violation of California's Health and Safety Code ("HSC"), Proposition 65, designed to protect the public from harmful toxins. Attached as **Exhibit Q** is the operative complaint filed against Enchante and Ross in *Consumer Advocacy Group v. Ross Stores, Inc., Los Angeles Superior Court, Case No. 20STCV45871*. Attached as **Exhibit R** is the operative complaint filed against Enchante and Ross in *Consumer Advocacy Group v. Ross Stores, Inc., Alameda Superior Court, Case No. RG19034033*. Attached as **Exhibit S** is the operative complaint filed against Enchante and Ross in *Consumer Advocacy Group v. Ross Stores, Inc., Los Angeles Superior Court, Case No. 20STCV18693*.

**ATTORNEY's FEE and COST**

5. CAG incurred a total of 15,000 $ in attorney's fee and cost in bringing this Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 28, 2022 at Beverly Hills, California.

Dated: October 28, 2022

_/s/ Reuben Yeroushalmi_______________

Reuben Yeroushalmi
Attorneys for Defendant,
CONSUMER ADVOCACY GROUP, INC.