SETH GOLDBERG (SBN: 153719)
sgoldberg@steptoe.com
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902

DANIELLE E. VALLONE (SBN: 302497)
dvallone@steptoe.com
STEPTOE & JOHNSON LLP
1 Market Street
Spear Tower, 39th Floor
San Francisco, California 94105
Telephone: (415) 365-6700
Facsimile: (415) 365-6699

ATTORNEYS FOR DEFENDANTS ENCHANTE ACCESSORIES, INC. AND NICOLE MILLER LTD. SOHO

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF LOS ANGELES

| | |
|---|---|
| CONSUMER ADVOCACY GROUP, INC., in the public interest,<br><br>Plaintiff,<br><br>vs.<br><br>ROSS STORES, INC., dba DD's DISCOUNTS, a Delaware Corporation; ROSS DRESS FOR LESS, INC., a Virginia Corporation; ROSS PROCUREMENT, INC., a Delaware Corporation; NICOLE MILLER LTD. SOHO, a New York Corporation; ENCHANTE ACCESSORIES, INC., a New York Corporation; OLIVIA MILLER, INC., a New York Corporation; ABG JUICY COUTURE, LLC, a Delaware Company; TRI COASTAL DESIGN GROUP, INC., a New Jersey Corporation; MANN & BROS., INC., dba IMPERIAL HANDKERCHIEFS, a New York Corporation; ARGENTO SC BY SICURA, INC., a New York Corporation; and DOES 1-120;<br><br>Defendants. | Case No. 19STCV25883<br><br>**DEFENDANT ENCHANTE ACCESSORIES, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PENALTY AND INJUNCTION**<br><br>Hon. Elizabeth Feffer<br>Department 39 |

Pursuant to California Code of Civil Procedure Section 431.30, Defendant ENCHANTE ACCESSORIES, INC. ("Defendant") answers the First Amended Complaint for Penalty and Injunction ("Complaint") filed by Plaintiff CONSUMER ADVOCACY GROUP ("Plaintiff") as follows:

## GENERAL DENIAL

1. Pursuant to California Code of Civil Procedure ("CCP") Section 431.30(d), Defendant generally and specifically denies all of the allegations of the Complaint, and each cause of action, and each paragraph in each cause of action, and each and every part thereof, and further denies that Plaintiff is entitled to any relief or damages of any kind.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Lack of Standing)

2. The Complaint, and each of its purported causes of action, fails to constitute a cause of action against Defendant within the meaning of CCP Section 430.10.

## SECOND AFFIRMATIVE DEFENSE

(Statutory Exemption)

3. Pursuant to California Health and Safety Code Section 25249.10(c), Defendant alleges that any exposures as alleged in the Complaint are exempt from the warning requirement of California Health and Safety Code Section 25249.6 because, based on evidence and standards of comparable scientific validity, as those which form the scientific basis for the listing pursuant to California Health and Safety Code § 25249.8(a) and California Code of Regulations, Title 27, Sections 25000 et seq., the alleged exposures pose no observable effect of reproductive harm and pose no significant risk of cancer.

## THIRD AFFIRMATIVE DEFENSE

(Res Judicata/Collateral Estoppel)

4. Defendant alleges that the Complaint, and each claim for relief therein, is barred by the doctrines of res judicata and/or collateral estoppel.

///

## FOURTH AFFIRMATIVE DEFENSE

(Commerce Clause Violation)

5. Defendant alleges that Plaintiff seeks to apply California Health and Safety Code Section 25249.6 in a manner that would pose an impermissible burden on interstate commerce under the United States Constitution.

6. Proposition 65 violates interstate commerce because it imposes a significant cost on manufacturers and distributors to evaluate products beyond the cost imposed by federal, international and other state laws. This cost is borne not solely by the citizens of California, but overwhelmingly by businesses and consumers in the rest of the world. Thus, Proposition 65 is a mechanism for shifting the costs and risks to out-of-state business and consumers while benefiting California and its consumers, who understand Proposition 65 and are not alarmed by the cryptic "warnings".

