Document Prepared on Recycled Paper

**NORTON ROSE FULBRIGHT US LLP**
JEFFREY B. MARGULIES (BAR NO. 126002)
LAUREN A. SHOOR (BAR NO. 280788)
555 South Flower Street
Forty-First Floor
Los Angeles, California 90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494
jeff.margulies@nortonrosefulbright.com
lauren.shoor@nortonrosefulbright.com

Attorneys for Defendants
ROSS STORES, INC.; ROSS DRESS FOR LESS,
INC.; AND ROSS PROCUREMENT, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| CONSUMER ADVOCACY GROUP, INC., in the public interest,<br><br>Plaintiff,<br><br>v.<br><br>ROSS STORES, INC., dba DD'S DISCOUNTS, a Delaware Corporation; ROSS DRESS FOR LESS, INC., a Virginia Corporation; ROSS PROCUREMENT, INC., a Delaware Corporation; NICOLE MILLER LTD. SOHO, a New York Corporation; ENCHANTE ACCESSORIES, INC., a New York Corporation; OLIVIA MILLER, INC., a New York Corporation; ABG JUICY COUTURE, LLC, a Delaware Company; TRI COASTAL DESIGN GROUP, INC., a New Jersey Corporation; MANN & BROS., INC., dba IMPERIAL HANDKERCHIEFS, a New York Corporation; and DOES 1-120,<br><br>Defendants. | Case No. 19STCV25883<br><br>Assigned For All Purposes To The Honorable Elizabeth R. Feffer, Dept. 39<br><br>**DEFENDANTS ROSS STORES, INC.; ROSS DRESS FOR LESS, INC.; AND ROSS PROCUREMENT, INC.'S ANSWER TO COMPLAINT FOR PENALTY AND INJUNCTION**<br><br>**[DEMAND FOR JURY TRIAL]** |

98627881.1

**COME NOW** Defendants Ross Stores, Inc.; Ross Dress For Less, Inc.; and Ross Procurement, Inc. ("Defendants"), for themselves and no other defendant, and in response to Plaintiff Consumer Advocacy Group's ("Plaintiff") Complaint For Penalty and Injunction ("Complaint") allege, deny and aver as follows:

## GENERAL DENIAL

1. Pursuant to Code of Civil Procedure section 431.30, Defendants deny the allegations of Plaintiff's Complaint, and each cause of action, and each paragraph in each cause of action, and each and every part thereof.

2. Defendants further deny that they "knowingly and intentionally", by reason of any act or omission, fault, conduct, or liability on the part of these answering Defendants, whether negligent, careless, unlawful, or whether as alleged as otherwise, exposed any persons to chemicals listed pursuant to 27 Cal. Code Regs. section 27001, from products that were manufactured, sold, or distributed by Defendants without first providing "clear and reasonable warning" pursuant to Health & Safety Code section 25249.6, or that Defendants are liable in any manner for any penalties or other costs, or that injunctive or any other relief is appropriate.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

3. Defendants allege that the Complaint, and each of the purported causes of action therein, fails to state facts sufficient to constitute a cause of action against Defendants.

## SECOND AFFIRMATIVE DEFENSE

(Due Process Violation)

4. Defendants allege that the claims asserted and remedies sought by Plaintiff would violate Defendants' right to due process under the California and United States Constitutions.

## THIRD AFFIRMATIVE DEFENSE

(Statutes of Limitations)

5. Defendants allege Plaintiff's claims are barred in whole or in part by the applicable statute of limitations, California Code of Civil Procedure sections 338(a) and/or 340(a).

DOCUMENT PREPARED
ON RECYCLED PAPER

## FOURTH AFFIRMATIVE DEFENSE

(Lack of Subject Matter Jurisdiction)

6. Defendants allege that the Court does not have subject matter jurisdiction over the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

(Federal Preemption)

7. Defendants allege that the Complaint, and each claim for relief therein, is barred by the Supremacy Clause of the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE

(Abstention)

8. Defendants allege that Plaintiff's claims for relief should be denied under the equitable doctrine of abstention.

## SEVENTH AFFIRMATIVE DEFENSE

(No Claim Based on Non-California Conduct)

9. Defendants allege that Plaintiff's claims are barred in whole or in part to the extent they are based on alleged acts, conduct or statements that were undertaken, made or received outside of California.

