| | |
|---|---|
| Consumer Advocacy Group, Inc.<br>Plaintiff/Petitioner(s)<br>vs.<br>Ross Stores, Inc. et al<br>Defendant/Respondent(s) | No. RG19034033<br><br>Date: 04/13/2022<br>Time: 2:22 PM<br>Dept: 15<br>Judge: Patrick McKinney<br><br>ORDER re: Ruling on Submitted Matter |

The Court, having taken the matter under submission on 04/05/2022, now rules as follows: Defendant Ross Store's motion for summary judgment came on for hearing on April 5, 2022 in Department 15 of the Alameda County Superior Court. After full consideration of the papers submitted in support of and in opposition to the motion, and the arguments of counsel presented at the hearing, the motion for summary judgment is DENIED.

Plaintiff Consumer Action Group ("Plaintiff") filed the complaint in this case on September 6, 2019, alleging four causes of action under Proposition 65 (Health & Safety Code § 25249.5 et seq.). At issue in this motion are the allegations in the first cause of action, which alleges that "office and school supplies" that Defendant Ross ("Defendant") sells in California contain di(2-ethylhexyl) phthalate ("DEHP") in violation of Proposition 65. The third and fourth causes of action in this case have been settled. The second cause of action is "settled in principle" and is no longer in dispute. (Royster Decl. at ¶ 5.)

Defendant is a retailer of consumer products with locations throughout the United States, including in California. (Undisputed Material Fact ("UMF") No. 1.) The parties dispute the scope of the 60-day Notice of Intent to Sue ("Notice") and allegations in the first cause of action. The Notice states:

"An exemplar of violations caused by Planner Notebook containing DEHP includes but is not limited to:

'Live Simply Love Generously Serve Faithfully Pray Daily'; '2018-2019 Weekly Planner'; 'SKU 400177795080'; 'Manufactured for and Distributed by EAJ New York, NY 100616'; 'Made in China'"

(UMF No. 4.) The complaint includes a similar description of the Planner Notebook at issue. (Id.; Complt. ¶¶ 31, 32.) Ross purchased the specific Planner Notebook described in the Notice and Complaint from Enchante Accessories, Inc., a manufacturer and supplier of consumer products ("Enchante"). (UMF Nos. 5 & 6.) Defendant sold this specific Planner Notebook between August 12, 2018 and February 10, 2019. (UMF No. 7.)

LEGAL STANDARD FOR SUMMARY JUDGMENT

"Any party may move for summary judgment in any action or proceeding if it is contended that the action has no merit or that there is no defense to the action or proceeding." (Code Civ. Proc., § 437c(a).) When the defendant is the moving party, he meets his burden of showing that a cause of action has no merit if he shows that one or more elements of the cause of action cannot be established, or that there is a complete defense to that cause of action. (Code Civ. Proc. § 437c(o).) "Once the defendant ... has met that burden, the burden shifts to the plaintiff ... to show that a triable issue of one or more material facts exists as to that cause of action or a defense thereto." (Code Civ. Proc. § 437c(p)(2).) "The defendant has the initial burden to show that undisputed facts support each element of the affirmative defense.... If the defendant does not meet this burden, the motion must be denied." (Anderson v. Metalclad Insulation Corp. (1999) 72 Cal.App.4th 284, 289-290 [citation omitted].)

ANALYSIS

Proposition 65 states that: "No person in the course of doing business shall knowingly and intentionally expose any individual to a chemical known to the state to cause cancer or reproductive toxicity without first giving clear and reasonable warning to such individual, except as provided in Section 25249.10." (Health & Safety Code § 25249.6.) Proposition 65 actions may be filed by public prosecutors or by private enforcers. (DiPirro v. American Izusu Motors, Inc. (2004) 119 Cal.App.4th 966, 970.) The private enforcer is required to give the named public attorneys and the alleged violator a 60–day notice, and it can proceed with the action after 60 days if no public attorney has prosecuted the case. (Health & Safety Code § 25249.7(d); Consumer Advocacy Group, Inc. v. Kintetsu Enterprises of America (2007) 150 Cal.App.4th 953, 963.)

A TRIABLE ISSUE OF FACT EXISTS AS TO THE PRODUCTS COVERED UNDER THE NOTICE IN THE FIRST CAUSE OF ACTION

The court finds that a triable issue of fact exists as to what products are covered under the notice. Defendant argues that no triable issue of fact exists in this regard because the notice identifies one specific item. (UMF 2.) Plaintiff disputes this based on the text of the Notice which described the listed Planner Notebook as an "exemplar . . . including but not limited to" the specific SKU. (See 12/21/18 Notice, Exh. A to in Defendant's Compendium of Evidence.)

