| | |
|---|---|
| 1 | **NORTON ROSE FULBRIGHT US LLP** |
| | JEFFREY MARGULIES (BAR NO. 126002) |
| 2 | LAUREN SHOOR (BAR NO. 280788) |
| | EVA YANG (BAR NO. 306215) |
| 3 | 555 South Flower Street |
| | Forty-First Floor |
| 4 | Los Angeles, California 90071 |
| | Telephone: (213) 892-9200 |
| 5 | Facsimile: (213) 892-9494 |
| | jeff.margulies@nortonrosefulbright.com |
| 6 | lauren.shoor@nortonrosefulbright.com |
| | eva.yang@nortonrosefulbright.com |

Attorneys for Defendant
ROSS STORES, INC.

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF LOS ANGELES

| | |
|---|---|
| CONSUMER ADVOCACY GROUP, INC., in the public interest, <br><br>Plaintiff, <br><br>v. <br><br>ROSS STORES, INC. DBA DD'S DISCOUNTS, a Delaware Corporation; and DOES 1-170, <br><br>Defendants. | Case No. 20STCV45871 <br><br>Assigned For All Purposes To The Honorable Jon R. Takasugi <br>Dept. 17 <br><br>**DEFENDANT ROSS STORES, INC.'S ANSWER TO PLAINTIFF CONSUMER ADVOCACY GROUP, INC.'S FIRST AMENDED COMPLAINT** |

COMES NOW Defendant Ross Stores, Inc. ("Defendant"), for itself and no other defendant, and in response to Plaintiff Consumer Advocacy Group, Inc.'s ("Plaintiff") First Amended Complaint for Civil Penalties and Injunctive Relief ("Complaint"), alleges, denies and avers as follows:

### **GENERAL DENIAL**

1. Pursuant to Code of Civil Procedure section 431.30, Defendant denies the allegations of Plaintiff's Complaint, and each cause of action, and each paragraph in each cause of action, and each and every part thereof.

2. Defendant further denies that, by reason of any act or omission, fault, conduct, or liability on part of this answering Defendant, whether negligent, careless, unlawful, or whether as alleged as otherwise, it "knowingly and intentionally" exposed any persons to chemicals listed pursuant to 27 Cal. Code Regs. section 27001 without first providing "clear and reasonable warning" pursuant to Health & Safety Code section 25249.6, or that Defendant is liable in any manner for any penalties or other costs, or that injunctive or any other relief is appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

3. Defendant alleges that the Complaint, and each of its purported causes of action, fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

(Due Process Violation)

4. Defendant alleges that the claims asserted and remedies sought by Plaintiff would violate the right of Defendant to due process under the California and United States Constitutions.

### THIRD AFFIRMATIVE DEFENSE

(Statutes of Limitations)

5. Defendant alleges Plaintiff's claims are barred in whole or in part by the applicable statute of limitations, California Code of Civil Procedure sections 338(a) and/or 340(a).

### FOURTH AFFIRMATIVE DEFENSE

(Lack of Subject Matter Jurisdiction)

6. Defendant alleges that the Court does not have subject matter jurisdiction over the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

(Federal Preemption)

7. Defendant alleges that the Complaint, and each claim for relief therein, is barred by the Supremacy Clause of the United States Constitution.

DOCUMENT PREPARED ON RECYCLED PAPER

## SIXTH AFFIRMATIVE DEFENSE

(Abstention)

8. Defendant alleges that Plaintiff's claims for relief should be denied under the equitable doctrine of abstention.

## SEVENTH AFFIRMATIVE DEFENSE

(No Claim Based on Non-California Conduct)

9. Defendant alleges that Plaintiff's claims are barred in whole or in part to the extent they are based on alleged acts, conduct or statements that were undertaken, made or received outside of California.

## EIGHTH AFFIRMATIVE DEFENSE

(Res Judicata/Collateral Estoppel)

10. Defendant alleges that Plaintiff's action is barred by the doctrines of res judicata and/or collateral estoppel.

## NINTH AFFIRMATIVE DEFENSE

(Laches)

11. Defendant alleges that Plaintiff is barred by the doctrine of laches from asserting all of the claims in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

(Estoppel and Waiver)

12. Defendant alleges that the claims in the Complaint are barred by the doctrines of estoppel and/or waiver.

## ELEVENTH AFFIRMATIVE DEFENSE

(Failure to Warn By Third Party)

13. Defendant alleges that the claims in the Complaint are barred to the extent they are based on a failure to provide a warning, as such failure or omission was on the part of persons and entities other than Defendant and said failure or omission was entirely unknown to Defendant.

