Carol R. Brophy (SBN 155767)
*cbrophy@steptoe.com*
STEPTOE & JOHNSON LLP
Spear Tower
1 Market Street, 39th Floor
San Francisco, California 94105
Telephone: (415) 365-6700 /Facsimile: (415) 365-6699

Dennis E. Raglin (SBN 179261)
*draglin@steptoe.com*
STEPTOE & JOHNSON LLP
633 W. 5th Street, Suite 1900
Los Angeles, California 90071
Telephone: (213) 439-9400/Facsimile: (213) 439-9599

Attorneys For Defendant-In-Intervention ENCHANTÉ ACCESSORIES, INC.

**SUPERIOR COURT OF STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| CONSUMER ADVOCACY GROUP, INC., in the public interest,<br><br>Plaintiff,<br><br>v.<br><br>ROSS STORES, INC. DBA DD'S DISCOUNTS, a Delaware Corporation; and DOES 1-170,<br><br>Defendants. | Case No. 20STCV45871<br><br>Assigned For All Purposes To The Honorable Jon R. Takasugi, Dept. 17<br><br>**DEFENDANT-IN-INTERVENTION ENCHANTÉ ACCESSORIES, INC.'S ANSWER TO FIRST AMENDED COMPLAINT** |

Pursuant to California Code of Civil Procedure Section 431.30, Defendant-In-Intervention ENCHANTÉ ACCESSORIES, INC. ("Defendant") answers the unverified First Amended Complaint for Civil Penalties and Injunctive Relief ("Complaint") filed by Plaintiff CONSUMER ADVOCACY GROUP, INC. ("Plaintiff") as follows:

## GENERAL DENIAL

1. Pursuant to California Code of Civil Procedure ("CCP") Section 431.30(d), Defendant generally and specifically denies all of the allegations of the First Amended Complaint, and each cause of action, and each paragraph in each cause of action, and each and every part thereof, and further denies that Plaintiff is entitled to any relief or damages of any kind.

## FACTUAL ALLEGATIONS IN SUPPORT OF AFFIRMATIVE DEFENSES

2. Di-2-ethylhexyl phthalate (DEHP) is the most common type of phthalate, a plasticizer used in polymer products to make plastic flexible. DEHP is used widely, especially in medical devices, such as intravenous (IV) bags and tubing, umbilical artery catheters, blood bags and infusion tubing, enteral nutrition feeding bags, nasogastric tubes, and peritoneal dialysis bags, and is utilized in manufacturing a wide variety of consumer products, such as packed food and beverages, soft plastic products, such as toys and infant products, building and furniture materials, including furniture upholstery, mattresses, wall coverings, floor tiles, and vinyl flooring, and cosmetics and personal care products to carry fragrances.

3. DEHP is prior sanctioned for use as a plasticizer in food packaging that contacts food with high water content. Prior sanctioned substances are those substances whose use in contact with food is the subject of a letter issued by the FDA or USDA before 1958 offering no objection to a specific use of a specific substance. The FDA has published in the indirect food additives a partial list of the prior sanctioned substances, including the prior sanction for DEHP at 21 CFR § 181.27.

4. DEHP is currently regulated by FDA for use as a food additive and is specifically authorized for use in multiple food-contact applications, including as a plasticizer in contact with high water content foods, as well as in the following food-contact applications and regulations: 21 CFR §§ 175.105 ("Adhesives"), 175.300 ("Resinous and polymeric coatings"), 175.380 ("Xylene-

formaldehyde resins condensed with 4,4'-isopropylidenediphenol-epichlorohydrin epoxy resins"), 175.390 ("Zinc-silicon dioxide matrix coatings"), 176.170 ("Components of paper and paperboard in contact with aqueous and fatty foods"), 176.180 ("Components of paper and paperboard in contact with dry food"), 176.210 ("Defoaming agents used in the manufacture of paper and paperboard"), 177.1010 ("Acrylic and modified acrylic plastics, semirigid and rigid"), 177.1200 ("Cellophane"), 177.1210 ("Closures with sealing gaskets for food containers"), 177.1400 ("Hydroxyethyl cellulose film, water-insoluble"), and 178.3910 ("Surface lubricants used in the manufacture of metallic articles").

