Reuben Yeroushalmi (SBN 193981)
reuben@yeroushalmi.com
**YEROUSHALMI & YEROUSHALMI***
9100 Wilshire Boulevard, Suite 240W
Beverly Hills, California 90212
Telephone:     (310) 623-1926
Facsimile:     (310) 623-1930

Attorneys for Plaintiff,
CONSUMER ADVOCACY GROUP, INC.

**FILED**
Superior Court of California
County of Los Angeles

**12/23/2020**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ A. Flores _____ Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| CONSUMER ADVOCACY GROUP, INC., in the public interest,<br><br>          Plaintiff,<br><br>          v.<br><br>ROSS STORES, INC. DBA DD'S DISCOUNTS, a Delaware Corporation; and DOES 1-170,<br><br>          Defendants. | CASE NO. 20STCV45871<br><br>**FIRST AMENDED COMPLAINT**<br><br>Complaint Filed: December 1, 2020 |

    Plaintiff CONSUMER ADVOCACY GROUP, INC. alleges seventeen causes of action

against defendants ROSS STORES, INC. DBA DD'S DISCOUNTS, and DOES 1-170 as

follows:

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

## THE PARTIES

1. Plaintiff CONSUMER ADVOCACY GROUP, INC. ("Plaintiff" or "CAG') is an organization qualified to do business in the State of California. CAG is a person within the meaning of Health and Safety Code Section 25249.11, subdivision (a). CAG, acting as a private attorney general, brings this action in the public interest as defined under Health and Safety Code Section 25249.7, subdivision (d).

2. Defendant ROSS STORES, INC. DBA DD'S DISCOUNTS ("ROSS") is a Delaware Corporation qualified to do business in Delaware, and doing business in the State of California at all relevant times herein.

3. Plaintiff is presently unaware of the true names and capacities of defendants DOES 1-170, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed, believes, and thereon alleges that each fictitiously named defendant is responsible in some manner for the occurrences herein alleged and the damages caused thereby.

4. At all times mentioned herein, the term "Defendants" includes ROSS and DOES 1-170.

5. Plaintiff is informed and believes, and thereon alleges that each of the Defendants at all times mentioned herein have conducted business within the State of California.

6. Upon information and belief, at all times relevant to this action, each of the Defendants, including DOES 1-170, was an agent, servant, or employee of each of the other Defendants. In conducting the activities alleged in this Complaint, each of the Defendants was acting within the course and scope of this agency, service, or employment, and was acting with the consent, permission, and authorization of each of the other Defendants. All actions of each of the Defendants alleged in this Complaint were ratified and approved by every other Defendant or their officers or managing

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

1  agents.  Alternatively, each of the Defendants aided, conspired with and/or facilitated

2  the alleged wrongful conduct of each of the other Defendants.

3  7.  Plaintiff is informed, believes, and thereon alleges that at all relevant times, each of the

4  Defendants was a person doing business within the meaning of Health and Safety Code

5  Section 25249.11, subdivision (b), and that each of the Defendants had ten (10) or more

6  employees at all relevant times.

7  ## JURISDICTION

8  8.  The Court has jurisdiction over this lawsuit pursuant to California Constitution Article

9  VI, Section 10, which grants the Superior Court original jurisdiction in all causes except

10  those given by statute to other trial courts.  This Court has jurisdiction over this action

11  pursuant to Health and Safety Code Section 25249.7, which allows enforcement of

12  violations of Proposition 65 in any Court of competent jurisdiction.

13  9.  This Court has jurisdiction over Defendants named herein because Defendants either

14  reside or are located in this State or are foreign corporations authorized to do business

15  in California, are registered with the California Secretary of State, or who do sufficient

16  business in California, have sufficient minimum contacts with California, or otherwise

17  intentionally avail themselves of the markets within California through their

18  manufacture, distribution, promotion, marketing, or sale of their products within

19  California to render the exercise of jurisdiction by the California courts permissible

20  under traditional notions of fair play and substantial justice.

21  10. Venue is proper in the County of Los Angeles because one or more of the instances of

22  wrongful conduct occurred, and continues to occur, in the County of Los Angeles

23  and/or because Defendants conducted, and continue to conduct, business in the County

24  of Los Angeles with respect to the consumer product that is the subject of this action.

25  ## BACKGROUND AND PRELIMINARY FACTS

26  11. In 1986, California voters approved an initiative to address growing concerns about

27  exposure to toxic chemicals and declared their right "[t]o be informed about exposures

28

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

FIRST AMENDED COMPLAINT

to chemicals that cause cancer, birth defects, or other reproductive harm." Ballot Pamp., Proposed Law, Gen. Elec. (Nov. 4, 1986) at p. 3. The initiative, The Safe Drinking Water and Toxic Enforcement Act of 1986, codified at Health and Safety Code Sections 25249.5, *et seq*. ("Proposition 65"), helps to protect California's drinking water sources from contamination, to allow consumers to make informed choices about the products they buy, and to enable persons to protect themselves from toxic chemicals as they see fit.

12. Proposition 65 requires the Governor of California to publish a list of chemicals known to the state to cause cancer, birth defects, or other reproductive harm. *Health & Safety Code* § 25249.8. The list, which the Governor updates at least once a year, contains over 700 chemicals and chemical families. Proposition 65 imposes warning requirements and other controls that apply to Proposition 65-listed chemicals.

13. All businesses with ten (10) or more employees that operate or sell products in California must comply with Proposition 65. Under Proposition 65, businesses are: (1) prohibited from knowingly discharging Proposition 65-listed chemicals into sources of drinking water (*Health & Safety Code* § 25249.5), and (2) required to provide "clear and reasonable" warnings before exposing a person, knowingly and intentionally, to a Proposition 65-listed chemical (*Health & Safety Code* § 25249.6).

14. Proposition 65 provides that any person "violating or threatening to violate" the statute may be enjoined in any court of competent jurisdiction. *Health & Safety Code* § 25249.7. "Threaten to violate" means "to create a condition in which there is a substantial probability that a violation will occur." *Health & Safety Code* § 25249.11(e). Defendants are also liable for civil penalties of up to $2,500.00 per day per violation, recoverable in a civil action. *Health & Safety Code* § 25249.7(b).

15. Plaintiff identified certain practices of manufacturers and distributors of exposing, knowingly and intentionally, persons in California to Diethyl Hexyl Phthalate and Bis (2-ehtylhexyl) phthalate ("DEHP"); Diisononyl Phthalate ("DINP"); and Di-n-butyl

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

1     Phthalate ("DBP") without first providing clear and reasonable warnings of such to the
2     exposed persons prior to the time of exposure. Plaintiff later discerned that Defendants
3     engaged in such practice.

16. On January 1, 1988, the Governor of California added DEHP to the list of chemicals
known to the State to cause cancer (*Cal. Code Regs*. tit. 27, § 27001(b)). On October
24, 2003, the Governor of California added DEHP to the list of chemicals known to the
State to cause developmental and male reproductive toxicity (*Cal. Code Regs*. tit. 27, §
27001(c)). Pursuant to Health and Safety Code Sections 25249.9 and 25249.10, twenty
(20) months after addition of DEHP to the list of chemicals known to the State to cause
cancer developmental toxicity, and male reproductive toxicity, DEHP became fully
subject to Proposition 65 warning requirements and discharge prohibitions.

17. On December 20, 2013, the Governor of California added DINP to the list of chemicals
known to the State to cause cancer (*Cal. Code Regs*. tit. 27, § 27001(b)). Pursuant to
Health and Safety Code sections 25249.9 and 25249.10, twenty (20) months after
addition of DINP to the list of chemicals known to the State to cause cancer, DINP
became fully subject to Proposition 65 warning requirements and discharge prohibitions.

18. On December 2, 2005, the Governor of California added DBP to the list of chemicals
known to the State to cause developmental, and reproductive toxicity (*Cal. Code Regs*.
tit. 27, § 27001(c)). DBP is known to the State to cause developmental, female, and
male reproductive toxicity. Pursuant to Health and Safety Code Sections 25249.9 and
25249.10, twenty (20) months after addition of DBP to the list of chemicals known to the
State to cause reproductive toxicity, DBP became fully subject to Proposition 65 warning
requirements and discharge prohibitions.

### SATISFACTION OF PRIOR NOTICE

19. Plaintiff gave notice of alleged violations of Health and Safety Code Section 25249.6 as
follows:

FIRST AMENDED COMPLAINT

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

a. On or about March 10, 2020, concerning consumer products exposures subject to a private action to ROSS and to the California Attorney General, County District Attorneys, and City Attorneys for each city containing a population of at least 750,000 people in whose jurisdictions the violations allegedly occurred, concerning Magnifying Mirrors.

b. On or about August 18, 2020, Plaintiff gave notice of alleged violations of Health and Safety Code Section 25249.6, concerning consumer products exposures subject to a private action to ROSS and to the California Attorney General, County District Attorneys, and City Attorneys for each city containing a population of at least 750,000 people in whose jurisdictions the violations allegedly occurred, concerning Makeup Bags.

c. On or about September 2, 2020, Plaintiff gave notice of alleged violations of Health and Safety Code Section 25249.6, concerning consumer products exposures subject to a private action to ROSS and to the California Attorney General, County District Attorneys, and City Attorneys for each city containing a population of at least 750,000 people in whose jurisdictions the violations allegedly occurred, concerning Jewelry Box.

d. On or about May 18, 2020, Plaintiff gave notice of alleged violations of Health and Safety Code Section 25249.6, concerning consumer products exposures subject to a private action to ROSS and to the California Attorney General, County District Attorneys, and City Attorneys for each city containing a population of at least 750,000 people in whose jurisdictions the violations allegedly occurred, concerning Handbag with Plastic Components.

e. On or about June 12, 2020, Plaintiff gave notice of alleged violations of Health and Safety Code Section 25249.6, concerning consumer products exposures subject to a private action to ROSS and to the California Attorney General, County District Attorneys, and City Attorneys for each city containing a

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

population of at least 750,000 people in whose jurisdictions the violations allegedly occurred, concerning Handbag with PVC Components.

f.  On or about June 12, 2020, Plaintiff gave notice of alleged violations of Health and Safety Code Section 25249.6, concerning consumer products exposures subject to a private action to ROSS and to the California Attorney General, County District Attorneys, and City Attorneys for each city containing a population of at least 750,000 people in whose jurisdictions the violations allegedly occurred, concerning Handbag with Polymer Components.

g.  On or about June 18, 2020, Plaintiff gave notice of alleged violations of Health and Safety Code Section 25249.6, concerning consumer products exposures subject to a private action to ROSS and to the California Attorney General, County District Attorneys, and City Attorneys for each city containing a population of at least 750,000 people in whose jurisdictions the violations allegedly occurred, concerning Handbag with PVC Components.

h.  On or about June 18, 2020, Plaintiff gave notice of alleged violations of Health and Safety Code Section 25249.6, concerning consumer products exposures subject to a private action to ROSS and to the California Attorney General, County District Attorneys, and City Attorneys for each city containing a population of at least 750,000 people in whose jurisdictions the violations allegedly occurred, concerning Sandals with Plastic Components.

i.  On or about July 1, 2020, Plaintiff gave notice of alleged violations of Health and Safety Code Section 25249.6, concerning consumer products exposures subject to a private action to ROSS and to the California Attorney General, County District Attorneys, and City Attorneys for each city containing a population of at least 750,000 people in whose jurisdictions the violations allegedly occurred, concerning Purse with Polymer Components.

