Reuben Yeroushalmi (SBN 193981)
**YEROUSHALMI & YEROUSHALMI***
9100 Wilshire Boulevard, Suite 240W
Beverly Hills, California 90212
Telephone: (310) 623-1926
Facsimile: (310) 623-1930

Attorneys for Plaintiff,
Consumer Advocacy Group, Inc.

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

| | |
|---|---|
| CONSUMER ADVOCACY GROUP, INC., in the public interest,<br><br>Plaintiff,<br><br>v.<br><br>ROSS STORES, INC. dba DD's DISCOUNTS a Delaware Corporation; ENCHANTE ACCESSORIES, INC., a New York Corporation; and DOES 1-5;<br><br>Defendants. | CASE NO. RG19034033<br><br>FIRST AMENDED COMPLAINT FOR PENALTY AND INJUNCTION<br><br>Violation of Proposition 65, the Safe Drinking Water and Toxic Enforcement Act of 1986 (*Health & Safety Code*, § 25249.5, *et seq.*)<br><br>ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000) |

Plaintiff CONSUMER ADVOCACY GROUP, INC. alleges two causes of action against defendants ROSS STORES, INC. dba DD's DISCOUNTS, ENCHANTE ACCESSORIES, INC. and DOES 1-5 as follows:

## THE PARTIES

1. Plaintiff CONSUMER ADVOCACY GROUP, INC. ("Plaintiff" or "CAG'") is an organization qualified to do business in the State of California. CAG is a person within the meaning of Health and Safety Code section 25249.11, subdivision (a). CAG, acting as a private attorney general, brings this action in the public interest as defined under Health and Safety Code section 25249.7, subdivision (d).

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

2. Defendant ROSS STORES, INC. dba DD's DISCOUNTS ("ROSS") is a Delaware Corporation, qualified to do business and doing business in the State of California at all relevant times herein.

3. Defendant ENCHANTE ACCESSORIES, INC. ("ENCHANTE") is a New York Corporation, doing business in the State of California at all relevant times herein.

4. Plaintiff is presently unaware of the true names and capacities of defendants DOES 1-20, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed, believes, and thereon alleges that each fictitiously named defendant is responsible in some manner for the occurrences herein alleged and the damages caused thereby.

5. At all times mentioned herein, the term "Defendants" includes ROSS, ENCHANTE and DOES 1-5.

6. Plaintiff is informed and believes, and thereon alleges that each of the Defendants at all times mentioned herein have conducted business within the State of California.

7. Upon information and belief, at all times relevant to this action, each of the Defendants, including DOES 1-5, was an agent, servant, or employee of each of the other Defendants. In conducting the activities alleged in this Complaint, each of the Defendants was acting within the course and scope of this agency, service, or employment, and was acting with the consent, permission, and authorization of each of the other Defendants. All actions of each of the Defendants alleged in this Complaint were ratified and approved by every other Defendant or their officers or managing agents. Alternatively, each of the Defendants aided, conspired with and/or facilitated the alleged wrongful conduct of each of the other Defendants.

8. Plaintiff is informed, believes, and thereon alleges that at all relevant times, each of the Defendants was a person doing business within the meaning of Health and Safety Code

FIRST AMENDED COMPLAINT FOR VIOLATION OF PROPOSITION 65, THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986 (HEALTH AND SAFETY CODE § 25249.5, ET SEQ.)

section 25249.11, subdivision (b), and that each of the Defendants had ten (10) or more employees at all relevant times.

## JURISDICTION

9. The Court has jurisdiction over this lawsuit pursuant to California Constitution Article VI, Section 10, which grants the Superior Court original jurisdiction in all causes except those given by statute to other trial courts. This Court has jurisdiction over this action pursuant to Health and Safety Code section 25249.7, which allows enforcement of violations of Proposition 65 in any Court of competent jurisdiction.

