**FILED**
Superior Court of California
County of Los Angeles

06/24/2020

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____L. Castillejo_____ Deputy

1   Reuben Yeroushalmi (SBN 193981)
    reuben@yeroushalmi.com
2   **YEROUSHALMI & YEROUSHALMI***
3   9100 Wilshire Boulevard, Suite 240W
    Beverly Hills, California 90212
4   Telephone:    (310) 623-1926
    Facsimile:    (310) 623-1930
5
6   Attorneys for Plaintiff,
    CONSUMER ADVOCACY GROUP, INC.

7
                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
8
                        **COUNTY OF LOS ANGELES**
9

10

11  CONSUMER ADVOCACY GROUP, INC.,        CASE NO.  20STCV18693
    in the public interest,
12
                                          FIRST AMENDED COMPLAINT FOR
13          Plaintiff,                     PENALTY AND INJUNCTION

14      v.
                                          Violation of Proposition 65, the Safe
15  ROSS STORES, INC., dba DD'S           Drinking Water and Toxic Enforcement
    DISCOUNTS a Delaware Corporation;     Act of 1986 (*Health & Safety Code*, §
16  and DOES 1-260                        25249.5, *et seq.*)

17
            Defendants.                   ACTION IS AN UNLIMITED CIVIL
18                                        CASE (exceeds $25,000)

19

20          Plaintiff CONSUMER ADVOCACY GROUP, INC. alleges twenty-six causes of action

21  against Defendants ROSS STORES, INC., dba DD'S DISCOUNTS, INC., and DOES 1-260 as

22  follows:

23

24

25

26

27

28

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

FIRST AMENDED COMPLAINT FOR VIOLATION OF PROPOSITION 65, THE SAFE DRINKING WATER
AND TOXIC ENFORCEMENT ACT OF 1986 (HEALTH AND SAFETY CODE § 25249.5, ET SEQ.)

Electronically Received 06/24/2020 11:09 PM

## THE PARTIES

1. Plaintiff CONSUMER ADVOCACY GROUP, INC. ("Plaintiff" or "CAG') is an organization qualified to do business in the State of California. CAG is a person within the meaning of Health and Safety Code Section 25249.11, subdivision (a). CAG, acting as a private attorney general, brings this action in the public interest as defined under Health and Safety Code Section 25249.7, subdivision (d).

2. Defendant ROSS STORES, INC., dba DD'S DISCOUNTS ("ROSS STORES") is a Delaware Corporation, qualified to do business in Delaware, and doing business in the State of California at all relevant times herein.

3. Plaintiff is presently unaware of the true names and capacities of defendants DOES 1-260, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed, believes, and thereon alleges that each fictitiously named defendant is responsible in some manner for the occurrences herein alleged and the damages caused thereby.

4. At all times mentioned herein, the term "Defendants" includes ROSS STORES, and DOES 1-260.

5. Plaintiff is informed and believes, and thereon alleges that each of the Defendants at all times mentioned herein have conducted business within the State of California.

6. Upon information and belief, at all times relevant to this action, each of the Defendants, including DOES 1-260 was an agent, servant, or employee of each of the other Defendants. In conducting the activities alleged in this Complaint, each of the Defendants was acting within the course and scope of this agency, service, or employment, and was acting with the consent, permission, and authorization of each of the other Defendants. All actions of each of the Defendants alleged in this Complaint were ratified and approved by every other Defendant or their officers or managing agents. Alternatively, each of the Defendants aided, conspired with and/or facilitated the alleged wrongful

FIRST AMENDED COMPLAINT FOR VIOLATION OF PROPOSITION 65, THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986 (HEALTH AND SAFETY CODE § 25249.5, ET SEQ.)

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

1  conduct of each of the other Defendants.

2  7. Plaintiff is informed, believes, and thereon alleges that at all relevant times, each of the

3  Defendants was a person doing business within the meaning of Health and Safety Code

4  Section 25249.11, subdivision (b), and that each of the Defendants had ten (10) or more

5  employees at all relevant times.

6  **JURISDICTION**

7  8. The Court has jurisdiction over this lawsuit pursuant to California Constitution Article

8  VI, Section 10, which grants the Superior Court original jurisdiction in all causes except

9  those given by statute to other trial courts.  This Court has jurisdiction over this action

10  pursuant to Health and Safety Code Section 25249.7, which allows enforcement of

11  violations of Proposition 65 in any Court of competent jurisdiction.

12  9. This Court has jurisdiction over Defendants named herein because Defendants either

13  reside or are located in this State or are foreign corporations authorized to do business in

14  California, are registered with the California Secretary of State, or who do sufficient

15  business in California, have sufficient minimum contacts with California, or otherwise

16  intentionally avail themselves of the markets within California through their manufacture,

17  distribution, promotion, marketing, or sale of their products within California to render

18  the exercise of jurisdiction by the California courts permissible under traditional notions

19  of fair play and substantial justice.

20  10. Venue is proper in the County of Los Angeles because one or more of the instances of

21  wrongful conduct occurred, and continues to occur, in the County of Los Angeles and/or

22  because Defendants conducted, and continue to conduct, business in the County of Los

23  Angeles with respect to the consumer product that is the subject of this action.

24  **BACKGROUND AND PRELIMINARY FACTS**

25  11. In 1986, California voters approved an initiative to address growing concerns about

26  exposure to toxic chemicals and declared their right "[t]o be informed about exposures to

27  chemicals that cause cancer, birth defects, or other reproductive harm." Ballot Pamp.,

28

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

FIRST AMENDED COMPLAINT FOR VIOLATION OF PROPOSITION 65, THE SAFE DRINKING WATER
AND TOXIC ENFORCEMENT ACT OF 1986 (HEALTH AND SAFETY CODE § 25249.5, ET SEQ.)

Proposed Law, Gen. Elec. (Nov. 4, 1986) at p. 3. The initiative, The Safe Drinking Water and Toxic Enforcement Act of 1986, codified at Health and Safety Code Sections 25249.5, *et seq.* ("Proposition 65"), helps to protect California's drinking water sources from contamination, to allow consumers to make informed choices about the products they buy, and to enable persons to protect themselves from toxic chemicals as they see fit.

12. Proposition 65 requires the Governor of California to publish a list of chemicals known to the state to cause cancer, birth defects, or other reproductive harm. *Health & Safety Code* § 25249.8. The list, which the Governor updates at least once a year, contains over 700 chemicals and chemical families. Proposition 65 imposes warning requirements and other controls that apply to Proposition 65-listed chemicals.

13. All businesses with ten (10) or more employees that operate or sell products in California must comply with Proposition 65. Under Proposition 65, businesses are: (1) prohibited from knowingly discharging Proposition 65-listed chemicals into sources of drinking water (*Health & Safety Code* § 25249.5), and (2) required to provide "clear and reasonable" warnings before exposing a person, knowingly and intentionally, to a Proposition 65-listed chemical (*Health & Safety Code* § 25249.6).

14. Proposition 65 provides that any person "violating or threatening to violate" the statute may be enjoined in any court of competent jurisdiction. *Health & Safety Code* § 25249.7. "Threaten to violate" means "to create a condition in which there is a substantial probability that a violation will occur." *Health & Safety Code* § 25249.11(e). Defendants are also liable for civil penalties of up to $2,500.00 per day per violation, recoverable in a civil action. *Health & Safety Code* § 25249.7(b).

15. Plaintiff identified certain practices of manufacturers and distributors of consumer products of exposing, knowingly and intentionally, persons in California to Di(2-ethylhexyl)phthalate ("DEHP") and Diisononyl Phthalate ("DINP") in such products without first providing clear and reasonable warnings of such to the exposed persons

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

prior to the time of exposure. Plaintiff later discerned that Defendants engaged in such practice.

16. On January 1, 1988, the Governor of California added DEHP to the list of chemicals known to the State to cause cancer (*Cal. Code Regs*. tit. 27, § 27001(b)). Pursuant to Health and Safety Code Sections 25249.9 and 25249.10, twenty (20) months after addition of DEHP to the list of chemicals known to the State to cause cancer, DEHP became fully subject to Proposition 65 warning requirements and discharge prohibitions.

17. On October 24, 2003, the Governor of California added DEHP to the list of chemicals known to the State to cause developmental and male reproductive toxicity (*Cal. Code Regs*. tit. 27, § 27001(c)). Pursuant to Health and Safety Code sections 25249.9 and 25249.10, twenty (20) months after addition of DEHP to the list of chemicals known to the State to cause reproductive and developmental toxicity, DEHP became fully subject to Proposition 65 warning requirements and discharge prohibitions.

18. On December 20, 2013, the Governor of California added DINP to the list of chemicals known to the State to cause cancer (*Cal. Code Regs*. tit. 27, § 27001(b)). Pursuant to Health and Safety Code sections 25249.9 and 25249.10, twenty (20) months after addition of DINP to the list of chemicals known to the State to cause cancer, DINP became fully subject to Proposition 65 warning requirements and discharge prohibitions.

## SATISFACTION OF PRIOR NOTICE

19. On or about June 28, 2019, Plaintiff gave notice of alleged violations of Health and Safety Code Section 25249.6, concerning consumer products exposures, subject to a private action to ROSS STORES, and to the California Attorney General, County District Attorneys, and City Attorneys for each city containing a population of at least 750,000 people in whose jurisdictions the violations allegedly occurred, concerning Sports Armbands with Plastic Components.

20. On or about August 12, 2019, Plaintiff gave notice of alleged violations of Health and Safety Code Section 25249.6, concerning consumer products exposures, subject to a

FIRST AMENDED COMPLAINT FOR VIOLATION OF PROPOSITION 65, THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986 (HEALTH AND SAFETY CODE § 25249.5, ET SEQ.)

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

private action to ROSS STORES, and to the California Attorney General, County District Attorneys, and City Attorneys for each city containing a population of at least 750,000 people in whose jurisdictions the violations allegedly occurred, concerning Mesh Vegan Backpacks with plastic/polymer components.

21. On or about August 21, 2019, Plaintiff gave notice of alleged violations of Health and Safety Code Section 25249.6, concerning consumer products exposures, subject to a private action to ROSS STORES, and to the California Attorney General, County District Attorneys, and City Attorneys for each city containing a population of at least 750,000 people in whose jurisdictions the violations allegedly occurred, concerning Clear Plastic Handbags with Pouch.

22. On or about August 26, 2019, Plaintiff gave notice of alleged violations of Health and Safety Code Section 25249.6, concerning consumer products exposures, subject to a private action to ROSS STORES, and to the California Attorney General, County District Attorneys, and City Attorneys for each city containing a population of at least 750,000 people in whose jurisdictions the violations allegedly occurred, concerning Clear Handbags with Polymer Components.

23. On or about September 5, 2019, Plaintiff gave notice of alleged violations of Health and Safety Code Section 25249.6, concerning consumer products exposures, subject to a private action to ROSS STORES, and to the California Attorney General, County District Attorneys, and City Attorneys for each city containing a population of at least 750,000 people in whose jurisdictions the violations allegedly occurred, concerning Cosmetic Bags with Plastic Components.

24. On or about September 5, 2019, Plaintiff gave notice of alleged violations of Health and Safety Code Section 25249.6, concerning consumer products exposures, subject to a private action to ROSS STORES, and to the California Attorney General, County District Attorneys, and City Attorneys for each city containing a population of at least 750,000 people in whose jurisdictions the violations allegedly occurred, concerning Backpacks

YEROUSHALMI & YEROUSHALMI *An Independent Association of Law Corporations

with Plastic Components.

25. On or about September 6, 2019, Plaintiff gave notice of alleged violations of Health and Safety Code Section 25249.6, concerning consumer products exposures, subject to a private action to ROSS STORES, and to the California Attorney General, County District Attorneys, and City Attorneys for each city containing a population of at least 750,000 people in whose jurisdictions the violations allegedly occurred, concerning Cosmetic Cases with Polymer Components.

26. On or about September 10, 2019, Plaintiff gave notice of alleged violations of Health and Safety Code Section 25249.6, concerning consumer products exposures, subject to a private action to ROSS STORES, and to the California Attorney General, County District Attorneys, and City Attorneys for each city containing a population of at least 750,000 people in whose jurisdictions the violations allegedly occurred, concerning Handbags with Plastic Components.

27. On or about September 13, 2019, Plaintiff gave notice of alleged violations of Health and Safety Code Section 25249.6, concerning consumer products exposures, subject to a private action to ROSS STORES, and to the California Attorney General, County District Attorneys, and City Attorneys for each city containing a population of at least 750,000 people in whose jurisdictions the violations allegedly occurred, concerning Handbags with Polymer Components.

28. On or about September 17, 2019, Plaintiff gave notice of alleged violations of Health and Safety Code Section 25249.6, concerning consumer products exposures, subject to a private action to ROSS STORES, and to the California Attorney General, County District Attorneys, and City Attorneys for each city containing a population of at least 750,000 people in whose jurisdictions the violations allegedly occurred, concerning Backpacks with PVC and Polymer Components.

29. On or about October 2, 2019, Plaintiff gave notice of alleged violations of Health and Safety Code Section 25249.6, concerning consumer products exposures, subject to a

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

FIRST AMENDED COMPLAINT FOR VIOLATION OF PROPOSITION 65, THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986 (HEALTH AND SAFETY CODE § 25249.5, ET SEQ.)

private action to ROSS STORES, and to the California Attorney General, County District Attorneys, and City Attorneys for each city containing a population of at least 750,000 people in whose jurisdictions the violations allegedly occurred, concerning Fanny Packs with Plastic Components.

30. On or about October 11, 2019, Plaintiff gave notice of alleged violations of Health and Safety Code Section 25249.6, concerning consumer products exposures, subject to a private action to ROSS STORES, and to the California Attorney General, County District Attorneys, and City Attorneys for each city containing a population of at least 750,000 people in whose jurisdictions the violations allegedly occurred, concerning Wallets with Plastic Components.

31. On or about October 31, 2019, Plaintiff gave notice of alleged violations of Health and Safety Code Section 25249.6, concerning consumer products exposures, subject to a private action to ROSS STORES, and to the California Attorney General, County District Attorneys, and City Attorneys for each city containing a population of at least 750,000 people in whose jurisdictions the violations allegedly occurred, concerning Wallets with Polymer Components.

32. On or about August 26, 2019, Plaintiff gave notice of alleged violations of Health and Safety Code Section 25249.6, concerning consumer products exposures, subject to a private action to ROSS STORES, and to the California Attorney General, County District Attorneys, and City Attorneys for each city containing a population of at least 750,000 people in whose jurisdictions the violations allegedly occurred, concerning Handbags with Polymer Components.