7. In addition, Proposition 65's regulatory requirement that sellers must post Proposition 65 warnings on their Internet websites prior to purchase by a consumer, greatly expands and exceeds the scope of the statute, which mandates warnings prior to *exposure*. The regulation requiring internet warnings prior to purchase is not only *ultra vires*, but results in a system of double warnings (by way of the Internet and on shipped products) which applies to companies selling on the Internet world-wide. The administrative costs are high and unduly burdensome for Defendant to monitor and manage. The warnings and requirements are confusing and misleading to Defendant, its suppliers, vendors, and distributors.

8. Moreover, Proposition 65 imposes inappropriate burdens on interstate commerce and has the practical effect of regulating conduct (including manufacturing) that occurs wholly outside of California. Defendant operates in multiple states, and the products at issue may be manufactured out-of-state, but placed in interstate commerce in accordance with federal and state laws in effect in the state of origin. Moreover, many products are imported to the United States and governed by international standards and treaties to which the United States and sovereign nations are bound, but to which California is not a party and has no standing or right to challenge or enforce. Proposition 65 imposes litigation risk if companies fail to place misleading cancer

and/or reproductive toxicity warnings on their products for California sales where such products contain any detectible level of a Proposition 65 listed chemical. (See Cal. Health and Safety Code § 25249.6.)

9. Further, Proposition 65 imposes inconsistent and arbitrary standards on interstate commerce because it authorizes private enforcers to prosecute cases "in the public interest", where the State of California has failed to adequately supervise the course of litigation and, further, has failed to set uniform standards for injunctive relief for the industry. This allows private enforcers, such as Plaintiff, to establish the level at which a warning is required on an ad hoc basis. This has resulted in scores of consent judgments with inconsistent phthalate allowances and differing requirements. Moreover, there is no feasible method by which a company can determine an acceptable exposure level before an action is brought. In brief, there is no way for companies such as Defendant to be free of Proposition 65 "private enforcer" litigation short of placing misleading cancer and reproductive toxicity warnings on all of their products. These misleading "warnings" and uncertain standards have a chilling impact on interstate commerce generally, on consumers outside of California, and on Defendant specifically.

## FIFTH AFFIRMATIVE DEFENSE

(Estoppel and Waiver)

10. Defendant alleges that the claims in the Complaint are barred by the doctrines of estoppel and/or waiver.

## SIXTH AFFIRMATIVE DEFENSE

(Plaintiff Not Entitled to Extraterritorial Relief)

11. To the extent Plaintiff seeks relief beyond the State of California, Defendant alleges that Plaintiff's request for remedies on behalf of persons outside of the State of California ("extraterritorial relief") is beyond the jurisdiction of this Court. In addition, Plaintiff cannot seek to impose Proposition 65 compliance on conduct occurring outside of California.

///

///

///

DEFENDANT ENCHANTE ACCESSORIES, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

4

### SEVENTH AFFIRMATIVE DEFENSE

(Failure to Warn by Third Party)

12. Defendant alleges that the claims in the Complaint are barred to the extent they are based on a failure to provide a warning, as such failure or omission was on the part of persons and entities other than Defendant and said failure or omission was entirely unknown to Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

(Freedom of Expression)

13. Defendant alleges that the application of Proposition 65 and its implementing regulations to Defendant's products violates Defendant's right to freedom of expression as guaranteed by the First Amendment to the U.S. Constitution, applied to the states by and through the Fourteenth Amendment, and also as guaranteed by the California Constitution, Article I, Section 2(a). Specifically, compelling Defendant to place warning labels and/or internet statements as set forth in the Propositions 65 regulations, 27 California Code of Regulations 25600, et. seq., including but not limited use of the signal word "WARNING," require Defendant to overstate risk, cause consumer confusion, and untruthfully disparage its products.

### NINTH AFFIRMATIVE DEFENSE

(Void for Vagueness)

14. Defendant alleges that Proposition 65, California Health and Safety Code Sections 25249.5, et seq., and its implementing regulations are unconstitutionally vague. Proposition 65 impermissibly delegates to the judicial branch the task of developing and quantifying the applicable standards as well as determining whether such standard was violated. As applied in this case, the disparate standards set by consent judgments make it impossible for Defendant to know before the Court's determination whether a warning is mandated or not, and, as such, Proposition 65 violates Defendant's due process and equal protection rights under the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 7 to the California Constitution.