## EIGHTH AFFIRMATIVE DEFENSE

(Res Judicata/Collateral Estoppel)

10. Defendants allege that Plaintiff's action is barred by the doctrines of res judicata and/or collateral estoppel.

## NINTH AFFIRMATIVE DEFENSE

(Laches)

11. Defendants allege that Plaintiff is barred by the doctrine of laches from asserting all of the claims in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

(Estoppel and Waiver)

12. Defendants allege that the claims in the Complaint are barred by the doctrines of estoppel and/or waiver.

## ELEVENTH AFFIRMATIVE DEFENSE

(Failure to Warn By Third Party)

13. Defendants allege that the claims in the Complaint are barred to the extent they are based on a failure to provide a warning, as such failure or omission was on the part of persons and entities other than Defendants and said failure or omission was entirely unknown to Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

(No Control Over Exposure)

14. Defendants allege that the exposures of which Plaintiff complains involve acts and omissions of third parties and/or are not within Defendants' reasonable ability to control.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Statutory Exemption)

15. Defendants allege that pursuant to California Health and Safety Code section 25249.10(c), if there were any exposures to Listed Chemicals as alleged in the Complaint, these would be exempt from the warning requirement of California Health and Safety Code section 25249.6 because, based on evidence and standards of comparable scientific validity as those which form the scientific basis for the listing of the listed chemicals pursuant to California Health and Safety Code section 25249.8(a) and 27 California Code of Regulations section 27001, the alleged exposures have no observable effect of reproductive harm and the alleged exposures pose no significant risk of cancer.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Uncertainty)

16. Defendants allege that the Complaint and each cause of action therein are vague, ambiguous, uncertain and fail to adequately notify which products are alleged to violate the Safe

DOCUMENT PREPARED ON RECYCLED PAPER

Drinking Water and Toxic Enforcement Act of 1986, California Health & Safety Code section 25249.5, et seq., ("Proposition 65") and which are not alleged to violate Proposition 65.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Statutes are Unconstitutional as Applied)

17. Defendants allege that Plaintiff's claims violate Defendants' rights under the United States and California Constitutions in that, among other things: (1) Plaintiff is attempting to enforce Proposition 65 in a manner which renders the requirements of that statute and regulation unconstitutionally vague; and (2) given the vague, overbroad and uncertain nature of Plaintiff's allegations, requiring proof that the alleged exposures cause no significant risk and/or have no observable effect violates Defendants' due process and other constitutional rights.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Failure to Join Necessary and/or Indispensable Parties)

18. Defendants allege that Plaintiff's Complaint fails to name or join all necessary parties pursuant to Code of Civil Procedure sections 389 and 430.10(d).

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Reservation of Rights to Assert Additional Defenses)

19. Defendants allege that they have not knowingly or voluntarily waived any applicable affirmative defenses and reserves the right to assert and rely on such other applicable affirmative defenses as may become available or apparent during discovery proceedings. Defendants further reserve the right to amend their answer and/or affirmative defenses accordingly and/or to declare affirmative defenses are not applicable during the course of subsequent discovery.

WHEREFORE, Defendants pray for judgment as follows:

A. That Plaintiff takes nothing by reason of the Complaint or any claims stated therein;

B. That the Complaint and each cause of action contained therein be dismissed against Defendants with prejudice;

C. That Defendants recover their costs, disbursements, expenses, and attorneys' fees herein; and

D. That the Court grant such other and further relief as it may deem just and proper.

Dated: September 23, 2019

**NORTON ROSE FULBRIGHT US LLP**
JEFFREY B. MARGULIES
LAUREN A. SHOOR


By_____
LAUREN A. SHOOR
Attorneys for Defendants
ROSS STORES, INC.; ROSS DRESS FOR LESS, INC.; AND ROSS PROCUREMENT, INC.

DOCUMENT PREPARED ON RECYCLED PAPER

## JURY DEMAND

Defendants Ross Stores, Inc.; Ross Dress For Less, Inc.; and Ross Procurement, Inc. hereby demand a trial by jury on all claims so triable in this action.

Dated: September 23, 2019

**NORTON ROSE FULBRIGHT US LLP**
JEFFREY B. MARGULIES
LAUREN A. SHOOR


By_____
LAUREN A. SHOOR
Attorneys for Defendants
ROSS STORES, INC.; ROSS DRESS FOR LESS, INC.; AND ROSS PROCUREMENT, INC.

DOCUMENT PREPARED ON RECYCLED PAPER

# PROOF OF SERVICE

I, Monica Tapia, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, Forty-First Floor, Los Angeles, California 90071. On September 23, 2019, I served a copy of the within document(s):

**DEFENDANTS ROSS STORES, INC.; ROSS DRESS FOR LESS, INC.; AND ROSS PROCUREMENT, INC.'S ANSWER TO COMPLAINT FOR PENALTY AND INJUNCTION [DEMAND FOR JURY TRIAL]**

- ☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

- ☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

- ☐ by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

- ☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

- ☒ by transmitting via e-mail or other electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Reuben Yeroushalmi  *Attorneys for Plaintiff*
Peter T. Sato  *Consumer Advocacy Group*
Yeroushalmi & Yeroushalmi
9100 Wilshire Boulevard, Suite 240W
Beverly Hills, CA 90212
Tel: (310) 623-1926
Fax: (310) 623-1930
reuben@yeroushalmi.com
peter@yeroushalmi.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 23, 2019, at Los Angeles, California.

_____
Monica Tapia