Section 25903(b)(2)(D) of Cal. Code. Regs., tit. 27, regulates the content of Proposition 65 notices, and it states that "[f]or notices of violation of Section 25249.6 of the Act involving consumer product exposures, the name of the consumer product or service, or the specific type of consumer product or services, that cause the violation, with sufficient specificity to inform the recipients of the nature of the items allegedly sold in violation of the law and to distinguish those products or services from others sold or offered by the alleged violator for which no violation is alleged." (27 C.C.R. § 25903(b)(2)(D) [emphasis added].) The language in this regulation supports the conclusion that a reference to a type or category of items is sufficient, and therefore, that the December 21, 2018's reference to "Planner Notebook" provides notice that the violations alleged in the notice encompasses the category of planners that are sold by Ross Stores, and not just the exemplar SKU that is listed in the notice. This conclusion is buttressed by the Final

Statement of Reasons by the Office of Health Hazard Assessment, which states that a notice would be sufficient if its description "at least identifie[s] the category of products that will be the subject of the action." (See Plaintiff's Request for Judicial Notice, No. 2 (Exh. B) at p. 10.)

Defendant argues that the category of products identified by Plaintiff is overbroad. Plaintiff asserts that Defendant "sold 889 SKUs of planners supplied to Ross by Enchante during the period stated in CAG's complaint." (Additional Material Fact No. 1.) It is undisputed that Defendant was on notice in December 2018 that Plaintiff was pursuing relief for weekly planners manufactured in China for and distributed by Enchante claimed to have impermissible levels of DEHP. Given that notice, Defendant could inquire of Enchante whether DEHP was present in the Planner Notebooks it sold to Defendant. Defendant's entitlement to summary judgment relies

on whether the Notice was sufficiently specific. Because the court finds that it was, Defendant fails to meet its burden under section 437c(p)(2) of the Code of Civil Procedure.

THE RETAILER DEFENSE

Based on the foregoing analysis, the court determines that Defendant has not met its burden with respect to the retailer defense. Section 25600(2)(e)(1) through (e)(5)(B) of Cal. Code Regs., tit. 27, sets forth the conditions under which a retail settler is responsible for providing warnings under Proposition 65. Defendant asserts that UMF Nos. 7 through 13 support a determination that it cannot be held liable for a Proposition 65 violation because those UMFs show that Ross does not fall into any of the categories of retailer liability for the SKU listed on the Notice.

Based on the submitted evidence, Defendant has met its burden for the specific Planner Notebook identified in the Notice and Complaint. However, disputed issues of fact exist because Defendant confines its analysis in UMFs 7-13 to the SKU that is listed in the notice as an exemplar when, as set forth above, a material dispute exists as to whether the notice covered items beyond the SKU listed in the notice (UMF No. 2).

OBJECTIONS

Defendant's Objection Number 1 is overruled, although it was not considered as material to the court's ruling on this motion.

The court grants Plaintiff's request for judicial notice No. 2 under Evid. Code § 452(c).

Dated: 04/13/2022

*[signature]*

Patrick McKinney / Judge

| SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | FILED<br>Superior Court of California<br>County of Alameda<br>04/13/2022<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _____ Deputy<br>P. Drummer-Williams |
| PLAINTIFF/PETITIONER:<br>Consumer Advocacy Group, Inc. | |
| DEFENDANT/RESPONDENT:<br>Ross Stores, Inc. et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>RG19034033 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Dennis Earl Raglin
Steptoe & Johnson
Spear Tower, 1 Market St
39th Fl
San Francisco, CA 94105

Eva Yang
Norton Rose Fulbright US LLP
555 South Flower Street
Forty First Floor
:ps Angeles, CA 90071-

Jeffrey Brian Margulies
Norton Rose Fulbright US LLP
555 S Flower St Fl 41
Los Angeles, CA 90071

Michael Shak
Law Office of Michael Shak
2320 East 49th Street
Vernon, CA 90058-

Reuben Yeroushalmi
Yeroushalmi & Associates
9100 Wilshire Boulevard,
Suite 240W
Beverly Hills, CA 90212-

Chad Finke, Executive Officer / Clerk of the Court

Dated: 04/13/2022      By:

P. Drummer-Williams, Deputy Clerk

CERTIFICATE OF MAILING