DOCUMENT PREPARED ON RECYCLED PAPER

DEFENDANT ROSS STORES, INC.'S ANSWER TO PLAINTIFF
CONSUMER ADVOCACY GROUP, INC.'S FIRST AMENDED COMPLAINT

## TWELFTH AFFIRMATIVE DEFENSE

(No Control Over Exposure)

14. Defendant alleges that the exposures of which Plaintiff complains involve acts and omissions of third parties and/or are not within the reasonable ability of this answering Defendant to control.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Statutory Exemption)

15. Defendant alleges that pursuant to California Health and Safety Code section 25249.10(c), if there were any exposures to Listed Chemicals as alleged in the Complaint, these would be exempt from the warning requirement of California Health and Safety Code section 25249.6 because, based on evidence and standards of comparable scientific validity as those which form the scientific basis for the listing of the listed chemicals pursuant to California Health and Safety Code section 25249.8(a) and 27 California Code of Regulations section 27001, the alleged exposures have no observable effect of reproductive harm and the alleged exposures pose no significant risk of cancer.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Uncertainty)

16. Defendant alleges that the Complaint and each cause of action therein is vague, ambiguous, uncertain and fails to adequately notify Defendant which products are alleged to violate the Safe Drinking Water and Toxic Enforcement Act of 1986, California Health & Safety Code section 25249.5, et seq., ("Proposition 65") and which are not alleged to violate Proposition 65.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Statutes are Unconstitutional as Applied)

17. Defendant alleges that Plaintiff's claims violate Defendant's rights under the United States and California Constitutions in that, among other things: (1) Plaintiff is attempting to enforce Proposition 65 in a manner that renders the requirements of that statute and regulation unconstitutionally vague; and (2) given the vague, overbroad and uncertain nature of Plaintiff's

DOCUMENT PREPARED ON RECYCLED PAPER

allegations, requiring Defendant to prove that the alleged exposures cause no significant risk and/or have no observable effect violates Defendant's due process and other constitutional rights.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Failure to Join Necessary and/or Indispensable Parties)

18. Defendant alleges that Plaintiff's Complaint fails to name or join all necessary parties pursuant to Code of Civil Procedure sections 389 and 430.10(d).

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Reservation of Rights to Assert Additional Defenses)

19. Defendant alleges that it has not knowingly or voluntarily waived any applicable affirmative defenses and reserves the right to assert and rely on such other applicable affirmative defenses as may become available or apparent during discovery proceedings. Defendant further reserves the right to amend its answer and/or affirmative defenses accordingly and/or to declare affirmative defenses that it determines are not applicable during the course of subsequent discovery.

WHEREFORE, Defendant prays for judgment as follows:

A. That Plaintiff takes nothing by reason of the Complaint or any claims stated therein;

B. That the Complaint and each cause of action contained therein be dismissed against Defendant with prejudice;

C. That Defendant recovers its costs, disbursements, expenses, and attorneys' fees herein; and

D. That the Court grant such other and further relief as it may deem just and proper.

DOCUMENT PREPARED
ON RECYCLED PAPER

Dated:  February 24, 2021

**NORTON ROSE FULBRIGHT US LLP**
JEFFREY MARGULIES
LAUREN SHOOR
EVA YANG

By_____
EVA YANG
Attorneys for Defendant
ROSS STORES, INC.

DOCUMENT PREPARED
ON RECYCLED PAPER

# PROOF OF SERVICE

I, Rhonda M. Cole, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, Forty-First Floor, Los Angeles, California 90071. On February 24, 2021, I served a copy of the within document(s*): **DEFENDANT ROSS STORES, INC.'S ANSWER TO PLAINTIFF CONSUMER ADVOCACY GROUP, INC.'S FIRST AMENDED COMPLAINT***

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by transmitting via e-mail or other electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Reuben Yeroushalmi
**YEROUSHALMI & YEROUSHALMI**
9100 Wilshire Boulevard
Suite 240W
Beverly Hills, California 90212
Tel: (310) 623-1926
Fax: (310) 623-1930
reuben@yeroushalmi.com
ben@yeroushalmi.com
peter@yeroushalmi.com
shannon@yeroushalmi.com
shohini@yeroushalmi.com
tiffine@yeroushalmi.com
talia@yeroushalmi.com
mike@yeroushalmi.com
rev@yeroushalmi.com
admin@yeroushalmi.com

*Attorneys for Plaintiff Consumer Advocacy Group*

DOCUMENT PREPARED ON RECYCLED PAPER

1    I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Executed on February 24, 2021, at Los Angeles, California.

_____
Rhonda M. Cole

DOCUMENT PREPARED ON RECYCLED PAPER