5. DEHP was listed under California's Proposition 65 as a carcinogen in 1988. In 2004, the California Court of Appeal ruled in *Baxter v. Denton*, a declaratory judgment action, that DEHP was not a *human* carcinogen, although it was properly listed under Proposition 65 by the state based on animal studies. *Baxter Healthcare Corp. v Denton* (2004) 120 Cal.App.4th 333, 348. Thus, there is no legal basis on which Plaintiff can pursue a failure to warn lawsuit to compel a cancer warning for exposure to DEHP.

6. In 2003, the state listed DEHP as a reproductive toxicant, for developmental and male reproductive effects.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE
(Lack of Standing)

7. The First Amended Complaint, and each of its purported causes of action, fails to constitute a cause of action against Defendant within the meaning of CCP Section 430.10.

## SECOND AFFIRMATIVE DEFENSE
(Statutory Exemption)

8. Pursuant to California Health and Safety Code Section 25249.10(c), Defendant alleges that any exposures as alleged in the Complaint are exempt from the warning requirement of California Health and Safety Code Section 25249.6 because, based on evidence and standards of comparable scientific validity, as those which form the scientific basis for the listing pursuant to

- 3 -
ANSWER TO FIRST AMENDED COMPLAINT

California Health and Safety Code § 25249.8(a) and California Code of Regulations, Title 27, Sections 25000 et seq., the alleged exposures pose no observable effect of reproductive harm and pose no significant risk of cancer.

### THIRD AFFIRMATIVE DEFENSE

(Res Judicata/Collateral Estoppel)

9. Defendant alleges that the First Amended Complaint, and each claim for relief therein, is barred by the doctrines of res judicata and/or collateral estoppel. On information and belief Plaintiff, and/or private plaintiffs in privity with Plaintiff, have withdrawn notices of intent to sue and/or entered into settlements or consent judgments with other defendants whose terms provide that warnings are not required for the same or higher exposures in the accused products that Plaintiff alleges violate Proposition 65 in this case.

### FOURTH AFFIRMATIVE DEFENSE

(Commerce Clause Violation)

10. Defendant alleges that Plaintiff seeks to apply California Health and Safety Code Section 25249.6 in a manner that would pose an impermissible burden on interstate commerce under the United States Constitution.

11. Proposition 65 violates interstate commerce because it imposes a significant cost on manufacturers and distributors to evaluate products beyond the cost imposed by federal, international and other state laws. This cost is borne not solely by the citizens of California, but overwhelmingly by businesses and consumers in the rest of the world. Thus, Proposition 65 is a mechanism for shifting the costs and risks to out-of-state business and consumers while benefiting California and its consumers, who may understand Proposition 65 and may not be alarmed by the cryptic "warnings".

12. In addition, Proposition 65's regulatory requirement that sellers must post Proposition 65 warnings on their Internet websites prior to purchase by a consumer, greatly expands and exceeds the scope of the statute, which mandates warnings prior to *exposure*. The regulation requiring internet warnings prior to purchase is not only *ultra vires*, but results in a system of double warnings

(by way of the Internet and on shipped products) which applies to companies selling on the Internet world-wide. The administrative costs are high and unduly burdensome for Defendant to monitor and manage. The warnings and requirements are confusing and misleading to Defendant, its suppliers, vendors, and distributors.

13. Moreover, Proposition 65 imposes inappropriate burdens on interstate commerce and has the practical effect of regulating conduct (including manufacturing) that occurs wholly outside of California. Defendant operates in multiple states, and the products at issue may be manufactured out-of-state, but placed in interstate commerce in accordance with federal and state laws in effect in the state of origin. Moreover, many products are imported to the United States and governed by international standards and treaties to which the United States and sovereign nations are bound, but to which California is not a party and has no standing or right to challenge or enforce. Proposition 65 imposes litigation risk if companies fail to place misleading cancer and/or reproductive toxicity warnings on their products for California sales where such products contain any detectable level of a Proposition 65 listed chemical. (See Cal. Health and Safety Code § 25249.6.)