FIRST AMENDED COMPLAINT

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

j.  On or about July 22, 2020, Plaintiff gave notice of alleged violations of Health and Safety Code Section 25249.6, concerning consumer products exposures subject to a private action to ROSS and to the California Attorney General, County District Attorneys, and City Attorneys for each city containing a population of at least 750,000 people in whose jurisdictions the violations allegedly occurred, concerning Backpack with PVC Components.

k.  On or about August 3, 2020, Plaintiff gave notice of alleged violations of Health and Safety Code Section 25249.6, concerning consumer products exposures subject to a private action to ROSS and to the California Attorney General, County District Attorneys, and City Attorneys for each city containing a population of at least 750,000 people in whose jurisdictions the violations allegedly occurred, concerning Handbag with PVC Components.

l.  On or about August 3, 2020, Plaintiff gave notice of alleged violations of Health and Safety Code Section 25249.6, concerning consumer products exposures subject to a private action to ROSS and to the California Attorney General, County District Attorneys, and City Attorneys for each city containing a population of at least 750,000 people in whose jurisdictions the violations allegedly occurred, concerning Handbag with PVC Components.

m.  On or about September 2, 2020, Plaintiff gave notice of alleged violations of Health and Safety Code Section 25249.6, concerning consumer products exposures subject to a private action to ROSS and to the California Attorney General, County District Attorneys, and City Attorneys for each city containing a population of at least 750,000 people in whose jurisdictions the violations allegedly occurred, concerning Handbag with PVC Components.

n.  On or about September 2, 2020, Plaintiff gave notice of alleged violations of Health and Safety Code Section 25249.6, concerning consumer products exposures subject to a private action to ROSS and to the California Attorney

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

FIRST AMENDED COMPLAINT

1  General, County District Attorneys, and City Attorneys for each city containing
2  a population of at least 750,000 people in whose jurisdictions the violations
3  allegedly occurred, concerning Handbag with PVC Components.
4  o. On or about September 9, 2020, Plaintiff gave notice of alleged violations of
5     Health and Safety Code Section 25249.6, concerning consumer products
6     exposures subject to a private action to ROSS and to the California Attorney
7     General, County District Attorneys, and City Attorneys for each city containing
8     a population of at least 750,000 people in whose jurisdictions the violations
9     allegedly occurred, concerning Children's Backpack with PVC Components.
10 p. On or about September 9, 2020, Plaintiff gave notice of alleged violations of
11    Health and Safety Code Section 25249.6, concerning consumer products
12    exposures subject to a private action to ROSS and to the California Attorney
13    General, County District Attorneys, and City Attorneys for each city containing
14    a population of at least 750,000 people in whose jurisdictions the violations
15    allegedly occurred, concerning Cosmetic Case with PVC Components.
16 q. On or about September 17, 2020, Plaintiff gave notice of alleged violations of
17    Health and Safety Code Section 25249.6, concerning consumer products
18    exposures subject to a private action to ROSS and to the California Attorney
19    General, County District Attorneys, and City Attorneys for each city containing
20    a population of at least 750,000 people in whose jurisdictions the violations
21    allegedly occurred, concerning Wallet with PVC Components.
22 20. Before sending the notice of alleged violations, Plaintiff investigated the consumer
23    products involved, the likelihood that such products would cause users to suffer
24    significant exposures to DEHP, DBP, and DINP, and the corporate structure of each of
25    the Defendants.
26 21. Plaintiff's notices of alleged violation included Certificates of Merit executed by the
27    attorney for the noticing party, CAG. The Certificates of Merit stated that the attorney
28

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

1  for Plaintiff who executed the certificate had consulted with at least one person with
2  relevant and appropriate expertise who reviewed data regarding the exposures to DEHP,
3  DINP, and DBP, the subject Proposition 65-listed chemicals of this action. Based on
4  that information, the attorney for Plaintiff who executed the Certificates of Merit
5  believed there was a reasonable and meritorious case for this private action.  The
6  attorney for Plaintiff attached to the Certificates of Merit served on the Attorney
7  General the confidential factual information sufficient to establish the basis of the
8  Certificates of Merit.

9  22. Plaintiff's notices of alleged violations also included Certificates of Service and a
10  document entitled "The Safe Drinking Water & Toxic Enforcement Act of 1986
11  (Proposition 65) A Summary." *Health & Safety Code* § 25249.7(d).

12  23. Plaintiff is commencing this action more than sixty (60) days from the dates that
13  Plaintiff gave notice of the alleged violations to ROSS, and the public prosecutors
14  referenced in Paragraph 19.

15  24. Plaintiff is informed, believes, and thereon alleges that neither the Attorney General,
16  nor any applicable district attorney or city attorney has commenced and is diligently
17  prosecuting an action against the Defendants.

**FIRST CAUSE OF ACTION**
**(By CONSUMER ADVOCACY GROUP, INC. and against ROSS, and DOES 1-10
for Violations of Proposition 65, The Safe Drinking Water and Toxic Enforcement
Act of 1986 (*Health & Safety Code*, §§ 25249.5, *et seq.*))**

**Mirrors**

25. Plaintiff repeats and incorporates by reference paragraphs 1 through 24 of this
complaint as though fully set forth herein.

26. Each of the Defendants is, and at all times mentioned herein was, a manufacturer,
distributor, promoter, or retailer of Magnifying Mirrors including but not limited to:
"nicole miller NEW YORK;" "MAGNIFYING MIRROR WITH SUTCION CUPS;"
"www.nicolemiller.com;" "FOR ADULTS ONLY. NOT TESTED ON ANIMALS.

FIRST AMENDED COMPLAINT

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

DESIGNED IN THE USA / MADE IN CHINA DESIGNED EXCLUSIVELY AND DISTRIBUTED BY: ENCHANTÉ ACCESSORIES INC., NY, NY 10016;" "1 92598 30873 3;" "ROSS;" "$5.99;" "COMPARABLE VALUE $10.00;" "K 400194926344 D111 C5932;" ("Mirrors").

27. Mirrors contain DEHP.

28. Defendants knew or should have known that DEHP has been identified by the State of California as a chemical known to cause cancer; developmental toxicity; and male reproductive toxicity and therefore was subject to Proposition 65 warning requirements. Defendants were also informed of the presence of DEHP in Mirrors within Plaintiff's notice of alleged violations further discussed above at Paragraph 19a.

29. Plaintiff's allegations regarding Mirrors concerns "[c]onsumer products exposure[s]," which "is an exposure that results from a person's acquisition, purchase, storage, consumption, or other reasonably foreseeable use of a consumer good, or any exposure that results from receiving a consumer service." *Cal. Code Regs.* tit. 27, § 25602(b). Mirrors are consumer products, and, as mentioned herein, exposures to DEHP took place as a result of such normal and foreseeable use.

30. Plaintiff is informed, believes, and thereon alleges that between March 10, 2017 and the present, each of the Defendants knowingly and intentionally exposed California consumers and users of Mirrors, which Defendants manufactured, distributed, or sold as mentioned above, to DEHP, without first providing any type of clear and reasonable warning of such to the exposed persons before the time of exposure. Defendants have distributed and sold Mirrors in California. Defendants know and intend that California consumers will use Mirrors, thereby exposing them to DEHP. Defendants thereby violated Proposition 65.

31. Plaintiff is informed, believes, and thereon alleges that ROSS knowingly introduced DEHP into the Mirrors; knowingly caused DEHP to be created in the Mirrors; covered, obscured, or altered a warning; received notice and warning materials for the exposure

FIRST AMENDED COMPLAINT

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

1 from its upstream entities; and/or have actual knowledge of the potential exposure to

2 DEHP from Mirrors requiring the warning.

3 32. The principal routes of exposure are through dermal contact, ingestion and inhalation.

4 Persons sustain exposures by using, carrying, or handling the Mirrors without wearing

5 gloves or by touching bare skin or mucous membranes with or without gloves after

6 handling Mirrors, as a direct and indirect hand to mouth contact, hand to mucous

7 membrane, trans-dermal absorption, or breathing in particulate matter emanating from

8 Mirrors during use, as well as through environmental mediums that carry the DEHP

9 once contained within the Mirrors.

10 33. Plaintiff is informed, believes, and thereon alleges that each of Defendants' violations

11 of Proposition 65 as to Mirrors have been ongoing and continuous, as Defendants

12 engaged and continue to engage in conduct which violates Health and Safety Code

13 Section 25249.6, including the manufacture, distribution, promotion, and sale of

14 Mirrors, so that a separate and distinct violation of Proposition 65 occurred each and

15 every time a person was exposed to DEHP by Mirrors as mentioned herein.

16 34. Plaintiff is informed, believes, and thereon alleges that each violation of Proposition 65

17 mentioned herein is ever continuing. Plaintiff further alleges and believes that the

18 violations alleged herein will continue to occur into the future.

19 35. Based on the allegations herein, Defendants are liable for civil penalties of up to

20 $2,500.00 per day per individual exposure to DEHP from Mirrors, pursuant to Health

21 and Safety Code Section 25249.7(b).

22 36. Plaintiff has engaged in good faith efforts to resolve the claims alleged herein prior to

23 filing this Complaint.

24 //

25 //

26 //

27

28

FIRST AMENDED COMPLAINT

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

# SECOND CAUSE OF ACTION

**(By CONSUMER ADVOCACY GROUP, INC. and against ROSS, and DOES 11-20 for Violations of Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986 (*Health & Safety Code*, §§ 25249.5, *et seq.*))**

## Cosmetic Bags

37. Plaintiff repeats and incorporates by reference paragraphs 1 through 36 of this complaint as though fully set forth herein.