10. This Court has jurisdiction over Defendants named herein because Defendants either reside or are located in this State or are foreign corporations authorized to do business in California, are registered with the California Secretary of State, or who do sufficient business in California, have sufficient minimum contacts with California, or otherwise intentionally avail themselves of the markets within California through their manufacture, distribution, promotion, marketing, or sale of their products within California to render the exercise of jurisdiction by the California courts permissible under traditional notions of fair play and substantial justice.

11. Venue is proper in the County of Alameda because one or more of the instances of wrongful conduct occurred, and continues to occur, in the County of Alameda and/or because Defendants conducted, and continue to conduct, business in the County of Alameda with respect to the consumer product that is the subject of this action.

## BACKGROUND AND PRELIMINARY FACTS

12. In 1986, California voters approved an initiative to address growing concerns about exposure to toxic chemicals and declared their right "[t]o be informed about exposures to chemicals that cause cancer, birth defects, or other reproductive harm." Ballot Pamp., Proposed Law, Gen. Elec. (Nov. 4, 1986) at p. 3. The initiative, The Safe Drinking Water and Toxic Enforcement Act of 1986, codified at Health and Safety Code sections 25249.5, *et seq*. ("Proposition 65"), helps to protect California's drinking water sources

FIRST AMENDED COMPLAINT FOR VIOLATION OF PROPOSITION 65, THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986 (HEALTH AND SAFETY CODE § 25249.5, ET SEQ.)

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

from contamination, to allow consumers to make informed choices about the products they buy, and to enable persons to protect themselves from toxic chemicals as they see fit.

13. Proposition 65 requires the Governor of California to publish a list of chemicals known to the state to cause cancer, birth defects, or other reproductive harm. *Health & Safety Code* § 25249.8. The list, which the Governor updates at least once a year, contains over 700 chemicals and chemical families. Proposition 65 imposes warning requirements and other controls that apply to Proposition 65-listed chemicals.

14. All businesses with ten (10) or more employees that operate or sell products in California must comply with Proposition 65. Under Proposition 65, businesses are: (1) prohibited from knowingly discharging Proposition 65-listed chemicals into sources of drinking water (*Health & Safety Code* § 25249.5), and (2) required to provide "clear and reasonable" warnings before exposing a person, knowingly and intentionally, to a Proposition 65-listed chemical (*Health & Safety Code* § 25249.6).

15. Proposition 65 provides that any person "violating or threatening to violate" the statute may be enjoined in any court of competent jurisdiction. *Health & Safety Code* § 25249.7. "Threaten to violate" means "to create a condition in which there is a substantial probability that a violation will occur." *Health & Safety Code* § 25249.11(e). Defendants are also liable for civil penalties of up to $2,500.00 per day per violation, recoverable in a civil action. *Health & Safety Code* § 25249.7(b).

16. Plaintiff identified certain practices of manufacturers and distributors of DEHP products of exposing, knowingly and intentionally, persons in California to the Proposition 65-listed chemicals of such products without first providing clear and reasonable warnings of such to the exposed persons prior to the time of exposure. Plaintiff later discerned that Defendants engaged in such practice.

17. On January 1, 1988, the Governor of California added Di(2-ethylhexyl)phthalate ("DEHP") to the list of chemicals known to the State to cause cancer (*Cal. Code Regs*. tit.

Page **4** of **11**

FIRST AMENDED COMPLAINT FOR VIOLATION OF PROPOSITION 65, THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986 (HEALTH AND SAFETY CODE § 25249.5, ET SEQ.)

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

27, § 27001(b)). Pursuant to Health and Safety Code sections 25249.9 and 25249.10, twenty (20) months after addition of DEHP to the list of chemicals known to the State to cause cancer, DEHP became fully subject to Proposition 65 warning requirements and discharge prohibitions.

18. On October 24, 2003, the Governor of California added DEHP to the list of chemicals known to the State to cause reproductive and developmental toxicity (*Cal. Code Regs*. tit. 27, § 27001(c)). Pursuant to Health and Safety Code sections 25249.9 and 25249.10, twenty (20) months after addition of DEHP to the list of chemicals known to the State to cause reproductive and developmental toxicity, DEHP became fully subject to Proposition 65 warning requirements and discharge prohibitions.