33. On or about August 26, 2019, Plaintiff gave notice of alleged violations of Health and Safety Code Section 25249.6, concerning consumer products exposures, subject to a private action to ROSS STORES, and to the California Attorney General, County District Attorneys, and City Attorneys for each city containing a population of at least 750,000 people in whose jurisdictions the violations allegedly occurred, concerning Dual

YEROUSHALMI & YEROUSHALMI *An Independent Association of Law Corporations

Compartment Clear and Pink Handbags with Polymer Components.

34. On or about August 29, 2019, Plaintiff gave notice of alleged violations of Health and Safety Code Section 25249.6, concerning consumer products exposures, subject to a private action to ROSS STORES, and to the California Attorney General, County District Attorneys, and City Attorneys for each city containing a population of at least 750,000 people in whose jurisdictions the violations allegedly occurred, concerning Travel Cases with Plastic Components.

35. On or about September 11, 2019, Plaintiff gave notice of alleged violations of Health and Safety Code Section 25249.6, concerning consumer products exposures, subject to a private action to ROSS STORES, and to the California Attorney General, County District Attorneys, and City Attorneys for each city containing a population of at least 750,000 people in whose jurisdictions the violations allegedly occurred, concerning Wallets with Plastic Components.

36. On or about September 11, 2019, Plaintiff gave notice of alleged violations of Health and Safety Code Section 25249.6, concerning consumer products exposures, subject to a private action to ROSS STORES, and to the California Attorney General, County District Attorneys, and City Attorneys for each city containing a population of at least 750,000 people in whose jurisdictions the violations allegedly occurred, concerning Plastic Handbags

37. On or about September 11, 2019, Plaintiff gave notice of alleged violations of Health and Safety Code Section 25249.6, concerning consumer products exposures, subject to a private action to ROSS STORES, and to the California Attorney General, County District Attorneys, and City Attorneys for each city containing a population of at least 750,000 people in whose jurisdictions the violations allegedly occurred, concerning Clear Plastic Handbags with PVC Components

38. On or about September 17, 2019, Plaintiff gave notice of alleged violations of Health and Safety Code Section 25249.6, concerning consumer products exposures, subject to a

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

private action to ROSS STORES, and to the California Attorney General, County District Attorneys, and City Attorneys for each city containing a population of at least 750,000 people in whose jurisdictions the violations allegedly occurred, concerning Handbags with PVC Components.

39. On or about September 23, 2019, Plaintiff gave notice of alleged violations of Health and Safety Code Section 25249.6, concerning consumer products exposures, subject to a private action to ROSS STORES, and to the California Attorney General, County District Attorneys, and City Attorneys for each city containing a population of at least 750,000 people in whose jurisdictions the violations allegedly occurred, concerning Polymer Handbags.

40. On or about September 23, 2019, Plaintiff gave notice of alleged violations of Health and Safety Code Section 25249.6, concerning consumer products exposures, subject to a private action to ROSS STORES, and to the California Attorney General, County District Attorneys, and City Attorneys for each city containing a population of at least 750,000 people in whose jurisdictions the violations allegedly occurred, concerning Wallet with Plastic Components

41. On or about October 3, 2019, Plaintiff gave notice of alleged violations of Health and Safety Code Section 25249.6, concerning consumer products exposures, subject to a private action to ROSS STORES, and to the California Attorney General, County District Attorneys, and City Attorneys for each city containing a population of at least 750,000 people in whose jurisdictions the violations allegedly occurred, concerning Clear Handbags with Polymer Components.

42. On or about October 11, 2019, Plaintiff gave notice of alleged violations of Health and Safety Code Section 25249.6, concerning consumer products exposures, subject to a private action to ROSS STORES, and to the California Attorney General, County District Attorneys, and City Attorneys for each city containing a population of at least 750,000 people in whose jurisdictions the violations allegedly occurred, concerning Hair Bow

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

with Components.

43. On or about November 5, 2019, Plaintiff gave notice of alleged violations of Health and Safety Code Section 25249.6, concerning consumer products exposures, subject to a private action to ROSS STORES, and to the California Attorney General, County District Attorneys, and City Attorneys for each city containing a population of at least 750,000 people in whose jurisdictions the violations allegedly occurred, concerning Polymer Evening Bags.

44. On or about November 12, 2019, Plaintiff gave notice of alleged violations of Health and Safety Code Section 25249.6, concerning consumer products exposures, subject to a private action to ROSS STORES, and to the California Attorney General, County District Attorneys, and City Attorneys for each city containing a population of at least 750,000 people in whose jurisdictions the violations allegedly occurred, concerning Plastic Suction Mount Phone Holder.

45. Before sending the notice of alleged violations, Plaintiff investigated the consumer products involved, the likelihood that such products would cause users to suffer significant exposures to DEHP and DINP, and the corporate structure of each of the Defendants.

46. Plaintiff's notices of alleged violation included Certificates of Merit executed by the attorney for the noticing party, CAG. The Certificates of Merit stated that the attorney for Plaintiff who executed the certificate had consulted with at least one person with relevant and appropriate expertise who reviewed data regarding the exposures to DEHP and DINP, the subject Proposition 65-listed chemical of this action. Based on that information, the attorney for Plaintiff who executed the Certificates of Merit believed there was a reasonable and meritorious case for this private action. The attorney for Plaintiff attached to the Certificates of Merit served on the Attorney General the confidential factual information sufficient to establish the basis of the Certificate of Merit.

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

47. Plaintiff's notices of alleged violations also included Certificates of Service and a document entitled "The Safe Drinking Water & Toxic Enforcement Act of 1986 (Proposition 65) A Summary." *Health & Safety Code* § 25249.7(d).

48. Plaintiff is commencing this action more than sixty (60) days from the dates that Plaintiff gave notice of the alleged violations to ROSS STORES, and the public prosecutors referenced in Paragraphs 19-44

49. Plaintiff is informed, believes, and thereon alleges that neither the Attorney General, nor any applicable district attorney or city attorney has commenced and is diligently prosecuting an action against the Defendants.

## FIRST CAUSE OF ACTION

**(By CONSUMER ADVOCACY GROUP, INC. and against ROSS STORES and DOES 1-11 for Violations of Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986 (*Health & Safety Code*, §§ 25249.5, *et seq.*))**

### Sports Accessories

50. Plaintiff repeats and incorporates by reference paragraphs 1 through 49 of this Complaint as though fully set forth herein.

51. Each of the Defendants is, and at all times mentioned herein was, a manufacturer, distributor, promoter, or retailer of Sports Armbands with Plastic Components, including but not limited to: "MARIO LOPEZ;" "CARDIO;" "PROVIDES STORAGE WHILE YOU EXERCISE;" "COMPACT AND VERSATILE;" "SPORTS ARMBAND;" "2019 I WORLD GLOBAL TRADING LLC;" "65 WEST 36TH STREET NEW YORK, NY 10018;" "DESIGNED IN THE USA;" "MADE IN CHINA;" "MLCD-001-NVY;" "8 40824 14987 1" ("Armbands").

52. Armbands contains DEHP.

53. Defendants knew or should have known that DEHP has been identified by the State of California as a chemical known to cause cancer and developmental and male reproductive toxicity and therefore was subject to Proposition 65 warning requirements.

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

Defendants were also informed of the presence of DEHP in Armbands within Plaintiff's notice of alleged violations further discussed above at Paragraph 19.

54. Plaintiff's allegations regarding Armbands concerns "[c]onsumer products exposure[s]," which "is an exposure that results from a person's acquisition, purchase, storage, consumption, or other reasonably foreseeable use of a consumer good, or any exposure that results from receiving a consumer service." *Cal. Code Regs.* tit. 27, § 25602(b). Armbands are a consumer product, and, as mentioned herein, exposures to DEHP took place as a result of such normal and foreseeable use.

55. Plaintiff is informed, believes, and thereon alleges that between June 28, 2016 and the present, each of the Defendants knowingly and intentionally exposed California consumers and users of Armbands, which Defendants manufactured, distributed, or sold as mentioned above, to DEHP, without first providing any type of clear and reasonable warning of such to the exposed persons before the time of exposure. Defendants have distributed and sold Armbands in California. Defendants know and intend that California consumers will use Armbands, thereby exposing them to DEHP. Defendants thereby violated Proposition 65.

56. The principal routes of exposure are through dermal contact, ingestion and inhalation. Persons sustain exposures by using, carrying or handling Armbands without wearing gloves or any other personal protective equipment, or by touching bare skin or mucous membranes with gloves after handling Armbands, as well as through direct and indirect hand to mouth contact, hand to mucous membrane, as well as environmental mediums that carry the DEHP once contained in the Armbands.

57. Plaintiff is informed, believes, and thereon alleges that each of Defendants' violations of Proposition 65 as to Armbands have been ongoing and continuous, as Defendants engaged and continue to engage in conduct which violates Health and Safety Code Section 25249.6, including the manufacture, distribution, promotion, and sale of Armbands, so that a separate and distinct violation of Proposition 65 occurred each and

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

FIRST AMENDED COMPLAINT FOR VIOLATION OF PROPOSITION 65, THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986 (HEALTH AND SAFETY CODE § 25249.5, ET SEQ.)

1  every time a person was exposed to DEHP by Armbands as mentioned herein.

58. Plaintiff is informed, believes, and thereon alleges that each violation of Proposition 65 mentioned herein is ever continuing. Plaintiff further alleges and believes that the violations alleged herein will continue to occur into the future.

59. Based on the allegations herein, Defendants are liable for civil penalties of up to $2,500.00 per day per individual exposure to DEHP from Armbands, pursuant to Health and Safety Code Section 25249.7(b).

60. Plaintiff has engaged in good faith efforts to resolve the claims alleged herein prior to filing this Complaint.

## SECOND CAUSE OF ACTION

**(By CONSUMER ADVOCACY GROUP, INC. and against ROSS STORES and DOES 11-20 for Violations of Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986 (*Health & Safety Code*, §§ 25249.5, *et seq.*)**

### Fashion Accessories

61. Plaintiff repeats and incorporates by reference paragraphs 1 through 60 of this Complaint as though fully set forth herein.

62. Each of the Defendants is, and at all times mentioned herein was, a manufacturer, distributor, promoter, or retailer of Mesh Vegan Backpacks with Plastic/Polymer Components, including but not limited to: Pink Mesh Backpack; "IMO Vegan imoshionusa.com"; "400196924522"; "PO#:0750, Style: 84-0001, Color: PINK", "D5502 C5530", "14 BACKPACKS", "PINK PRINT292" ("Vegan Backpacks").

63. Vegan Backpacks contains DEHP.

64. Defendants knew or should have known that DEHP has been identified by the State of California as a chemical known to cause cancer and developmental and male reproductive toxicity and therefore was subject to Proposition 65 warning requirements. Defendants were also informed of the presence of DEHP in Vegan Backpacks within Plaintiff's notice of alleged violations further discussed above at Paragraph 20.

65. Plaintiff's allegations regarding Vegan Backpacks concerns "[c]onsumer products

FIRST AMENDED COMPLAINT FOR VIOLATION OF PROPOSITION 65, THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986 (HEALTH AND SAFETY CODE § 25249.5, ET SEQ.)

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

exposure[s]," which "is an exposure that results from a person's acquisition, purchase, storage, consumption, or other reasonably foreseeable use of a consumer good, or any exposure that results from receiving a consumer service." *Cal. Code Regs.* tit. 27, § 25602(b). Vegan Backpacks are a consumer product, and, as mentioned herein, exposures to DEHP took place as a result of such normal and foreseeable use.

66. Plaintiff is informed, believes, and thereon alleges that between August 12, 2016 and the present, each of the Defendants knowingly and intentionally exposed California consumers and users of Vegan Backpacks, which Defendants manufactured, distributed, or sold as mentioned above, to DEHP, without first providing any type of clear and reasonable warning of such to the exposed persons before the time of exposure. Defendants have distributed and sold Vegan Backpacks in California. Defendants know and intend that California consumers will use Vegan Backpacks, thereby exposing them to DEHP. Defendants thereby violated Proposition 65.

67. The principal routes of exposure are through dermal contact, ingestion and inhalation. Persons sustain exposures by using, carrying or handling Vegan Backpacks without wearing gloves or any other personal protective equipment, or by touching bare skin or mucous membranes with gloves after handling Vegan Backpacks, as well as through direct and indirect hand to mouth contact, hand to mucous membrane, as well as environmental mediums that carry the DEHP once contained in the Vegan Backpacks.

68. Plaintiff is informed, believes, and thereon alleges that each of Defendants' violations of Proposition 65 as to Vegan Backpacks have been ongoing and continuous, as Defendants engaged and continue to engage in conduct which violates Health and Safety Code Section 25249.6, including the manufacture, distribution, promotion, and sale of Vegan Backpacks, so that a separate and distinct violation of Proposition 65 occurred each and every time a person was exposed to DEHP by Vegan Backpacks as mentioned herein.

69. Plaintiff is informed, believes, and thereon alleges that each violation of Proposition 65 mentioned herein is ever continuing. Plaintiff further alleges and believes that the

YEROUSHALMI & YEROUSHALMI *An Independent Association of Law Corporations

1    violations alleged herein will continue to occur into the future.

2    70. Based on the allegations herein, Defendants are liable for civil penalties of up to

3        $2,500.00 per day per individual exposure to DEHP from Vegan Backpacks, pursuant to

4        Health and Safety Code Section 25249.7(b).

5    71. Plaintiff has engaged in good faith efforts to resolve the claims alleged herein prior to

6        filing this Complaint.

### THIRD CAUSE OF ACTION

**(By CONSUMER ADVOCACY GROUP, INC. and against ROSS STORES and DOES 21-30 for Violations of Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986 (*Health & Safety Code*, §§ 25249.5, *et seq.*)**

### Fashion Accessories

72. Plaintiff repeats and incorporates by reference paragraphs 1 through 71 of this Complaint

    as though fully set forth herein.

73. Each of the Defendants is, and at all times mentioned herein was, a manufacturer,

    distributor, promoter, or retailer of Clear Plastic Handbags with Pouch, including but not

    limited to: "MADE IN CHINA;" "dd's DISCOUNTS;" "400187565420". ("Pouch

    Handbags").

74. Pouch Handbags contains DEHP.

75. Defendants knew or should have known that DEHP has been identified by the State of

    California as a chemical known to cause cancer and developmental and male

    reproductive toxicity and therefore was subject to Proposition 65 warning requirements.

    Defendants were also informed of the presence of DEHP in Pouch Handbags within

    Plaintiff's notice of alleged violations further discussed above at Paragraph 21

76. Plaintiff's allegations regarding Pouch Handbags concerns "[c]onsumer products

    exposure[s]," which "is an exposure that results from a person's acquisition, purchase,

    storage, consumption, or other reasonably foreseeable use of a consumer good, or any

    exposure that results from receiving a consumer service." *Cal. Code Regs.* tit. 27, §

    25602(b). Pouch Handbags are a consumer product, and, as mentioned herein, exposures

YEROUSHALMI & YEROUSHALMI
*An Independent Association of Law Corporations

1    to DEHP took place as a result of such normal and foreseeable use.