///

///

## TENTH AFFIRMATIVE DEFENSE

### (Due Process Violation)

15. Defendant alleges that the claims asserted and remedies sought by Plaintiff would violate Defendant's due process rights under the California and United States Constitutions. Defendant alleges that the private enforcement provisions of California Health and Safety Code Section 25249.7(d) are unconstitutional both on their face and as applied to Plaintiff and its counsel because such provisions encroach upon the constitutional duty of the California Attorney General to ensure that the laws of the State are uniformly and adequately enforced and thus infringe upon the executive power in violation of the separation of powers doctrine of Article III, Section 3 of the California Constitution.

16. In addition, Proposition 65 on its face violates due process and the separation of powers because the statute improperly shifts the decision on what constitutes an appropriate and quantified exposure level from the legislative and/or executive branch to the judiciary. California Health and Safety Code Section 25249.10(c) and its implementing regulations do not set forth an objective quantitative standard for a determination but require the court to make the determination of the standard and "safe" exposure as applied to each product after trial.

17. Thus, both facially and as applied, the Proposition 65 statutory scheme violates the separation of powers and denies Defendant due process as a matter of law.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Equal Protection)

18. Defendant alleges that Proposition 65 and its implementing regulations violate Defendant's right to equal protection of the laws of the State of California and the United States because, among other things, various consent judgments entered by the court as required by Proposition 65 and its implementing regulations: (1) fail to establish clear, reasonable, quantified, and certain standards; (2) authorizes enforcers to initiate enforcement at any detectible level of listed chemicals; and (3) impermissibly shifts the burden of proof to the defendant to both establish and quantify the applicable Proposition 65 standard as well as to prove that their products do not exceed the court's determination of such quantified standard. Moreover, because

---

DEFENDANT ENCHANTE ACCESSORIES, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

6

phthalate levels in products are only established by consent judgments or at trials, these standards are disparate, inconsistent, and unequally applied to various members in the same industry.

### TWELFTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

19. Defendant alleges that Plaintiff's claims are barred in whole or in part by the one year statute of limitations set forth in CCP Section 340(a) and *Shamsian v. Atlantic Richfield Co.* (2003) 107 Cal.App.4th 967. The statute applies to all claims made under Proposition 65.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Attorneys' Fees Barred)

20. Defendant alleges that Plaintiff is barred from any recovery of attorneys' fees because Plaintiff has failed to meet the requirements of CCP Section 1021.5, including but not limited to providing a good faith settlement offer to Defendant prior to filing suit.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Moot)

21. Plaintiff's claim for injunctive relief is moot, as Defendant no longer sells the accused Product to California consumers. Thus, the claim is moot and an injunction cannot issue.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Not Justiciable – Litigated for Private Interests)

22. Plaintiff is not proceeding only "in the public interest," as required by California Health & Safety Code § 25249.6. (*See, Consumer Advocacy Group v. ExxonMobil Corp.* (2008) 168 Cal.App.4th 675, 692-93). Accordingly, this private enforcer action is not justifiable, among other reasons, because Defendant: (1) is not required to provide warnings under Proposition 65, pursuant to the data provided by Plaintiff; (2) upon information and belief, Plaintiff's counsel are pursuing this action under a contingent fee bases, which gives them a financial stake in the matter as well as control of the litigation; and (3) Plaintiff and its counsel are litigating not to enforce Proposition 65, but for personal gain. Moreover, Plaintiff and its counsel are not adhering to the ethical standards that the apply when a private entity seeks to vindicate "public interests". (*See Clancy v. Superior Court* (1985) 39 Cal. 3d 740, 748-53 (Supreme Court holding that where a

private law firm has a personal stake in the outcome of the case, the interests of justice and larger public interests may be compromised, and thus, contingent fees arrangements are banned.)). Although the California Supreme Court in *County of Santa Clara v. Atlantic Richfield Company* (2006) 137 Cal. App. 4th 292 qualified the absolute ban on contingent fee agreements by allowing them where a public attorney is managing all phases of the litigation *and making all decisions*, this does not occur in a Proposition 65 case such as this one. Under the facts of this case, including Plaintiff and its counsel's conduct to date, Plaintiff does not meet the prerequisite requirement for private enforcement "in the public interest" under the applicable statutes and regulations.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Bad Faith Prosecution – Abuse of Private Enforcer Status)