14. Further, Proposition 65 imposes inconsistent and arbitrary standards on interstate commerce because it authorizes private enforcers to prosecute cases "in the public interest", where the State of California has failed to adequately supervise the course of litigation and, further, has failed to set uniform standards for injunctive relief for the industry. This allows private enforcers, such as Embry, to establish the level at which a warning is required on an ad hoc basis. This has resulted in scores of consent judgments with inconsistent phthalate allowances and differing requirements. Moreover, there is no feasible method by which a company can determine an acceptable exposure level before an action is brought. In brief, there is no way for companies such as Defendant to be free of Proposition 65 "private enforcer" litigation short of placing misleading cancer and reproductive toxicity warnings on all of their products. These misleading "warnings" and uncertain standards have a chilling impact on interstate commerce generally, on consumers outside of California, and on Defendant specifically.

///

ANSWER TO FIRST AMENDED COMPLAINT

**FIFTH AFFIRMATIVE DEFENSE**

(No Knowing and Intentional Exposure – 27 CCR 25900(a))

15. Defendant alleges that the claims in the First Amended Complaint are barred by 27 CCR 25900(a), which provides that there is "no knowing and intentional exposure" as a matter of law, where the Defendant's tests of the products conducted within one year of filing of the complaint demonstrate that the chemical at issue was not detected. Here, Defendant has met the requirements put forth in 27 CCR25900(a).

**SIXTH AFFIRMATIVE DEFENSE**

(Plaintiff Not Entitled to Extraterritorial Relief)

16. To the extent Plaintiff seeks relief beyond the State of California, Defendant alleges that Plaintiff's request for remedies on behalf of persons outside of the State of California ("extraterritorial relief") is beyond the jurisdiction of this Court. In addition, Plaintiff cannot seek to impose Proposition 65 compliance on conduct occurring outside of California.

**SEVENTH AFFIRMATIVE DEFENSE**

(Failure to Warn by Third Party)

Defendant alleges that the claims in the First Amended Complaint are barred to the extent they are based on a failure to provide a warning, as such failure or omission was on the part of persons and entities other than Defendant and said failure or omission was entirely unknown to Defendant. The decisions of a third party, such as other distributors, or online retailers, to avail themselves of the California market and not provide warnings to California consumers, if they chose to sell to such individuals, are not chargeable to Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

(Freedom of Expression)

17. Defendant alleges that the application of Proposition 65 and its implementing regulations to Defendant's products violates Defendant's right to freedom of expression as guaranteed by the First Amendment to the U.S. Constitution, applied to the states by and through the Fourteenth Amendment, and also as guaranteed by the California Constitution, Article I, Section

ANSWER TO FIRST AMENDED COMPLAINT

2(a). Specifically, compelling Defendant to place warning labels and/or internet statements as set forth in the Propositions 65 regulations, 27 California Code of Regulations 25600, et. seq., including but not limited use of the signal word "WARNING," require Defendant to overstate risk, cause consumer confusion, and untruthfully disparage its products.

18. Defendant further alleges that where the chemical at issue, DEHP, has been placed on the Proposition 65 list based on animal studies, that compelling warnings with regard to human exposures forces Defendant to make misleading statements which are scientifically controversial and thus, violates Defendant's First Amendment rights. See *Nat'l Inst. of Family & Life Advocates v. Becerra* 138 S. Ct. 2361, 2372 (2018).

### NINTH AFFIRMATIVE DEFENSE

(Void for Vagueness)

19. Defendant alleges that Proposition 65, California Health and Safety Code Sections 25249.5, et seq., and its implementing regulations are unconstitutionally vague. Proposition 65 impermissibly delegates to the judicial branch the task of developing and quantifying the applicable standards as well as determining whether such standard was violated. As applied in this case, the disparate standards set by consent judgments make it impossible for Defendant to know before the Court's determination whether a warning is mandated or not, and, as such, Proposition 65 violates Defendant's due process and equal protection rights under the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 7 to the California Constitution.