38. Each of the Defendants is, and at all times mentioned herein was, a manufacturer, distributor, promoter, or retailer of Clear Plastic Makeup Bags with PVC Components including but not limited to: 2 pc set Clear Silver Make-up Bag; "ALFA Bags'; "Classic-Collection U.S.A"; "2pc Set Cosmetic Cases"; "D5423 C5427"; "SKU 400203626784"; "Product Made in China" and • 2 pc set Clear Blue Make-up Bag; "Eyelashes in Color"; "ALFA Bags'; "Classic-Collection U.S.A"; "2pc Set Csometic Cases"; "D5423 C5427"; "SKU 400203626777"; "Product Made in China" ("Makeup Bags").

39. Makeup Bags contain DEHP.

40. Defendants knew or should have known that DEHP has been identified by the State of California as a chemical known to cause cancer; developmental toxicity; and male reproductive toxicity and therefore was subject to Proposition 65 warning requirements. Defendants were also informed of the presence of DEHP in Makeup Bags within Plaintiff's notice of alleged violations further discussed above at Paragraph 19b.

41. Plaintiff's allegations regarding Makeup Bags concerns "[c]onsumer products exposure[s]," which "is an exposure that results from a person's acquisition, purchase, storage, consumption, or other reasonably foreseeable use of a consumer good, or any exposure that results from receiving a consumer service." *Cal. Code Regs.* tit. 27, § 25602(b). Makeup Bags are consumer products, and, as mentioned herein, exposures to DEHP took place as a result of such normal and foreseeable use.

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

42. Plaintiff is informed, believes, and thereon alleges that between August 18, 2017 and the present, each of the Defendants knowingly and intentionally exposed California consumers and users of Makeup Bags, which Defendants manufactured, distributed, or sold as mentioned above, to DEHP, without first providing any type of clear and reasonable warning of such to the exposed persons before the time of exposure. Defendants have distributed and sold Makeup Bags in California. Defendants know and intend that California consumers will use Makeup Bags, thereby exposing them to DEHP. Defendants thereby violated Proposition 65.

43. Plaintiff is informed, believes, and thereon alleges that ROSS knowingly introduced DEHP into the Makeup Bags; knowingly caused DEHP to be created in the Makeup Bags; covered, obscured, or altered a warning; received notice and warning materials for the exposure from its upstream entities; and/or have actual knowledge of the potential exposure to DEHP from Makeup Bags requiring the warning.

44. The principal routes of exposure are through dermal contact, ingestion and inhalation. Persons sustain exposures by using, carrying, or handling the Makeup Bags without wearing gloves or by touching bare skin or mucous membranes with or without gloves after handling Makeup bags, as a direct and indirect hand to mouth contact, hand to mucous membrane, trans-dermal absorption, or breathing in particulate matter emanating from Makeup Bags during use, as well as through environmental mediums that carry the DEHP once contained within the Makeup Bags.

45. Plaintiff is informed, believes, and thereon alleges that each of Defendants' violations of Proposition 65 as to Makeup Bags have been ongoing and continuous, as Defendants engaged and continue to engage in conduct which violates Health and Safety Code Section 25249.6, including the manufacture, distribution, promotion, and sale of Makeup Bags, so that a separate and distinct violation of Proposition 65 occurred each and every time a person was exposed to DEHP by Makeup Bags as mentioned herein.

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

46. Plaintiff is informed, believes, and thereon alleges that each violation of Proposition 65 mentioned herein is ever continuing. Plaintiff further alleges and believes that the violations alleged herein will continue to occur into the future.

47. Based on the allegations herein, Defendants are liable for civil penalties of up to $2,500.00 per day per individual exposure to DEHP from Makeup Bags, pursuant to Health and Safety Code Section 25249.7(b).

48. Plaintiff has engaged in good faith efforts to resolve the claims alleged herein prior to filing this Complaint.

## THIRD CAUSE OF ACTION.
### (By CONSUMER ADVOCACY GROUP, INC. and against ROSS, and DOES 21-30 for Violations of Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986 (*Health & Safety Code*, §§ 25249.5, *et seq.*))

### Jewelry Organizer

49. Plaintiff repeats and incorporates by reference paragraphs 1 through 48 of this complaint as though fully set forth herein.

50. Each of the Defendants is, and at all times mentioned herein was, a manufacturer, distributor, promoter, or retailer of Jewelry Box including but not limited to: Pink Jewelry Box. " VRG Dongwha MDF Joint Stock Company"; "TSCA Tittle VI Compliant"; Fabrication Date: 08/2019"; "PINK/CORAL066"; "SKU 400199338135 10x6. 7x5.5 Storage" and • Silver Jewelry Box. " VRG Dongwha MDF Joint Stock Company"; "TSCA Tittle VI Compliant"; Fabrication Date: 08/2019"; 'SILVER007"; "SKU 400199338012 10x6x4 Oval Storage" ("Jewelry Boxes").

51. Jewelry Boxes contain DEHP.

52. Defendants knew or should have known that DEHP has been identified by the State of California as a chemical known to cause cancer; developmental toxicity; and male reproductive toxicity and therefore was subject to Proposition 65 warning requirements. Defendants were also informed of the presence of DEHP in Jewelry Boxes within Plaintiff's notice of alleged violations further discussed above at Paragraph 19c.

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

53. Plaintiff's allegations regarding Jewelry Boxes concerns "[c]onsumer products exposure[s]," which "is an exposure that results from a person's acquisition, purchase, storage, consumption, or other reasonably foreseeable use of a consumer good, or any exposure that results from receiving a consumer service." *Cal. Code Regs.* tit. 27, § 25602(b). Jewelry Boxes are consumer products, and, as mentioned herein, exposures to DEHP took place as a result of such normal and foreseeable use.

54. Plaintiff is informed, believes, and thereon alleges that between September 2, 2017 and the present, each of the Defendants knowingly and intentionally exposed California consumers and users of Jewelry Boxes, which Defendants manufactured, distributed, or sold as mentioned above, to DEHP, without first providing any type of clear and reasonable warning of such to the exposed persons before the time of exposure. Defendants have distributed and sold Jewelry Boxes in California. Defendants know and intend that California consumers will use Jewelry Boxes, thereby exposing them to DEHP. Defendants thereby violated Proposition 65.

55. Plaintiff is informed, believes, and thereon alleges that ROSS knowingly introduced DEHP into the Jewelry Boxes; knowingly caused DEHP to be created in the Jewelry Boxes; covered, obscured, or altered a warning; received notice and warning materials for the exposure from its upstream entities; and/or have actual knowledge of the potential exposure to DEHP from Jewelry Boxes requiring the warning.

56. The principal routes of exposure are through dermal contact, ingestion and inhalation. Persons sustain exposures by using, or handling the Jewelry Boxes without wearing gloves or by touching bare skin or mucous membranes with or without gloves after handling Jewelry Boxes, as a direct and indirect hand to mouth contact, hand to mucous membrane, trans-dermal absorption, or breathing in particulate matter emanating from Jewelry Boxes during use, as well as through environmental mediums that carry the DEHP once contained within the Jewelry Boxes.

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

57. Plaintiff is informed, believes, and thereon alleges that each of Defendants' violations of Proposition 65 as to Jewelry Boxes have been ongoing and continuous, as Defendants engaged and continue to engage in conduct which violates Health and Safety Code Section 25249.6, including the manufacture, distribution, promotion, and sale of Jewelry Boxes, so that a separate and distinct violation of Proposition 65 occurred each and every time a person was exposed to DEHP by Jewelry Boxes as mentioned herein.

58. Plaintiff is informed, believes, and thereon alleges that each violation of Proposition 65 mentioned herein is ever continuing. Plaintiff further alleges and believes that the violations alleged herein will continue to occur into the future.

59. Based on the allegations herein, Defendants are liable for civil penalties of up to $2,500.00 per day per individual exposure to DEHP from Jewelry Boxes, pursuant to Health and Safety Code Section 25249.7(b).

60. Plaintiff has engaged in good faith efforts to resolve the claims alleged herein prior to filing this Complaint.

## **FOURTH CAUSE OF ACTION.**
### **(By CONSUMER ADVOCACY GROUP, INC. and against ROSS, and DOES 31-40 for Violations of Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986 (*Health & Safety Code*, §§ 25249.5, *et seq.*))**

### **Handbag**

61. Plaintiff repeats and incorporates by reference paragraphs 1 through 60 of this complaint as though fully set forth herein.

62. Each of the Defendants is, and at all times mentioned herein was, a manufacturer, distributor, promoter, or retailer of Handbag with Plastic Components including but not limited to: "PARK AVE COLLECTION;" "BJ5649N GY;" "CXS1 453 (US PO#51193);" "842726172636;" "ROSS ONE SIZE;" "GRAY004;" "949 SIZE;" "07 HANDBAG;" "400208363448;" "COMPARABLE VALUE* $20.00;" "ROSS PRICE $10.99;" ("Handbags I").

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

63. Handbags I contain DEHP.

64. Defendants knew or should have known that DEHP has been identified by the State of California as a chemical known to cause cancer; developmental toxicity; and male reproductive toxicity and therefore was subject to Proposition 65 warning requirements. Defendants were also informed of the presence of DEHP in Handbags I within Plaintiff's notice of alleged violations further discussed above at Paragraph 19d.

65. Plaintiff's allegations regarding Handbags I concerns "[c]onsumer products exposure[s]," which "is an exposure that results from a person's acquisition, purchase, storage, consumption, or other reasonably foreseeable use of a consumer good, or any exposure that results from receiving a consumer service." *Cal. Code Regs.* tit. 27, § 25602(b). Handbags I are consumer products, and, as mentioned herein, exposures to DEHP took place as a result of such normal and foreseeable use.

66. Plaintiff is informed, believes, and thereon alleges that between May 18, 2017 and the present, each of the Defendants knowingly and intentionally exposed California consumers and users of Handbags I, which Defendants manufactured, distributed, or sold as mentioned above, to DEHP, without first providing any type of clear and reasonable warning of such to the exposed persons before the time of exposure. Defendants have distributed and sold Handbags I in California. Defendants know and intend that California consumers will use Handbags I, thereby exposing them to DEHP. Defendants thereby violated Proposition 65.

67. Plaintiff is informed, believes, and thereon alleges that ROSS knowingly introduced DEHP into the Handbags I; knowingly caused DEHP to be created in the Handbags I; covered, obscured, or altered a warning; received notice and warning materials for the exposure from its upstream entities; and/or have actual knowledge of the potential exposure to DEHP from Handbags I requiring the warning.