## SATISFACTION OF PRIOR NOTICE

19. On or about December 21, 2018, Plaintiff gave notice (AG# 2018-02327) of alleged violations of Health and Safety Code section 25249.6, concerning consumer products exposures, subject to a private action to ROSS, and to the California Attorney General, County District Attorneys, and City Attorneys for each city containing a population of at least 750,000 people in whose jurisdictions the violations allegedly occurred, concerning the product Planner Notebook.

    a. On or about December 11, 2019, Plaintiff gave notice (AG#2019-02294) of alleged violations of Health and Safety Code section 25249.6, concerning consumer products exposures, subject to a private action to ENCHANTE and to the California Attorney General, County District Attorneys, and City Attorneys for each city containing a population of at least 750,000 people in whose jurisdictions the violations allegedly occurred, concerning the product Planner Notebook.

20. Before sending the notices of alleged violation, Plaintiff investigated the consumer products involved, the likelihood that such products would cause users to suffer significant exposures to DEHP, and the corporate structure of each of the Defendants.

FIRST AMENDED COMPLAINT FOR VIOLATION OF PROPOSITION 65, THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986 (HEALTH AND SAFETY CODE § 25249.5, ET SEQ.)

YEROUSHALMI
&
YEROUSHALMI
*An Independent Association of Law Corporations

21. Plaintiff's notice of alleged violation included a Certificate of Merit executed by the attorney for the noticing party, CAG. The Certificate of Merit stated that the attorney for Plaintiff who executed the certificate had consulted with at least one person with relevant and appropriate expertise who reviewed data regarding the exposures to DEHP, the subject Proposition 65-listed chemical of this action. Based on that information, the attorney for Plaintiff who executed the Certificate of Merit believed there was a reasonable and meritorious case for this private action. The attorney for Plaintiff attached to the Certificate of Merit served on the Attorney General the confidential factual information sufficient to establish the basis of the Certificate of Merit.

22. Plaintiff's notices of alleged violations also included a Certificate of Service and a document entitled "The Safe Drinking Water & Toxic Enforcement Act of 1986 (Proposition 65) A Summary." *Health & Safety Code* § 25249.7(d).

23. Plaintiff is commencing this action more than sixty (60) days from the dates that Plaintiff gave notices of the alleged violations to ROSS, ENCHANTE, and the public prosecutors referenced in Paragraph 19.

24. Plaintiff is informed, believes, and thereon alleges that neither the Attorney General, nor any applicable district attorney or city attorney has commenced and is diligently prosecuting an action against the Defendants.

## FIRST CAUSE OF ACTION
**(By CONSUMER ADVOCACY GROUP, INC. and against ROSS and DOES 1-3 for Violations of Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986 (*Health & Safety Code*, §§ 25249.5, *et seq*.))**

### Office and School Supplies

25. Plaintiff CONSUMER ADVOCACY GROUP, INC. repeats and incorporates by reference paragraphs 1 through 24 of this complaint as though fully set forth herein. Each of the alleged defendants are, and at all times mentioned herein was, a manufacturer, distributor, promoter, or retailer of Planner Notebook ("Notebook"), including but not limited to "Live Simply Love Generously Serve Faithfully Pray Daily";

FIRST AMENDED COMPLAINT FOR VIOLATION OF PROPOSITION 65, THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986 (HEALTH AND SAFETY CODE § 25249.5, ET SEQ.)

YEROUSHALMI
&
YEROUSHALMI
*An Independent Association of Law Corporations

"2018-2019 Weekly Planner"; "SKU 400177795080"; Manufactured for and Distributed by EAI New York, NY 10016"; "Made in China."