2    77. Plaintiff is informed, believes, and thereon alleges that between August 21, 2016 and the

3         present, each of the Defendants knowingly and intentionally exposed California

4         consumers and users of Pouch Handbags, which Defendants manufactured, distributed, or

5         sold as mentioned above, to DEHP, without first providing any type of clear and

6         reasonable warning of such to the exposed persons before the time of exposure.

7         Defendants have distributed and sold Pouch Handbags in California.  Defendants know

8         and intend that California consumers will use Pouch Handbags, thereby exposing them to

9         DEHP.  Defendants thereby violated Proposition 65.

10   78. The principal routes of exposure are through dermal contact, ingestion and inhalation.

11        Persons sustain exposures by using, carrying or handling Pouch Handbags without

12        wearing gloves or any other personal protective equipment, or by touching bare skin or

13        mucous membranes with gloves after handling Pouch Handbags, as well as through direct

14        and indirect hand to mouth contact, hand to mucous membrane, as well as environmental

15        mediums that carry the DEHP once contained in the Pouch Handbags.

16   79. Plaintiff is informed, believes, and thereon alleges that each of Defendants' violations of

17        Proposition 65 as to Pouch Handbags have been ongoing and continuous, as Defendants

18        engaged and continue to engage in conduct which violates Health and Safety Code

19        Section 25249.6, including the manufacture, distribution, promotion, and sale of Pouch

20        Handbags, so that a separate and distinct violation of Proposition 65 occurred each and

21        every time a person was exposed to DEHP by Pouch Handbags as mentioned herein.

22   80. Plaintiff is informed, believes, and thereon alleges that each violation of Proposition 65

23        mentioned herein is ever continuing.  Plaintiff further alleges and believes that the

24        violations alleged herein will continue to occur into the future.

25   81. Based on the allegations herein, Defendants are liable for civil penalties of up to

26        $2,500.00 per day per individual exposure to DEHP from Pouch Handbags, pursuant to

27        Health and Safety Code Section 25249.7(b).

28

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

FIRST AMENDED COMPLAINT FOR VIOLATION OF PROPOSITION 65, THE SAFE DRINKING WATER
AND TOXIC ENFORCEMENT ACT OF 1986 (HEALTH AND SAFETY CODE § 25249.5, ET SEQ.)

82. Plaintiff has engaged in good faith efforts to resolve the claims alleged herein prior to filing this Complaint.

### FOURTH CAUSE OF ACTION

**(By CONSUMER ADVOCACY GROUP, INC. and against ROSS STORES and DOES 31-40 for Violations of Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986 (*Health & Safety Code*, §§ 25249.5, *et seq.*)**

**Women's Accessories**

83. Plaintiff repeats and incorporates by reference paragraphs 1 through 82 of this Complaint as though fully set forth herein.

84. Each of the Defendants is, and at all times mentioned herein was, a manufacturer, distributor, promoter, or retailer of Clear Handbags with Polymer Components, including but not limited to: Pink Translucent Handbag "Perfect Image New York"; "Rainbow Clear Jell"; "05502 C5520"; SKU "400187505532" ("Pink Handbags").

85. Pink Handbags contains DINP.

86. Defendants knew or should have known that DINP has been identified by the State of California as a chemical known to cause cancer and therefore was subject to Proposition 65 warning requirements. Defendants were also informed of the presence of DINP in Clear Handbags within Plaintiff's notice of alleged violations further discussed above at Paragraph 22.

87. Plaintiff's allegations regarding Pink Handbags concerns "[c]onsumer products exposure[s]," which "is an exposure that results from a person's acquisition, purchase, storage, consumption, or other reasonably foreseeable use of a consumer good, or any exposure that results from receiving a consumer service." *Cal. Code Regs.* tit. 27, § 25602(b). Clear Handbags are a consumer product, and, as mentioned herein, exposures to DINP took place as a result of such normal and foreseeable use.

88. Plaintiff is informed, believes, and thereon alleges that between August 26, 2016 and the present, each of the Defendants knowingly and intentionally exposed California consumers and users of Pink Handbags, which Defendants manufactured, distributed, or

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

sold as mentioned above, to DINP, without first providing any type of clear and reasonable warning of such to the exposed persons before the time of exposure. Defendants have distributed and sold Pink Handbags in California. Defendants know and intend that California consumers will use Pink Handbags, thereby exposing them to DEHP. Defendants thereby violated Proposition 65.

89. The principal routes of exposure are through dermal contact, ingestion and inhalation. Persons sustain exposures by using, carrying or handling Pink Handbags without wearing gloves or any other personal protective equipment, or by touching bare skin or mucous membranes with gloves after handling Pink Handbags, as well as through direct and indirect hand to mouth contact, hand to mucous membrane, as well as environmental mediums that carry the DINP once contained in the Pink Handbags.

90. Plaintiff is informed, believes, and thereon alleges that each of Defendants' violations of Proposition 65 as to Pink Handbags have been ongoing and continuous, as Defendants engaged and continue to engage in conduct which violates Health and Safety Code Section 25249.6, including the manufacture, distribution, promotion, and sale of Clear Handbags, so that a separate and distinct violation of Proposition 65 occurred each and every time a person was exposed to DINP by Pink Handbags as mentioned herein.

91. Plaintiff is informed, believes, and thereon alleges that each violation of Proposition 65 mentioned herein is ever continuing. Plaintiff further alleges and believes that the violations alleged herein will continue to occur into the future.

92. Based on the allegations herein, Defendants are liable for civil penalties of up to $2,500.00 per day per individual exposure to DINP from Pink Handbags, pursuant to Health and Safety Code Section 25249.7(b).

93. Plaintiff has engaged in good faith efforts to resolve the claims alleged herein prior to filing this Complaint.

## FIFTH CAUSE OF ACTION
### (By CONSUMER ADVOCACY GROUP, INC. and against ROSS STORES and DOES 41-

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

**50 for Violations of Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986 (*Health & Safety Code*, §§ 25249.5, *et seq.*)**

**Cosmetic Bags**

94. Plaintiff repeats and incorporates by reference paragraphs 1 through 93 of this Complaint as though fully set forth herein.

95. Each of the Defendants is, and at all times mentioned herein was, a manufacturer, distributor, promoter, or retailer of Cosmetic Bags with Plastic Components, including but not limited to: "Imo ACCESSORIES;" "imoshionusa.com;" "PO#: G2-11545-2;" "Style: 66-0016;" "Color: BLUE;" "dd's DISCOUNTS;" "D5423 C5427;" "400194890881;" "COSMETIC CASES" ("Cosmetic Bags").

96. Cosmetic Bags contains DEHP.

97. Defendants knew or should have known that DEHP has been identified by the State of California as a chemical known to cause cancer and developmental and male reproductive toxicity and therefore was subject to Proposition 65 warning requirements. Defendants were also informed of the presence of DEHP in Cosmetic Bags within Plaintiff's notice of alleged violations further discussed above at Paragraph 23.

98. Plaintiff's allegations regarding Cosmetic Bags concerns "[c]onsumer products exposure[s]," which "is an exposure that results from a person's acquisition, purchase, storage, consumption, or other reasonably foreseeable use of a consumer good, or any exposure that results from receiving a consumer service." *Cal. Code Regs.* tit. 27, § 25602(b). Cosmetic Bags are a consumer product, and, as mentioned herein, exposures to DEHP took place as a result of such normal and foreseeable use.

99. Plaintiff is informed, believes, and thereon alleges that between September 5, 2016 and the present, each of the Defendants knowingly and intentionally exposed California consumers and users of Cosmetic Bags, which Defendants manufactured, distributed, or sold as mentioned above, to DEHP, without first providing any type of clear and reasonable warning of such to the exposed persons before the time of exposure. Defendants have distributed and sold Cosmetic Bags in California. Defendants know and

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

intend that California consumers will use Cosmetic Bags, thereby exposing them to DEHP. Defendants thereby violated Proposition 65.

100. The principal routes of exposure are through dermal contact, ingestion and inhalation. Persons sustain exposures by using, carrying or handling Cosmetic Bags without wearing gloves or any other personal protective equipment, or by touching bare skin or mucous membranes with gloves after handling Cosmetic Bags, as well as through direct and indirect hand to mouth contact, hand to mucous membrane, as well as environmental mediums that carry the DEHP once contained in the Cosmetic Bags.

101. Plaintiff is informed, believes, and thereon alleges that each of Defendants' violations of Proposition 65 as to Cosmetic Bags have been ongoing and continuous, as Defendants engaged and continue to engage in conduct which violates Health and Safety Code Section 25249.6, including the manufacture, distribution, promotion, and sale of Cosmetic Bags, so that a separate and distinct violation of Proposition 65 occurred each and every time a person was exposed to DEHP by Cosmetic Bags as mentioned herein.

102. Plaintiff is informed, believes, and thereon alleges that each violation of Proposition 65 mentioned herein is ever continuing. Plaintiff further alleges and believes that the violations alleged herein will continue to occur into the future.

103. Based on the allegations herein, Defendants are liable for civil penalties of up to $2,500.00 per day per individual exposure to DEHP from Cosmetic Bags, pursuant to Health and Safety Code Section 25249.7(b).

104. Plaintiff has engaged in good faith efforts to resolve the claims alleged herein prior to filing this Complaint.

## SIXTH CAUSE OF ACTION

**(By CONSUMER ADVOCACY GROUP, INC. and against ROSS STORES and DOES 51-60 for Violations of Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986 (*Health & Safety Code*, §§ 25249.5, *et seq.*)**

### Backpacks

105. Plaintiff repeats and incorporates by reference paragraphs 1 through 104 of this

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

Complaint as though fully set forth herein.

106. Each of the Defendants is, and at all times mentioned herein was, a manufacturer, distributor, promoter, or retailer of Backpacks with Plastic Components, including but not limited to: "two Girls accessories;" "STYLE:2GA1712MBP;" "FLOWERS & STRIPES MINI BP;" "NEW YORK, NY 10018;' "MADE IN CHINA;" "8 50748 00753 9;" "400177292145 ("Flower Backpacks").

107. Flower Backpacks contains DEHP.

108. Defendants knew or should have known that DEHP has been identified by the State of California as a chemical known to cause cancer and developmental and male reproductive toxicity and therefore was subject to Proposition 65 warning requirements. Defendants were also informed of the presence of DEHP in Flower Backpacks within Plaintiff's notice of alleged violations further discussed above at Paragraph 24.

109. Plaintiff's allegations regarding Flower Backpacks concerns "[c]onsumer products exposure[s]," which "is an exposure that results from a person's acquisition, purchase, storage, consumption, or other reasonably foreseeable use of a consumer good, or any exposure that results from receiving a consumer service." *Cal. Code Regs.* tit. 27, § 25602(b). Flower Backpacks are a consumer product, and, as mentioned herein, exposures to DEHP took place as a result of such normal and foreseeable use.

110. Plaintiff is informed, believes, and thereon alleges that between September 5, 2016 and the present, each of the Defendants knowingly and intentionally exposed California consumers and users of Flower Backpacks, which Defendants manufactured, distributed, or sold as mentioned above, to DEHP, without first providing any type of clear and reasonable warning of such to the exposed persons before the time of exposure. Defendants have distributed and sold Flower Backpacks in California. Defendants know and intend that California consumers will use Flower Backpacks, thereby exposing them to DEHP. Defendants thereby violated Proposition 65.

111. The principal routes of exposure are through dermal contact, ingestion and inhalation.

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

FIRST AMENDED COMPLAINT FOR VIOLATION OF PROPOSITION 65, THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986 (HEALTH AND SAFETY CODE § 25249.5, ET SEQ.)

Persons sustain exposures by using, carrying or handling Flower Backpacks without wearing gloves or any other personal protective equipment, or by touching bare skin or mucous membranes with gloves after handling Flower Backpacks, as well as through direct and indirect hand to mouth contact, hand to mucous membrane, as well as environmental mediums that carry the DEHP once contained in the Flower Backpacks.

112. Plaintiff is informed, believes, and thereon alleges that each of Defendants' violations of Proposition 65 as to Flower Backpacks have been ongoing and continuous, as Defendants engaged and continue to engage in conduct which violates Health and Safety Code Section 25249.6, including the manufacture, distribution, promotion, and sale of Flower Backpacks, so that a separate and distinct violation of Proposition 65 occurred each and every time a person was exposed to DEHP by Flower Backpacks as mentioned herein.

113. Plaintiff is informed, believes, and thereon alleges that each violation of Proposition 65 mentioned herein is ever continuing. Plaintiff further alleges and believes that the violations alleged herein will continue to occur into the future.

114. Based on the allegations herein, Defendants are liable for civil penalties of up to $2,500.00 per day per individual exposure to DEHP from Flower Backpacks, pursuant to Health and Safety Code Section 25249.7(b).

115. Plaintiff has engaged in good faith efforts to resolve the claims alleged herein prior to filing this Complaint.

### SEVENTH CAUSE OF ACTION
**(By CONSUMER ADVOCACY GROUP, INC. and against ROSS STORES and DOES 61-70 for Violations of Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986 (*Health & Safety Code*, §§ 25249.5, *et seq.*))**

**Women's Accessories**

116. Plaintiff repeats and incorporates by reference paragraphs 1 through 115 of this Complaint as though fully set forth herein.

117. Each of the Defendants is, and at all times mentioned herein was, a manufacturer, distributor, promoter, or retailer of Cosmetic Cases with Polymer Components, including

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

but not limited to: Dual Compartment Cosmetic Cases with white edging. "2-Piece Set Cosmetic Cases"; "Great for Traveling"; "EnchanteAccessories.com"; "RN#99605"; "SKU 400190765541" "Made in China" ("Cosmetic Cases II").

118. Cosmetic Cases II contains DEHP.

119. Defendants knew or should have known that DEHP has been identified by the State of California as a chemical known to cause cancer and developmental and male reproductive toxicity and therefore was subject to Proposition 65 warning requirements. Defendants were also informed of the presence of DEHP in Cosmetic Cases II within Plaintiff's notice of alleged violations further discussed above at Paragraph 25.

120. Plaintiff's allegations regarding Cosmetic Cases II concerns "[c]onsumer products exposure[s]," which "is an exposure that results from a person's acquisition, purchase, storage, consumption, or other reasonably foreseeable use of a consumer good, or any exposure that results from receiving a consumer service." *Cal. Code Regs.* tit. 27, § 25602(b). Cosmetic Cases II are a consumer product, and, as mentioned herein, exposures to DEHP took place as a result of such normal and foreseeable use.