23. Defendant contends that Plaintiff and its counsel are pursuing this action in bad faith. Among other things, Plaintiff's counsel willfully ignored relevant exculpatory evidence, ignored the conclusion of the California Court of Appeals that DEHP poses no significant risk of cancer in humans in *Baxter Healthcare Corp. v. Denton* (2004) 120 Cal.App.4th 333, and failed to negotiate a settlement in good faith. Rather than dismissing the case, or agreeing to a reasonable settlement offer, Plaintiff and its counsel have filed this action without legal justification for doing so, in violation CCP §128.7 and their duty under Proposition 65 to litigate only "in the public interest."

24. Plaintiff and its counsel are therefore pursuing this action in bad faith and in disregard to the California Rules of Professional Conduct (for example, California Business & Professions Code §6068(c); California Rules of Professional Conduct Rule 3-200). Such bad faith prosecution is relevant to and dispositive of Plaintiff and its counsel's lack of standing to bring this action "in the public interest," and conduct that rises to the level of triggering sanctions, including terminating sanctions, pursuant to CCP §§128.5, 128.7, and 2023.030. (See also, *Lang v. Hochman* (2000) 77 Cal.App.4th 1225, 1246 (reviewing cases in which trial courts imposed terminating sanctions "after considering the totality of the circumstances.")).

///

## SEVENTEENTH AFFIRMATIVE DEFENSE
(Certificate of Merit)

25. Defendant alleges that, to the extent that a cause of action in the Complaint is based upon Health and Safety Code §§ 25249.6, *et seq.*, Plaintiff is barred from proceeding with the cause of action because Plaintiff has failed to comply with the procedural requirements of that section, including, but not limited to, the requirement of Health and Safety Code § 24249.7 that Plaintiff consult with appropriate experts, consider affirmative defenses available to Defendant, and submit a valid certificate of merit with the Attorney General prior to filing a complaint. On information and belief, the information relayed by plaintiff during the prefiling period show that the case was without merit, but that Plaintiff is pursuing the case in bad faith to make money from a compelled settlement. Moreover, the testing and other materials on which Plaintiff and its counsel relies do not support a finding of a violation. As an experienced private enforcer, Plaintiff and its counsel knew that the data failed to support a reasonable belief that the case had no merit.

## EIGHTEENTH AFFIRMATIVE DEFENSE
(Unreliable Science)

26. The exposure limits and science and methodology underlying the warning requirements alleged in the Complaint were and continue to be scientifically untrustworthy and unreliable. (See *Baxter v. Denton* (2002) 120 Cal.App.4th 333 (holding that chemicals may be Proposition 65 listed based on animal data, but that this is not dispositive of adverse effect in humans.)).

## NINETEENTH AFFIRMATIVE DEFENSE
(Federal Preemption)

27. Defendant alleges that the Complaint, and each claim for relief therein, is barred by the Supremacy Clause of the United States Constitution.

/ / /

/ / /

/ / /

### TWENTIETH AFFIRMATIVE DEFENSE

(Abstention)

27. Defendant alleges that Plaintiff's claims for relief should be denied under the equitable doctrine of abstention.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Failure to Join Necessary and/or Indispensable Parties)

28. Defendant alleges that Plaintiff's Complaint fails to name or join all necessary parties pursuant to Code of Civil Procedure sections 389 and 430.10(d).