### TENTH AFFIRMATIVE DEFENSE

(Due Process Violation)

20. Defendant alleges that the claims asserted and remedies sought by Plaintiff would violate Defendant's due process rights under the California and United States Constitutions. Defendant alleges that the private enforcement provisions of California Health and Safety Code Section 25249.7(d) are unconstitutional both on their face and as applied to Plaintiff and its counsel because such provisions encroach upon the constitutional duty of the California Attorney General to ensure that the laws of the State are uniformly and adequately enforced and thus infringe upon the

executive power in violation of the separation of powers doctrine of Article III, Section 3 of the California Constitution.

21. In addition, Proposition 65 on its face violates due process and the separation of powers because the statute improperly shifts the decision on what constitutes an appropriate and quantified exposure level from the legislative and/or executive branch to the judiciary. California Health and Safety Code Section 25249.10(c) and its implementing regulations do not set forth an objective quantitative standard for a determination but require the court to make the determination of the standard and "safe" exposure as applied to each product after trial.

22. Thus, both facially and as applied, the Proposition 65 statutory scheme violates the separation of powers and denies Defendant due process as a matter of law.

## ELEVENTH AFFIRMATIVE DEFENSE

(Equal Protection)

23. Defendant alleges that Proposition 65 and its implementing regulations violate Defendant's right to equal protection of the laws of the State of California and the United States because, among other things, various consent judgments entered by the court as required by Proposition 65 and its implementing regulations: (1) fail to establish clear, reasonable, quantified, and certain standards; (2) authorizes enforcers to initiate enforcement at any detectible level of listed chemicals; and (3) impermissibly shifts the burden of proof to the defendant to both establish and quantify the applicable Proposition 65 standard as well as to prove that their products do not exceed the court's determination of such quantified standard. Moreover, because phthalate levels in products are only established by consent judgments or at trials, these standards are disparate, inconsistent, and unequally applied to various members in the same industry.

## TWELVTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

24. Defendant alleges that Plaintiff's claims are barred in whole or in part by the one-year statute of limitations set forth in CCP Section 340(a) and *Shamsian v. Atlantic Richfield Co.* (2003) 107 Cal.App.4th 967. The statute applies to all claims made under Proposition 65.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Certificate of Merit)

25. Defendant alleges that, to the extent that a cause of action in the First Amended Complaint is based upon Health and Safety Code §§ 25249.6, *et seq.*, Plaintiff is barred from proceeding with the cause of action because Plaintiff has failed to comply with the procedural requirements of that section, including, but not limited to, the requirement of Health and Safety Code § 24249.7 that Plaintiff consult with appropriate experts, consider affirmative defenses available to Defendant, and submit a valid certificate of merit with the Attorney General prior to filing a complaint. On information and belief, the information relayed by Plaintiff during the prefiling period show that the case was without merit.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Unreliable Science)

26. The exposure limits and science and methodology underlying the warning requirements alleged in the First Amended Complaint were and continue to be scientifically untrustworthy and unreliable. (See *Baxter v. Denton* (2002) 120 Cal.App.4th 333 [holding that chemicals may be Proposition 65 listed based on animal data, but that this is not dispositive of adverse effect in humans].)

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Federal Preemption)

27. Defendant alleges that the First Amended Complaint, and each claim for relief therein, is barred by the Supremacy Clause of the United States Constitution.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Not a Human Carcinogen)

28. Defendant alleges that any exposure to DEHP, does not require a warning for cancer, because DEHP was solely listed on the bases of animal test data, which failed to show that the "mechanism of action" in the test animals causes cancer in human beings. Pursuant to the ruling in *Baxter v Denton* (2004) 120 Cal. App. 4th 333, DEHP is not a human carcinogen. The *Baxter*

Court further held that if the scientific studies and data on which a listing is based fail to show that the chemical will cause cancer in humans, then the chemical is not a human carcinogen and does not pose a "significant risk" to humans under Proposition 65. (*Id*. at 353, 371.)