68. The principal routes of exposure are through dermal contact, ingestion and inhalation. Persons sustain exposures by using, or handling the Handbags I without wearing gloves

FIRST AMENDED COMPLAINT

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

or by touching bare skin or mucous membranes with or without gloves after handling Handbags I, as a direct and indirect hand to mouth contact, hand to mucous membrane, trans-dermal absorption, or breathing in particulate matter emanating from Handbags I during use, as well as through environmental mediums that carry the DEHP once contained within the Handbags I.

69. Plaintiff is informed, believes, and thereon alleges that each of Defendants' violations of Proposition 65 as to Handbags I have been ongoing and continuous, as Defendants engaged and continue to engage in conduct which violates Health and Safety Code Section 25249.6, including the manufacture, distribution, promotion, and sale of Handbags I, so that a separate and distinct violation of Proposition 65 occurred each and every time a person was exposed to DEHP by Handbags I as mentioned herein.

70. Plaintiff is informed, believes, and thereon alleges that each violation of Proposition 65 mentioned herein is ever continuing. Plaintiff further alleges and believes that the violations alleged herein will continue to occur into the future.

71. Based on the allegations herein, Defendants are liable for civil penalties of up to $2,500.00 per day per individual exposure to DEHP from Handbags I, pursuant to Health and Safety Code Section 25249.7(b).

72. Plaintiff has engaged in good faith efforts to resolve the claims alleged herein prior to filing this Complaint.

## FIFTH CAUSE OF ACTION.
**(By CONSUMER ADVOCACY GROUP, INC. and against ROSS, and DOES 41-50 for Violations of Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986 (*Health & Safety Code*, §§ 25249.5, *et seq.*))**

### Fashion Accessories

73. Plaintiff repeats and incorporates by reference paragraphs 1 through 72 of this complaint as though fully set forth herein.

74. Each of the Defendants is, and at all times mentioned herein was, a manufacturer, distributor, promoter, or retailer of Handbag with PVC Components including but not

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

limited to: Black with Stripes Clear Handbag; "Diophy ® In style Handbags"; "TM-8125 BK"; "D5503 C6522"; "400202563752"; "Made in China" ("Handbags II").

75. Handbags II contain DEHP.

76. Defendants knew or should have known that DEHP has been identified by the State of California as a chemical known to cause cancer; developmental toxicity; and male reproductive toxicity and therefore was subject to Proposition 65 warning requirements. Defendants were also informed of the presence of DEHP in Handbags II within Plaintiff's notice of alleged violations further discussed above at Paragraph 19e.

77. Plaintiff's allegations regarding Handbags II concerns "[c]onsumer products exposure[s]," which "is an exposure that results from a person's acquisition, purchase, storage, consumption, or other reasonably foreseeable use of a consumer good, or any exposure that results from receiving a consumer service." *Cal. Code Regs.* tit. 27, § 25602(b). Handbags II are consumer products, and, as mentioned herein, exposures to DEHP took place as a result of such normal and foreseeable use.

78. Plaintiff is informed, believes, and thereon alleges that between June 12, 2017 and the present, each of the Defendants knowingly and intentionally exposed California consumers and users of Handbags II, which Defendants manufactured, distributed, or sold as mentioned above, to DEHP, without first providing any type of clear and reasonable warning of such to the exposed persons before the time of exposure. Defendants have distributed and sold Handbags II in California. Defendants know and intend that California consumers will use Handbags II, thereby exposing them to DEHP. Defendants thereby violated Proposition 65.

79. Plaintiff is informed, believes, and thereon alleges that ROSS knowingly introduced DEHP into the Handbags II; knowingly caused DEHP to be created in the Handbags II; covered, obscured, or altered a warning; received notice and warning materials for the exposure from its upstream entities; and/or have actual knowledge of the potential exposure to DEHP from Handbags II requiring the warning.

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

80. The principal routes of exposure are through dermal contact, ingestion and inhalation. Persons sustain exposures by using, or handling the Handbags II without wearing gloves or by touching bare skin or mucous membranes with or without gloves after handling Handbags II, as a direct and indirect hand to mouth contact, hand to mucous membrane, trans-dermal absorption, or breathing in particulate matter emanating from Handbags II during use, as well as through environmental mediums that carry the DEHP once contained within the Handbags II.

81. Plaintiff is informed, believes, and thereon alleges that each of Defendants' violations of Proposition 65 as to Handbags II have been ongoing and continuous, as Defendants engaged and continue to engage in conduct which violates Health and Safety Code Section 25249.6, including the manufacture, distribution, promotion, and sale of Handbags II, so that a separate and distinct violation of Proposition 65 occurred each and every time a person was exposed to DEHP by Handbags II as mentioned herein.

82. Plaintiff is informed, believes, and thereon alleges that each violation of Proposition 65 mentioned herein is ever continuing. Plaintiff further alleges and believes that the violations alleged herein will continue to occur into the future.

83. Based on the allegations herein, Defendants are liable for civil penalties of up to $2,500.00 per day per individual exposure to DEHP from Handbags II, pursuant to Health and Safety Code Section 25249.7(b).

84. Plaintiff has engaged in good faith efforts to resolve the claims alleged herein prior to filing this Complaint.

## SIXTH CAUSE OF ACTION.
**(By CONSUMER ADVOCACY GROUP, INC. and against ROSS, and DOES 51-60 for Violations of Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986 (*Health & Safety Code*, §§ 25249.5, *et seq.*))**

### Fashion Accessories

85. Plaintiff repeats and incorporates by reference paragraphs 1 through 84 of this complaint as though fully set forth herein.

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

86. Each of the Defendants is, and at all times mentioned herein was, a manufacturer, distributor, promoter, or retailer of Handbag with PVC Components including but not limited to: Nude handbag with gold chain straps; "Flesh-Nude013"; "400200812234 R Nude Quilted Stu"; "Product Made in China" ("Handbags III").

87. Handbags III contain DEHP.

88. Defendants knew or should have known that DEHP has been identified by the State of California as a chemical known to cause cancer; developmental toxicity; and male reproductive toxicity and therefore was subject to Proposition 65 warning requirements. Defendants were also informed of the presence of DEHP in Handbags III within Plaintiff's notice of alleged violations further discussed above at Paragraph 19f.

89. Plaintiff's allegations regarding Handbags III concerns "[c]onsumer products exposure[s]," which "is an exposure that results from a person's acquisition, purchase, storage, consumption, or other reasonably foreseeable use of a consumer good, or any exposure that results from receiving a consumer service." *Cal. Code Regs.* tit. 27, § 25602(b). Handbags III are consumer products, and, as mentioned herein, exposures to DEHP took place as a result of such normal and foreseeable use.

90. Plaintiff is informed, believes, and thereon alleges that between June 12, 2017 and the present, each of the Defendants knowingly and intentionally exposed California consumers and users of Handbags III, which Defendants manufactured, distributed, or sold as mentioned above, to DEHP, without first providing any type of clear and reasonable warning of such to the exposed persons before the time of exposure. Defendants have distributed and sold Handbags III in California. Defendants know and intend that California consumers will use Handbags III, thereby exposing them to DEHP. Defendants thereby violated Proposition 65.

91. Plaintiff is informed, believes, and thereon alleges that ROSS knowingly introduced DEHP into the Handbags III; knowingly caused DEHP to be created in the Handbags III; covered, obscured, or altered a warning; received notice and warning materials for the

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

1   exposure from its upstream entities; and/or have actual knowledge of the potential

2   exposure to DEHP from Handbags III requiring the warning.

3   92. The principal routes of exposure are through dermal contact, ingestion and inhalation.

4   Persons sustain exposures by using, or handling the Handbags III without wearing

5   gloves or by touching bare skin or mucous membranes with or without gloves after

6   handling Handbags III, as a direct and indirect hand to mouth contact, hand to mucous

7   membrane, trans-dermal absorption, or breathing in particulate matter emanating from

8   Handbags III during use, as well as through environmental mediums that carry the

9   DEHP once contained within the Handbags III.

10  93. Plaintiff is informed, believes, and thereon alleges that each of Defendants' violations

11  of Proposition 65 as to Handbags III have been ongoing and continuous, as Defendants

12  engaged and continue to engage in conduct which violates Health and Safety Code

13  Section 25249.6, including the manufacture, distribution, promotion, and sale of

14  Handbags III, so that a separate and distinct violation of Proposition 65 occurred each

15  and every time a person was exposed to DEHP by Handbags III as mentioned herein.

16  94. Plaintiff is informed, believes, and thereon alleges that each violation of Proposition 65

17  mentioned herein is ever continuing.  Plaintiff further alleges and believes that the

18  violations alleged herein will continue to occur into the future.

19  95. Based on the allegations herein, Defendants are liable for civil penalties of up to

20  $2,500.00 per day per individual exposure to DEHP from Handbags III, pursuant to

21  Health and Safety Code Section 25249.7(b).

22  96. Plaintiff has engaged in good faith efforts to resolve the claims alleged herein prior to

23  filing this Complaint.

24  //

25  //

26  //

27

28

FIRST AMENDED COMPLAINT

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

## SEVENTH CAUSE OF ACTION.

**(By CONSUMER ADVOCACY GROUP, INC. and against ROSS, and DOES 61-70 for Violations of Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986 (*Health & Safety Code*, §§ 25249.5, *et seq.*))**

### Fashion Accessories

97. Plaintiff repeats and incorporates by reference paragraphs 1 through 96 of this complaint as though fully set forth herein.

98. Each of the Defendants is, and at all times mentioned herein was, a manufacturer, distributor, promoter, or retailer of Handbag with PVC Components including but not limited to: Brown Clear Handbag with Black Handle; "Diophy ® In style Handbags"; "GSL-8202 BK"; "Black PTRN009"; "D5503 C6516"; "400207087123" ("Handbags IV").

99. Handbags IV contain DEHP.

100. Defendants knew or should have known that DEHP has been identified by the State of California as a chemical known to cause cancer; developmental toxicity; and male reproductive toxicity and therefore was subject to Proposition 65 warning requirements. Defendants were also informed of the presence of DEHP in Handbags IV within Plaintiff's notice of alleged violations further discussed above at Paragraph 19g.

101. Plaintiff's allegations regarding Handbags IV concerns "[c]onsumer products exposure[s]," which "is an exposure that results from a person's acquisition, purchase, storage, consumption, or other reasonably foreseeable use of a consumer good, or any exposure that results from receiving a consumer service." *Cal. Code Regs.* tit. 27, § 25602(b). Handbags IV are consumer products, and, as mentioned herein, exposures to DEHP took place as a result of such normal and foreseeable use.