26. Notebook contains DEHP.

27. Defendants knew or should have known that DEHP has been identified by the State of California as a chemical known to cause cancer and reproductive and developmental toxicity and therefore was subject to Proposition 65 warning requirements. Defendants were also informed of the presence of DEHP in Notebook within Plaintiff's notice of alleged violations further discussed above at Paragraph 19.

28. Plaintiff's allegations regarding Notebook concerns "[c]onsumer products exposure[s]," which "is an exposure that results from a person's acquisition, purchase, storage, consumption, or other reasonably foreseeable use of a consumer good, or any exposure that results from receiving a consumer service." *Cal. Code Regs.* tit. 27, § 25602(b). Notebook is a consumer product, and, as mentioned herein, exposures to DEHP took place as a result of such normal and foreseeable consumption and use.

29. Plaintiff is informed, believes, and thereon alleges that between December 21, 2015, and the present, each of the Defendants knowingly and intentionally exposed California consumers and users of Notebook, which Defendants manufactured, distributed, or sold as mentioned above, to DEHP, without first providing any type of clear and reasonable warning of such to the exposed persons before the time of exposure. Defendants have distributed and sold Notebook in California. Defendants know and intend that California consumers will use and consume Notebook, thereby exposing them to DEHP. Defendants thereby violated Proposition 65.

30. The principal routes of exposure are through dermal contact, ingestion and inhalation. Persons sustain exposures by handling Notebook without wearing gloves or any other personal protective equipment, or by touching bare skin or mucous membranes with gloves after handling Notebook, as well as through direct and indirect hand to mouth

FIRST AMENDED COMPLAINT FOR VIOLATION OF PROPOSITION 65, THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986 (HEALTH AND SAFETY CODE § 25249.5, ET SEQ.)

YEROUSHALMI & YEROUSHALMI *An Independent Association of Law Corporations

contact, hand to mucous membrane, or breathing in particulate matter dispersed from Notebook.

31. Plaintiff is informed, believes, and thereon alleges that each of Defendants' violations of Proposition 65 as to Notebook have been ongoing and continuous to the date of the signing of this complaint, as Defendants engaged and continue to engage in conduct which violates Health and Safety Code section 25249.6, including the manufacture, distribution, promotion, and sale of Notebook, so that a separate and distinct violation of Proposition 65 occurred each and every time a person was exposed to DEHP by Notebook as mentioned herein.

32. Plaintiff is informed, believes, and thereon alleges that each violation of Proposition 65 mentioned herein is ever continuing. Plaintiff further alleges and believes that the violations alleged herein will continue to occur into the future.

33. Based on the allegations herein, Defendants are liable for civil penalties of up to $2,500.00 per day per individual exposure to DEHP from Notebook, pursuant to Health and Safety Code section 25249.7(b).

34. Plaintiff has engaged in good faith efforts to resolve the claims alleged herein prior to filing this Complaint.

**SECOND CAUSE OF ACTION**
(By CONSUMER ADVOCACY GROUP, INC. and against ENCHANTE, and DOES 4-5 for Violations of Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986 (*Health & Safety Code*, §§ 25249.5, *et seq.*))

**Office and School Supplies**

35. Plaintiff CONSUMER ADVOCACY GROUP, INC. repeats and incorporates by reference paragraphs 1 through 34 of this complaint as though fully set forth herein. Each of the alleged defendants are, and at all times mentioned herein was, a manufacturer, distributor, promoter, or retailer of Planner Notebook ("Notebook"), including but not limited to "Live Simply Love Generously Serve Faithfully Pray Daily";

FIRST AMENDED COMPLAINT FOR VIOLATION OF PROPOSITION 65, THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986 (HEALTH AND SAFETY CODE § 25249.5, ET SEQ.)

YEROUSHALMI & YEROUSHALMI *An Independent Association of Law Corporations

"2018-2019 Weekly Planner"; "SKU 400177795080"; Manufactured for and Distributed by EAI New York, NY 10016"; "Made in China."