121. Plaintiff is informed, believes, and thereon alleges that between September 6, 2016 and the present, each of the Defendants knowingly and intentionally exposed California consumers and users of Cosmetic Cases II, which Defendants manufactured, distributed, or sold as mentioned above, to DEHP, without first providing any type of clear and reasonable warning of such to the exposed persons before the time of exposure. Defendants have distributed and sold Cosmetic Cases II in California. Defendants know and intend that California consumers will use Cosmetic Cases II, thereby exposing them to DEHP. Defendants thereby violated Proposition 65.

122. The principal routes of exposure are through dermal contact, ingestion and inhalation. Persons sustain exposures by using, carrying or handling Cosmetic Cases II without wearing gloves or any other personal protective equipment, or by touching bare skin or mucous membranes with gloves after handling Cosmetic Cases II, as well as through

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

1  direct and indirect hand to mouth contact, hand to mucous membrane, as well as

2  environmental mediums that carry the DEHP once contained in the Cosmetic Cases II.

3  123. Plaintiff is informed, believes, and thereon alleges that each of Defendants' violations of

4  Proposition 65 as to Cosmetic Cases II have been ongoing and continuous, as Defendants

5  engaged and continue to engage in conduct which violates Health and Safety Code

6  Section 25249.6, including the manufacture, distribution, promotion, and sale of

7  Cosmetic Cases II, so that a separate and distinct violation of Proposition 65 occurred

8  each and every time a person was exposed to DEHP by Cosmetic Cases II as mentioned

9  herein.

10  124. Plaintiff is informed, believes, and thereon alleges that each violation of Proposition 65

11  mentioned herein is ever continuing.  Plaintiff further alleges and believes that the

12  violations alleged herein will continue to occur into the future.

13  125. Based on the allegations herein, Defendants are liable for civil penalties of up to

14  $2,500.00 per day per individual exposure to DEHP from Cosmetic Cases II, pursuant to

15  Health and Safety Code Section 25249.7(b).

16  126. Plaintiff has engaged in good faith efforts to resolve the claims alleged herein prior to

17  filing this Complaint.

18

19  **EIGHTH CAUSE OF ACTION**
**(By CONSUMER ADVOCACY GROUP, INC. and against ROSS STORES and DOES 71-
20  80 for Violations of Proposition 65, The Safe Drinking Water and Toxic Enforcement Act
of 1986 (*Health & Safety Code*, §§ 25249.5, *et seq.*)**

21

22  **Fashion Accessories**

23  127. Plaintiff repeats and incorporates by reference paragraphs 1 through 126 of this

24  Complaint as though fully set forth herein.

25  128. Each of the Defendants is, and at all times mentioned herein was, a manufacturer,

26  distributor, promoter, or retailer of Handbags with Plastic Components, including but not

27  limited to: "6030 RED;" "MADE IN CHINA;" "690 6030 0002;" "dd's DISCOUNTS;"

28  "D5502 C5526;" "400196790318" ("Red Handbags").

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

FIRST AMENDED COMPLAINT FOR VIOLATION OF PROPOSITION 65, THE SAFE DRINKING WATER
AND TOXIC ENFORCEMENT ACT OF 1986 (HEALTH AND SAFETY CODE § 25249.5, ET SEQ.)

129. Red Handbags contains DEHP.

130. Defendants knew or should have known that DEHP has been identified by the State of California as a chemical known to cause cancer and developmental and male reproductive toxicity and therefore was subject to Proposition 65 warning requirements. Defendants were also informed of the presence of DEHP in Red Handbags within Plaintiff's notice of alleged violations further discussed above at Paragraph 26..

131. Plaintiff's allegations regarding Red Handbags concerns "[c]onsumer products exposure[s]," which "is an exposure that results from a person's acquisition, purchase, storage, consumption, or other reasonably foreseeable use of a consumer good, or any exposure that results from receiving a consumer service." *Cal. Code Regs.* tit. 27, § 25602(b). Red Handbags are a consumer product, and, as mentioned herein, exposures to DEHP took place as a result of such normal and foreseeable use.

132. Plaintiff is informed, believes, and thereon alleges that between September 10, 2016 and the present, each of the Defendants knowingly and intentionally exposed California consumers and users of Red Handbags, which Defendants manufactured, distributed, or sold as mentioned above, to DEHP, without first providing any type of clear and reasonable warning of such to the exposed persons before the time of exposure. Defendants have distributed and sold Red Handbags in California. Defendants know and intend that California consumers will use Red Handbags, thereby exposing them to DEHP. Defendants thereby violated Proposition 65.

133. The principal routes of exposure are through dermal contact, ingestion and inhalation. Persons sustain exposures by using, carrying or handling Red Handbags without wearing gloves or any other personal protective equipment, or by touching bare skin or mucous membranes with gloves after handling Red Handbags, as well as through direct and indirect hand to mouth contact, hand to mucous membrane, as well as environmental mediums that carry the DEHP once contained in the Red Handbags.

134. Plaintiff is informed, believes, and thereon alleges that each of Defendants' violations of

FIRST AMENDED COMPLAINT FOR VIOLATION OF PROPOSITION 65, THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986 (HEALTH AND SAFETY CODE § 25249.5, ET SEQ.)

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

Proposition 65 as to Red Handbags have been ongoing and continuous, as Defendants engaged and continue to engage in conduct which violates Health and Safety Code Section 25249.6, including the manufacture, distribution, promotion, and sale of Red Handbags, so that a separate and distinct violation of Proposition 65 occurred each and every time a person was exposed to DEHP by Red Handbags as mentioned herein.

135. Plaintiff is informed, believes, and thereon alleges that each violation of Proposition 65 mentioned herein is ever continuing. Plaintiff further alleges and believes that the violations alleged herein will continue to occur into the future.

136. Based on the allegations herein, Defendants are liable for civil penalties of up to $2,500.00 per day per individual exposure to DEHP from Red Handbags, pursuant to Health and Safety Code Section 25249.7(b).

137. Plaintiff has engaged in good faith efforts to resolve the claims alleged herein prior to filing this Complaint.

## NINTH CAUSE OF ACTION
**(By CONSUMER ADVOCACY GROUP, INC. and against ROSS STORES and DOES 81-90 for Violations of Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986 (*Health & Safety Code*, §§ 25249.5, *et seq.*)**

### Fashion Accessories

138. Plaintiff repeats and incorporates by reference paragraphs 1 through 137 of this Complaint as though fully set forth herein.

139. Each of the Defendants is, and at all times mentioned herein was, a manufacturer, distributor, promoter, or retailer of Handbags with Polymer Components, including but not limited to: "SAG HARBOR;" "PINK/CORAL066;" "14 HANDBAGS;" "dd's DISCOUNTS;" "D5505 C6701;" "400192171425" ("Coral Handbags").

140. Coral Handbags contains DEHP.

141. Defendants knew or should have known that DEHP has been identified by the State of California as a chemical known to cause cancer and developmental and male reproductive toxicity and therefore was subject to Proposition 65 warning requirements.

YEROUSHALMI & YEROUSHALMI
*An Independent Association of Law Corporations

Defendants were also informed of the presence of DEHP in Coral Handbags within Plaintiff's notice of alleged violations further discussed above at Paragraph 27

142. Plaintiff's allegations regarding Coral Handbags concerns "[c]onsumer products exposure[s]," which "is an exposure that results from a person's acquisition, purchase, storage, consumption, or other reasonably foreseeable use of a consumer good, or any exposure that results from receiving a consumer service." *Cal. Code Regs.* tit. 27, § 25602(b). Coral Handbags are a consumer product, and, as mentioned herein, exposures to DEHP took place as a result of such normal and foreseeable use.

143. Plaintiff is informed, believes, and thereon alleges that between September 13, 2016 and the present, each of the Defendants knowingly and intentionally exposed California consumers and users of Coral Handbags, which Defendants manufactured, distributed, or sold as mentioned above, to DEHP, without first providing any type of clear and reasonable warning of such to the exposed persons before the time of exposure. Defendants have distributed and sold Coral Handbags in California. Defendants know and intend that California consumers will use Coral Handbags, thereby exposing them to DEHP. Defendants thereby violated Proposition 65.

144. The principal routes of exposure are through dermal contact, ingestion and inhalation. Persons sustain exposures by using, carrying or handling Coral Handbags without wearing gloves or any other personal protective equipment, or by touching bare skin or mucous membranes with gloves after handling Coral Handbags, as well as through direct and indirect hand to mouth contact, hand to mucous membrane, as well as environmental mediums that carry the DEHP once contained in the Coral Handbags.

145. Plaintiff is informed, believes, and thereon alleges that each of Defendants' violations of Proposition 65 as to Coral Handbags have been ongoing and continuous, as Defendants engaged and continue to engage in conduct which violates Health and Safety Code Section 25249.6, including the manufacture, distribution, promotion, and sale of Coral Handbags, so that a separate and distinct violation of Proposition 65 occurred each and

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

every time a person was exposed to DEHP by Coral Handbags as mentioned herein.

146. Plaintiff is informed, believes, and thereon alleges that each violation of Proposition 65 mentioned herein is ever continuing. Plaintiff further alleges and believes that the violations alleged herein will continue to occur into the future.

147. Based on the allegations herein, Defendants are liable for civil penalties of up to $2,500.00 per day per individual exposure to DEHP from Coral Handbags, pursuant to Health and Safety Code Section 25249.7(b).

148. Plaintiff has engaged in good faith efforts to resolve the claims alleged herein prior to filing this Complaint.

## TENTH CAUSE OF ACTION
**(By CONSUMER ADVOCACY GROUP, INC. and against ROSS STORES and DOES 91-100 for Violations of Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986 (*Health & Safety Code*, §§ 25249.5, *et seq.*)**

### Women's Accessories

149. Plaintiff repeats and incorporates by reference paragraphs 1 through 148 of this Complaint as though fully set forth herein.

150. Each of the Defendants is, and at all times mentioned herein was, a manufacturer, distributor, promoter, or retailer of Backpacks with PVC and Polymer Components, including but not limited to: Beige Backpack with Wallet. "Perfect Image New York"; "D5502 C5519"; "400188598861 Stone BP W Heart S" ("PVC Backpacks").

151. PVC Backpacks contains DEHP.

152. Defendants knew or should have known that DEHP has been identified by the State of California as a chemical known to cause cancer and developmental and male reproductive toxicity and therefore was subject to Proposition 65 warning requirements. Defendants were also informed of the presence of DEHP in PVC Backpacks within Plaintiff's notice of alleged violations further discussed above at Paragraph 28

153. Plaintiff's allegations regarding PVC Backpacks concerns "[c]onsumer products exposure[s]," which "is an exposure that results from a person's acquisition, purchase,

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

storage, consumption, or other reasonably foreseeable use of a consumer good, or any exposure that results from receiving a consumer service." *Cal. Code Regs.* tit. 27, § 25602(b). PVC Backpacks are a consumer product, and, as mentioned herein, exposures to DEHP took place as a result of such normal and foreseeable use.

154. Plaintiff is informed, believes, and thereon alleges that between September 17, 2016 and the present, each of the Defendants knowingly and intentionally exposed California consumers and users of PVC Backpacks, which Defendants manufactured, distributed, or sold as mentioned above, to DEHP, without first providing any type of clear and reasonable warning of such to the exposed persons before the time of exposure. Defendants have distributed and sold PVC Backpacks in California. Defendants know and intend that California consumers will use PVC Backpacks, thereby exposing them to DEHP. Defendants thereby violated Proposition 65.

155. The principal routes of exposure are through dermal contact, ingestion and inhalation. Persons sustain exposures by using, carrying or handling PVC Backpacks without wearing gloves or any other personal protective equipment, or by touching bare skin or mucous membranes with gloves after handling PVC Backpacks, as well as through direct and indirect hand to mouth contact, hand to mucous membrane, as well as environmental mediums that carry the DEHP once contained in the PVC Backpacks.

156. Plaintiff is informed, believes, and thereon alleges that each of Defendants' violations of Proposition 65 as to PVC Backpacks have been ongoing and continuous, as Defendants engaged and continue to engage in conduct which violates Health and Safety Code Section 25249.6, including the manufacture, distribution, promotion, and sale of PVC Backpacks, so that a separate and distinct violation of Proposition 65 occurred each and every time a person was exposed to DEHP by PVC Backpacks as mentioned herein.

157. Plaintiff is informed, believes, and thereon alleges that each violation of Proposition 65 mentioned herein is ever continuing. Plaintiff further alleges and believes that the violations alleged herein will continue to occur into the future.

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

FIRST AMENDED COMPLAINT FOR VIOLATION OF PROPOSITION 65, THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986 (HEALTH AND SAFETY CODE § 25249.5, ET SEQ.)

158. Based on the allegations herein, Defendants are liable for civil penalties of up to $2,500.00 per day per individual exposure to DEHP from PVC Backpacks, pursuant to Health and Safety Code Section 25249.7(b).

159. Plaintiff has engaged in good faith efforts to resolve the claims alleged herein prior to filing this Complaint.

### ELEVENTH CAUSE OF ACTION
**(By CONSUMER ADVOCACY GROUP, INC. and against ROSS STORES and DOES 101-110 for Violations of Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986 (*Health & Safety Code*, §§ 25249.5, *et seq.*)**

#### Fanny Pack

160. Plaintiff repeats and incorporates by reference paragraphs 1 through 159 of this complaint as though fully set forth herein.

161. Each of the Defendants is, and at all times mentioned herein was, a manufacturer, distributor, promoter, or retailer of Fanny Packs with Plastic Components, including but not limited to: "chatties;" "HOB409;" "8 18361 02680 1;" "ROSS;" "BLACK001;" "07 HANDBAG;" "D1519 C5442;" "400192276366;" "MADE IN CHINA;" "RN # 149273". Black Fanny Pack ("Black Fanny Packs").

162. Black Fanny Packs contains DEHP.

163. Defendants knew or should have known that DEHP has been identified by the State of California as a chemical known to cause cancer and developmental and male reproductive toxicity and therefore was subject to Proposition 65 warning requirements. Defendants were also informed of the presence of DEHP in Black Fanny Packs within Plaintiff's notice of alleged violations further discussed above at Paragraph 29.

164. Plaintiff's allegations regarding Black Fanny Packs concerns "[c]onsumer products exposure[s]," which "is an exposure that results from a person's acquisition, purchase, storage, consumption, or other reasonably foreseeable use of a consumer good, or any exposure that results from receiving a consumer service." *Cal. Code Regs.* tit. 27, § 25602(b). Black Fanny Packs are a consumer product, and, as mentioned herein,

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

exposures to DEHP took place as a result of such normal and foreseeable use.