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Reservation of Additional Affirmative Defenses)

29. Defendant alleges that it has not knowingly or voluntarily waived any applicable affirmative defenses and hereby gives notice that it intends to rely on such other and further defenses as may become available or appear during the discovery proceedings in this case and hereby reserves the right to amend its answer to assert any such defense.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays as follows:

1. That this Court deny every item of relief requested in the Complaint;
2. That the Complaint and each cause of action be dismissed against Defendant with prejudice;
3. That judgment on the Complaint be entered in favor of Defendant;
4. That Defendant be awarded its costs and fees in this action; and

///
///
///
///
///
///
///

5. That Defendant be awarded such other and further relief as this Court may deem proper.

DATED: February 13, 2020          STEPTOE & JOHNSON LLP

By: _____
Seth Goldberg
Danielle Vallone
Attorneys for Defendants, ENCHANTE
ACCESSORIES, INC. AND NICOLE MILLER
LTD. SOHO

| | |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 | F.R.C.P. 5 / C.C.P. § 1013a(3)/ Cal. R. Ct. R. 2.260 |
| 3 | I am a resident of, or employed in, the County of San Francisco. I am over the age of 18 and not a party to this action. My business address is: Steptoe & Johnson LLP, 1 Market Street, Suite 3900 Spear Tower, San Francisco, CA 94105. |
| 5 | On **February 13, 2020**, I served the following listed document(s), by method indicated below, on the parties in this action: |
| 7 | **DEFENDANT ENCHANTE ACCESSORIES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| 9 | *PLEASE SEE ATTACHED SERVICE LIST* |

☒ **BY U.S. MAIL**
By placing ☐ the original / ☒ a true copy thereof enclosed in a sealed envelope(s), with postage fully prepaid, addressed as per the attached service list, for collection and mailing at Steptoe & Johnson LLP, 1 Market Street, Suite 1800 Steuart Tower, San Francisco, CA 94105, following ordinary business practices. I am readily familiar with Steptoe & Johnson LLP's practice for collection and processing of documents for mailing. Under that practice, the document is deposited with the United States Postal Service on the same day as it is collected and processed for mailing in the ordinary course of business.

☐ **BY OVERNIGHT DELIVERY**
By delivering the document(s) listed above in a sealed envelope(s) or package(s) designated by the express service carrier, with delivery fees paid or provided for, addressed as per the attached service list, to a facility regularly maintained by the express service carrier or to an authorized courier or driver authorized by the express service carrier to receive documents. **Note**: Federal Court requirement: service by overnight delivery was made ☐ pursuant to agreement of the parties, confirmed in writing, or ☐ as an additional method of service as a courtesy to the parties or ☐ pursuant to Court Order.

☐ **BY PERSONAL SERVICE**
☐ By personally delivering and handing the document(s) listed above to the person(s) identified on the attached service list.
☐ By causing delivery of a true copy of the document(s) listed above (by First Legal Services) to the office address(es) as shown on the attached service list and leaving said document(s) with a clerk or other person in charge, or if no one is in charge leaving it in a conspicuous place in the office(s).
☐ By personally delivering the document(s) listed above to the address(es) as shown on the attached service list and leaving said document(s) with someone of suitable age and discretion residing at said address(es).

☐ **BY ELECTRONIC SERVICE via electronic filing service provider**
By electronically transmitting the document(s) listed above to File and ServeXpress, an electronic filing service provider at www.fileandserveXpress. To my knowledge, the transmission was reported as complete and without error. *See* Cal. R. Ct. R. 2.253, 2.255, 2.260.

☒ **BY EMAIL**
By electronically transmitting the document(s) listed above to the email address(es) of the person(s) set forth on the attached service list from the email address bsalimi@Steptoe.com. To my knowledge, the transmission was reported as complete and without error. Service by email was made ☐ pursuant to agreement of the parties, confirmed in writing, or ☐ as an additional method of service as a courtesy to the parties or ☐ pursuant to Court Order. *See* Cal. R. Ct. R. 2.260.

☐ **BY FACSIMILE**
By transmitting the document(s) listed above from Steptoe & Johnson LLP in San Francisco, California to the facsimile machine telephone number(s) set forth on the attached service list. Service by facsimile transmission was made ☐ pursuant to agreement of the parties, confirmed in writing, or ☐ as an additional method of service as a courtesy to the parties or ☐ pursuant to Court Order.

I declare under penalty of perjury under the laws of the *State of California* and *the United States of America* that the above is true and correct.

---

DEFENDANT ENCHANTE ACCESSORIES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Executed on **February 13, 2020**, at San Francisco, California.

_____
Beeba Salimi