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Failure to Join Necessary and/or Indispensable Parties)

29. Defendant alleges that Plaintiff's First Amended Complaint fails to name or join all necessary parties pursuant to Code of Civil Procedure sections 389 and 430.10(d).

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Separation of Powers)

30. Defendant alleges that private enforcement provision of Health and Safety Code § 25249.7(d) is unconstitutional both on its face and as applied to Plaintiff and its counsel, because such provisions encroach upon the constitutional duty of the Attorney General to ensure that the laws of the State are uniformly and adequately enforced and thus infringe upon the executive power in violation of the separation of powers doctrine of Article III, Section 3 of the California Constitution.

31. In addition, Proposition 65 on its face violates the separation of powers because the statute improperly shifts the decision on what constitutes an appropriate and quantified exposure level from the legislative and/or executive branch to the judiciary. Health & Safety Code § 25249.10(c) and implementing regulations do not set forth an objective quantitative standard for a determination but require the court to make the determination to whether the standard and "safe" exposure as applied to each product. This improper shift of the regulatory duties to the judicial branch is improper.

32. As a practical matter, this failure to provide specific an unequivocal guidance as to what methods and factors should be used to determine whether a warning is mandatory or not has resulted in disparate standards applied to Defendant than are applied to its competitors and others who are similarly situated. See also, Tenth Affirmative Defense above - Due Process Violation.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays as follows:

1. That this Court deny every item of relief requested in the First Amended Complaint;

- 10 -
ANSWER TO FIRST AMENDED COMPLAINT

2. That the First Amended Complaint and each cause of action be dismissed against Defendant with prejudice;

3. That judgment on the First Amended Complaint be entered in favor of Defendant;

4. That Defendant be awarded its costs and fees in this action; and

5. That Defendant be awarded such other and further relief as this Court may deem proper.

DATED: February 24, 2022        STEPTOE & JOHNSON LLP

By:_____
   Carol R. Brophy
   Dennis E. Raglin
Attorney for Defendant-in-Intervention
ENCHANTÉ ACCESSORIES, INC.

# PROOF OF SERVICE

I am a resident of, or employed in, San Francisco, California. I am over the age of 18 and not a party to this action. My business address is Steptoe & Johnson LLP, 1 Market Street, Spear Tower, Suite 3900, San Francisco, California 94105. On this date, I served the following:

- **DEFENDANT-IN-INTERVENTION ENCHANTÉ ACCESSORIES, INC.'S ANSWER TO FIRST AMENDED COMPLAINT**

☐     MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

X     ELECTRONIC MAIL - by causing the document(s) listed above to be sent via E-MAIL to the counsel of record on this case. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐     ELECTRONIC MAIL VIA ONE LEGAL- by electronic service via One Legal based on court order or an agreement of the parties to accept service by electronic transmission or by e-filing document with the court, I caused the above-entitled document(s) to be served through One Legal at http://www.onelegal.com/ addressed to all paties appearing on the electronic service list for the above-entitled case. The service transmission was reported as complete and a copy of the One Legal receipt Page/Confirmation will be maintained with the original document(s) in this office.

**Counsel for Plaintiff CONSUMER ADVOCACY GROUP, INC.:**
Reuben Yeroushalmi, Esq.
Shannon E. Royster, Esq.
Yeroushalmi & Yeroushalmi
9100 Wilshire Blvd. Suite 240W
Beverly Hills, CA 90212-3497
reuben@yeroushalmi.com
shannon@yeroushalmi.com
Phone: 310-623-1926 | Fax: 310-623-1930

**Counsel for Defendants Ross Stores, Inc. dba DD's Discounts:**
Jeffrey B. Margulies, Esq.
Lauren Shoor, Esq.. and
Eva Yang, Esq.
Norton Rose Fulbright US LLP
555 South Flower Street, 41st Floor
Los Angeles, CA 90071

1  jeff.margulies@nortonrosefulbright.com;
   lauren.shoor@nortonrosefulbright.com
2  eva.yang@nortonrosefulbright.com

        I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

        I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on February 24, 2022, at San Rafael, California.

                                              /s/ Sarah Bergmueller
                                              Sarah Bergmueller