102. Plaintiff is informed, believes, and thereon alleges that between June 18, 2017 and the present, each of the Defendants knowingly and intentionally exposed California consumers and users of Handbags IV, which Defendants manufactured, distributed, or sold as mentioned above, to DEHP, without first providing any type of clear and

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

1   reasonable warning of such to the exposed persons before the time of exposure.

2   Defendants have distributed and sold Handbags IV in California. Defendants know and

3   intend that California consumers will use Handbags IV, thereby exposing them to

4   DEHP. Defendants thereby violated Proposition 65.

5   103. Plaintiff is informed, believes, and thereon alleges that ROSS knowingly introduced

6   DEHP into the Handbags IV; knowingly caused DEHP to be created in the Handbags IV;

7   covered, obscured, or altered a warning; received notice and warning materials for the

8   exposure from its upstream entities; and/or have actual knowledge of the potential

9   exposure to DEHP from Handbags IV requiring the warning.

10  104.      The principal routes of exposure are through dermal contact, ingestion and

11  inhalation. Persons sustain exposures by using, or handling the Handbags IV without

12  wearing gloves or by touching bare skin or mucous membranes with or without gloves

13  after handling Handbags IV, as a direct and indirect hand to mouth contact, hand to

14  mucous membrane, trans-dermal absorption, or breathing in particulate matter

15  emanating from Handbags IV during use, as well as through environmental mediums

16  that carry the DEHP once contained within the Handbags IV.

17  105.      Plaintiff is informed, believes, and thereon alleges that each of Defendants'

18  violations of Proposition 65 as to Handbags IV have been ongoing and continuous, as

19  Defendants engaged and continue to engage in conduct which violates Health and

20  Safety Code Section 25249.6, including the manufacture, distribution, promotion, and

21  sale of Handbags IV, so that a separate and distinct violation of Proposition 65 occurred

22  each and every time a person was exposed to DEHP by Handbags IV as mentioned

23  herein.

24  106.      Plaintiff is informed, believes, and thereon alleges that each violation of

25  Proposition 65 mentioned herein is ever continuing. Plaintiff further alleges and

26  believes that the violations alleged herein will continue to occur into the future.

27

28

FIRST AMENDED COMPLAINT

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

107.    Based on the allegations herein, Defendants are liable for civil penalties of up to

$2,500.00 per day per individual exposure to DEHP from Handbags IV, pursuant to

Health and Safety Code Section 25249.7(b).

108.    Plaintiff has engaged in good faith efforts to resolve the claims alleged herein

prior to filing this Complaint.

**EIGHTH CAUSE OF ACTION.**

**(By CONSUMER ADVOCACY GROUP, INC. and against ROSS, and DOES 71-80 for Violations of Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986 (*Health & Safety Code*, §§ 25249.5, *et seq.*))**

**Sandals**

109.    Plaintiff repeats and incorporates by reference paragraphs 1 through 108 of this

complaint as though fully set forth herein.

110.    Each of the Defendants is, and at all times mentioned herein was, a

manufacturer, distributor, promoter, or retailer of Sandals with Plastic Components

including but not limited to: Silver Metallic Sandals. Forever 8/12"; "USA 9 EUR 40";

"DV 19 D5201 C0908"; "400203980644"; "PO#RT-18-02"; "Style: Rafele-23"; Made

in China" ("Sandals").

111.    Sandals contain DEHP and DBP.

112.    Defendants knew or should have known that DEHP and DBP have been

identified by the State of California as a chemical known to cause cancer;

developmental toxicity; and male reproductive toxicity and therefore were subject to

Proposition 65 warning requirements.  Defendants were also informed of the presence

of DEHP and DBP in Sandals within Plaintiff's notice of alleged violations further

discussed above at Paragraph 19h.

113.    Plaintiff's allegations regarding Sandals concerns "[c]onsumer products

exposure[s]," which "is an exposure that results from a person's acquisition, purchase,

storage, consumption, or other reasonably foreseeable use of a consumer good, or any

exposure that results from receiving a consumer service." *Cal. Code Regs.* tit. 27, §

FIRST AMENDED COMPLAINT

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

1    25602(b).  Sandals are consumer products, and, as mentioned herein, exposures to

2    DEHP and DBP took place as a result of such normal and foreseeable use.

3    114.    Plaintiff is informed, believes, and thereon alleges that between June 18, 2017

4    and the present, each of the Defendants knowingly and intentionally exposed California

5    consumers and users of Sandals, which Defendants manufactured, distributed, or sold as

6    mentioned above, to DEHP and DBP, without first providing any type of clear and

7    reasonable warning of such to the exposed persons before the time of exposure.

8    Defendants have distributed and sold Sandals in California.  Defendants know and

9    intend that California consumers will use Sandals, thereby exposing them to DEHP and

10   DBP. Defendants thereby violated Proposition 65.

11   115. Plaintiff is informed, believes, and thereon alleges that ROSS knowingly introduced

12   DEHP into the Sandals; knowingly caused DEHP and DBP to be created in the Sandals;

13   covered, obscured, or altered a warning; received notice and warning materials for the

14   exposure from its upstream entities; and/or have actual knowledge of the potential

15   exposure to DEHP and DBP from Sandals requiring the warning.

16   116.    The principal routes of exposure are through dermal contact, ingestion and

17   inhalation.  Persons sustain exposures by using, or handling the Sandals without

18   wearing gloves or by touching bare skin or mucous membranes with or without gloves

19   after handling Sandals, as a direct and indirect hand to mouth contact, hand to mucous

20   membrane, trans-dermal absorption, or breathing in particulate matter emanating from

21   Sandals during use, as well as through environmental mediums that carry the DEHP and

22   DBP once contained within the Sandals.

23   117.    Plaintiff is informed, believes, and thereon alleges that each of Defendants'

24   violations of Proposition 65 as to Sandals have been ongoing and continuous, as

25   Defendants engaged and continue to engage in conduct which violates Health and

26   Safety Code Section 25249.6, including the manufacture, distribution, promotion, and

27   sale of Sandals, so that a separate and distinct violation of Proposition 65 occurred each

28

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

and every time a person was exposed to DEHP and DBP by Sandals as mentioned herein.

118.     Plaintiff is informed, believes, and thereon alleges that each violation of Proposition 65 mentioned herein is ever continuing.  Plaintiff further alleges and believes that the violations alleged herein will continue to occur into the future.

119.     Based on the allegations herein, Defendants are liable for civil penalties of up to $2,500.00 per day per individual exposure to DEHP and DBP from Sandals, pursuant to Health and Safety Code Section 25249.7(b).

120.     Plaintiff has engaged in good faith efforts to resolve the claims alleged herein prior to filing this Complaint.

## NINETH CAUSE OF ACTION.
**(By CONSUMER ADVOCACY GROUP, INC. and against ROSS, and DOES 81-90 for Violations of Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986 (*Health & Safety Code*, §§ 25249.5, *et seq.*))**

### Fashion Accessories

121.     Plaintiff repeats and incorporates by reference paragraphs 1 through 120 of this complaint as though fully set forth herein.

122.     Each of the Defendants is, and at all times mentioned herein was, a manufacturer, distributor, promoter, or retailer of Purse with Polymer Components including but not limited to: Black Purse "Le Miel" "Item No. LHU167 Color: BK"; "8371808022"; "Made in China"; "Black PTRN009"; "D5503 C6518" "400209416112" ("Purses").

123.     Purses contain DEHP.

124.     Defendants knew or should have known that DEHP has been identified by the State of California as a chemical known to cause cancer; developmental toxicity; and male reproductive toxicity and therefore was subject to Proposition 65 warning requirements.  Defendants were also informed of the presence of DEHP in Purses within Plaintiff's notice of alleged violations further discussed above at Paragraph 19i.

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

125.    Plaintiff's allegations regarding Purses concerns "[c]onsumer products exposure[s]," which "is an exposure that results from a person's acquisition, purchase, storage, consumption, or other reasonably foreseeable use of a consumer good, or any exposure that results from receiving a consumer service." *Cal. Code Regs.* tit. 27, § 25602(b).  Purses are consumer products, and, as mentioned herein, exposures to DEHP took place as a result of such normal and foreseeable use.

126.    Plaintiff is informed, believes, and thereon alleges that between July 1, 2017 and the present, each of the Defendants knowingly and intentionally exposed California consumers and users of Purses, which Defendants manufactured, distributed, or sold as mentioned above, to DEHP, without first providing any type of clear and reasonable warning of such to the exposed persons before the time of exposure.  Defendants have distributed and sold Purses in California.  Defendants know and intend that California consumers will use Purses, thereby exposing them to DEHP. Defendants thereby violated Proposition 65.

127. Plaintiff is informed, believes, and thereon alleges that ROSS knowingly introduced DEHP into the Purses; knowingly caused DEHP to be created in the Purses; covered, obscured, or altered a warning; received notice and warning materials for the exposure from its upstream entities; and/or have actual knowledge of the potential exposure to DEHP from Purses requiring the warning.

128.    The principal routes of exposure are through dermal contact, ingestion and inhalation.  Persons sustain exposures by using, or handling the Purses without wearing gloves or by touching bare skin or mucous membranes with or without gloves after handling Purses, as a direct and indirect hand to mouth contact, hand to mucous membrane, trans-dermal absorption, or breathing in particulate matter emanating from Purses during use, as well as through environmental mediums that carry the DEHP once contained within the Purses.

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

1   129.    Plaintiff is informed, believes, and thereon alleges that each of Defendants'

2           violations of Proposition 65 as to Purses have been ongoing and continuous, as

3           Defendants engaged and continue to engage in conduct which violates Health and

4           Safety Code Section 25249.6, including the manufacture, distribution, promotion, and

5           sale of Purses, so that a separate and distinct violation of Proposition 65 occurred each

6           and every time a person was exposed to DEHP by Purses as mentioned herein.

7   130.    Plaintiff is informed, believes, and thereon alleges that each violation of

8           Proposition 65 mentioned herein is ever continuing.  Plaintiff further alleges and

9           believes that the violations alleged herein will continue to occur into the future.

10  131.    Based on the allegations herein, Defendants are liable for civil penalties of up to

11          $2,500.00 per day per individual exposure to DEHP from Purses, pursuant to Health

12          and Safety Code Section 25249.7(b).

13  132.    Plaintiff has engaged in good faith efforts to resolve the claims alleged herein

14          prior to filing this Complaint.

### TENTH CAUSE OF ACTION.

**(By CONSUMER ADVOCACY GROUP, INC. and against ROSS, and DOES 91-100 for Violations of Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986 (*Health & Safety Code*, §§ 25249.5, *et seq.*))**

### Fashion Accessories

133.    Plaintiff repeats and incorporates by reference paragraphs 1 through 132 of this

        complaint as though fully set forth herein.