36. Notebook contains DEHP.

37. Defendants knew or should have known that DEHP has been identified by the State of California as a chemical known to cause cancer and reproductive and developmental toxicity and therefore was subject to Proposition 65 warning requirements. Defendants were also informed of the presence of DEHP in Notebook within Plaintiff's notice of alleged violations further discussed above at Paragraph 19(a).

38. Plaintiff's allegations regarding Notebook concerns "[c]onsumer products exposure[s]," which "is an exposure that results from a person's acquisition, purchase, storage, consumption, or other reasonably foreseeable use of a consumer good, or any exposure that results from receiving a consumer service." *Cal. Code Regs.* tit. 27, § 25602(b). Notebook is a consumer product, and, as mentioned herein, exposures to DEHP took place as a result of such normal and foreseeable consumption and use.

39. Plaintiff is informed, believes, and thereon alleges that between December 21, 2015 and the present, each of the Defendants knowingly and intentionally exposed California consumers and users of Notebook, which Defendants manufactured, distributed, or sold as mentioned above, to DEHP, without first providing any type of clear and reasonable warning of such to the exposed persons before the time of exposure. Defendants have distributed and sold Notebook in California. Defendants know and intend that California consumers will use and consume Notebook, thereby exposing them to DEHP. Defendants thereby violated Proposition 65.

40. The principal routes of exposure are through dermal contact, ingestion and inhalation. Persons sustain exposures by handling Notebook without wearing gloves or any other personal protective equipment, or by touching bare skin or mucous membranes with gloves after handling Notebook, as well as through direct and indirect hand to mouth

FIRST AMENDED COMPLAINT FOR VIOLATION OF PROPOSITION 65, THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986 (HEALTH AND SAFETY CODE § 25249.5, ET SEQ.)

YEROUSHALMI & YEROUSHALMI
*An Independent Association of Law Corporations

contact, hand to mucous membrane, or breathing in particulate matter dispersed from Notebook.

41. Plaintiff is informed, believes, and thereon alleges that each of Defendants' violations of Proposition 65 as to Notebook have been ongoing and continuous to the date of the signing of this complaint, as Defendants engaged and continue to engage in conduct which violates Health and Safety Code section 25249.6, including the manufacture, distribution, promotion, and sale of Notebook, so that a separate and distinct violation of Proposition 65 occurred each and every time a person was exposed to DEHP by Notebook as mentioned herein.

42. Plaintiff is informed, believes, and thereon alleges that each violation of Proposition 65 mentioned herein is ever continuing. Plaintiff further alleges and believes that the violations alleged herein will continue to occur into the future.

43. Plaintiff has engaged in good faith efforts to resolve the claims alleged herein prior to filing this Complaint.

## PRAYER FOR RELIEF

Plaintiff demands against each of the Defendants as follows:

44. A permanent injunction mandating Proposition 65-compliant warnings as to the claims in the first and second causes of action;

45. Penalties pursuant to Health and Safety Code section 25249.7, subdivision (b) as to claims in the first cause of action, only;

46. Costs of suit as to the claims in the first and second causes of action;

47. Reasonable attorney fees and costs as to the claims in the first and second causes of action; and

48. Any further relief that the court may deem just and equitable.

/ / /

/ / /

/ / /

FIRST AMENDED COMPLAINT FOR VIOLATION OF PROPOSITION 65, THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986 (HEALTH AND SAFETY CODE § 25249.5, ET SEQ.)

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

Dated: April 15, 2022,　　　　　　　　　　YEROUSHALMI & YEROUSHALMI

　　　　　　　　　　　　　　　　　　　　BY:_____
　　　　　　　　　　　　　　　　　　　　　Reuben Yeroushalmi
　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff,
　　　　　　　　　　　　　　　　　　　　　Consumer Advocacy Group, Inc.

FIRST AMENDED COMPLAINT FOR VIOLATION OF PROPOSITION 65, THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986 (HEALTH AND SAFETY CODE § 25249.5, ET SEQ.)

YEROUSHALMI & YEROUSHALMI
*An Independent Association of Law Corporations