165. Plaintiff is informed, believes, and thereon alleges that between October 2, 2016 and the present, each of the Defendants knowingly and intentionally exposed California consumers and users of Black Fanny Packs, which Defendants manufactured, distributed, or sold as mentioned above, to DEHP, without first providing any type of clear and reasonable warning of such to the exposed persons before the time of exposure. Defendants have distributed and sold Black Fanny Packs in California. Defendants know and intend that California consumers will use Black Fanny Packs, thereby exposing them to DEHP. Defendants thereby violated Proposition 65.

166. The principal routes of exposure are through dermal contact, ingestion and inhalation. Persons sustain exposures by using, carrying or handling Black Fanny Packs without wearing gloves or any other personal protective equipment, or by touching bare skin or mucous membranes with gloves after handling Black Fanny Packs, as well as through direct and indirect hand to mouth contact, hand to mucous membrane, as well as environmental mediums that carry the DEHP once contained in the Black Fanny Packs.

167. Plaintiff is informed, believes, and thereon alleges that each of Defendants' violations of Proposition 65 as to Black Fanny Packs have been ongoing and continuous, as Defendants engaged and continue to engage in conduct which violates Health and Safety Code Section 25249.6, including the manufacture, distribution, promotion, and sale of Black Fanny Packs, so that a separate and distinct violation of Proposition 65 occurred each and every time a person was exposed to DEHP by Black Fanny Packs as mentioned herein.

168. Plaintiff is informed, believes, and thereon alleges that each violation of Proposition 65 mentioned herein is ever continuing. Plaintiff further alleges and believes that the violations alleged herein will continue to occur into the future.

169. Based on the allegations herein, Defendants are liable for civil penalties of up to $2,500.00 per day per individual exposure to DEHP from Black Fanny Packs, pursuant to

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

FIRST AMENDED COMPLAINT FOR VIOLATION OF PROPOSITION 65, THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986 (HEALTH AND SAFETY CODE § 25249.5, ET SEQ.)

1    Health and Safety Code Section 25249.7(b).

2    170. Plaintiff has engaged in good faith efforts to resolve the claims alleged herein prior to

3    filing this Complaint.

## TWELFTH CAUSE OF ACTION

**(By CONSUMER ADVOCACY GROUP, INC. and against ROSS STORES and DOES 111-120 for Violations of Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986 (*Health & Safety Code*, §§ 25249.5, *et seq.*)**

### Wallets

171. Plaintiff repeats and incorporates by reference paragraphs 1 through 170 of this Complaint as though fully set forth herein.

172. Each of the Defendants is, and at all times mentioned herein was, a manufacturer, distributor, promoter, or retailer of Wallets with Plastic Components, including but not limited to: "Femina;" "RN# 124672;" "Made in China;" "6 87110 01352 8;" Blue & Yellow Wallet ("Blue Wallets").

173. Blue Wallets contains DEHP.

174. Defendants knew or should have known that DEHP has been identified by the State of California as a chemical known to cause cancer and developmental and male reproductive toxicity and therefore was subject to Proposition 65 warning requirements. Defendants were also informed of the presence of DEHP in Blue Wallets within Plaintiff's notice of alleged violations further discussed above at Paragraph 30.

175. Plaintiff's allegations regarding Blue Wallets concerns "[c]onsumer products exposure[s]," which "is an exposure that results from a person's acquisition, purchase, storage, consumption, or other reasonably foreseeable use of a consumer good, or any exposure that results from receiving a consumer service." *Cal. Code Regs.* tit. 27, § 25602(b). Blue Wallets are a consumer product, and, as mentioned herein, exposures to DEHP took place as a result of such normal and foreseeable use.

176. Plaintiff is informed, believes, and thereon alleges that between October 11, 2016 and the present, each of the Defendants knowingly and intentionally exposed California

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

consumers and users of Blue Wallets, which Defendants manufactured, distributed, or sold as mentioned above, to DEHP, without first providing any type of clear and reasonable warning of such to the exposed persons before the time of exposure. Defendants have distributed and sold Blue Wallets in California. Defendants know and intend that California consumers will use Blue Wallets, thereby exposing them to DEHP. Defendants thereby violated Proposition 65.

177. The principal routes of exposure are through dermal contact, ingestion and inhalation. Persons sustain exposures by using, carrying or handling Blue Wallets without wearing gloves or any other personal protective equipment, or by touching bare skin or mucous membranes with gloves after handling Blue Wallets, as well as through direct and indirect hand to mouth contact, hand to mucous membrane, as well as environmental mediums that carry the DEHP once contained in the Blue Wallets.

178. Plaintiff is informed, believes, and thereon alleges that each of Defendants' violations of Proposition 65 as to Blue Wallets have been ongoing and continuous, as Defendants engaged and continue to engage in conduct which violates Health and Safety Code Section 25249.6, including the manufacture, distribution, promotion, and sale of Yellow Wallets, so that a separate and distinct violation of Proposition 65 occurred each and every time a person was exposed to DEHP by Blue Wallets as mentioned herein.

179. Plaintiff is informed, believes, and thereon alleges that each violation of Proposition 65 mentioned herein is ever continuing. Plaintiff further alleges and believes that the violations alleged herein will continue to occur into the future.

180. Based on the allegations herein, Defendants are liable for civil penalties of up to $2,500.00 per day per individual exposure to DEHP from Blue Wallets, pursuant to Health and Safety Code Section 25249.7(b).

181. Plaintiff has engaged in good faith efforts to resolve the claims alleged herein prior to filing this Complaint.

## THIRTEENTH CAUSE OF ACTION

YEROUSHALMI & YEROUSHALMI *An Independent Association of Law Corporations

**(By CONSUMER ADVOCACY GROUP, INC. and against ROSS STORES and DOES 121-130 for Violations of Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986 (*Health & Safety Code*, §§ 25249.5, *et seq.*)**

**Wallets**

182. Plaintiff repeats and incorporates by reference paragraphs 1 through 181 of this complaint as though fully set forth herein.

183. Each of the Defendants is, and at all times mentioned herein was, a manufacturer, distributor, promoter, or retailer of Wallets with Plastic Components, including but not limited to: "PERFECT IMAGE NEW YORK;" "ROSS;" "LADIES WALLET;" "D1525 C5556;" "400189633677" ("Yellow Wallets").

184. Yellow Wallets contains DEHP.

185. Defendants knew or should have known that DEHP has been identified by the State of California as a chemical known to cause cancer and developmental and male reproductive toxicity and therefore was subject to Proposition 65 warning requirements. Defendants were also informed of the presence of DEHP in Yellow Wallets within Plaintiff's notice of alleged violations further discussed above at Paragraph 31.

186. Plaintiff's allegations regarding Yellow Wallets concerns "[c]onsumer products exposure[s]," which "is an exposure that results from a person's acquisition, purchase, storage, consumption, or other reasonably foreseeable use of a consumer good, or any exposure that results from receiving a consumer service." *Cal. Code Regs.* tit. 27, § 25602(b). Yellow Wallets are a consumer product, and, as mentioned herein, exposures to DEHP took place as a result of such normal and foreseeable use.

187. Plaintiff is informed, believes, and thereon alleges that between October 31, 2016 and the present, each of the Defendants knowingly and intentionally exposed California consumers and users of Yellow Wallets, which Defendants manufactured, distributed, or sold as mentioned above, to DEHP, without first providing any type of clear and reasonable warning of such to the exposed persons before the time of exposure. Defendants have distributed and sold Yellow Wallets in California. Defendants know

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

1   and intend that California consumers will use Yellow Wallets, thereby exposing them to
2   DEHP.  Defendants thereby violated Proposition 65.

188. The principal routes of exposure are through dermal contact, ingestion and inhalation.
Persons sustain exposures by using, carrying or handling Yellow Wallets without wearing
gloves or any other personal protective equipment, or by touching bare skin or mucous
membranes with gloves after handling Yellow Wallets, as well as through direct and
indirect hand to mouth contact, hand to mucous membrane, as well as environmental
mediums that carry the DEHP once contained in the Yellow Wallets.

189. Plaintiff is informed, believes, and thereon alleges that each of Defendants' violations of
Proposition 65 as to Yellow Wallets have been ongoing and continuous, as Defendants
engaged and continue to engage in conduct which violates Health and Safety Code
Section 25249.6, including the manufacture, distribution, promotion, and sale of Yellow
Wallets, so that a separate and distinct violation of Proposition 65 occurred each and
every time a person was exposed to DEHP by Yellow Wallets as mentioned herein.

190. Plaintiff is informed, believes, and thereon alleges that each violation of Proposition 65
mentioned herein is ever continuing.  Plaintiff further alleges and believes that the
violations alleged herein will continue to occur into the future.

191. Based on the allegations herein, Defendants are liable for civil penalties of up to
$2,500.00 per day per individual exposure to DEHP from Yellow Wallets, pursuant to
Health and Safety Code Section 25249.7(b).

192. Plaintiff has engaged in good faith efforts to resolve the claims alleged herein prior to
filing this Complaint.

## FOURTEENTH CAUSE OF ACTION
**(By CONSUMER ADVOCACY GROUP, INC. and against ROSS STORES and DOES
131-140 for Violations of Proposition 65, The Safe Drinking Water and Toxic Enforcement
Act of 1986 (*Health & Safety Code*, §§ 25249.5, *et seq.*)**

### Handbags

193.         Plaintiff repeats and incorporates by reference paragraphs 1 through 192 of this

FIRST AMENDED COMPLAINT FOR VIOLATION OF PROPOSITION 65, THE SAFE DRINKING WATER
AND TOXIC ENFORCEMENT ACT OF 1986 (HEALTH AND SAFETY CODE § 25249.5, ET SEQ.)

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

Complaint as though fully set forth herein.

194.     Each of the Defendants is, and at all times mentioned herein was, a manufacturer, distributor, promoter, or retailer of Handbag with Polymer Components, including but not limited to: "CHARLOTTE DANIEL;" "3124-7175-7422;" "BLACK;" "002-639-0211;" "ROSS;" "D1520 C5469;" "400197687648;" "MADE IN CHINA; ("Charlotte Handbag").

195.     Charlotte Handbags contains DEHP.

196.     Defendants knew or should have known that DEHP has been identified by the State of California as a chemical known to cause cancer and developmental and male reproductive toxicity and therefore was subject to Proposition 65 warning requirements. Defendants were also informed of the presence of DEHP in Charlotte Handbags within Plaintiff's notice of alleged violations further discussed above at Paragraph 32.

197.     Plaintiff's allegations regarding Charlotte Handbags concerns "[c]onsumer products exposure[s]," which "is an exposure that results from a person's acquisition, purchase, storage, consumption, or other reasonably foreseeable use of a consumer good, or any exposure that results from receiving a consumer service." *Cal. Code Regs.* tit. 27, § 25602(b).  Charlotte Handbags are a consumer product, and, as mentioned herein, exposures to DEHP took place as a result of such normal and foreseeable use.

198.     Plaintiff is informed, believes, and thereon alleges that between August 26, 2016 and the present, each of the Defendants knowingly and intentionally exposed California consumers and users of Charlotte Handbags, which Defendants manufactured, distributed, or sold as mentioned above, to DEHP, without first providing any type of clear and reasonable warning of such to the exposed persons before the time of exposure. Defendants have distributed and sold Charlotte Handbags in California.  Defendants know and intend that California consumers will use Charlotte Handbags, thereby exposing them to DEHP.  Defendants thereby violated Proposition 65.

199.     The principal routes of exposure are through dermal contact, ingestion and

FIRST AMENDED COMPLAINT FOR VIOLATION OF PROPOSITION 65, THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986 (HEALTH AND SAFETY CODE § 25249.5, ET SEQ.)

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

inhalation. Persons sustain exposures by using, carrying or handling Charlotte Handbags without wearing gloves or any other personal protective equipment, or by touching bare skin or mucous membranes with gloves after handling Charlotte Handbags, as well as through direct and indirect hand to mouth contact, hand to mucous membrane, as well as environmental mediums that carry the DEHP once contained in the Charlotte Handbags.

200.     Plaintiff is informed, believes, and thereon alleges that each of Defendants' violations of Proposition 65 as to Charlotte Handbags have been ongoing and continuous, as Defendants engaged and continue to engage in conduct which violates Health and Safety Code Section 25249.6, including the manufacture, distribution, promotion, and sale of Yellow Wallets, so that a separate and distinct violation of Proposition 65 occurred each and every time a person was exposed to DEHP by Charlotte Handbags as mentioned herein.

201.     Plaintiff is informed, believes, and thereon alleges that each violation of Proposition 65 mentioned herein is ever continuing. Plaintiff further alleges and believes that the violations alleged herein will continue to occur into the future.

202.     Based on the allegations herein, Defendants are liable for civil penalties of up to $2,500.00 per day per individual exposure to DEHP from Charlotte Handbags, pursuant to Health and Safety Code Section 25249.7(b).

203.     Plaintiff has engaged in good faith efforts to resolve the claims alleged herein prior to filing this Complaint.

### FIFTEENTH CAUSE OF ACTION
**(By CONSUMER ADVOCACY GROUP, INC. and against ROSS STORES and DOES 141-150 for Violations of Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986 (*Health & Safety Code*, §§ 25249.5, *et seq.*)**

### Women's Accessories

204.     Plaintiff repeats and incorporates by reference paragraphs 1 through 203 of this Complaint as though fully set forth herein.

205.     Each of the Defendants is, and at all times mentioned herein was, a manufacturer,

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

distributor, promoter, or retailer of Dual Compartment Clear and Pink Handbag with Polymer Components, including but not limited to: "Dual Compartment Clear and Pink handbag. "Yoki"; "Style: YKCB9093, Color Blush, Made in China"; "SKU 400192081243"; ("Blush Handbag").

206.     Blush Handbags contains DEHP.

207.     Defendants knew or should have known that DEHP has been identified by the State of California as a chemical known to cause cancer and developmental and male reproductive toxicity and therefore was subject to Proposition 65 warning requirements. Defendants were also informed of the presence of DEHP in Blush Handbags within Plaintiff's notice of alleged violations further discussed above at Paragraph 33.

208.     Plaintiff's allegations regarding Blush Handbags concerns "[c]onsumer products exposure[s]," which "is an exposure that results from a person's acquisition, purchase, storage, consumption, or other reasonably foreseeable use of a consumer good, or any exposure that results from receiving a consumer service." *Cal. Code Regs.* tit. 27, § 25602(b).  Blush Handbags are a consumer product, and, as mentioned herein, exposures to DEHP took place as a result of such normal and foreseeable use.