134.    Each of the Defendants is, and at all times mentioned herein was, a

        manufacturer, distributor, promoter, or retailer of Backpack with PVC Components

        including but not limited to: Pink Backpack "Diophy ® In style Handbags"; "CY-6795W PK"; "400203782701" ("Backpacks I").

135.    Backpacks I contain DEHP.

136.    Defendants knew or should have known that DEHP has been identified by the

        State of California as a chemical known to cause cancer; developmental toxicity; and

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

male reproductive toxicity and therefore was subject to Proposition 65 warning requirements. Defendants were also informed of the presence of DEHP in Backpacks I within Plaintiff's notice of alleged violations further discussed above at Paragraph 19j.

137. Plaintiff's allegations regarding Backpacks I concerns "[c]onsumer products exposure[s]," which "is an exposure that results from a person's acquisition, purchase, storage, consumption, or other reasonably foreseeable use of a consumer good, or any exposure that results from receiving a consumer service." *Cal. Code Regs.* tit. 27, § 25602(b). Backpacks I are consumer products, and, as mentioned herein, exposures to DEHP took place as a result of such normal and foreseeable use.

138. Plaintiff is informed, believes, and thereon alleges that between July 22, 2017 and the present, each of the Defendants knowingly and intentionally exposed California consumers and users of Backpacks I, which Defendants manufactured, distributed, or sold as mentioned above, to DEHP, without first providing any type of clear and reasonable warning of such to the exposed persons before the time of exposure. Defendants have distributed and sold Backpacks I in California. Defendants know and intend that California consumers will use Purses, thereby exposing them to DEHP. Defendants thereby violated Proposition 65.

139. Plaintiff is informed, believes, and thereon alleges that ROSS knowingly introduced DEHP into the Backpacks I; knowingly caused DEHP to be created in the Backpacks I; covered, obscured, or altered a warning; received notice and warning materials for the exposure from its upstream entities; and/or have actual knowledge of the potential exposure to DEHP from Backpacks I requiring the warning.

140. The principal routes of exposure are through dermal contact, ingestion and inhalation. Persons sustain exposures by using, or handling the Backpacks I without wearing gloves or by touching bare skin or mucous membranes with or without gloves after handling Backpacks I, as a direct and indirect hand to mouth contact, hand to mucous membrane, trans-dermal absorption, or breathing in particulate matter

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

emanating from Backpacks I during use, as well as through environmental mediums that carry the DEHP once contained within the Backpacks I.

141.    Plaintiff is informed, believes, and thereon alleges that each of Defendants' violations of Proposition 65 as to Backpacks I have been ongoing and continuous, as Defendants engaged and continue to engage in conduct which violates Health and Safety Code Section 25249.6, including the manufacture, distribution, promotion, and sale of Backpacks I, so that a separate and distinct violation of Proposition 65 occurred each and every time a person was exposed to DEHP by Backpacks I as mentioned herein.

142.    Plaintiff is informed, believes, and thereon alleges that each violation of Proposition 65 mentioned herein is ever continuing.  Plaintiff further alleges and believes that the violations alleged herein will continue to occur into the future.

143.    Based on the allegations herein, Defendants are liable for civil penalties of up to $2,500.00 per day per individual exposure to DEHP from Backpacks I, pursuant to Health and Safety Code Section 25249.7(b).

144.    Plaintiff has engaged in good faith efforts to resolve the claims alleged herein prior to filing this Complaint.

### ELEVENTH CAUSE OF ACTION.
**(By CONSUMER ADVOCACY GROUP, INC. and against ROSS, and DOES 101-110 for Violations of Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986 (*Health & Safety Code*, §§ 25249.5, *et seq.*))**

**Fashion Accessories**

145.    Plaintiff repeats and incorporates by reference paragraphs 1 through 144 of this complaint as though fully set forth herein.

146.    Each of the Defendants is, and at all times mentioned herein was, a manufacturer, distributor, promoter, or retailer of Handbag with PVC Components including but not limited to: Black Faux Crocodile Purse;"  "CH2-9695-2 Black"; "DV

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

14 D5503 C6529"; "SKU "400201591039;" "B/W Snake Croco Pa" ("Handbags V").

147.     Handbags V contain DEHP.

148.     Defendants knew or should have known that DEHP has been identified by the State of California as a chemical known to cause cancer; developmental toxicity; and male reproductive toxicity and therefore was subject to Proposition 65 warning requirements.  Defendants were also informed of the presence of DEHP in Handbags V within Plaintiff's notice of alleged violations further discussed above at Paragraph 19k.

149.     Plaintiff's allegations regarding Handbags V concerns "[c]onsumer products exposure[s]," which "is an exposure that results from a person's acquisition, purchase, storage, consumption, or other reasonably foreseeable use of a consumer good, or any exposure that results from receiving a consumer service." *Cal. Code Regs.* tit. 27, § 25602(b).  Handbags V are consumer products, and, as mentioned herein, exposures to DEHP took place as a result of such normal and foreseeable use.

150.     Plaintiff is informed, believes, and thereon alleges that between August 3, 2017 and the present, each of the Defendants knowingly and intentionally exposed California consumers and users of Handbags V, which Defendants manufactured, distributed, or sold as mentioned above, to DEHP, without first providing any type of clear and reasonable warning of such to the exposed persons before the time of exposure. Defendants have distributed and sold Handbags V in California.  Defendants know and intend that California consumers will use Handbags V, thereby exposing them to DEHP. Defendants thereby violated Proposition 65.

151. Plaintiff is informed, believes, and thereon alleges that ROSS knowingly introduced DEHP into the Handbags V; knowingly caused DEHP to be created in the Handbags V; covered, obscured, or altered a warning; received notice and warning materials for the exposure from its upstream entities; and/or have actual knowledge of the potential exposure to DEHP from Handbags V requiring the warning.

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

152.     The principal routes of exposure are through dermal contact, ingestion and inhalation.  Persons sustain exposures by using, or handling the Handbags V without wearing gloves or by touching bare skin or mucous membranes with or without gloves after handling Handbags V, as a direct and indirect hand to mouth contact, hand to mucous membrane, trans-dermal absorption, or breathing in particulate matter emanating from Handbags V during use, as well as through environmental mediums that carry the DEHP once contained within the Handbags V.

153.     Plaintiff is informed, believes, and thereon alleges that each of Defendants' violations of Proposition 65 as to Handbags V have been ongoing and continuous, as Defendants engaged and continue to engage in conduct which violates Health and Safety Code Section 25249.6, including the manufacture, distribution, promotion, and sale of Handbags V, so that a separate and distinct violation of Proposition 65 occurred each and every time a person was exposed to DEHP by Handbags V as mentioned herein.

154.     Plaintiff is informed, believes, and thereon alleges that each violation of Proposition 65 mentioned herein is ever continuing.  Plaintiff further alleges and believes that the violations alleged herein will continue to occur into the future.

155.     Based on the allegations herein, Defendants are liable for civil penalties of up to $2,500.00 per day per individual exposure to DEHP from Handbags V, pursuant to Health and Safety Code Section 25249.7(b).

156.     Plaintiff has engaged in good faith efforts to resolve the claims alleged herein prior to filing this Complaint.

//
//
//
//

FIRST AMENDED COMPLAINT

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

## TWELFTH CAUSE OF ACTION.

**(By CONSUMER ADVOCACY GROUP, INC. and against ROSS, and DOES 111-120 for Violations of Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986 (*Health & Safety Code*, §§ 25249.5, *et seq.*))**

### Fashion Accessories

157.     Plaintiff repeats and incorporates by reference paragraphs 1 through 156 of this complaint as though fully set forth herein.

158.     Each of the Defendants is, and at all times mentioned herein was, a manufacturer, distributor, promoter, or retailer of Handbag with PVC Components including but not limited to: Teal Handbag;" "Giannini a Division of Hazan Import"; "UPC 7 32569 00151 7"; "SKU 400205528529 ("Handbags VI").

159.     Handbags VI contain DEHP.

160.     Defendants knew or should have known that DEHP has been identified by the State of California as a chemical known to cause cancer; developmental toxicity; and male reproductive toxicity and therefore was subject to Proposition 65 warning requirements.  Defendants were also informed of the presence of DEHP in Handbags VI within Plaintiff's notice of alleged violations further discussed above at Paragraph 19l.

161.     Plaintiff's allegations regarding Handbags VI concerns "[c]onsumer products exposure[s]," which "is an exposure that results from a person's acquisition, purchase, storage, consumption, or other reasonably foreseeable use of a consumer good, or any exposure that results from receiving a consumer service." *Cal. Code Regs.* tit. 27, § 25602(b).  Handbags VI are consumer products, and, as mentioned herein, exposures to DEHP took place as a result of such normal and foreseeable use.

162.     Plaintiff is informed, believes, and thereon alleges that between August 3, 2017 and the present, each of the Defendants knowingly and intentionally exposed California consumers and users of Handbags VI, which Defendants manufactured, distributed, or sold as mentioned above, to DEHP, without first providing any type of clear and reasonable warning of such to the exposed persons before the time of exposure.

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

Defendants have distributed and sold Handbags VI in California. Defendants know and intend that California consumers will use Handbags VI, thereby exposing them to DEHP. Defendants thereby violated Proposition 65.

163. Plaintiff is informed, believes, and thereon alleges that ROSS knowingly introduced DEHP into the Handbags VI; knowingly caused DEHP to be created in the Handbags VI; covered, obscured, or altered a warning; received notice and warning materials for the exposure from its upstream entities; and/or have actual knowledge of the potential exposure to DEHP from Handbags VI requiring the warning.

164. The principal routes of exposure are through dermal contact, ingestion and inhalation. Persons sustain exposures by using, or handling the Handbags VI without wearing gloves or by touching bare skin or mucous membranes with or without gloves after handling Handbags VI, as a direct and indirect hand to mouth contact, hand to mucous membrane, trans-dermal absorption, or breathing in particulate matter emanating from Handbags VI during use, as well as through environmental mediums that carry the DEHP once contained within the Handbags VI.

165. Plaintiff is informed, believes, and thereon alleges that each of Defendants' violations of Proposition 65 as to Handbags VI have been ongoing and continuous, as Defendants engaged and continue to engage in conduct which violates Health and Safety Code Section 25249.6, including the manufacture, distribution, promotion, and sale of Handbags VI, so that a separate and distinct violation of Proposition 65 occurred each and every time a person was exposed to DEHP by Handbags VI as mentioned herein.