209.     Plaintiff is informed, believes, and thereon alleges that between August 26, 2016 and the present, each of the Defendants knowingly and intentionally exposed California consumers and users of Blush Handbags, which Defendants manufactured, distributed, or sold as mentioned above, to DEHP, without first providing any type of clear and reasonable warning of such to the exposed persons before the time of exposure. Defendants have distributed and sold Blush Handbags in California.  Defendants know and intend that California consumers will use Blush Handbags, thereby exposing them to DEHP.  Defendants thereby violated Proposition 65.

210.     The principal routes of exposure are through dermal contact, ingestion and inhalation.  Persons sustain exposures by using, carrying or handling Blush Handbags without wearing gloves or any other personal protective equipment, or by touching bare

YEROUSHALMI & YEROUSHALMI *An Independent Association of Law Corporations

skin or mucous membranes with gloves after handling Blush Handbags, as well as through direct and indirect hand to mouth contact, hand to mucous membrane, as well as environmental mediums that carry the DEHP once contained in the Blush Handbags.

211.     Plaintiff is informed, believes, and thereon alleges that each of Defendants' violations of Proposition 65 as to Blush Handbags have been ongoing and continuous, as Defendants engaged and continue to engage in conduct which violates Health and Safety Code Section 25249.6, including the manufacture, distribution, promotion, and sale of Yellow Wallets, so that a separate and distinct violation of Proposition 65 occurred each and every time a person was exposed to DEHP by Blush Handbags as mentioned herein.

212.     Plaintiff is informed, believes, and thereon alleges that each violation of Proposition 65 mentioned herein is ever continuing. Plaintiff further alleges and believes that the violations alleged herein will continue to occur into the future.

213.     Based on the allegations herein, Defendants are liable for civil penalties of up to $2,500.00 per day per individual exposure to DEHP from Blush Handbags, pursuant to Health and Safety Code Section 25249.7(b).

214.     Plaintiff has engaged in good faith efforts to resolve the claims alleged herein prior to filing this Complaint.

## SIXTEENTH CAUSE OF ACTION
**(By CONSUMER ADVOCACY GROUP, INC. and against ROSS STORES and DOES 151-160 for Violations of Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986 (*Health & Safety Code*, §§ 25249.5, *et seq.*)**

### Travel Cases

215.     Plaintiff repeats and incorporates by reference paragraphs 1 through 214 of this Complaint as though fully set forth herein.

216.     Each of the Defendants is, and at all times mentioned herein was, a manufacturer, distributor, promoter, or retailer of Travel Cases with Plastic Components including but not limited to: "bebe;" "dd's DISCOUNTS;" "GOLD-YELLOW;" "COSMETIC CASES;" "D5423 C5430;" "400188923137" ("Gold-Yellow Handbag").

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

217.     Gold-Yellow Handbag contains DEHP.

218.     Defendants knew or should have known that DEHP has been identified by the State of California as a chemical known to cause cancer and developmental and male reproductive toxicity and therefore was subject to Proposition 65 warning requirements. Defendants were also informed of the presence of DEHP in Blush Handbags within Plaintiff's notice of alleged violations further discussed above at Paragraph 34.

219.     Plaintiff's allegations regarding Blush Handbags concerns "[c]onsumer products exposure[s]," which "is an exposure that results from a person's acquisition, purchase, storage, consumption, or other reasonably foreseeable use of a consumer good, or any exposure that results from receiving a consumer service." *Cal. Code Regs.* tit. 27, § 25602(b). Blush Handbags are a consumer product, and, as mentioned herein, exposures to DEHP took place as a result of such normal and foreseeable use.

220.     Plaintiff is informed, believes, and thereon alleges that between August 29, 2016 and the present, each of the Defendants knowingly and intentionally exposed California consumers and users of Gold-Yellow Handbag, which Defendants manufactured, distributed, or sold as mentioned above, to DEHP, without first providing any type of clear and reasonable warning of such to the exposed persons before the time of exposure. Defendants have distributed and sold Gold-Yellow Handbag in California. Defendants know and intend that California consumers will use Gold-Yellow Handbag, thereby exposing them to DEHP. Defendants thereby violated Proposition 65.

221.     The principal routes of exposure are through dermal contact, ingestion and inhalation. Persons sustain exposures by using, carrying or handling Gold-Yellow Handbag without wearing gloves or any other personal protective equipment, or by touching bare skin or mucous membranes with gloves after handling Gold-Yellow Handbag, as well as through direct and indirect hand to mouth contact, hand to mucous membrane, as well as environmental mediums that carry the DEHP once contained in the Gold-Yellow Handbag.

FIRST AMENDED COMPLAINT FOR VIOLATION OF PROPOSITION 65, THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986 (HEALTH AND SAFETY CODE § 25249.5, ET SEQ.)

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

222. Plaintiff is informed, believes, and thereon alleges that each of Defendants' violations of Proposition 65 as to Gold-Yellow Handbag have been ongoing and continuous, as Defendants engaged and continue to engage in conduct which violates Health and Safety Code Section 25249.6, including the manufacture, distribution, promotion, and sale of Yellow Wallets, so that a separate and distinct violation of Proposition 65 occurred each and every time a person was exposed to DEHP by Gold-Yellow Handbag as mentioned herein.

223. Plaintiff is informed, believes, and thereon alleges that each violation of Proposition 65 mentioned herein is ever continuing. Plaintiff further alleges and believes that the violations alleged herein will continue to occur into the future.

224. Based on the allegations herein, Defendants are liable for civil penalties of up to $2,500.00 per day per individual exposure to DEHP from Gold-Yellow Handbag, pursuant to Health and Safety Code Section 25249.7(b).

225. Plaintiff has engaged in good faith efforts to resolve the claims alleged herein prior to filing this Complaint.

## SEVENTEENTH CAUSE OF ACTION

**(By CONSUMER ADVOCACY GROUP, INC. and against ROSS STORES and DOES 161-170 for Violations of Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986 (*Health & Safety Code*, §§ 25249.5, *et seq.*)**

### Wallets

226. Plaintiff repeats and incorporates by reference paragraphs 1 through 225 of this Complaint as though fully set forth herein.

227. Each of the Defendants is, and at all times mentioned herein was, a manufacturer, distributor, promoter, or retailer of Wallets Components, including but not limited to: "Lady Flora;" "MADE IN CHINA;" "dd's DISCOUNTS;" "D5301 C1996;" "400196174866"; "SPRING GRE297"; Green Wallet with Black Polka Dots" ("Green Wallet").

228. Green Wallet contains DEHP.

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

229.    Defendants knew or should have known that DEHP has been identified by the State of California as a chemical known to cause cancer and developmental and male reproductive toxicity and therefore was subject to Proposition 65 warning requirements. Defendants were also informed of the presence of DEHP in Green Wallet within Plaintiff's notice of alleged violations further discussed above at Paragraph 35.

230.    Plaintiff's allegations regarding Green Wallet concerns "[c]onsumer products exposure[s]," which "is an exposure that results from a person's acquisition, purchase, storage, consumption, or other reasonably foreseeable use of a consumer good, or any exposure that results from receiving a consumer service." *Cal. Code Regs.* tit. 27, § 25602(b). Green Wallet are a consumer product, and, as mentioned herein, exposures to DEHP took place as a result of such normal and foreseeable use.

231.    Plaintiff is informed, believes, and thereon alleges that between September 11, 2016 and the present, each of the Defendants knowingly and intentionally exposed California consumers and users of Green Wallet, which Defendants manufactured, distributed, or sold as mentioned above, to DEHP, without first providing any type of clear and reasonable warning of such to the exposed persons before the time of exposure. Defendants have distributed and sold Green Wallet in California. Defendants know and intend that California consumers will use Green Wallet, thereby exposing them to DEHP. Defendants thereby violated Proposition 65.

232.    The principal routes of exposure are through dermal contact, ingestion and inhalation. Persons sustain exposures by using, carrying or handling Green Wallet without wearing gloves or any other personal protective equipment, or by touching bare skin or mucous membranes with gloves after handling Green Wallet, as well as through direct and indirect hand to mouth contact, hand to mucous membrane, as well as environmental mediums that carry the DEHP once contained in the Green Wallet.

233.    Plaintiff is informed, believes, and thereon alleges that each of Defendants' violations of Proposition 65 as to Green Wallet have been ongoing and continuous, as

FIRST AMENDED COMPLAINT FOR VIOLATION OF PROPOSITION 65, THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986 (HEALTH AND SAFETY CODE § 25249.5, ET SEQ.)

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

1    Defendants engaged and continue to engage in conduct which violates Health and Safety

2    Code Section 25249.6, including the manufacture, distribution, promotion, and sale of

3    Yellow Wallets, so that a separate and distinct violation of Proposition 65 occurred each

4    and every time a person was exposed to DEHP by Green Wallet as mentioned herein.

5    234.    Plaintiff is informed, believes, and thereon alleges that each violation of

6    Proposition 65 mentioned herein is ever continuing.  Plaintiff further alleges and believes

7    that the violations alleged herein will continue to occur into the future.

8    235.    Based on the allegations herein, Defendants are liable for civil penalties of up to

9    $2,500.00 per day per individual exposure to DEHP from Green Wallet, pursuant to

10   Health and Safety Code Section 25249.7(b).

11   236.    Plaintiff has engaged in good faith efforts to resolve the claims alleged herein

12   prior to filing this Complaint.

### EIGHTEENTH CAUSE OF ACTION

**(By CONSUMER ADVOCACY GROUP, INC. and against ROSS STORES and DOES 171-180 for Violations of Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986 (*Health & Safety Code*, §§ 25249.5, *et seq.*)**

#### Handbags

237.    Plaintiff repeats and incorporates by reference paragraphs 1 through 236 of this

Complaint as though fully set forth herein.

238.    Each of the Defendants is, and at all times mentioned herein was, a manufacturer,

distributor, promoter, or retailer of Plastic Handbags, including but not limited to: "hello

3 aM;" "USA;" "PPC6591;" "NOR;" "dd's DISCOUNTS;" "NEON

ORANG452;" "14 HANDBAGS;" "D5502 C5523;" "400197472022;" "MADE IN

CHINA;" ("Neon Handbags").

239.    Neon Handbags contains DEHP.

240.    Defendants knew or should have known that DEHP has been identified by the

State of California as a chemical known to cause cancer and developmental and male

reproductive toxicity and therefore was subject to Proposition 65 warning requirements.

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

Defendants were also informed of the presence of DEHP in Neon Handbags within Plaintiff's notice of alleged violations further discussed above at Paragraph 36.

241.     Plaintiff's allegations regarding Neon Handbags concerns "[c]onsumer products exposure[s]," which "is an exposure that results from a person's acquisition, purchase, storage, consumption, or other reasonably foreseeable use of a consumer good, or any exposure that results from receiving a consumer service." *Cal. Code Regs.* tit. 27, § 25602(b).  Neon Handbags are a consumer product, and, as mentioned herein, exposures to DEHP took place as a result of such normal and foreseeable use.

242.     Plaintiff is informed, believes, and thereon alleges that between September 11, 2016 and the present, each of the Defendants knowingly and intentionally exposed California consumers and users of Neon Handbags, which Defendants manufactured, distributed, or sold as mentioned above, to DEHP, without first providing any type of clear and reasonable warning of such to the exposed persons before the time of exposure. Defendants have distributed and sold Neon Handbags in California.  Defendants know and intend that California consumers will use Neon Handbags, thereby exposing them to DEHP.  Defendants thereby violated Proposition 65.

243.     The principal routes of exposure are through dermal contact, ingestion and inhalation.  Persons sustain exposures by using, carrying or handling Neon Handbags without wearing gloves or any other personal protective equipment, or by touching bare skin or mucous membranes with gloves after handling Neon Handbags, as well as through direct and indirect hand to mouth contact, hand to mucous membrane, as well as environmental mediums that carry the DEHP once contained in the Neon Handbags.

244.     Plaintiff is informed, believes, and thereon alleges that each of Defendants' violations of Proposition 65 as to Neon Handbags have been ongoing and continuous, as Defendants engaged and continue to engage in conduct which violates Health and Safety Code Section 25249.6, including the manufacture, distribution, promotion, and sale of Yellow Wallets, so that a separate and distinct violation of Proposition 65 occurred each

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

FIRST AMENDED COMPLAINT FOR VIOLATION OF PROPOSITION 65, THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986 (HEALTH AND SAFETY CODE § 25249.5, ET SEQ.)

1    and every time a person was exposed to DEHP by Neon Handbags as mentioned herein.

2    245.     Plaintiff is informed, believes, and thereon alleges that each violation of

3    Proposition 65 mentioned herein is ever continuing.  Plaintiff further alleges and believes

4    that the violations alleged herein will continue to occur into the future.

5    246.     Based on the allegations herein, Defendants are liable for civil penalties of up to

6    $2,500.00 per day per individual exposure to DEHP from Neon Handbags, pursuant to

7    Health and Safety Code Section 25249.7(b).

8    247.     Plaintiff has engaged in good faith efforts to resolve the claims alleged herein

9    prior to filing this Complaint.

**NINETEENTH CAUSE OF ACTION**

**(By CONSUMER ADVOCACY GROUP, INC. and against ROSS STORES and DOES 181-190 for Violations of Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986 (*Health & Safety Code*, §§ 25249.5, *et seq.*)**

**Handbags**

248.     Plaintiff repeats and incorporates by reference paragraphs 1 through 247 of this

Complaint as though fully set forth herein.

249.     Each of the Defendants is, and at all times mentioned herein was, a manufacturer,

distributor, promoter, or retailer of Clear Plastic Handbags with PVC Components,

including but not limited to: "Clear Handbag with Brown edging Gold plated straps.

"Lead-Safe, Vegan"; "6030 Brown 690 181116 03"; "400196790295"; "Made in China"

("Clear Handbags").

250.     Clear Handbags contains DEHP.

251.     Defendants knew or should have known that DEHP has been identified by the

State of California as a chemical known to cause cancer and developmental and male

reproductive toxicity and therefore was subject to Proposition 65 warning requirements.

Defendants were also informed of the presence of DEHP in Clear Handbags within

Plaintiff's notice of alleged violations further discussed above at Paragraph 37.

252.     Plaintiff's allegations regarding Clear Handbags concerns "[c]onsumer products

FIRST AMENDED COMPLAINT FOR VIOLATION OF PROPOSITION 65, THE SAFE DRINKING WATER
AND TOXIC ENFORCEMENT ACT OF 1986 (HEALTH AND SAFETY CODE § 25249.5, ET SEQ.)

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

exposure[s]," which "is an exposure that results from a person's acquisition, purchase, storage, consumption, or other reasonably foreseeable use of a consumer good, or any exposure that results from receiving a consumer service." *Cal. Code Regs.* tit. 27, § 25602(b). Clear Handbags are a consumer product, and, as mentioned herein, exposures to DEHP took place as a result of such normal and foreseeable use.