166. Plaintiff is informed, believes, and thereon alleges that each violation of Proposition 65 mentioned herein is ever continuing. Plaintiff further alleges and believes that the violations alleged herein will continue to occur into the future.

FIRST AMENDED COMPLAINT

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

167.    Based on the allegations herein, Defendants are liable for civil penalties of up to $2,500.00 per day per individual exposure to DEHP from Handbags VI, pursuant to Health and Safety Code Section 25249.7(b).

168.    Plaintiff has engaged in good faith efforts to resolve the claims alleged herein prior to filing this Complaint.

## THIRTEENTH CAUSE OF ACTION.
**(By CONSUMER ADVOCACY GROUP, INC. and against ROSS, and DOES 121-130 for Violations of Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986 (*Health & Safety Code*, §§ 25249.5, *et seq.*))**

### Fashion Accessories

169.    Plaintiff repeats and incorporates by reference paragraphs 1 through 168 of this complaint as though fully set forth herein.

170.    Each of the Defendants is, and at all times mentioned herein was, a manufacturer, distributor, promoter, or retailer of Handbag with PVC Components including but not limited to: Black Purse; "Tender Love + Carry"; "1287-089554782-01299-23-6"; "8794-9435-328885-FLS17"; "D5502 C5524"; SKU 400205474062"; "Made in China" ("Handbags VII").

171.    Handbags VII contain DEHP.

172.    Defendants knew or should have known that DEHP has been identified by the State of California as a chemical known to cause cancer; developmental toxicity; and male reproductive toxicity and therefore was subject to Proposition 65 warning requirements.  Defendants were also informed of the presence of DEHP in Handbags VII within Plaintiff's notice of alleged violations further discussed above at Paragraph 19m.

173.    Plaintiff's allegations regarding Handbags VII concerns "[c]onsumer products exposure[s]," which "is an exposure that results from a person's acquisition, purchase, storage, consumption, or other reasonably foreseeable use of a consumer good, or any exposure that results from receiving a consumer service." *Cal. Code Regs.* tit. 27, §

FIRST AMENDED COMPLAINT

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

1     25602(b).  Handbags VII are consumer products, and, as mentioned herein, exposures to

2     DEHP took place as a result of such normal and foreseeable use.

3   174.       Plaintiff is informed, believes, and thereon alleges that between September 2,

4     2017 and the present, each of the Defendants knowingly and intentionally exposed

5     California consumers and users of Handbags VII, which Defendants manufactured,

6     distributed, or sold as mentioned above, to DEHP, without first providing any type of

7     clear and reasonable warning of such to the exposed persons before the time of

8     exposure.  Defendants have distributed and sold Handbags VII in California.

9     Defendants know and intend that California consumers will use Handbags VII, thereby

10     exposing them to DEHP. Defendants thereby violated Proposition 65.

11  175. Plaintiff is informed, believes, and thereon alleges that ROSS knowingly introduced

12     DEHP into the Handbags VII; knowingly caused DEHP to be created in the Handbags

13     VII; covered, obscured, or altered a warning; received notice and warning materials for

14     the exposure from its upstream entities; and/or have actual knowledge of the potential

15     exposure to DEHP from Handbags VII requiring the warning.

16   176.       The principal routes of exposure are through dermal contact, ingestion and

17     inhalation.  Persons sustain exposures by using, or handling the Handbags VII without

18     wearing gloves or by touching bare skin or mucous membranes with or without gloves

19     after handling Handbags VII, as a direct and indirect hand to mouth contact, hand to

20     mucous membrane, trans-dermal absorption, or breathing in particulate matter

21     emanating from Handbags VII during use, as well as through environmental mediums

22     that carry the DEHP once contained within the Handbags VII.

23   177.       Plaintiff is informed, believes, and thereon alleges that each of Defendants'

24     violations of Proposition 65 as to Handbags VII have been ongoing and continuous, as

25     Defendants engaged and continue to engage in conduct which violates Health and

26     Safety Code Section 25249.6, including the manufacture, distribution, promotion, and

27     sale of Handbags VII, so that a separate and distinct violation of Proposition 65

28

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

FIRST AMENDED COMPLAINT

1    occurred each and every time a person was exposed to DEHP by Handbags VII as

2    mentioned herein.

3    178.      Plaintiff is informed, believes, and thereon alleges that each violation of

4    Proposition 65 mentioned herein is ever continuing.  Plaintiff further alleges and

5    believes that the violations alleged herein will continue to occur into the future.

6    179.      Based on the allegations herein, Defendants are liable for civil penalties of up to

7    $2,500.00 per day per individual exposure to DEHP from Handbags VII, pursuant to

8    Health and Safety Code Section 25249.7(b).

9    180.      Plaintiff has engaged in good faith efforts to resolve the claims alleged herein

10   prior to filing this Complaint.

### FOURTEENTH CAUSE OF ACTION.
**(By CONSUMER ADVOCACY GROUP, INC. and against ROSS, and DOES 121-130 for Violations of Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986 (*Health & Safety Code*, §§ 25249.5, *et seq.*))**

**Fashion Accessories**

11   181.      Plaintiff repeats and incorporates by reference paragraphs 1 through 180 of this

12   complaint as though fully set forth herein.

13   182.      Each of the Defendants is, and at all times mentioned herein was, a

14   manufacturer, distributor, promoter, or retailer of Handbag with PVC Components

15   including but not limited to: Silver Holographic Handbag; "Olive Miller Handbag

16   Collection"; "Style # OMZ-0876 SLIRID"; "UPC 6 57486 53204"; "SKU

17   400204270207 Silver Iridescent"; "RN105469"; "Made in China" ("Handbags VIII").

183.      Handbags VIII contain DINP.

184.      Defendants knew or should have known that DINP has been identified by the

State of California as a chemical known to cause cancer and therefore was subject to

Proposition 65 warning requirements.  Defendants were also informed of the presence

of DINP in Handbags VIII within Plaintiff's notice of alleged violations further

discussed above at Paragraph 19n.

FIRST AMENDED COMPLAINT

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

185.     Plaintiff's allegations regarding Handbags VIII concerns "[c]onsumer products exposure[s]," which "is an exposure that results from a person's acquisition, purchase, storage, consumption, or other reasonably foreseeable use of a consumer good, or any exposure that results from receiving a consumer service." *Cal. Code Regs.* tit. 27, § 25602(b). Handbags VIII are consumer products, and, as mentioned herein, exposures to DINP took place as a result of such normal and foreseeable use.

186.     Plaintiff is informed, believes, and thereon alleges that between September 2, 2017 and the present, each of the Defendants knowingly and intentionally exposed California consumers and users of Handbags VIII, which Defendants manufactured, distributed, or sold as mentioned above, to DINP, without first providing any type of clear and reasonable warning of such to the exposed persons before the time of exposure. Defendants have distributed and sold Handbags VIII in California. Defendants know and intend that California consumers will use Handbags VIII, thereby exposing them to DINP. Defendants thereby violated Proposition 65.

187. Plaintiff is informed, believes, and thereon alleges that ROSS knowingly introduced DINP into the Handbags VIII; knowingly caused DINP to be created in the Handbags VIII; covered, obscured, or altered a warning; received notice and warning materials for the exposure from its upstream entities; and/or have actual knowledge of the potential exposure to DINP from Handbags VIII requiring the warning.

188.     The principal routes of exposure are through dermal contact, ingestion and inhalation. Persons sustain exposures by using, or handling the Handbags VIII without wearing gloves or by touching bare skin or mucous membranes with or without gloves after handling Handbags VIII, as a direct and indirect hand to mouth contact, hand to mucous membrane, trans-dermal absorption, or breathing in particulate matter emanating from Handbags VIII during use, as well as through environmental mediums that carry the DINP once contained within the Handbags VIII.

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

189.     Plaintiff is informed, believes, and thereon alleges that each of Defendants'
violations of Proposition 65 as to Handbags VIII have been ongoing and continuous, as
Defendants engaged and continue to engage in conduct which violates Health and
Safety Code Section 25249.6, including the manufacture, distribution, promotion, and
sale of Handbags VIII, so that a separate and distinct violation of Proposition 65
occurred each and every time a person was exposed to DINP by Handbags VIII as
mentioned herein.

190.     Plaintiff is informed, believes, and thereon alleges that each violation of
Proposition 65 mentioned herein is ever continuing.  Plaintiff further alleges and
believes that the violations alleged herein will continue to occur into the future.

191.     Based on the allegations herein, Defendants are liable for civil penalties of up to
$2,500.00 per day per individual exposure to DINP from Handbags VIII, pursuant to
Health and Safety Code Section 25249.7(b).

192.     Plaintiff has engaged in good faith efforts to resolve the claims alleged herein
prior to filing this Complaint.

### FIFTEENTH CAUSE OF ACTION.
**(By CONSUMER ADVOCACY GROUP, INC. and against ROSS, and DOES 141-
150 for Violations of Proposition 65, The Safe Drinking Water and Toxic
Enforcement Act of 1986 (*Health & Safety Code*, §§ 25249.5, *et seq.*))**

**Backpack**

193.     Plaintiff repeats and incorporates by reference paragraphs 1 through 192 of this
complaint as though fully set forth herein.

194.     Each of the Defendants is, and at all times mentioned herein was, a
manufacturer, distributor, promoter, or retailer of Backpack with PVC Components
including but not limited to: Clear Pink Llama Backpack" "Wonder Nation TM;" "One
Size Backpack"; "Clear Thinking Backpack"; "Pink B19GC42434-XX"; "UPC 8 43340
01894 9"; "Made in China" ("Backpacks II").

195.     Backpacks II contain DINP.

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

196.     Defendants knew or should have known that DINP has been identified by the
State of California as a chemical known to cause cancer and therefore was subject to
Proposition 65 warning requirements.  Defendants were also informed of the presence
of DINP in Backpacks II within Plaintiff's notice of alleged violations further discussed
above at Paragraph 19o.

197.     Plaintiff's allegations regarding Backpacks II concerns "[c]onsumer products
exposure[s]," which "is an exposure that results from a person's acquisition, purchase,
storage, consumption, or other reasonably foreseeable use of a consumer good, or any
exposure that results from receiving a consumer service." *Cal. Code Regs.* tit. 27, §
25602(b).  Backpacks II are consumer products, and, as mentioned herein, exposures to
DINP took place as a result of such normal and foreseeable use.