253. Plaintiff is informed, believes, and thereon alleges that between September 11, 2016 and the present, each of the Defendants knowingly and intentionally exposed California consumers and users of Clear Handbags, which Defendants manufactured, distributed, or sold as mentioned above, to DEHP, without first providing any type of clear and reasonable warning of such to the exposed persons before the time of exposure. Defendants have distributed and sold Clear Handbags in California. Defendants know and intend that California consumers will use Clear Handbags, thereby exposing them to DEHP. Defendants thereby violated Proposition 65.

254. The principal routes of exposure are through dermal contact, ingestion and inhalation. Persons sustain exposures by using, carrying or handling Clear Handbags without wearing gloves or any other personal protective equipment, or by touching bare skin or mucous membranes with gloves after handling Clear Handbags, as well as through direct and indirect hand to mouth contact, hand to mucous membrane, as well as environmental mediums that carry the DEHP once contained in the Clear Handbags.

255. Plaintiff is informed, believes, and thereon alleges that each of Defendants' violations of Proposition 65 as to Clear Handbags have been ongoing and continuous, as Defendants engaged and continue to engage in conduct which violates Health and Safety Code Section 25249.6, including the manufacture, distribution, promotion, and sale of Yellow Wallets, so that a separate and distinct violation of Proposition 65 occurred each and every time a person was exposed to DEHP by Clear Handbags as mentioned herein.

256. Plaintiff is informed, believes, and thereon alleges that each violation of Proposition 65 mentioned herein is ever continuing. Plaintiff further alleges and believes

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

FIRST AMENDED COMPLAINT FOR VIOLATION OF PROPOSITION 65, THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986 (HEALTH AND SAFETY CODE § 25249.5, ET SEQ.)

1  that the violations alleged herein will continue to occur into the future.

2  257.     Based on the allegations herein, Defendants are liable for civil penalties of up to

3  $2,500.00 per day per individual exposure to DEHP from Clear Handbags, pursuant to

4  Health and Safety Code Section 25249.7(b).

5  258.     Plaintiff has engaged in good faith efforts to resolve the claims alleged herein

6  prior to filing this Complaint.

### TWENTIETH CAUSE OF ACTION
**(By CONSUMER ADVOCACY GROUP, INC. and against ROSS STORES and DOES 190-200 for Violations of Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986 (*Health & Safety Code*, §§ 25249.5, *et seq.*)**

#### Women's Accessories

259.     Plaintiff repeats and incorporates by reference paragraphs 1 through 258 of this Complaint as though fully set forth herein.

260.     Each of the Defendants is, and at all times mentioned herein was, a manufacturer, distributor, promoter, or retailer of Handbags with PVC Components, including but not limited to: "Yoki Style: YKD1167, Color: Black, Made in China"; "400190102889 YK Blk Saff Cat Ha" ("Yoki Handbags").

261.     Yoki Handbags contains DEHP.

262.     Defendants knew or should have known that DEHP has been identified by the State of California as a chemical known to cause cancer and developmental and male reproductive toxicity and therefore was subject to Proposition 65 warning requirements. Defendants were also informed of the presence of DEHP in Yoki Handbags within Plaintiff's notice of alleged violations further discussed above at Paragraph 38.

263.     Plaintiff's allegations regarding Yoki Handbags concerns "[c]onsumer products exposure[s]," which "is an exposure that results from a person's acquisition, purchase, storage, consumption, or other reasonably foreseeable use of a consumer good, or any exposure that results from receiving a consumer service." *Cal. Code Regs.* tit. 27, §

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

25602(b).  Yoki Handbags are a consumer product, and, as mentioned herein, exposures
to DEHP took place as a result of such normal and foreseeable use.

264.    Plaintiff is informed, believes, and thereon alleges that between September 17,
2016 and the present, each of the Defendants knowingly and intentionally exposed
California consumers and users of Yoki Handbags, which Defendants manufactured,
distributed, or sold as mentioned above, to DEHP, without first providing any type of
clear and reasonable warning of such to the exposed persons before the time of exposure.
Defendants have distributed and sold Yoki Handbags in California.  Defendants know
and intend that California consumers will use Yoki Handbags, thereby exposing them to
DEHP.  Defendants thereby violated Proposition 65.

265.    The principal routes of exposure are through dermal contact, ingestion and
inhalation.  Persons sustain exposures by using, carrying or handling Yoki Handbags
without wearing gloves or any other personal protective equipment, or by touching bare
skin or mucous membranes with gloves after handling Yoki Handbags, as well as through
direct and indirect hand to mouth contact, hand to mucous membrane, as well as
environmental mediums that carry the DEHP once contained in the Yoki Handbags.

266.    Plaintiff is informed, believes, and thereon alleges that each of Defendants'
violations of Proposition 65 as to Yoki Handbags have been ongoing and continuous, as
Defendants engaged and continue to engage in conduct which violates Health and Safety
Code Section 25249.6, including the manufacture, distribution, promotion, and sale of
Yellow Wallets, so that a separate and distinct violation of Proposition 65 occurred each
and every time a person was exposed to DEHP by Yoki Handbags as mentioned herein.

267.    Plaintiff is informed, believes, and thereon alleges that each violation of
Proposition 65 mentioned herein is ever continuing.  Plaintiff further alleges and believes
that the violations alleged herein will continue to occur into the future.

268.    Based on the allegations herein, Defendants are liable for civil penalties of up to
$2,500.00 per day per individual exposure to DEHP from Yoki Handbags, pursuant to

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

Health and Safety Code Section 25249.7(b).

269.     Plaintiff has engaged in good faith efforts to resolve the claims alleged herein prior to filing this Complaint.

## TWENTY-FIRST CAUSE OF ACTION
**(By CONSUMER ADVOCACY GROUP, INC. and against ROSS STORES and DOES 201-210 for Violations of Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986 (*Health & Safety Code*, §§ 25249.5, *et seq.*)**

### Handbags

270.     Plaintiff repeats and incorporates by reference paragraphs 1 through 269 of this Complaint as though fully set forth herein.

271.     Each of the Defendants is, and at all times mentioned herein was, a manufacturer, distributor, promoter, or retailer of Polymer Handbags, including but not limited to: "Becool;" "MADE IN CHINA;" "8147-3 MUSTARD;" "8147000003;" "ROSS ONE SIZE;" "MED YELLOW072;" "D2011 C5421;" "400190757447;" ("Mustard Handbags").

272.     Mustard Handbags contains DEHP.

273.     Defendants knew or should have known that DEHP has been identified by the State of California as a chemical known to cause cancer and developmental and male reproductive toxicity and therefore was subject to Proposition 65 warning requirements. Defendants were also informed of the presence of DEHP in Mustard Handbags within Plaintiff's notice of alleged violations further discussed above at Paragraph 39.

274.     Plaintiff's allegations regarding Mustard Handbags concerns "[c]onsumer products exposure[s]," which "is an exposure that results from a person's acquisition, purchase, storage, consumption, or other reasonably foreseeable use of a consumer good, or any exposure that results from receiving a consumer service." *Cal. Code Regs.* tit. 27, § 25602(b).  Mustard Handbags are a consumer product, and, as mentioned herein, exposures to DEHP took place as a result of such normal and foreseeable use.

275.     Plaintiff is informed, believes, and thereon alleges that between September 23,

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

2016 and the present, each of the Defendants knowingly and intentionally exposed California consumers and users of Mustard Handbags, which Defendants manufactured, distributed, or sold as mentioned above, to DEHP, without first providing any type of clear and reasonable warning of such to the exposed persons before the time of exposure. Defendants have distributed and sold Mustard Handbags in California. Defendants know and intend that California consumers will use Mustard Handbags, thereby exposing them to DEHP. Defendants thereby violated Proposition 65.

276.    The principal routes of exposure are through dermal contact, ingestion and inhalation. Persons sustain exposures by using, carrying or handling Mustard Handbags without wearing gloves or any other personal protective equipment, or by touching bare skin or mucous membranes with gloves after handling Mustard Handbags, as well as through direct and indirect hand to mouth contact, hand to mucous membrane, as well as environmental mediums that carry the DEHP once contained in the Mustard Handbags.

277.    Plaintiff is informed, believes, and thereon alleges that each of Defendants' violations of Proposition 65 as to Mustard Handbags have been ongoing and continuous, as Defendants engaged and continue to engage in conduct which violates Health and Safety Code Section 25249.6, including the manufacture, distribution, promotion, and sale of Yellow Wallets, so that a separate and distinct violation of Proposition 65 occurred each and every time a person was exposed to DEHP by Mustard Handbags as mentioned herein.

278.    Plaintiff is informed, believes, and thereon alleges that each violation of Proposition 65 mentioned herein is ever continuing. Plaintiff further alleges and believes that the violations alleged herein will continue to occur into the future.

279.    Based on the allegations herein, Defendants are liable for civil penalties of up to $2,500.00 per day per individual exposure to DEHP from Mustard Handbags, pursuant to Health and Safety Code Section 25249.7(b).

280.    Plaintiff has engaged in good faith efforts to resolve the claims alleged herein

FIRST AMENDED COMPLAINT FOR VIOLATION OF PROPOSITION 65, THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986 (HEALTH AND SAFETY CODE § 25249.5, ET SEQ.)

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

prior to filing this Complaint.

**TWENTY-SECOND CAUSE OF ACTION**

**(By CONSUMER ADVOCACY GROUP, INC. and against ROSS STORES and DOES 211-220 for Violations of Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986 (*Health & Safety Code*, §§ 25249.5, *et seq.*)**

**Wallets**

281.     Plaintiff repeats and incorporates by reference paragraphs 1 through 280 of this Complaint as though fully set forth herein.

282.     Each of the Defendants is, and at all times mentioned herein was, a manufacturer, distributor, promoter, or retailer of Wallets with Plastic Components, including but not limited to: "LADY FLORA;" "ORANGE PTRN089;" "D5301 C1996;" "400196174859;" "14 Sm Lthr Goods;" Orange wallet with white polka dot pattern. ("Orange Polka Dot Wallet").

283.     Orange Polka Dot Wallet contains DEHP.

284.     Defendants knew or should have known that DEHP has been identified by the State of California as a chemical known to cause cancer and developmental and male reproductive toxicity and therefore was subject to Proposition 65 warning requirements. Defendants were also informed of the presence of DEHP in Orange Polka Dot Wallet within Plaintiff's notice of alleged violations further discussed above at Paragraph 40.

285.     Plaintiff's allegations regarding Orange Polka Dot Wallet concerns "[c]onsumer products exposure[s]," which "is an exposure that results from a person's acquisition, purchase, storage, consumption, or other reasonably foreseeable use of a consumer good, or any exposure that results from receiving a consumer service." *Cal. Code Regs.* tit. 27, § 25602(b). Orange Polka Dot Wallet are a consumer product, and, as mentioned herein, exposures to DEHP took place as a result of such normal and foreseeable use.

286.     Plaintiff is informed, believes, and thereon alleges that between September 23, 2016 and the present, each of the Defendants knowingly and intentionally exposed

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

California consumers and users of Orange Polka Dot Wallet, which Defendants manufactured, distributed, or sold as mentioned above, to DEHP, without first providing any type of clear and reasonable warning of such to the exposed persons before the time of exposure. Defendants have distributed and sold Orange Polka Dot Wallet in California. Defendants know and intend that California consumers will use Orange Polka Dot Wallet, thereby exposing them to DEHP. Defendants thereby violated Proposition 65.

287. The principal routes of exposure are through dermal contact, ingestion and inhalation. Persons sustain exposures by using, carrying or handling Orange Polka Dot Wallet without wearing gloves or any other personal protective equipment, or by touching bare skin or mucous membranes with gloves after handling Orange Polka Dot Wallet, as well as through direct and indirect hand to mouth contact, hand to mucous membrane, as well as environmental mediums that carry the DEHP once contained in the Orange Polka Dot Wallet.

288. Plaintiff is informed, believes, and thereon alleges that each of Defendants' violations of Proposition 65 as to Orange Polka Dot Wallet have been ongoing and continuous, as Defendants engaged and continue to engage in conduct which violates Health and Safety Code Section 25249.6, including the manufacture, distribution, promotion, and sale of Yellow Wallets, so that a separate and distinct violation of Proposition 65 occurred each and every time a person was exposed to DEHP by Orange Polka Dot Wallet as mentioned herein.

289. Plaintiff is informed, believes, and thereon alleges that each violation of Proposition 65 mentioned herein is ever continuing. Plaintiff further alleges and believes that the violations alleged herein will continue to occur into the future.

290. Based on the allegations herein, Defendants are liable for civil penalties of up to $2,500.00 per day per individual exposure to DEHP from Orange Polka Dot Wallet, pursuant to Health and Safety Code Section 25249.7(b).

FIRST AMENDED COMPLAINT FOR VIOLATION OF PROPOSITION 65, THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986 (HEALTH AND SAFETY CODE § 25249.5, ET SEQ.)

YEROUSHALMI & YEROUSHALMI *An Independent Association of Law Corporations

291. Plaintiff has engaged in good faith efforts to resolve the claims alleged herein prior to filing this Complaint.

## TWENTY-THIRD CAUSE OF ACTION
**(By CONSUMER ADVOCACY GROUP, INC. and against ROSS STORES and DOES 221-230 for Violations of Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986 (*Health & Safety Code, §§ 25249.5, et seq.*)**

### Women's Accessories

292. Plaintiff repeats and incorporates by reference paragraphs 1 through 291 of this Complaint as though fully set forth herein.

293. Each of the Defendants is, and at all times mentioned herein was, a manufacturer, distributor, promoter, or retailer of Clear Handbags with Polymer Components, including but not limited to: • Clear Handbag with Black edging. Inner bag is plaid with floral design. "Perfect Image New York"; "400187562887"; "Made in China" and • Clear Handbag with Silver edging. Inner bag is shiny silver. "Perfect Image New York"; "400188245239"; "Made in China" ("Black and Silver Edging Handbag").

294. Black and Silver Edging Handbag contains DEHP AND DINP.

295. Defendants knew or should have known that DEHP AND DINP has been identified by the State of California as a chemical known to cause cancer and developmental and male reproductive toxicity and therefore was subject to Proposition 65 warning requirements. Defendants were also informed of the presence of DEHP AND DINP in Black and Silver Edging Handbag within Plaintiff's notice of alleged violations further discussed above at Paragraph 41.

296. Plaintiff's allegations regarding Black and Silver Edging Handbag concerns "[c]onsumer products exposure[s]," which "is an exposure that results from a person's acquisition, purchase, storage, consumption, or other reasonably foreseeable use of a consumer good, or any exposure that results from receiving a consumer service." *Cal. Code Regs.* tit. 27, § 25602(b). Black and Silver Edging Handbag are a consumer product, and, as mentioned herein, exposures to DEHP AND DINP took place as a result

FIRST AMENDED COMPLAINT FOR VIOLATION OF PROPOSITION 65, THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986 (HEALTH AND SAFETY CODE § 25249.5, ET SEQ.)

YEROUSHALMI & YEROUSHALMI *An Independent Association of Law Corporations

of such normal and foreseeable use.

297.     Plaintiff is informed, believes, and thereon alleges that between October 3, 2016 and the present, each of the Defendants knowingly and intentionally exposed California consumers and users of Black and Silver Edging Handbag, which Defendants manufactured, distributed, or sold as mentioned above, to DEHP AND DINP, without first providing any type of clear and reasonable warning of such to the exposed persons before the time of exposure.  Defendants have distributed and sold Black and Silver Edging Handbag in California.  Defendants know and intend that California consumers will use Black and Silver Edging Handbag, thereby exposing them to DEHP AND DINP. Defendants thereby violated Proposition 65.

298.     The principal routes of exposure are through dermal contact, ingestion and inhalation.  Persons sustain exposures by using, carrying or handling Black and Silver Edging Handbag without wearing gloves or any other personal protective equipment, or by touching bare skin or mucous membranes with gloves after handling Black and Silver Edging Handbag, as well as through direct and indirect hand to mouth contact, hand to mucous membrane, as well as environmental mediums that carry the DEHP AND DINP once contained in the Black and Silver Edging Handbag.

299.     Plaintiff is informed, believes, and thereon alleges that each of Defendants' violations of Proposition 65 as to Black and Silver Edging Handbag have been ongoing and continuous, as Defendants engaged and continue to engage in conduct which violates Health and Safety Code Section 25249.6, including the manufacture, distribution, promotion, and sale of Yellow Wallets, so that a separate and distinct violation of Proposition 65 occurred each and every time a person was exposed to DEHP AND DINP by Black and Silver Edging Handbag as mentioned herein.

300.     Plaintiff is informed, believes, and thereon alleges that each violation of Proposition 65 mentioned herein is ever continuing.  Plaintiff further alleges and believes that the violations alleged herein will continue to occur into the future.

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

FIRST AMENDED COMPLAINT FOR VIOLATION OF PROPOSITION 65, THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986 (HEALTH AND SAFETY CODE § 25249.5, ET SEQ.)

301.     Based on the allegations herein, Defendants are liable for civil penalties of up to $2,500.00 per day per individual exposure to DEHP AND DINP from Black and Silver Edging Handbag, pursuant to Health and Safety Code Section 25249.7(b).

302.     Plaintiff has engaged in good faith efforts to resolve the claims alleged herein prior to filing this Complaint.

## TWENTY-FOURTH CAUSE OF ACTION
### (By CONSUMER ADVOCACY GROUP, INC. and against ROSS STORES and DOES 231-240 for Violations of Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986 (*Health & Safety Code*, §§ 25249.5, *et seq.*)

### Hair Accessories

303.     Plaintiff repeats and incorporates by reference paragraphs 1 through 313 of this Complaint as though fully set forth herein.

304.     Each of the Defendants is, and at all times mentioned herein was, a manufacturer, distributor, promoter, or retailer of Hair Bow with Plastic Components, including but not limited to: o "Sparkle my universe;" "dd's DISCOUNTS;" "D5302 C4710;" "400197242045;" "RN 143333;" "Danbar Coll Things, Inc. New York, NY;" "info@DanbarCoolThings.com;" "Made in China;" ("Hair Bow").

305.     Hair Bow contains DINP.

306.     Defendants knew or should have known that DINP has been identified by the State of California as a chemical known to cause cancer and developmental and male reproductive toxicity and therefore was subject to Proposition 65 warning requirements. Defendants were also informed of the presence of DINP in Hair Bow within Plaintiff's notice of alleged violations further discussed above at Paragraph 42.

307.     Plaintiff's allegations regarding Hair Bow concerns "[c]onsumer products exposure[s]," which "is an exposure that results from a person's acquisition, purchase, storage, consumption, or other reasonably foreseeable use of a consumer good, or any exposure that results from receiving a consumer service." *Cal. Code Regs.* tit. 27, § 25602(b). Hair Bows are a consumer product, and, as mentioned herein, exposures to

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

DINP took place as a result of such normal and foreseeable use.

308.     Plaintiff is informed, believes, and thereon alleges that between October 11, 2016 and the present, each of the Defendants knowingly and intentionally exposed California consumers and users of Hair Bow, which Defendants manufactured, distributed, or sold as mentioned above, to DINP, without first providing any type of clear and reasonable warning of such to the exposed persons before the time of exposure.  Defendants have distributed and sold Hair Bow in California.  Defendants know and intend that California consumers will use Hair Bow, thereby exposing them to DINP.  Defendants thereby violated Proposition 65.

309.     The principal routes of exposure are through dermal contact, ingestion and inhalation.  Persons sustain exposures by using, carrying or handling Hair Bow without wearing gloves or any other personal protective equipment, or by touching bare skin or mucous membranes with gloves after handling Hair Bow, as well as through direct and indirect hand to mouth contact, hand to mucous membrane, as well as environmental mediums that carry the DINP once contained in the Hair Bow.

310.     Plaintiff is informed, believes, and thereon alleges that each of Defendants' violations of Proposition 65 as to Hair Bow have been ongoing and continuous, as Defendants engaged and continue to engage in conduct which violates Health and Safety Code Section 25249.6, including the manufacture, distribution, promotion, and sale of Yellow Wallets, so that a separate and distinct violation of Proposition 65 occurred each and every time a person was exposed to DINP by Hair Bow as mentioned herein.

311.     Plaintiff is informed, believes, and thereon alleges that each violation of Proposition 65 mentioned herein is ever continuing.  Plaintiff further alleges and believes that the violations alleged herein will continue to occur into the future.

312.     Based on the allegations herein, Defendants are liable for civil penalties of up to $2,500.00 per day per individual exposure to DINP from Hair Bow, pursuant to Health and Safety Code Section 25249.7(b).

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

FIRST AMENDED COMPLAINT FOR VIOLATION OF PROPOSITION 65, THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986 (HEALTH AND SAFETY CODE § 25249.5, ET SEQ.)

313.     Plaintiff has engaged in good faith efforts to resolve the claims alleged herein prior to filing this Complaint.

## TWENTY-FIFTH CAUSE OF ACTION
**(By CONSUMER ADVOCACY GROUP, INC. and against ROSS STORES and DOES 241-250 for Violations of Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986 (*Health & Safety Code*, §§ 25249.5, *et seq.*)**

### Fashion Accessories

314.     Plaintiff repeats and incorporates by reference paragraphs 1 through 313 of this Complaint as though fully set forth herein.

315.     Each of the Defendants is, and at all times mentioned herein was, a manufacturer, distributor, promoter, or retailer of Polymer Evening Bags, including but not limited to: o "CHARLOTTE DANIEL;" "MADE IN CHINA;" "ROSS;" "D1520 C5469;" "400197687662" ("Evening Bags").

316.     Evening Bags contains DEHP.

317.     Defendants knew or should have known that DEHP has been identified by the State of California as a chemical known to cause cancer and developmental and male reproductive toxicity and therefore was subject to Proposition 65 warning requirements. Defendants were also informed of the presence of DEHP in Evening Bags within Plaintiff's notice of alleged violations further discussed above at Paragraph 43.

318.     Plaintiff's allegations regarding Evening Bags concerns "[c]onsumer products exposure[s]," which "is an exposure that results from a person's acquisition, purchase, storage, consumption, or other reasonably foreseeable use of a consumer good, or any exposure that results from receiving a consumer service." *Cal. Code Regs.* tit. 27, § 25602(b). Evening Bags are a consumer product, and, as mentioned herein, exposures to DEHP took place as a result of such normal and foreseeable use.

319.     Plaintiff is informed, believes, and thereon alleges that between November 5, 2016 and the present, each of the Defendants knowingly and intentionally exposed California consumers and users of Evening Bags, which Defendants manufactured,

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

distributed, or sold as mentioned above, to DEHP, without first providing any type of clear and reasonable warning of such to the exposed persons before the time of exposure. Defendants have distributed and sold Evening Bags in California. Defendants know and intend that California consumers will use Evening Bags, thereby exposing them to DEHP. Defendants thereby violated Proposition 65.

320. The principal routes of exposure are through dermal contact, ingestion and inhalation. Persons sustain exposures by using, carrying or handling Evening Bags without wearing gloves or any other personal protective equipment, or by touching bare skin or mucous membranes with gloves after handling Evening Bags, as well as through direct and indirect hand to mouth contact, hand to mucous membrane, as well as environmental mediums that carry the DEHP once contained in the Evening Bags.

321. Plaintiff is informed, believes, and thereon alleges that each of Defendants' violations of Proposition 65 as to Evening Bags have been ongoing and continuous, as Defendants engaged and continue to engage in conduct which violates Health and Safety Code Section 25249.6, including the manufacture, distribution, promotion, and sale of Yellow Wallets, so that a separate and distinct violation of Proposition 65 occurred each and every time a person was exposed to DEHP by Evening Bags as mentioned herein.

322. Plaintiff is informed, believes, and thereon alleges that each violation of Proposition 65 mentioned herein is ever continuing. Plaintiff further alleges and believes that the violations alleged herein will continue to occur into the future.

323. Based on the allegations herein, Defendants are liable for civil penalties of up to $2,500.00 per day per individual exposure to DEHP from Evening Bags, pursuant to Health and Safety Code Section 25249.7(b).

324. Plaintiff has engaged in good faith efforts to resolve the claims alleged herein prior to filing this Complaint.

FIRST AMENDED COMPLAINT FOR VIOLATION OF PROPOSITION 65, THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986 (HEALTH AND SAFETY CODE § 25249.5, ET SEQ.)

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

## TWENTY-SIXTH CAUSE OF ACTION

### (By CONSUMER ADVOCACY GROUP, INC. and against ROSS STORES and DOES 251-260 for Violations of Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986 (*Health & Safety Code*, §§ 25249.5, *et seq.*)

### Phone Mount Holder

325.    Plaintiff repeats and incorporates by reference paragraphs 1 through 324 of this Complaint as though fully set forth herein.

326.    Each of the Defendants is, and at all times mentioned herein was, a manufacturer, distributor, promoter, or retailer of Plastic Suction Mount Phone Holder, including but not limited to: "tripadvisor;" "SUCTION MOUNT PHONE HOLDER;" "TripAdvisor LLC.;" "L.C. Industries, Inc. EIK Grove Village, IL 60007;" "www.lewisclark.com;" "Manufactured by ESI Cases & Accessories 44 East 32nd Street, New York, NY 10016;" "Designed in USA;" "Made in China;" "MODEL TA423;" "6 80988 32423 9;" "ROSS;" "D1068 C6868;" "400197602696" ("Phone Holders").

327.    Phone Holders contains DEHP.

328.    Defendants knew or should have known that DEHP has been identified by the State of California as a chemical known to cause cancer and developmental and male reproductive toxicity and therefore was subject to Proposition 65 warning requirements. Defendants were also informed of the presence of DEHP in Phone Holders within Plaintiff's notice of alleged violations further discussed above at Paragraph 44.

329.    Plaintiff's allegations regarding Phone Holders concerns "[c]onsumer products exposure[s]," which "is an exposure that results from a person's acquisition, purchase, storage, consumption, or other reasonably foreseeable use of a consumer good, or any exposure that results from receiving a consumer service." *Cal. Code Regs.* tit. 27, § 25602(b). Phone Holders are a consumer product, and, as mentioned herein, exposures to DEHP took place as a result of such normal and foreseeable use.

330.    Plaintiff is informed, believes, and thereon alleges that between November 12, 2016 and the present, each of the Defendants knowingly and intentionally exposed California consumers and users of Phone Holders, which Defendants manufactured,

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

distributed, or sold as mentioned above, to DEHP, without first providing any type of clear and reasonable warning of such to the exposed persons before the time of exposure. Defendants have distributed and sold Phone Holders in California.  Defendants know and intend that California consumers will use Phone Holders, thereby exposing them to DEHP.  Defendants thereby violated Proposition 65.

331.     The principal routes of exposure are through dermal contact, ingestion and inhalation.  Persons sustain exposures by using, carrying or handling Phone Holders without wearing gloves or any other personal protective equipment, or by touching bare skin or mucous membranes with gloves after handling Phone Holders, as well as through direct and indirect hand to mouth contact, hand to mucous membrane, as well as environmental mediums that carry the DEHP once contained in the Phone Holders.

332.     Plaintiff is informed, believes, and thereon alleges that each of Defendants' violations of Proposition 65 as to Phone Holders have been ongoing and continuous, as Defendants engaged and continue to engage in conduct which violates Health and Safety Code Section 25249.6, including the manufacture, distribution, promotion, and sale of Yellow Wallets, so that a separate and distinct violation of Proposition 65 occurred each and every time a person was exposed to DEHP by Phone Holders as mentioned herein.

333.     Plaintiff is informed, believes, and thereon alleges that each violation of Proposition 65 mentioned herein is ever continuing.  Plaintiff further alleges and believes that the violations alleged herein will continue to occur into the future.

334.     Based on the allegations herein, Defendants are liable for civil penalties of up to $2,500.00 per day per individual exposure to DEHP from Phone Holders, pursuant to Health and Safety Code Section 25249.7(b).

335.     Plaintiff has engaged in good faith efforts to resolve the claims alleged herein prior to filing this Complaint.

FIRST AMENDED COMPLAINT FOR VIOLATION OF PROPOSITION 65, THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986 (HEALTH AND SAFETY CODE § 25249.5, ET SEQ.)

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations

## **PRAYER FOR RELIEF**

Plaintiff demands against each of the Defendants as follows:

1. A permanent injunction mandating Proposition 65-compliant warnings;

2. Penalties pursuant to Health and Safety Code Section 25249.7, subdivision (b);

3. Costs of suit;

4. Reasonable attorney fees and costs; and

5. Any further relief that the court may deem just and equitable.


Dated: June 24, 2020                      YEROUSHALMI & YEROUSHALMI



BY:_____
                    Reuben Yeroushalmi
                    Attorneys for Plaintiff,
                    CONSUMER ADVOCACY GROUP, INC.

FIRST AMENDED COMPLAINT FOR VIOLATION OF PROPOSITION 65, THE SAFE DRINKING WATER
AND TOXIC ENFORCEMENT ACT OF 1986 (HEALTH AND SAFETY CODE § 25249.5, ET SEQ.)

YEROUSHALMI
&
YEROUSHALMI
*An Independent
Association of Law
Corporations