198.     Plaintiff is informed, believes, and thereon alleges that between September 9,
2017 and the present, each of the Defendants knowingly and intentionally exposed
California consumers and users of Backpacks II, which Defendants manufactured,
distributed, or sold as mentioned above, to DINP, without first providing any type of
clear and reasonable warning of such to the exposed persons before the time of
exposure.  Defendants have distributed and sold Backpacks II in California.  Defendants
know and intend that California consumers will use Purses, thereby exposing them to
DINP. Defendants thereby violated Proposition 65.

199. Plaintiff is informed, believes, and thereon alleges that ROSS knowingly introduced
DINP into the Backpacks II; knowingly caused DINP to be created in the Backpacks II;
covered, obscured, or altered a warning; received notice and warning materials for the
exposure from its upstream entities; and/or have actual knowledge of the potential
exposure to DINP from Backpacks II requiring the warning.

200.     The principal routes of exposure are through dermal contact, ingestion and
inhalation.  Persons sustain exposures by using, or handling the Backpacks II without
wearing gloves or by touching bare skin or mucous membranes with or without gloves

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

after handling Backpacks II, as a direct and indirect hand to mouth contact, hand to mucous membrane, trans-dermal absorption, or breathing in particulate matter emanating from Backpacks II during use, as well as through environmental mediums that carry the DINP once contained within the Backpacks II.

201.    Plaintiff is informed, believes, and thereon alleges that each of Defendants' violations of Proposition 65 as to Backpacks II have been ongoing and continuous, as Defendants engaged and continue to engage in conduct which violates Health and Safety Code Section 25249.6, including the manufacture, distribution, promotion, and sale of Backpacks II, so that a separate and distinct violation of Proposition 65 occurred each and every time a person was exposed to DINP by Backpacks II as mentioned herein.

202.    Plaintiff is informed, believes, and thereon alleges that each violation of Proposition 65 mentioned herein is ever continuing.  Plaintiff further alleges and believes that the violations alleged herein will continue to occur into the future.

203.    Based on the allegations herein, Defendants are liable for civil penalties of up to $2,500.00 per day per individual exposure to DINP from Backpacks II, pursuant to Health and Safety Code Section 25249.7(b).

204.    Plaintiff has engaged in good faith efforts to resolve the claims alleged herein prior to filing this Complaint.

## SIXTEENTH CAUSE OF ACTION
**(By CONSUMER ADVOCACY GROUP, INC. and against ROSS, and DOES 151-160 for Violations of Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986 (*Health & Safety Code*, §§ 25249.5, *et seq.*))**

### Cosmetic Case

205.    Plaintiff repeats and incorporates by reference paragraphs 1 through 204 of this complaint as though fully set forth herein.

206.    Each of the Defendants is, and at all times mentioned herein was, a manufacturer, distributor, promoter, or retailer of Cosmetic Case with PVC

FIRST AMENDED COMPLAINT

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

Components including but not limited to: Black Floral Cosmetic Case "PBC02"; "D5423 C5428 Cosmetic Cases"; "SKU 400203196614 Med Golden Floral"; Product Made in China" ("Cosmetic Cases").

207.     Cosmetic Cases contain DEHP.

208.     Defendants knew or should have known that DEHP has been identified by the State of California as a chemical known to cause cancer; developmental toxicity; and male reproductive toxicity and therefore was subject to Proposition 65 warning requirements.  Defendants were also informed of the presence of DEHP in Cosmetic Cases within Plaintiff's notice of alleged violations further discussed above at Paragraph 19p.

209.     Plaintiff's allegations regarding Cosmetic Cases concerns "[c]onsumer products exposure[s]," which "is an exposure that results from a person's acquisition, purchase, storage, consumption, or other reasonably foreseeable use of a consumer good, or any exposure that results from receiving a consumer service." *Cal. Code Regs.* tit. 27, § 25602(b).  Cosmetic Cases are consumer products, and, as mentioned herein, exposures to DEHP took place as a result of such normal and foreseeable use.

210.     Plaintiff is informed, believes, and thereon alleges that between September 9, 2017 and the present, each of the Defendants knowingly and intentionally exposed California consumers and users of Cosmetic Cases, which Defendants manufactured, distributed, or sold as mentioned above, to DEHP, without first providing any type of clear and reasonable warning of such to the exposed persons before the time of exposure.  Defendants have distributed and sold Cosmetic Cases in California. Defendants know and intend that California consumers will use Cosmetic Cases, thereby exposing them to DEHP. Defendants thereby violated Proposition 65.

211. Plaintiff is informed, believes, and thereon alleges that ROSS knowingly introduced DEHP into the Cosmetic Cases; knowingly caused DEHP to be created in the Cosmetic Cases; covered, obscured, or altered a warning; received notice and warning materials

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

for the exposure from its upstream entities; and/or have actual knowledge of the potential exposure to DEHP from Cosmetic Cases requiring the warning.

212.     The principal routes of exposure are through dermal contact, ingestion and inhalation.  Persons sustain exposures by using, carrying, or handling the Cosmetic Cases without wearing gloves or by touching bare skin or mucous membranes with or without gloves after handling Cosmetic Cases, as a direct and indirect hand to mouth contact, hand to mucous membrane, trans-dermal absorption, or breathing in particulate matter emanating from Cosmetic Cases during use, as well as through environmental mediums that carry the DEHP once contained within the Cosmetic Cases.

213.     Plaintiff is informed, believes, and thereon alleges that each of Defendants' violations of Proposition 65 as to Cosmetic Cases have been ongoing and continuous, as Defendants engaged and continue to engage in conduct which violates Health and Safety Code Section 25249.6, including the manufacture, distribution, promotion, and sale of Cosmetic Cases, so that a separate and distinct violation of Proposition 65 occurred each and every time a person was exposed to DEHP by Cosmetic Cases as mentioned herein.

214.     Plaintiff is informed, believes, and thereon alleges that each violation of Proposition 65 mentioned herein is ever continuing.  Plaintiff further alleges and believes that the violations alleged herein will continue to occur into the future.

215.     Based on the allegations herein, Defendants are liable for civil penalties of up to $2,500.00 per day per individual exposure to DEHP from Cosmetic Cases, pursuant to Health and Safety Code Section 25249.7(b).

216.     Plaintiff has engaged in good faith efforts to resolve the claims alleged herein prior to filing this Complaint.

//
//
//

FIRST AMENDED COMPLAINT

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

## SEVENTEENTH CAUSE OF ACTION.

**(By CONSUMER ADVOCACY GROUP, INC. and against ROSS, and DOES 161-170 for Violations of Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986 (*Health & Safety Code*, §§ 25249.5, *et seq.*))**

### Wallet

217.     Plaintiff repeats and incorporates by reference paragraphs 1 through 216 of this complaint as though fully set forth herein.

218.     Each of the Defendants is, and at all times mentioned herein was, a manufacturer, distributor, promoter, or retailer of Wallet with PVC Components including but not limited to: "Peach Wallet/Wristlet "BLUSH624"; "D5301 C1990"; "SKU 400204220493 BLUSH EMB ROSE PU"; "Made in China" ("Wallets").

219.     Wallets contain DINP.

220.     Defendants knew or should have known that DINP has been identified by the State of California as a chemical known to cause cancer and therefore was subject to Proposition 65 warning requirements.  Defendants were also informed of the presence of DINP in Wallets within Plaintiff's notice of alleged violations further discussed above at Paragraph 19p.

221.     Plaintiff's allegations regarding Wallets concerns "[c]onsumer products exposure[s]," which "is an exposure that results from a person's acquisition, purchase, storage, consumption, or other reasonably foreseeable use of a consumer good, or any exposure that results from receiving a consumer service." *Cal. Code Regs.* tit. 27, § 25602(b).  Wallets are consumer products, and, as mentioned herein, exposures to DINP took place as a result of such normal and foreseeable use.

222.     Plaintiff is informed, believes, and thereon alleges that between September 17, 2017 and the present, each of the Defendants knowingly and intentionally exposed California consumers and users of Wallets, which Defendants manufactured, distributed, or sold as mentioned above, to DINP, without first providing any type of clear and reasonable warning of such to the exposed persons before the time of

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

Page **46** of **48**

FIRST AMENDED COMPLAINT

exposure. Defendants have distributed and sold Wallets in California. Defendants know and intend that California consumers will use Purses, thereby exposing them to DINP. Defendants thereby violated Proposition 65.

223. Plaintiff is informed, believes, and thereon alleges that ROSS knowingly introduced DINP into the Wallets; knowingly caused DINP to be created in the Wallets; covered, obscured, or altered a warning; received notice and warning materials for the exposure from its upstream entities; and/or have actual knowledge of the potential exposure to DINP from Wallets requiring the warning.

224. The principal routes of exposure are through dermal contact, ingestion and inhalation. Persons sustain exposures by using, or handling the Wallets without wearing gloves or by touching bare skin or mucous membranes with or without gloves after handling Wallets, as a direct and indirect hand to mouth contact, hand to mucous membrane, trans-dermal absorption, or breathing in particulate matter emanating from Wallets during use, as well as through environmental mediums that carry the DINP once contained within the Wallets.

225. Plaintiff is informed, believes, and thereon alleges that each of Defendants' violations of Proposition 65 as to Wallets have been ongoing and continuous, as Defendants engaged and continue to engage in conduct which violates Health and Safety Code Section 25249.6, including the manufacture, distribution, promotion, and sale of Wallets, so that a separate and distinct violation of Proposition 65 occurred each and every time a person was exposed to DINP by Wallets as mentioned herein.

226. Plaintiff is informed, believes, and thereon alleges that each violation of Proposition 65 mentioned herein is ever continuing. Plaintiff further alleges and believes that the violations alleged herein will continue to occur into the future.

227. Based on the allegations herein, Defendants are liable for civil penalties of up to $2,500.00 per day per individual exposure to DINP from Wallets, pursuant to Health and Safety Code Section 25249.7(b).

FIRST AMENDED COMPLAINT

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

228.     Plaintiff has engaged in good faith efforts to resolve the claims alleged herein prior to filing this Complaint.

## **PRAYER FOR RELIEF**

Plaintiff demands against each of the Defendants as follows:

1. A permanent injunction mandating Proposition 65-compliant warnings;

2. Penalties pursuant to Health and Safety Code Section 25249.7, subdivision (b);

3. Costs of suit;

4. Reasonable attorney fees and costs; and

5. Any further relief that the court may deem just and equitable.


Dated: December 23, 2020                    YEROUSHALMI & YEROUSHALMI*

_____
Reuben Yeroushalmi
Attorneys for Plaintiff,
CONSUMER ADVOCACY GROUP, INC.

FIRST AMENDED COMPLAINT

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations