# SETTLEMENT AGREEMENT

## 1.   INTRODUCTION

### 1.1   Parties

This Settlement Agreement is entered into by and between Anthony Held, Ph.D., P.E. ("Held") and Enchante Accessories Inc. ("Enchante"), with Held and Enchante each individually referred to as a "Party" and collectively as the "Parties." Held is an individual residing in the State of California who seeks to promote awareness of exposures to toxic chemicals and to improve human health by reducing or eliminating hazardous substances used in consumer products. Held alleges that Enchante employs ten or more persons and is a person in the course of doing business for purposes of the Safe Drinking Water and Toxic Enforcement Act of 1986, California Health & Safety Code § 25249.6 *et seq.* ("Proposition 65").

### 1.2   General Allegations

Held alleges that Enchante manufactures, sells, and/or distributes for sale in California, vinyl/PVC eye masks containing the phthalate chemical di(2-ethylhexyl)phthalate ("DEHP"). DEHP is listed pursuant to Proposition 65 as a chemical known to cause birth defects or other reproductive harm. Held alleges that Enchante failed to provide the health hazard warning required by Proposition 65 for exposures to DEHP from its vinyl/PVC eye masks.

### 1.3   Product Description

The products that are covered by this Settlement Agreement are vinyl/PVC eye masks containing DEHP that are manufactured, sold or distributed for sale in California by Enchante, including, but not limited to, the *Beauty Concepts Gel Bead Eye Mask Twin Pack, CBACS 301, UPC #7 29016 4358 4* ("Products").

### 1.4   Notice of Violation

On or about August 28, 2014, Held served Enchante and the requisite public enforcement agencies with a 60-Day Notice of Violation ("Notice"), alleging that

Encahnte violated Proposition 65 when it failed to warn its customers and consumers in California that its vinyl/PVC eye masks expose users to DEHP. To the best of the Parties' knowledge, no public enforcer has commenced and is diligently prosecuting the allegations set forth in the Notice.

### 1.5 No Admission

Enchante denies the material, factual, and legal allegations contained in the Notice and maintains that all of the products that it has sold and distributed in California, including the Products, have been, and are, in compliance with all laws. Nothing in this Settlement Agreement shall be construed as an admission by Enchante of any fact, finding, conclusion, issue of law, or violation of law, nor shall compliance with this Settlement Agreement constitute or be construed as an admission by Enchante of any fact, finding, conclusion, issue of law, or violation of law, such being specifically denied by Enchante. However, this Section shall not diminish or otherwise affect Enchante's obligations, responsibilities, and duties under this Settlement Agreement.

### 1.6 Effective Date

For purposes of this Settlement Agreement, the term "Effective Date" shall mean the date all Parties have signed this agreement.

## 2. INJUNCTIVE RELIEF: REFORMULATED PRODUCTS

Commencing on the Effective Date and continuing thereafter, Enchante agrees to only manufacture for sale or purchase for sale in or into California, "Reformulated Products." For purposes of this Settlement Agreement, "Reformulated Products" shall mean Products containing less than or equal to 1,000 parts per million (0.1%) DEHP in each accessible component when analyzed pursuant to Environmental Protection Agency testing methodologies 3580A and 8270C or equivalent methodologies utilized by federal or state agencies for the purpose of determining DEHP content in a solid substance.

3.     **MONETARY SETTLEMENT TERMS**

### 3.1 Civil Penalty Payment

Pursuant to Health and Safety Code section 25249.7(b)(2), and in settlement of all claims alleged in the Notice or referred to in this Settlement Agreement, Enchante agrees to pay $3,000 in civil penalties due within fifteen days of the Effective Date. The penalty payment will be allocated in accordance with California Health and Safety Code section 25249.12(c)(1) & (d), with 75% of the penalty amount remitted to the California Office of Environmental Health Hazard Assessment ("OEHHA") and the remaining 25% of the penalty amount paid to Held. Enchante shall deliver its payment in a single check made payable to "Anthony Held, Client Trust Account." Held's counsel shall be responsible for delivering OEHHA's portion of any civil penalty payment(s) made under this Settlement Agreement to OEHHA.

### 3.2     Attorneys' Fees and Costs

The Parties reached an accord on the compensation due to Held and his counsel under general contract principles and the private attorney general doctrine codified at Code of Civil Procedure section 1021.5 for all work performed in this matter. Under these legal principles, within fifteen days of the Effective Date Enchante agrees to pay $22,000 in the form of a check made payable to "The Chanler Group" for all fees and costs incurred investigating, bringing this matter to the attention of Enchante's management, and negotiating a settlement in the public interest.

### 3.3     Payment Address

All payments under this Settlement Agreement shall be delivered to the following address:

> The Chanler Group
> Attn: Proposition 65 Controller
> 2560 Ninth Street
> Parker Plaza, Suite 214
> Berkeley, CA 94710

## 4. CLAIMS COVERED AND RELEASED

### 4.1 Held's Release of Enchante

This Settlement Agreement is a full, final and binding resolution between Held and Enchante, of any violation of Proposition 65 that was or could have been asserted by Held on his own behalf or on behalf of his past and current agents, representatives, attorneys, successors, and/or assignees, against Enchante, its parents, subsidiaries, affiliated entities under common ownership, directors, officers, employees, attorneys, and each entity to whom Enchante directly or indirectly distributes or sells Products, including its downstream distributors, wholesalers, customers, retailers, franchisees, cooperative members, licensors, and licensees ("Releasees"), based on the alleged failure to warn about exposures to DEHP from Products manufactured, distributed, sold or offered for sale by Enchante in California before the Effective Date.

In further consideration of the promises and agreements herein contained, Held, on his own behalf and on behalf of his past and current agents, representatives, attorneys, successors, and/or assignees, hereby waives any right to institute or participate in, directly or indirectly, any form of legal action and releases all claims that he may have, including, without limitation, all actions and causes of action in law and in equity, all suits, liabilities, demands, obligations, damages, costs, fines, penalties, losses, or expenses including, but not exclusively, investigation fees, expert fees, and attorneys' fees arising under Proposition 65 with respect to exposures to DEHP from Products manufactured, distributed, sold and/or offered for sale by Enchante before the Effective Date.

### 4.2 Enchante' Release of Held

Enchante, on its own behalf, and on behalf of its past and current agents, representatives, attorneys, successors, and/or assignees, hereby waives any and all claims against Held and his attorneys and other representatives, for any and all actions taken or statements made by Held and his attorneys and other representatives, whether

in the course of investigating claims, seeking to enforce Proposition 65 against it in this matter, or with respect to the Products.

5.    **SEVERABILITY**

If, subsequent to the execution of this Settlement Agreement, any of the provisions of this Settlement Agreement are deemed by a court to be unenforceable, the validity of the enforceable provisions remaining shall not be adversely affected.

6.    **GOVERNING LAW**

The terms of this Settlement Agreement shall be governed by the laws of the State of California and apply within the State of California.  In the event that Proposition 65 is repealed or is otherwise rendered inapplicable by reason of law generally, or as to the Products, then Enchante may provide written notice to Held of any asserted change in the law, and shall have no further obligations pursuant to this Settlement Agreement with respect to, and to the extent that, the Products are so affected.

7.    **NOTICE**

Unless specified herein, all correspondence and notice required to be provided pursuant to this Settlement Agreement shall be in writing and sent by: (a) personal delivery; (b) first-class, registered or certified mail, return receipt requested; or (c) a recognized overnight courier on any Party by the other at the following addresses:

For Enchante:                                    For Held:

    Ezra Erani, President                       Proposition 65 Coordinator
    Enchante Accessories Inc.                   The Chanler Group
    144 East 34th Street                        2560 Ninth Street
    New York, NY 10016                          Parker Plaza, Suite 214
                                                Berkeley, CA 94710-2565
    with copy to Enchante's counsel:

    Carol Brophy, Esq.
    Emily Weissenberger, Esq.
    Sedgwick LLP
    333 Bush Street, 30th Floor
    San Francisco, CA  94104-2834

Any Party may, from time to time, specify in writing to the other a change of address to which all notices and other communications shall be sent.

**8.   COUNTERPARTS; FACSIMILE SIGNATURES**

This Settlement Agreement may be executed in counterparts and by facsimile or portable document format (PDF) signature, each of which shall be deemed an original, and all of which, when taken together, shall constitute one and the same document.

**9.   COMPLIANCE WITH HEALTH & SAFETY CODE § 25249.7(f)**

Held and his attorneys agree to comply with the reporting form requirements referenced in California Health and Safety Code section 25249.7(f).

**10.   MODIFICATION**

This Settlement Agreement may be modified only by written agreement of the Parties.

**11.   AUTHORIZATION**

The undersigned are authorized to execute this Settlement Agreement on behalf of their respective Parties and have read, understood, and agree to all of the terms and conditions of this Settlement Agreement.

**AGREED TO:**                          **AGREED TO:**


Date: _April 3, 2015_____       Date: _Mark 30 2015_____

By: _Anthony E Held_____        By: _____
ANTHONY E. HELD, PH.D., P.E.            Ezra Erani, President
                                        ENCHANTE ACCESSORIES INC.

<div align="center">SETTLEMENT AGREEMENT</div>

## 1.   INTRODUCTION

### 1.1   The Parties

This Settlement Agreement is entered into by and between Precila Balabbo ("Balabbo") and Enchante Accessories, Inc. ("Enchante Accessories"). Together, Balabbo and Enchante Accessories are collectively referred to as the "Parties." Balabbo is an individual that resides in the State of California, and seeks to promote awareness of exposures to toxic chemicals and to improve human health by reducing or eliminating hazardous substances contained in consumer products.

Enchante Accessories is considered a person in the course of doing business for purposes of the Safe Drinking Water and Toxic Enforcement Act of 1986, Health & Safety Code section 25249.6, et seq. ("Proposition 65").

### 1.2   General Allegations

Balabbo alleges that Enchante Accessories has imported, distributed and/or sold in the State of California beauty cases containing Di(2-ethylhexyl) phthalate (DEHP) without the requisite Proposition 65 warning.

On January 1, 1988, the State of California listed DEHP as a chemical known to the State to cause cancer. On October 24, 2003, the State of California listed DEHP as a chemical known to cause reproductive toxicity.

### 1.3   Product Description

The products covered by this Settlement Agreement are Beauty Concepts toiletry bags and makeup cases in all shapes, colors and sizes (the "Product" or "Products") that are manufactured, imported, distributed, and/or sold in the State of California by Enchante Accessories, and that contain DEHP.

### 1.4   Notice of Violation

On February 3, 2017, Balabbo served Enchante Accessories and various public enforcement agencies with a document entitled "Notice of Violation of California Health & Safety Code § 25249.5, et seq." (the "Notice"). The Notice provided Enchante Accessories and such others, including public

enforcers, with notice that alleged that Enchante Accessories was in violation of California Health & Safety Code § 25249.5, for failing to warn consumers and customers that the Product exposed users in California to DEHP. No public enforcer has diligently prosecuted the allegations set forth in the Notice.

### 1.5     No Admission

Enchante Accessories denies the material factual and legal allegations contained in the Notice and maintains that, to the best of its knowledge, all products that are or have been sold and distributed in California, including the Products, have been and are in compliance with all laws. Nothing in this Settlement Agreement shall be construed as an admission by Enchante Accessories of any fact, finding, issue of law, or violation of law; nor shall compliance with this Settlement Agreement constitute or be construed as an admission by Enchante Accessories of any fact, finding, conclusion, issue of law or violation of law, such being specifically denied by Enchante Accessories. However, this section shall not diminish or otherwise affect the obligations, responsibilities and duties under this Settlement Agreement. Notwithstanding the allegations in the Notice, Enchante Accessories maintains that it has not knowingly manufactured, or caused to be manufactured, the Products for sale in California in violation of Proposition 65.

### 1.6     Effective Date

For purposes of this Settlement Agreement, the term "Effective Date" shall mean the date this Agreement is last executed by the Parties.

## 2.     INJUNCTIVE RELIEF

### 2.1     Reformulation of the Products

Commencing ninety (90) days after the Effective Date, and continuing thereafter, Enchante Accessories agrees to manufacture, distribute, or purchase for sale in California only (a) reformulated Products pursuant to Section 2.2, or (b) Products that are labeled with a clear and reasonable warning pursuant to Section 2.3. Enchante Accessories and its downstream retailers shall have no obligation to reformulate or label Product that entered the stream of commerce prior to the Effective Date.

### 2.2 Reformulation Standard

"Reformulated Product" shall mean Product that contains in any accessible component less than or equal to 1,000 parts per million ("ppm") of DEHP when analyzed pursuant to U.S. Environmental Protection Agency testing methodologies 3580A and 8270C.

### 2.3 Clear and Reasonable Warnings

Commencing ninety (90) days after the Effective Date, Enchante Accessories shall provide a clear and reasonable warning for any Product that it manufactures, distributes, or purchases for sale in California that is not a Reformulated Product. Enchante Accessories shall provide the warning affixed to the packaging or labeling using language similar to the warnings below:

WARNING: This product contains a chemical known to the State of California to cause cancer, birth defects or other reproductive harm.

Or

WARNING: This product can expose you to chemicals including DEHP, which is known to the State of California to cause cancer and birth defects or other reproductive harm. For more information go to www.P65Warnings.ca.gov.

The warning shall be prominently placed with such conspicuousness as compared with other words, statements, designs, or devices as to render it likely to be read and understood by an ordinary individual under customary conditions before purchase or use. Each warning shall be provided in a manner such that the consumer or user is reasonably likely to understand to which specific Product the warning applies, so as to minimize the risk of consumer confusion.

In the event that the Office of Environmental Health Hazard Assessment promulgates one or more regulations requiring or permitting warning text and/or methods of transmission different than those set forth above, Enchante Accessories shall be entitled to use, at its discretion, such other warning text and/or method of transmission without being deemed in breach of this Agreement.

### 3. PENALTIES PURSUANT TO HEALTH & SAFETY CODE § 25249.7(b)

In settlement of all the claims referred to in this Settlement Agreement, Enchante Accessories shall pay a total of Two Thousand Dollars ($2,000.00) in civil penalties in accordance with this Section. Each penalty payment will be allocated in accordance with California Health & Safety Code

§ 25249.12(c)(1) and (d), with 75% of the funds remitted to the California Office of Environmental Health Hazard Assessment ("OEHHA") and the remaining 25% of the penalty remitted to Balabbo. Each penalty payment shall be delivered to the addresses listed in Section 3.2 below. Enchante Accessories shall be liable for payment of interest, at a rate of 10% simple interest, for all amounts due and owing that are not received within the payment times set forth below.

### 3.1 Civil Penalty

Within ten (10) business days of the Effective Date, Enchante Accessories shall issue two separate checks for the initial civil penalty payment to (a) "OEHHA" in the amount of $1,500.00; and (b) "Brodsky & Smith, LLC in Trust for Balabbo" in the amount of $500.00. All penalty payments shall be delivered to the addresses listed in Section 3.2 below.

### 3.2 Payment Procedures

(a) **Issuance of Payments.** Payments shall be delivered as follows:

(i) All payments owed to Balabbo, pursuant to Section 3.1 shall be delivered to the following payment address:

> Evan J. Smith, Esquire
> Brodsky & Smith, LLC
> Two Bala Plaza, Suite 510
> Bala Cynwyd, PA 19004

(ii) All payments owed to OEHHA (EIN: 68-0284486), pursuant to Section 3.1 shall be delivered directly to OEHHA (Memo Line "Prop 65 Penalties") at the following addresses:

> For United States Postal Service Delivery:

> Mike Gyurics
> Fiscal Operations Branch Chief
> Office of Environmental Health Hazard Assessment
> P.O. Box 4010
> Sacramento, CA 95812-4010

> For Non-United States Postal Service Delivery:

> Mike Gyurics
> Fiscal Operations Branch Chief

Office of Environmental Health Hazard Assessment
1001 I Street
Sacramento, CA 95814

**(b)** **Copy of Payments to OEHHA.** Enchante Accessories agrees to provide Balabbo's counsel with a copy of the checks payable to OEHHA, simultaneous with its penalty payments to Balabbo, to be delivered to the address provided in Section 3.2(a)(i), as proof of payment to OEHHA.

**(C)** **Tax Documentation.** Enchante Accessories agrees to provide a completed IRS 1099 for its payments to, and Balabbo agrees to provide IRS W-9 forms for, each of the following payees under this Settlement Agreement:

(i) "Precila Balabbo" whose address and tax identification number shall be provided within five (5) days after this Settlement Agreement is fully executed by the Parties;

(ii) "Brodsky & Smith, LLC" (EIN: 23-2971061) at the address provided in Section 3.2(a)(i); and

(iii) "Office of Environmental Health Hazard Assessment" 1001 I Street, Sacramento, CA 95814.

## 4. REIMBURSEMENT OF FEES AND COSTS

The Parties acknowledge that Balabbo and her counsel offered to reach preliminary agreement on the material terms of this dispute before reaching terms on the amount of fees and costs to be reimbursed to them. The Parties thereafter reached an accord on the compensation due to Balabbo and her counsel under general contract principles and the private attorney general doctrine and principles codified at California Code of Civil Procedure § 1021.5, for all work performed through the mutual execution of this agreement. Under these legal principles, Enchante Accessories shall reimburse Balabbo's counsel for fees and costs incurred as a result of investigating and bringing this matter to Enchante Accessories's attention, and negotiating a settlement in the public interest. Within ten (10) business days of the Effective Date, Enchante Accessories shall issue a check payable to "Brodsky & Smith, LLC" in the amount of $21,000.00 for delivery to the following address:

## 5. **RELEASE OF ALL CLAIMS**

### 5.1 Release of Enchante Accessories, The TJX Operating Companies, Inc., and Downstream Customers and Entities

This Settlement Agreement is a full, final and binding resolution between Balabbo, acting on her own behalf, and Enchante Accessories, of any violation of Proposition 65 that was or could have been asserted by Balabbo or on behalf of her past and current agents, representatives, attorneys, successors, and/or assigns ("Releasors") for failure to provide warnings for alleged exposures to DEHP contained in the Products, and Releasors hereby release any such claims against Enchante Accessories and its parents, subsidiaries, affiliated entities, shareholders, marketplaces, directors, officers, agents, employees, attorneys, successors and assignees, and each entity to whom Enchante Accessories directly or indirectly distributes or sells the Products, including but not limited to, downstream distributors, wholesalers, customers, retailers, including but not limited to The TJX Operating Companies, Inc. and its respective subsidiaries, affiliates and parents, franchisees, cooperative members and licensees, (collectively, the "Releasees"), from all claims for violations of Proposition 65 through the Effective Date based on their failure to warn about alleged exposures to the chemical DEHP that is contained in the Products, and were manufactured, distributed, sold and/or offered for sale by Enchante Accessories to customers and consumers in the State of California.

In further consideration of the promises and agreements herein contained, and for the payments to be made pursuant to Sections 3 and 4 above, Balabbo, on behalf of herself, her past and current agents, representatives, attorneys, successors and/or assignees, hereby covenants not to sue and waives any right to institute, participate in, directly or indirectly, any form of legal action and releases all claims that she may have, including without limitation, all actions and causes of action in law and in equity, all obligations, expenses (including without limitation all attorneys' fees, expert fees, and investigation fees, and costs), damages, losses, liabilities and demands against any of the Releasees of

any nature, character, or kind, whether known or unknown, suspected or unsuspected, limited to and arising out of the alleged or actual exposure to the chemical DEHP in the Products.

### 5.2 Enchante Accessories Release of Balabbo

Enchante Accessories, on behalf of itself, its past and current agents, representatives, attorneys, successors and/or assignees, hereby waives any and all claims against Balabbo, her attorneys and other representatives, for any and all actions taken or statements made (or those that could have been taken or made) by Balabbo and/or her attorneys and other representatives, whether in the course of investigating claims or otherwise seeking to enforce Proposition 65 against it in this matter or with respect to the Products.

### 5.3 California Civil Code Section 1542

It is possible that other claims not known to the Parties arising out of the facts alleged in the Notice and relating to the Products will develop or be discovered. Balabbo on behalf of herself only, on one hand, and Enchante Accessories, on the other hand, acknowledge that this Agreement is expressly intended to cover and include all such claims up through the Effective Date, including all rights of action therefor. The Parties acknowledge that the claims released in Sections 5.1 and 5.2 above may include unknown claims, and nevertheless waive California Civil Code section 1542 as to any such unknown claims. California Civil Code section 1542 reads as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Balabbo and Enchante Accessories each acknowledge and understand the significance and consequences of this specific waiver of California Civil Code section 1542.

### 5.4 Deemed Compliance with Proposition 65

Compliance by Enchante Accessories with this Settlement Agreement constitutes compliance with Proposition 65 with respect to exposures to DEHP in the Products.

### 5.5. Public Benefit

It is Enchante Accessories's understanding that the commitments it has agreed to herein, and actions to be taken by Enchante Accessories under this Settlement Agreement, would confer a significant benefit to the general public, as set forth in Code of Civil Procedure section 1021.5 and Cal. Admin. Code tit. 11, section 3201. As such, it is the intent of Enchante Accessories that to the extent any other private party initiates an action alleging a violation of Proposition 65 with respect to Enchante Accessories's failure to provide a warning concerning exposure to DEHP with respect to the Products it has manufactured, distributed, sold, or offered for sale in California, or will manufacture, distribute, sell, or offer for sale in California, such private party action would not confer a significant benefit on the general public as to those Products addressed in this Settlement Agreement, provided that Enchante Accessories is in material compliance with this Settlement Agreement.

### 6. SEVERABILITY

If, subsequent to the execution of this Settlement Agreement, any of the provisions of this Settlement Agreement are deemed by a court to be unenforceable, the validity of the enforceable provisions remaining shall not be adversely affected but only to the extent the deletion of the provision deemed unenforceable does not materially affect, or otherwise result in the effect of the Settlement Agreement being contrary to the intent of the Parties in entering into this Settlement Agreement.

### 7. GOVERNING LAW

The terms of this Settlement Agreement shall be governed by the law of the State of California and apply within the State of California. In the event that Proposition 65 is repealed or is otherwise rendered inapplicable or limited by reason of law generally, or as to the Products, Enchante Accessories shall provide written notice to Balabbo of any asserted change in the law, and shall have no further obligations pursuant to this Settlement Agreement with respect to, and to the extent that, a Product is so affected.

### 8. NOTICES

Unless specified herein, all correspondence and notices required to be provided pursuant to this Settlement Agreement shall be in writing and personally delivered or sent by: (i) first-class

(registered or certified mail) return receipt requested; or (ii) overnight or two-day courier on any party by the other party to the following addresses:

For Enchante Accessories:

Carol Brophy
Sedgwick LLP
333 Bush Street, 30th Floor
San Francisco, CA 94104-2834

For Balabbo:

Evan J. Smith
Brodsky & Smith, LLC
Two Bala Plaza, Suite 510
Bala Cynwyd, PA 19004

Any party, from time to time, may specify in writing to the other party a change of address to which all notices and other communications shall be sent.

## 9. COUNTERPARTS: SIGNATURES

This Settlement Agreement may be executed in counterparts and by facsimile or .pdf signature, each of which shall be deemed an original, and all of which, when taken together, shall constitute one and the same document.

## 10. COMPLIANCE WITH HEALTH & SAFETY CODE § 25249.7(f)

Balabbo agrees to comply with the reporting requirements referenced in Health & Safety Code section 25249.7(f).

## 11. MODIFICATION

This Settlement Agreement may be modified only by a written agreement of the Parties.

## 12. **AUTHORIZATION**

The undersigned are authorized to execute this Settlement Agreement and have read, understood and agree to all of the terms and conditions contained of this Settlement Agreement.

**AGREED TO:**                                   **AGREED TO:**

Date: 5/25/17                                    Date: 6|5|2017

By: _____                           By: _____
Precila Balabbo                                  Enchante Accessories, Inc.

# SETTLEMENT AGREEMENT

## 1. <u>INTRODUCTION</u>

### 1.1     Parties

This Settlement Agreement is entered into by and between Enchante Accessories Inc. (referred to herein as "Enchante") and Anthony E. Held, Ph.D., P.E. (referred to herein as "Held"), with Enchante and Held each individually referred to as a "Party" and collectively referred to as the "Parties." Held is an individual residing in the State of California who seeks to promote awareness of exposures to toxic chemicals, and to improve human health by reducing or eliminating hazardous substances contained in consumer products. Held alleges that Enchante employs ten or more persons and is a person in the course of doing business for purposes of the Safe Drinking Water and Toxic Enforcement Act of 1986, Health & Safety Code §25249.6 *et seq.* ("Proposition 65").

### 1.2     General Allegations

Held alleges that Enchante manufactures, imports, distributes, sells and/or offers for sale in California vinyl/PVC storage bins handles containing di(2-ethylhexyl)phthalate ("DEHP"). DEHP is listed pursuant to Proposition 65 as a chemical known to cause birth defects or other reproductive harm. Held alleges that Enchante failed to provide the health hazard warning allegedly required by Proposition 65 for exposures to DEHP from vinyl/PVC storage bin handles.

### 1.3     Product Description

The products that are covered by this Settlement Agreement are storage bins with vinyl/PVC handles (collectively, the "Products") manufactured, imported or purchase for resale by Enchante that contain DEHP.

### 1.4     Notice of Violation

On or about December 13, 2017, Held served Enchante, and certain requisite public enforcement agencies with a 60-Day Notice of Violation ("Notice"), alleging that Enchante violated Proposition 65 by failing to warn its customers and consumers in California that its Products expose users to DEHP. To the best of the Parties' knowledge, no public enforcer has commenced and is diligently prosecuting the allegations set forth in the Notice.

### 1.5 No Admission

Enchante denies the material, factual, and legal allegations contained in the Notice and maintains that all of the products that it has sold and distributed in California, including the Products, have been, and are, in compliance with all laws. Nothing in this Settlement Agreement shall be construed as, nor shall compliance with this Settlement Agreement constitute or be construed as, an admission by Enchante of any fact, finding, conclusion, issue of law, or violation of law, such being specifically denied by Enchante. However, this Section shall not diminish or otherwise affect Enchante's obligations, responsibilities, and duties under this Settlement Agreement. Notwithstanding the allegations in the Notice, Enchante maintains that it has not knowingly manufactured or caused to be manufactured, the Products for sale in California in violation of Proposition 65.

### 1.6 Effective Date

For purposes of this Settlement Agreement, the term "Effective Date" shall mean the date on which the parties execute this Settlement Agreement.

## 2. PRODUCT REFORMULATIONS AND WARNINGS

### 2.1 Reformulation Commitment

Commencing on the Effective Date and continuing thereafter, Enchante shall only distribute, ship, sell or offer for sale in California, Products that are Reformulated Products as defined by Section 2.2, below, or Products that are labeled with a clear and reasonable warning as set forth under Section 2.4, below.

### 2.2 Reformulation Standard

For purposes of this Settlement Agreement, "Reformulated Products" are either 1) Products with handles made of wood and containing no vinyl/PVC materials, or 2) Products with vinyl/PVC materials containing less than or equal to 1,000 parts per million (0.1%) DEHP in each accessible component when analyzed pursuant to Consumer Product Safety Commission ("CPSC") methodology CPSC-CH-C1001.09.3 and Environmental Protection Agency testing methodologies 8270C or equivalent methodologies utilized by federal or state agencies for the purpose of determining DEHP content in a solid substance, or any other methodology used by federal or state agencies for the purpose of

determining phthalate content in a solid substance.

**2.3** **Product Warning Triggers based on DEHP Concentration Levels.**

Products intended for retail sale in California that contain DEHP in or on any accessible component in excess of 0.1% (1,000 ppm) will trigger a warning as set forth in Section 2.3.

**2.4** **Consumer Product Exposure Warning Language.**

Commencing on the Effective Date, Enchante shall ensure that any Products which are not Reformulated Products that it distributes, ships or sells to California retailers or distributors with nationwide distribution or offers or intends for sale in California include a clear and reasonable warning pursuant to this Section. The warning shall be prominently placed with such conspicuousness when compared with other words, statements, designs or devices as to render it likely to be read and understood by an ordinary individual under customary conditions of use. The warning shall be affixed to the packaging or labeling and contain one of the following statements:

> ⚠️**WARNING**: Cancer and Reproductive Harm - www.P65Warnings.ca.gov.

> **OR**

> ⚠️**WARNING**: This product can expose you to chemicals including DEHP, which is known to the State of California to cause cancer and birth defects or other reproductive harm. For more information go to www.P65Warnings.ca.gov.

After the Effective Date, but before August 30, 2018, the following warning, or one that complies with 27 CCR section 25600, et. seq. may be used:

> **WARNING**: This product contains a chemical known to the State of California to cause cancer, birth defects or other reproductive harm.

**3.** **MONETARY SETTLEMENT TERMS**

**3.1** **Civil Penalty** Pursuant to Health & Safety Code § 25249.7(b)

Pursuant to Health and Safety Code §25249.7(b)(2), and in settlement of all claims alleged in the Notice, Enchante agrees to pay a total of $6,500 in civil penalties. Each penalty payment will be allocated in accordance with Health and Safety Code §25249.12(c)(1) & (d), with 75% of the penalty amount remitted to the California Office of Environmental Health Hazard Assessment ("OEHHA") and the remaining 25% of the penalty amount retained by Held, as set forth in Setions 3.1.1 and 3.1.2 below.

Held's counsel shall be responsible for delivering OEHHA's portion of the penalty payments made under this Settlement Agreement.

   3.1.1 **Initial Civil Penalty Payment.** Enchante shall pay an initial civil penalty of $1,500. Within ten (10) days of the Effective Date, Enchante shall provide its initial civil penalty payment as follows: (i) a check in the amount of $1,125 payable to "OEHHA" and (ii) a check in the amount of $375 payable to "Anthony Held Client Trust Account."

   3.1.2 **Final Civil Penalty Payment.** Enchante shall pay a final civil penalty of $5,000. However, the final civil penalty shall be waived in its entirety, if, on or before the September 15, 2018, an officer of Enchante certifies that as of August 30, 2018, all Products distributed, shipped or sold to California retailers or distributors with nationwide distribution or offered or intended for sale in California are Reformulated Products as defined by Section 2.2, and that Enchante will continue to distribute, ship or sell to California retailers or distributors with nationwide distribution and offer for sale in California only Reformulated Products in the future. The option to certify to product reformulation in lieu of making the final civil penalty payment required by this Section is a material term, and time is of the essence. Unless waived, on or before September 30, 2018, shall provide its final civil penalty payment as follows: (i) a check in the amount of $3,750 payable to "OEHHA" and (ii) a check in the amount of $1,250 payable to "Anthony Held Client Trust Account."

  **3.2**  **Attorneys' Fees and Costs**

  The Parties reached an accord on the compensation due to Held and his counsel under general contract principles and the private attorney general doctrine codified at Code of Civil Procedure §1021.5 for all work performed in this matter. Under these legal principles, within ten (10) days of the Effective Date, Enchante agrees to pay $23,000 to Held and his counsel for all fees and costs incurred investigating, bringing this matter to the attention of Enchante's management, and negotiating a settlement in the public interest. Enchante's payment shall be in the form of a check payable to "The Chanler Group."

/ / /

/ / /

### 3.3 Payment Address

All payments required by this Settlement Agreement shall be delivered to:

> The Chanler Group
> Attn: Proposition 65 Controller
> 2560 Ninth Street
> Parker Plaza, Suite 214
> Berkeley, CA 94710

## 4. CLAIMS COVERED AND RELEASED

### 4.1 Held's Release of Enchante

This Settlement Agreement is a full, final and binding resolution between Held, as an individual, and *not* on behalf of the public, and Enchante, of any violation of Proposition 65 that was or could have been asserted by Held on behalf of himself, his past and current agents, principals, employees, insurers, accountants, entities under his ownership or direction, representatives, attorneys, predecessors, successors, and/or assignees and heirs, against Enchante, its parents, subsidiaries, affiliated entities under common ownership, directors, officers, employees, attorneys, and each entity to whom Enchante directly or indirectly distributes, ships, or sells the Products, including, but not limited, its downstream distributors, wholesalers, customers, retailers, franchisees, cooperative members, and licensees, and their owners, directors, officers, agents, principals, employees, attorneys, insurers, accountants, predecessors, successors, and assigns (collectively, the "Releasees"), for any and all claims based on the failure to warn about alleged exposures to DEHP contained in the Products before the Effective Date, as alleged in the Notice.

In further consideration of the promises and agreements herein contained, Held as an individual, and *not* on behalf of the public, on behalf of himself, his past and current agents, principals, employees, insurers, accountants, entities under his ownership or direction, representatives, attorneys, successors, and/or assignees, hereby waives any and all rights that he may have to institute or participate in, directly or indirectly, any form of legal action and releases all claims that Held may have, including, without limitation, all actions, and causes of action, in law or in equity, suits, liabilities, demands, obligations, damages, costs, fines, penalties, losses, or expenses including, but not exclusively, investigation fees, expert fees, and attorneys' fees arising under Proposition 65 with respect to DEHP in the Products

before the Effective Date (collectively "claims"), against Enchante and Releasees.

**4.2 Enchante's Release of Held**

Enchante, on its own behalf, and on behalf of its past and current agents, representatives, attorneys, successors, and/or assignees, hereby waives any and all claims against Held and his attorneys and other representatives, for any and all actions taken or statements made by Held and his attorneys and other representatives, whether in the course of investigating claims articulated in the Notice, otherwise seeking to enforce Proposition 65 against it in this matter, or with respect to the Products.

**4.3 California Civil Code Section 1542**

It is possible that other claims not known to the Parties arising out of the facts alleged in the Notice and relating to the Products will develop or be discovered. Held on behalf of himself only, on one hand, and Enchante, on the other hand, acknowledge that this Agreement is expressly intended to cover and include all such claims up through the Effective Date, including all rights of action therefor. The Parties acknowledge that the claims released in Paragraphs 4.1 and 4.2, above, may include unknown claims, and nevertheless waive California Civil Code § 1542 as to any such unknown claims. California Civil Code § 1542 reads as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Held and Enchante each acknowledge and understand the significance and consequences of this specific waiver of California Civil Code § 1542.

**4.4 Deemed Compliance with Proposition 65**

Compliance by Enchante with this Settlement Agreement constitutes compliance with Proposition 65 with respect to exposures to DEHP in the Products.

**5. <u>SEVERABILITY</u>**

If, subsequent to the execution of this Settlement Agreement, any of the provisions of this Settlement Agreement are deemed by a court to be unenforceable, the validity of the enforceable provisions remaining shall not be adversely affected.

**6.      GOVERNING LAW**

The terms of this Settlement Agreement shall be governed by the laws of the State of California and apply within the State of California.  In the event that Proposition 65 is repealed or otherwise rendered inapplicable by reason of law generally, as to DEHP or as to the Products, then Enchante may provide written notice to Held of any asserted change in the law, or its applicability to Enchante or the Products, and shall have no further injunctive obligations pursuant to this Settlement Agreement with respect to, and to the extent that, Enchante or the Products are so affected.

**7.      NOTICE**

Unless specified herein, all correspondence and notice required to be provided pursuant to this Settlement Agreement shall be in writing and sent by: (a) personal delivery; (b) first-class, registered or certified mail, return receipt requested; or (c) a recognized overnight courier on any Party by the other at the following addresses:

| **Enchante:** | Ezra Erani, C.E.O.<br>Enchante Accessories Inc.<br>16 East 34th Street, 16th Floor<br>New York, NY 100160 | **Held:** | Proposition 65 Coordinator<br>The Chanler Group<br>2560 Ninth Street<br>Parker Plaza, Suite 214<br>Berkeley, CA 94710 |
|---|---|---|---|

on behalf of **Enchante:**

Carol R. Brophy, Esq.
Steptoe & Johnson LLP
One Market Street, Suite 1800
San Francisco, CA 94105

Any Party may, from time to time, specify in writing to the other a change of address to which all notices and other communications shall be sent.

**8.      COUNTERPARTS; FACSIMILE SIGNATURES**

This Settlement Agreement may be executed in counterparts and by facsimile or portable document format (PDF) signature, each of which shall be deemed an original, and all of which, when taken together, shall constitute one and the same document.

**9.      COMPLIANCE WITH HEALTH & SAFETY CODE §25249.7(f)**

Held and his attorneys agree to comply with the reporting form requirements referenced in Health and Safety Code §25249.7(f).

10.    **MODIFICATION**

This Settlement Agreement may be modified only by written agreement of the Parties.

11.    **ENTIRE AGREEMENT**

This Settlement Agreement contains the sole and entire agreement of the Parties and any and all prior negotiations and understandings related hereto shall be deemed to have been merged within it.  No representations or terms of agreement other than those contained herein exist or have been made by any Party with respect to the other Party or the subject matter hereof.

12.    **AUTHORIZATION**

The undersigned are authorized to execute this Settlement Agreement on behalf of their respective Parties and have read, understood, and agree to all of the terms and conditions of this Settlement Agreement.

**AGREED TO:**                                          **AGREED TO:**

Date:_ 6/25/2018 _____                Date:_____


By:_____          By:_____
    Anthony E. Held, Ph.D., P.E.                         Ezra Erani, C.E.O.
                                              Enchante Accessories Inc.

10. **MODIFICATION**

This Settlement Agreement may be modified only by written agreement of the Parties.

11. **ENTIRE AGREEMENT**

This Settlement Agreement contains the sole and entire agreement of the Parties and any and all prior negotiations and understandings related hereto shall be deemed to have been merged within it. No representations or terms of agreement other than those contained herein exist or have been made by any Party with respect to the other Party or the subject matter hereof.

12. **AUTHORIZATION**

The undersigned are authorized to execute this Settlement Agreement on behalf of their respective Parties and have read, understood, and agree to all of the terms and conditions of this Settlement Agreement.

**AGREED TO:**

Date:_____

By:_____
    Anthony E. Held, Ph.D., P.E.

**AGREED TO:**

Date: 6/25/2018

By:_____
    Ezra Erani, C.E.O.
    Enchante Accessories Inc.

FORM JUS 1501
(03-01)

# REPORT OF SETTLEMENT

*Please print or type required information*

☐ Original Filing    ☐ Supplemental Filing    ☐ Corrected Filing

## PARTIES TO THE ACTION

PLAINTIFF(S)

DEFENDANT(S) INVOLVED IN SETTLEMENT

## CASE INFO

COURT DOCKET NUMBER

COURT NAME

SHORT CASE NAME

## REPORT INFO

INJUNCTIVE RELIEF

PAYMENT: CIVIL PENALTY

PAYMENT: ATTORNEYS FEES

PAYMENT: OTHER

WILL SETTLEMENT BE SUBMITTED TO COURT?
☐ Yes ☐ No

IF YES, AFTER ENTRY OF JUDGMENT BY COURT, REPORT OF ENTRY OF JUDGMENT MUST BE SUBMITTED TO ATTORNEY GENERAL

DATE SETTLEMENT SIGNED
/ /

For Internal Use Only

## COPY OF SETTLEMENT MUST BE ATTACHED

## FILER INFO

NAME OF CONTACT

ORGANIZATION

TELEPHONE NUMBER
( )

ADDRESS

FAX NUMBER
( )

CITY     STATE    ZIP

E-MAIL ADDRESS

**FILING INSTRUCTIONS:** This form can be completed online and printed. If electronic filing is not available, mail the completed form with a copy of the settlement to the attention of the Prop 65 Coordinator at the address shown above. If you need additional space to complete this form please use an attachment.

Shefa LMV, INC. ("Shefa") and Enchante Accessories, Inc. ("Defendant"), (Shefa and Defendant collectively are referred to as the "Parties") enter into this agreement ("Settlement Agreement") for the purpose of avoiding prolonged and costly litigation to settle Shefa's allegations that Defendant violated the California Safe Drinking Water and Toxic Enforcement Act of 1986, California Health and Safety Code §25249.6 *et seq.* ("Proposition 65"). The effective date of this Settlement Agreement shall be the date upon which it is fully executed by all Parties hereto (the "Effective Date").

1.0 **Introduction**

1.1 Shefa is a California-based entity that seeks to promote awareness of exposures to toxic chemicals and improve human health by reducing or eliminating hazardous substances contained in consumer and industrial products.

1.2 Shefa alleges that Defendant manufactures, imports, sells, or distributes for sale in the State of California products that contain Di-[2-Ethylhexyl] Phthalate ("DEHP") without first providing a clear and reasonable warning as required by Proposition 65.

1.3 DEHP is listed pursuant to Proposition 65 as a chemical known to cause cancer and birth defects or other reproductive harm.

1.4 The products covered by this Settlement Agreement are exfoliating cleaner

1

products contained in resealable plastic bags manufactured by or for Defendant, imported by or for Defendant, or distributed or sold by or for Defendant to others, including, but not limited to, Body Prescriptions Silk Pore Exfoliating, Cleanser, UPC: 72901699947 (the "Covered Products") that contain DEHP without first providing a clear and reasonable warning as required by Proposition 65.

1.5    On January 1, 1988, the Governor of California added DEHP to the list of chemicals known to the State to cause cancer.

1.6    On October 24, 2003, the Governor of California added DEHP to the list of chemicals known to the State to cause reproductive toxicity.

1.7    These additions took place more than twelve (12) months before Shefa served its "60-Day Notice of Violation" which is further described below.

1.8    DEHP is referred to hereinafter as the "Listed Chemical."

1.9    On or about December 21, 2017, Shefa served Defendant, as well as certain relevant public enforcement agencies, with a document entitled "60-Day Notice Of Violation" ("Notice") advising of its intent to sue for violations of Proposition 65 arising from or related to Covered Products containing the Listed Chemical.

1.10    The Notice alleged that Defendant violated Proposition 65 by failing to warn consumers in California that use of Covered Products exposed users to the Listed Chemical.

1.11    To the best of the Parties' knowledge, no public enforcer has commenced and is diligently prosecuting the same allegations against Defendant.

1.12    Defendant denies the material, factual and legal allegations contained in the Notice and maintains that all of the products that it has sold and distributed in California,

2

including the Covered Products, are and have been in compliance with all laws.

1.13    The Parties enter into this Settlement Agreement to settle disputed claims between the Parties as alleged in the Notice and as set forth below concerning the Parties' and the Covered Products' compliance with Proposition 65 (the "Dispute").

1.14    By execution of this Settlement Agreement, the Parties do not admit any facts or conclusions of law, including, but not limited to, any facts or conclusions of law regarding any violation of Proposition 65, or any other statutory, regulatory, common law, or equitable doctrine. Nothing in this Settlement Agreement shall be construed as an admission against interest by any Party of any fact, conclusion of law, issue of law, or violation of law.

1.15    Nothing in this Settlement Agreement, nor compliance with its terms, shall constitute or be construed, considered, offered, or admitted as evidence of an admission against interest or evidence of fault, wrongdoing, or liability by Defendant, its officers, directors, employees, or parents, subsidiaries, or affiliated corporations, or any person acting for Defendant, or any direct or indirect customer of Defendant who sold or sells the Covered Products, in any administrative or judicial proceeding or litigation in any court, agency, or forum.

1.16    Except for the allegations settled and compromised, nothing in this Settlement Agreement shall prejudice, waive, or impair any right, remedy, argument, or defense that Shefa or Defendant may have against one another in any other legal proceeding as to allegations unrelated to the Dispute or claims released herein.

**2.0    Release**

2.1    This Settlement Agreement is a full, final, and binding resolution between Shefa,

3

individually and *not* in its representative capacity, and (a) Defendant, and its owners, parents, subsidiaries, affiliates, sister and related companies, employees, shareholders, members, officers, directors, insurers, agents, attorneys, predecessors, successors, and assigns (collectively the "Releasees"), and (b) all entities to whom Releasees directly or indirectly provide, distribute, or sell the Covered Products, including but not limited to distributors, wholesalers, customers, retailers, franchisees, cooperative members, and licensees, including but not limited to The TJX Compaines, Inc., TJ Maxx of CA, LLC, Marshalls, Inc., and Marshalls of CA, LLC ("Downstream Releasees"), on the other hand, of any violation(s) or claimed violation(s) of Proposition 65 or any statutory or common law claim that has been, could have been, or may in the future be asserted against the Releasees and/or Downstream Releasees regarding exposing persons to the Listed Chemical and the failure to warn about exposure to the Listed Chemical arising in connection with the Covered Products manufactured, shipped, and/or otherwise distributed prior to the Effective Date, even if sold by Downstream Releasees after the Effective Date. The Parties agree that compliance with the terms of this Settlement Agreement by Defendant shall be deemed to be compliance with Proposition 65 by Releasees and Downstream Releasees with respect to any exposures to the Listed Chemical in the Covered Products manufactured, distributed, or sold by Defendant after the Effective Date.

2.2     The Covered Products subject to this Settlement Agreement are limited to those manufactured by or for Defendant, or imported by or for Defendant, or distributed by or for Defendant, or sold by or for Defendant.

2.3     Shefa, on behalf of itself, its past and current agents, representatives, attorneys, successors, and/or assignees, but not in its capacity as representative of the public, hereby waives

and releases with respect to the Covered Products all rights to institute or participate in, directly or indirectly, any form of legal action, including, without limitation, all actions, and causes of action, in law or in equity, suits, liabilities, demands, obligations, damages, costs, fines, penalties, losses, or expenses (including, but not limited to, investigation fees, expert fees, and attorneys' fees) (collectively the "Claims"), against Releasees and/or Downstream Releasees that arise under Proposition 65 or any other statutory or common law claims that were or could have been asserted in respect of any Covered Products sold up to the Effective Date, including without limitation to the extent that such claims relate to Releasees' and/or Downstream Releasees' alleged exposure of persons to the Listed Chemical contained in the Covered Products or any failure by Releasees and Downstream Releasees to warn about exposures to the Listed Chemical contained in the Covered Products.

2.4     Shefa acknowledges that it is familiar with Section 1542 of the Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Shefa, its past and current agents, representatives, attorneys, successors, and/or assignees, in its individual and *not* representative capacity, expressly waives and relinquishes any and all rights and benefits which it may have under, or which may be conferred on it by the provisions

of, Civil Code § 1542, as well as under any other state or federal statute or common law principle of similar effect, to the fullest extent that it may lawfully waive such rights or benefits pertaining to the released matters.

**3.0**     **Defendant's Duties**

3.1     Commencing on the Effective Date, Defendant shall only sell or offer for sale in California Covered Products that are Compliant Products.  For purposes of this Settlement Agreement, Compliant Products are defined as those Covered Products containing the Listed Chemical in a concentration less than or equal to 1,000 parts per million ("ppm") (0.1%) when analyzed pursuant to a scientifically reliable application of U.S. Environmental Protection Agency testing methodologies 3580A and 8270C or any other scientifically reliable methodology for determining the Listed Chemical content in a substance of the form of the Covered Products herein ("Reformulation Standard"), or those Covered Products exhibiting a warning in compliance with Proposition 65 ("Compliant Warning").

3.2     Whenever a clear and reasonable warning is required under Section 3.1 for Covered Products offered for sale in the State of California, it shall state one of the warnings described in Section 3.3 in such a conspicuous and prominent manner as to be likely to be read and understood by the consumer prior to or at the time of the sale or purchase.

3.3     The Parties agree that any of the following warnings shall constitute a Compliant Warning for the Listed Chemical in the Covered Products:

(a)     the text, "**WARNING: This product contains a chemical known to the State of California to cause cancer, birth defects or other reproductive harm**" as provided by existing regulations; or

6

(b)     the text, **"WARNING This product can expose you to DEHP, which is known to the State of California to cause birth defects or other reproductive harm. For more information go to www.P65Warnings.ca.gov."** accompanied by and placed to the right of a symbol consisting of a black exclamation point in a yellow equilateral triangle with a bold black outline sized to be no smaller than the word, "WARNING" as provided by regulations adopted on or about August 30, 2016; or

(c)     the text, **"WARNING Cancer and Reproductive Harm - www.P65Warnings.ca.gov."** accompanied by and placed to the right of a symbol consisting of a black exclamation point in a yellow equilateral triangle with a bold black outline sized to be no smaller than the word, "WARNING" as provided by regulations adopted on or about August 30, 2016.

The triangular warning symbol specified in Section 3.3(b) and 3.3(c) shall be in yellow with a black exclamation mark; *provided however*, the symbol may be printed in black and white if the Covered Product label is not printed against a yellow background.

3.4     The Parties agree that the specifications for Compliant Warnings in this Settlement Agreement comply with Proposition 65 and its regulations as of the date of this Settlement Agreement, and with regulations adopted on or about August 30, 2016 and which become effective August 30, 2018.

3.5     If modifications or amendments to Proposition 65 or its regulations after the Effective Date are inconsistent with, or provide warning specifications or options different from, the specifications in this Settlement Agreement, Defendant may modify the content and delivery methods of its warnings to conform to the modified or amended provisions of Proposition 65 or

7

its regulations.

## 4.0 <u>**Payments**</u>

**4.1** **Payment from Defendant**. Within ten (10) business days of the Effective Date, Defendant shall make the Total Settlement Payment of $17,500.00.

**4.2** **Allocation of Payments**. The Total Settlement Payment shall be paid in three (3) separate checks made payable and allocated as follows:

**4.2.1** **Civil Penalty.** Defendant shall pay $3,000.00 as a civil penalty pursuant to Health & Safety Code § 25249.7(b). The civil penalty shall be apportioned in accordance with Health & Safety Code § 25249.12 (25% to Shefa and 75% to the State of California's Office of Environmental Health Hazard Assessment ("OEHHA")). Accordingly, the OEHHA portion of the civil penalty payment in the amount of $2,250.00 shall be made payable to OEHHA and associated with taxpayer identification number 68-0284486. This payment shall be delivered as follows:

For United States Postal Service Delivery:
    Attn: Mike Gyurics
    Fiscal Operations Branch Chief
    Office of Environmental Health Hazard Assessment
    P.O. Box 4010, MS #19B
    Sacramento, CA 95812-4010

For Non-United States Postal Service Delivery:
    Attn: Mike Gyurics
    Fiscal Operations Branch Chief
    Office of Environmental Health Hazard Assessment
    1001 I Street, MS #19B
    Sacramento, CA 95814

The Shefa portion of the civil penalty payment in the amount of $750.00 shall be made payable to Shefa LMV, Inc. and associated with taxpayer identification number 81-0907002. This payment shall be delivered to the Law Office of Daniel N.

SETTLEMENT AGREEMENT BETWEEN SHEFA LMV, INC. AND
ENCHANTE ACCESSORIES, INC

Greenbaum, 7120 Hayvenhurst Ave, Suite 320, Van Nuys, CA 91406.

**4.2.2 Attorneys' fees and Costs.** A reimbursement of Shefa's attorney's fees and costs in the amount of $14,500.00 payable to the "Law Office of Daniel N. Greenbaum," and associated with taxpayer identification number 46-4580172. This payment shall be delivered to the Law Office of Daniel N. Greenbaum, 7120 Hayvenhurst Ave, Suite 320, Van Nuys, CA 91406.

**4.2.3** <u>Tax Forms:</u> Additionally, two separate 1099s shall be issued for the above payments: The first 1099 shall be issued to OEHHA, P.O. Box 4010, Sacramento, CA 95184 (EIN: 68-0284486) in the amount of $2,250.00. The second 1099 shall be issued in the amount of $750.00 to Shefa and delivered to: Daniel N. Greenbaum, 7120 Hayvenhurst Avenue, Suite 320, Van Nuys, CA 91406.

## 5.0 <u>Report of the Settlement Agreement to the Office of the Attorney General</u>

5.1     Shefa shall report this Settlement Agreement to the Attorney General's Office within five (5) days of the Parties' execution of this Settlement Agreement.

## 6.0 <u>Execution in Counterparts and Facsimile</u>

6.1     This Settlement Agreement may be executed in counterparts, which taken together shall be deemed to constitute the same document.

6 . 2     A facsimile or portable document format (PDF) signature shall be as valid as the original.

## 7.0 <u>Entire Agreement</u>

7.1     This Settlement Agreement contains the sole and entire agreement and understanding of the Parties with respect to the entire subject matter hereof, and all related prior

9

discussions, negotiations, commitments, and understandings.

7.2     No other agreements, oral or otherwise, exist to bind any of the Parties.

**8.0     Modification of Settlement Agreement**

8.1     Any modification to this Settlement Agreement shall be in writing and signed by the Parties.

**9.0     Application of Settlement Agreement**

9.1     This Settlement Agreement shall apply to, be binding upon, and inure to the benefit of, Shefa and the Releasees and Downstream Releasees identified in Section 2 above. Defendant's compliance with this Settlement Agreement shall constitute compliance with Proposition 65 by the Releasees and Downstream Releasees with regard to the Listed Chemical in the Covered Products.

**10.0     Enforcement of Settlement Agreement**

10.1     Any Party may file suit before the Superior Court of the County of Los Angeles, consistent with the terms and conditions set forth in paragraphs 10.2 and 10.3 of this Settlement Agreement, to enforce the terms and conditions contained in this Settlement Agreement.

10.2     No action to enforce this Settlement Agreement may be commenced or maintained, and no notice of violation related to the Covered Products may be served or filed against Defendant by Shefa, unless the Party seeking enforcement or alleging violation notifies the other Party of the specific acts alleged to breach this Settlement Agreement at least 90 days before serving or filing any action or Notice of Violation and the entity receiving the notice fails to comply with the requirements set forth in Section 10.3 below.  Any notice to Defendant alleging a new violation with respect to a Covered Product which is not subject to the

releases of claims herein must contain (a) the name of the product, including SKU if applicable, (b) specific dates when the product was sold after the Effective Date in California without reformulation or a warning, (c) the store or other place at which the product was available for sale to consumers, (d) evidence that the Reformulation Standard was exceeded or warning not provided, and (e) any other evidence or other support for the allegations in the notice.

10.3    Within thirty (30) days (or such additional time as the Parties may mutually agree upon) of receiving the notice described in Section 10.2, Defendant and Shefa shall meet and confer on the alleged violation.  If Defendant refutes the alleged violation (for example, by establishing the Covered Product is subject to the releases of claims herein or by producing test results documenting the subject Covered Product meets the Reformulation Standard), no further action is necessary.  If Shefa establishes the violation, then Defendant shall send the store or other place at which the product was available for sale to the public a letter directing that the subject product be immediately removed from inventory and returned to Defendant. Should the Parties be unable to resolve the dispute, any Party may seek relief under Section 10.1.

**11.0    Notification Requirements**

11.1    Any notice required or permitted hereunder shall be effective only if given in writing and delivered in person, certified or registered mail return receipt requested, or traceable overnight delivery service, to the following designees:

> For Shefa:
> Daniel N. Greenbaum, Esq.
> Law Office of Daniel N. Greenbaum
> 7120 Hayvenhurst Avenue, Suite 320
> Van Nuys, CA 91406
>
> For Enchante Accessories, Inc.
> Carol R. Brophy, Esq.

SETTLEMENT AGREEMENT BETWEEN SHEFA LMV, INC. AND
ENCHANTE ACCESSORIES, INC

Steptoe & Johnson, LLP
One Market Street
Steuart Tower 18th Floor
San Francisco, CA 94105

Any Party may change its designee(s) for purposes of notification by providing written notice of such change pursuant to this section.

**12.0**  **SEVERABILITY**

12.1    If subsequent to the execution of this Settlement Agreement, any of the provisions of this Settlement Agreement are held by a court to be unenforceable, the validity of the enforceable provisions remaining shall not be adversely affected.

**13.0**  **GOVERNING LAW**

13.1    The terms of this Settlement Agreement shall be governed by the laws of the State of California and apply within the State of California. This Settlement Agreement shall have no application to Covered Products which are not sold to California consumers.

13.2    In the event that Proposition 65 is repealed, preempted, or otherwise rendered inapplicable by reason of law generally, or as to the Covered Products, then Defendant shall have no further obligations pursuant to this Settlement Agreement with respect to, and to the extent that, any Covered Products that are so affected.

13.3    The Parties, including their counsel, have participated in the preparation of this Settlement Agreement and this Settlement Agreement is the result of the joint efforts of the Parties.

13.4    This Settlement Agreement was subject to revision and modification by the Parties and has been accepted and approved as to its final form by all Parties and their counsel.

13.5    Each Party to this Settlement Agreement agrees that any statute or rule of

SETTLEMENT AGREEMENT BETWEEN SHEFA LMV, INC. AND
ENCHANTE ACCESSORIES, INC

construction providing that ambiguities are to be resolved against the drafting Party should not be employed in the interpretation of this Settlement Agreement and, in this regard, the Parties hereby waive California Civil Code § 1654.

**14.0    AUTHORIZATION**

14.1    Each signatory to this Settlement Agreement certifies that he or she is fully authorized by the Party he or she represents to stipulate to this Settlement Agreement and to enter into and execute the Settlement Agreement on behalf of the Party represented and legally bind that Party.

14.2    The undersigned have read, understand, and agree to all of the terms and conditions of this Settlement Agreement.

14.3    Except as explicitly provided herein, each Party is to bear its own fees and costs.


AGREED TO:

Dated:    **10/3/18**                           SHEFA LMV, INC.


By: _(signature)_

Dated:    **10|3|18**                           ENCHANTE ACCESSORIES, INC


By: _(signature)_
CFO
Abraham Weinberg

13

SETTLEMENT AGREEMENT BETWEEN SHEFA LMV, INC. AND
ENCHANTE ACCESSORIES, INC

# SETTLEMENT AGREEMENT

## 1. INTRODUCTION

**1.1** **The Parties.** This Settlement Agreement is entered into by and between Hector Velarde ("Velarde") individually, and as administrator of the Estate of Karen Charlene Calacin, and Enchante Accessories, Inc. ("Enchante"). Together, Velarde and Enchante are collectively referred to as the "Parties." Velarde is an individual that resides in the State of California, and seeks to promote awareness of exposures to toxic chemicals and to improve human health by reducing or eliminating hazardous substances contained in consumer products. Enchante is alleged to be a person in the course of doing business for purposes of the Safe Drinking Water and Toxic Enforcement Act of 1986, Health & Safety Code § 25249.6, et seq. ("Proposition 65").

On or about June 8, 2018, the Superior Court for the County of Los Angeles appointed Velarde as the administrator of the Estate of Karen Charlene Calacin, who passed away on March 1, 2018.

**1.2** **General Allegations**. Velarde alleges that Enchante has imported, distributed and/or sold in the State of California Catherine Malandrino Cases/Bags that contain di(2-ethylhexyl) phthalate (DEHP) without providing a requisite Proposition exposure 65 warning. On January 1, 1988, the State of California listed DEHP as a chemical known to the State to cause cancer. On October 24, 2003, the State of California listed DEHP as a chemical known to cause reproductive toxicity.

**1.3** **Product Description.** The products covered by this Settlement Agreement are Catherine Malandrino Cases/Bags (the "Covered Products") that have been imported, distributed, offered for sale and/or sold in California by Enchante.

**1.4** **Notice of Violation.** On December 27, 2017, and on March 19, 2018, Calacin and Velarde, respectively, served Enchante, Ross Stores, Inc. ("Ross Stores"), and various public enforcement agencies with a document entitled "Notice of Violation of California Health & Safety Code § 25249.5, et seq." (the "Notices"). The Notices provided Enchante and such others, including public enforcers, with notice that alleged that Enchante was in violation of California Health &

Safety Code § 25249.5, for failing to warn consumers and customers that the Product exposed users in California to DEHP. No public enforcer has diligently prosecuted the allegations set forth in the Notices.

**1.5    No Admission.**    Enchante denies the material factual and legal allegations contained in the Notices and maintains that, to the best of its knowledge, all products that are or have been sold and distributed in California, including the Covered Products, have been and are in compliance with all laws. Nothing in this Settlement Agreement shall be construed as an admission by Enchante of any fact, finding, issue of law, or violation of law; nor shall compliance with this Settlement Agreement constitute or be construed as an admission by Enchante of any fact, finding, conclusion, issue of law or violation of law, such being specifically denied by Enchante. However, Paragraph 1.5 shall not diminish or otherwise affect the obligations, responsibilities and duties under this Settlement Agreement. Notwithstanding the allegations in the Notice, Enchante maintains that it has not knowingly manufactured, or caused to be manufactured, the Products for sale in California in violation of Proposition 65.

**1.6    Effective Date.**    For purposes of this Settlement Agreement, the term "Effective Date" shall mean the date this Agreement is last executed by the Parties.

**2.    INJUNCTIVE RELIEF: WARNINGS**

**2.1    Reformulation of Covered Products.**    As of the date this Settlment Agreement is signed by both Parties, and continuing thereafter, Covered Products that Enchante directly manufactures, imports, distributes, sells, or offers for sale in California shall either: (a) be Reformulated Products pursuant to § 2.2, below; or (b) be labeled with a clear and reasonable exposure warning pursuant to §§ 2.3 and 2.4, below. For purposes of this Settlment Agreement, a "Reformulated Product" is a Covered Product that is in compliance with the standard set forth in § 2.2 below. The warning requirement set forth in §§ 2.3 and 2.4 shall not apply to any Reformulated Product.

**2.2    Reformulation Standard.**    "Reformulated Products" shall mean Covered Products that contain concentrations less than or equal to 0.1% (1,000 parts per million (ppm) of DEHP when

analyzed pursuant to U.S. Environmental Protection Agency testing methodologies 3580A and 8270C or other methodologies utilized by federal or state government agencies for the purpose of determining the phthalate content in a solid substance.

2.3 **Clear and Reasonable Warning**. As of the date this Settlment Agreement is signed by both Parties, and continuing thereafter, a clear and reasonable exposure warning as set forth in this §§ 2.3 and 2.4 must be provided for all Covered Products that Enchante manufactures, imports, distributes, sells, or offers for sale in California that is not a Reformulated Product. There shall be no obligation for Enchante to provide a warning for Covered Products that enter the stream of commerce prior to the date this Settlment Agreement is signed by both Parties. The warning shall consist of either the **Warning** or **Alternative Warning** described in §§ 2.3(a) or (b), respectively:

(a) **Warning**. The "Warning" shall consist of the statement:

⚠ **WARNING**: This product can expose you to chemicals including di(2-ethylhexyl) phthalate (DEHP), which is known to the State of California to cause cancer and birth defects or other reproductive harm. For more information go to www.P65Warnings.ca.gov.

(b) **Alternative Warning**: Enchante may, but is not required to, use the alternative short-form warning as set forth in this § 3.3(b) ("**Alternative Warning**") as follows:

⚠ **WARNING**: Cancer and Reproductive Harm - www.P65Warnings.ca.gov.

2.4 A **Warning** or **Alternative Warning** provided pursuant to § 2.3 must print the word "**WARNING:**" in all capital letters and in bold font, followed by a colon. The warning symbol to the left of the word "**WARNING:**" must be a black exclamation point in a yellow equilateral triangle with a black outline, provided however, the symbol may be printed in black and white if the Covered Product's label is not printed against a yellow background. The symbol must be in a size no smaller than the height of the word "**WARNING:**". The warning shall be affixed to or printed on the Covered Product's packaging or labeling, or on a placard, shelf tag, sign or electronic device or automatic process, providing that the warning is displayed with such conspicuousness, as compared with other words, statements, or designs as to render it likely to be read and understood by an ordinary individual under customary conditions of purchase or use. A warning may be contained

in the same section of the packaging, labeling, or instruction booklet that states other safety warnings, if any, concerning the use of the product and shall be at least the same size as those other safety warnings.

2.5 **Compliance with Warning Regulations.** Enchante shall be deemed to be in compliance with this Settlement Agreement by either adhering to §§ 2.3 and 2.4 of this Settlement Agreement or by complying with warning requirements adopted by OEHHA after the Effective Date.

3. **PENALTIES PURSUANT TO HEALTH & SAFETY CODE § 25249.7(b)**

In settlement of all the claims referred to in this Settlement Agreement, Enchante shall pay $1,000.00 as a Civil Penalty in accordance with this Section. The Civil Penalty payment shall be allocated in accordance with California Health & Safety Code § 25249.12(c)(1) and (d), with 75% of the funds remitted to the California Office of Environmental Health Hazard Assessment ("OEHHA") and the remaining 25% of the penalty remitted to Velarde. The Civil Penalty payment(s) shall be delivered to the addresses identified in Paragraph 3.2, below.

**3.1 Civil Penalty.** Within ten (10) business days of the Effective Date, Enchante shall issue two separate checks for the Civil Penalty payment to (a) "OEHHA" in the amount of $750.00; and to (b) "Brodsky & Smith, LLC in Trust for Velarde" in the amount of $250.00. The Civil Penalty payment(s) shall be delivered to the addresses identified in Paragraph 3.2, below.

**3.2 Payment Procedures.**

**(a) Issuance of Payments.** Payments shall be delivered as follows:

(i) All payments owed to Velarde, pursuant to Paragraph 3.1 shall be delivered to the following payment address:

Evan J. Smith, Esquire
Brodsky & Smith, LLC
Two Bala Plaza, Suite 510
Bala Cynwyd, PA 19004

(ii)     All payments owed to OEHHA (EIN: 68-0284486), pursuant to Paragraph 3.1 shall be delivered directly to OEHHA (Memo Line "Prop 65 Penalties") at the following addresses:

For United States Postal Service Delivery:

Mike Gyurics
Fiscal Operations Branch Chief
Office of Environmental Health Hazard Assessment
P.O. Box 4010
Sacramento, CA  95812-4010

For Non-United States Postal Service Delivery:

Mike Gyurics
Fiscal Operations Branch Chief
Office of Environmental Health Hazard Assessment
1001 I Street
Sacramento, CA  95814

**(b)     Copy of Payment to OEHHA.**  Enchante agrees to provide Velarde's counsel with a copy of the check payable to OEHHA, simultaneous with its penalty payments to Velarde, to be delivered to the address provided in Paragraph 3.2(a)(i), as proof of payment to OEHHA.

**(C)     Tax Documentation.**  Enchante agrees to provide a completed IRS 1099 for its payments to, and Velarde agrees to provide IRS W-9 forms for, each of the following payees under this Settlement Agreement:

(i)     "Hector Velarde" whose address and tax identification number shall be provided within five (5) days after this Settlement Agreement is fully executed by the Parties;

(ii)     "Brodsky & Smith, LLC" (EIN: 23-2971061) at the address provided in Paragraph 3.2(a)(i); and

(iii)     "Office of Environmental Health Hazard Assessment" 1001 I Street, Sacramento, CA 95814.

## 4.  REIMBURSEMENT OF FEES AND COSTS

The Parties acknowledge that Velarde and his counsel offered to reach preliminary agreement on the material terms of this dispute before reaching terms on the amount of fees and costs to be reimbursed to them.  The Parties thereafter reached an accord on the compensation due to Velarde and his counsel under general contract principles and the private attorney general doctrine and principles codified at California Code of Civil Procedure § 1021.5, for all work performed through the mutual execution of this agreement.  Under these legal principles, Enchante shall reimburse Velarde's counsel for fees and costs incurred as a result of investigating and bringing this matter to Enchante attention, and negotiating a settlement in the public interest.  Within ten (10) business days of the Effective Date, Enchante shall issue a check payable to "Brodsky & Smith, LLC" in the amount of $14,000.00 for delivery to the address identified in Paragraph 3.2(a)(i), above.

## 5.  RELEASE OF ALL CLAIMS

### 5.1  Release of Enchante and Downstream Customers and Entities. This  Settlement Agreement is a full, final and binding resolution between Velarde, acting on his own behalf, and Enchante, of any violation of Proposition 65 that was or could have been asserted by Velarde or on behalf of his past and current agents, representatives, attorneys, successors, and/or assigns ("Releasors") for failure to provide warnings for alleged exposures to DEHP contained in the Covered Products, and Releasors hereby release any such claims against Enchante and its parents, subsidiaries, affiliated entities, shareholders, marketplaces, directors, officers, agents, employees, attorneys, successors and assignees, and each entity to whom Enchante directly or indirectly distributes or sells the Covered Products, including but not limited to, downstream distributors, wholesalers, customers, retailers, including but not limited to Ross Stores and its respective subsidiaries, affiliates and parents, franchisees, cooperative members and licensees, (collectively, the "Releasees"), from all claims for violations of Proposition 65 through the Effective Date based on their failure to warn about alleged exposures to the chemical DEHP that is contained in the

Covered Products, and were manufactured, distributed, sold and/or offered for sale by Enchante to customers and consumers in the State of California.

In further consideration of the promises and agreements herein contained, and for the payments to be made pursuant to Sections 3 and 4 above, Velarde, on behalf of himself, his past and current agents, representatives, attorneys, successors and/or assignees, hereby covenants not to sue and waives any right to institute, participate in, directly or indirectly, any form of legal action and releases all claims that he may have, including without limitation, all actions and causes of action in law and in equity, all obligations, expenses (including without limitation all attorneys' fees, expert fees, and investigation fees, and costs), damages, losses, liabilities and demands against any of the Releasees of any nature, character, or kind, whether known or unknown, suspected or unsuspected, limited to and arising out of the alleged or actual exposure to the chemical DEHP in the Products.

**5.2    Enchante's Release of Velarde**.    Enchante, on behalf of itself, its past and current agents, representatives, attorneys, successors and/or assignees, hereby waives any and all claims against Velarde, his attorneys and other representatives, for any and all actions taken or statements made (or those that could have been taken or made) by Velarde and/or his attorneys and other representatives, whether in the course of investigating claims or otherwise seeking to enforce Proposition 65 against it in this matter or with respect to the Products.

**5.3    California Civil Code § 1542**.    It is possible that other claims not known to the Parties arising out of the facts alleged in the Notices and relating to the Covered Products will develop or be discovered.  Velarde on behalf of himself only, on one hand, and Enchante, on the other hand, acknowledge that this Agreement is expressly intended to cover and include all such claims up through the Effective Date, including all rights of action therefor. The Parties acknowledge that the claims released in Paragraphs 5.1 and 5.2, above, may include unknown claims, and nevertheless waive California Civil Code § 1542 as to any such unknown claims. California Civil Code § 1542 reads as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF

KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Velarde and Enchante each acknowledge and understand the significance and consequences of this specific waiver of California Civil Code § 1542.

**5.4**   **Deemed Compliance with Proposition 65**. Compliance by Enchante with this Settlement Agreement constitutes compliance with Proposition 65 with respect to exposures to DEHP in the Covered Products.

**5.5.**   **Public Benefit**.   It is Enchante's understanding that the commitments it has agreed to herein, and actions to be taken by Enchante under this Settlement Agreement, would confer a significant benefit to the general public, as set forth in Code of Civil Procedure § 1021.5 and Cal. Admin. Code tit. 11, § 3201. As such, it is the intent of Enchante that to the extent any other private party initiates an action alleging a violation of Proposition 65 with respect to Enchante for failure to provide a warning concerning exposure to DEHP with respect to the Covered Products it has manufactured, distributed, sold, or offered for sale in California, or will manufacture, distribute, sell, or offer for sale in California, such private party action would not confer a significant benefit on the general public as to those Covered Products addressed in this Settlement Agreement, provided that Enchante is in material compliance with this Settlement Agreement.

**6.**   **SEVERABILITY**

If, subsequent to the execution of this Settlement Agreement, any of the provisions of this Settlement Agreement are deemed by a court to be unenforceable, the validity of the enforceable provisions remaining shall not be adversely affected but only to the extent the deletion of the provision deemed unenforceable does not materially affect, or otherwise result in the effect of the Settlement Agreement being contrary to the intent of the Parties in entering into this Settlement Agreement.

**7.**   **GOVERNING LAW**

The terms of this Settlement Agreement shall be governed by the law of the State of California and apply within the State of California.  In the event that Proposition 65 is repealed or is otherwise rendered inapplicable or limited by reason of law generally, or as to the Covered Products,

Enchante shall provide written notice to Velarde of any asserted change in the law, and shall have no further obligations pursuant to this Settlement Agreement with respect to, and to the extent that, a Product is so affected.

8. **NOTICES**

Unless specified herein, all correspondence and notices required to be provided pursuant to this Settlement Agreement shall be in writing and personally delivered or sent by: (i) first-class (registered or certified mail) return receipt requested; or (ii) overnight or two-day courier on any party by the other party to the following addresses:

For Enchante:

> Carol Brophy
> Steptoe & Johnson, LLP
> Steuart Tower, 1 Market Street, #1800
> San Francisco, CA 94105

For Velarde:

> Evan J. Smith
> Brodsky & Smith, LLC
> Two Bala Plaza, Suite 510
> Bala Cynwyd, PA 19004

Any party, from time to time, may specify in writing to the other party a change of address to which all notices and other communications shall be sent.

9. **COUNTERPARTS: SIGNATURES**

This Settlement Agreement may be executed in counterparts and by facsimile or .pdf signature, each of which shall be deemed an original, and all of which, when taken together, shall constitute one and the same document.

10. **COMPLIANCE WITH HEALTH & SAFETY CODE § 25249.7(f)**

Velarde agrees to comply with the reporting requirements referenced in Health & Safety Code § 25249.7(f).

11. **MODIFICATION**

This Settlement Agreement may be modified only by a written agreement of the Parties.

## 12. ENTIRE AGREEMENT

This Settlement Agreement contains the sole and entire agreement of the Parties and any and all prior negotiations and understandings related hereto shall be deemed to have been merged within it. No representations or terms of agreement other than those contained herein exist or have been made by any Party with respect to the other Party or the subject matter hereof.

## 12. AUTHORIZATION

The undersigned are authorized to execute this Settlement Agreement and have read, understood and agree to all of the terms and conditions contained of this Settlement Agreement.

AGREED TO:                                    AGREED TO:

Date: 8/10/18                                 Date: _____

By: _____                  By: _____

Hector Velarde, Individually and             Enchante Accessories, Inc.
as Administrator of the Estate
of Karen Charlene Calacin

12.     **ENTIRE AGREEMENT**

This Settlement Agreement contains the sole and entire agreement of the Parties and any and all prior negotiations and understandings related hereto shall be deemed to have been merged within it.  No representations or terms of agreement other than those contained herein exist or have been made by any Party with respect to the other Party or the subject matter hereof.

12.     **AUTHORIZATION**

The undersigned are authorized to execute this Settlement Agreement and have read, understood and agree to all of the terms and conditions contained of this Settlement Agreement.

        **AGREED TO:**                         **AGREED TO:**


Date:_____        Date:_____8/14/18_____


By: _____        By:_____
        Hector Velarde, Individually and              Enchante Accessories, Inc.
        as Administrator of the Estate
        of Karen Charlene Calacin

# SETTLEMENT AGREEMENT

## 1. <u>INTRODUCTION</u>

**1.1     The Parties.**   This Settlement Agreement is entered into by and between Ema Bell ("Bell") and Enchante Accessories, Inc. ("Enchante").   Together, Bell and Enchante are collectively referred to as the "Parties."   Bell is an individual that resides in the State of California, and seeks to promote awareness of exposures to toxic chemicals and to improve human health by reducing or eliminating hazardous substances contained in consumer products.   Bell alleges that Enchante is a person in the course of doing business for purposes of the Safe Drinking Water and Toxic Enforcement Act of 1986, Health & Safety Code § 25249.6, et seq. ("Proposition 65").

**1.2     General Allegations.** Bell alleges that Enchante has exposed individuals to the chemical di(2-ethylhexyl) phthalate (DEHP) from its sales of 2018 planners/notebooks without first providing users and consumers of the product with a clear and reasonable health hazard exposure warning as required pursuant to Proposition 65.   DEHP is listed pursuant to Proposition 65 as a chemical known to the State of California to cause cancer and reproductive toxicity.

**1.3     Product Description.** The products covered by this Settlement Agreement are 2018 planners/notebooks (the "Products") that have been imported, distributed, offered for sale and/or sold in California by Enchante and contain DEHP without first providing a clear and reasonable warning as required by Proposition 65

**1.4     Notice of Violation.**   On May 22, 2018, Bell served The TJX Companies, Inc. ("TJX") and various public enforcement agencies with a document entitled "Notice of Violation of California Health & Safety Code § 25249.6, et seq." (the "Notice").   Pursuant to Health and Safety Code section 25600.2(g), TJX, the retail seller, provided Bell with Enchante's name and contact information.   On June 18, 2018, Bell served Enchante and various public enforcement agencies with a document entitled "Notice of Violation of California Health & Safety Code § 25249.6, et seq." (the "Supplemental Notice").   The Supplemental Notice provided Enchante and such others, including public enforcers, with notice that alleged that Enchante was in violation of California Health & Safety Code § 25249.6, for failing to warn California consumers and customers that use of

the Products will expose them to DEHP. To the best of the Parties' knowledge, no public enforcer has diligently prosecuted the allegations set forth in the Notice and Supplemental Notice.

**1.5     No Admission.** Enchante denies the material factual and legal allegations contained in the Notice and maintains that, to the best of its knowledge, all products that are or have been sold and distributed in California, including the Products, have been and are in compliance with all laws. Nothing in this Settlement Agreement shall be construed as an admission by Enchante of any fact, finding, issue of law, or violation of law; nor shall compliance with this Settlement Agreement constitute or be construed as an admission by Enchante of any fact, finding, conclusion, issue of law or violation of law, such being specifically denied by Enchante. However, Section 1.5 shall not diminish or otherwise affect the obligations, responsibilities and duties under this Settlement Agreement. Notwithstanding the allegations in the Notice, Enchante maintains that it has not knowingly manufactured, or caused to be manufactured, the Products for sale in California in violation of Proposition 65.

**1.6     Effective Date.** For purposes of this Settlement Agreement, the term "Effective Date" shall mean the date this Agreement is last executed by the Parties.

## 2.     INJUNCTIVE RELIEF: WARNINGS

**2.1     Reformulation of Products.** As of the Effective Date, and continuing thereafter, Products that Enchante directly manufactures, imports, distributes, sells, or offers for sale in California shall either: (a) be Reformulated Products pursuant to § 2.2, below; or (b) be labeled with a clear and reasonable exposure warning pursuant to §§ 2.3 and 2.4, below. For purposes of this Settlement Agreement, a "Reformulated Product" is a Product that is in compliance with the standard set forth in § 2.2, below. The warning requirement set forth in §§ 2.3 and 2.4 shall not apply to any Reformulated Product.

**2.2     Reformulation Standard.** "Reformulated Products" shall mean Products that contain concentrations less than or equal to 0.1% (1,000 parts per million (ppm)) of DEHP when analyzed pursuant to U.S. Environmental Protection Agency testing methodologies 3580A and

8270C or other methodology utilized by federal or state government agencies for the purpose of determining the phthalate content in a solid substance.

**2.3     Clear and Reasonable Warning**.    As of the Effective Date, and continuing thereafter, a clear and reasonable exposure warning as set forth in this §§ 2.3 and 2.4 must be provided for all Products that Enchante manufacturers, imports, distributes, sells, or offers for sale in California that is not a Reformulated Product.    There shall be no obligation for Enchante to provide an exposure warning for Products that entered the stream of commerce prior to the Effective Date. The warning shall consist of either the **Warning** or **Alternative Warning** described in §§ 2.3(a) or (b), respectively:

(a)     **Warning**.  The "Warning" shall consist of the statement:

⚠ **WARNING**: This product can expose you to chemicals including di(2-ethylhexyl) phthalate (DEHP), which is known to the State of California to cause cancer and birth defects or other reproductive harm. For more information go to www.P65Warnings.ca.gov.

(b)     **Alternative Warning**: Enchante may, but is not required to, use the alternative short-form warning as set forth in this § 2.3(b) ("**Alternative Warning**") as follows:

⚠ **WARNING**: Cancer and Reproductive Harm - www.P65Warnings.ca.gov.

**2.4**     A **Warning** or **Alternative Warning** provided pursuant to § 2.3 must print the word "**WARNING:**" in all capital letters and in bold font, followed by a colon.  The warning symbol to the left of the word "**WARNING:**" must be a black exclamation point in a yellow equilateral triangle with a black outline; *provided however* that the warning symbol may be printed in black and white if the warning symbol is not printed against a yellow background.  The symbol must be in a size no smaller than the height of the word "**WARNING:**".  The warning shall be affixed to or printed on the Products' packaging or labeling, or on a placard, shelf tag, sign or electronic device or automatic process, providing that the warning is displayed with such conspicuousness, as compared with other words, statements, or designs as to render it likely to be read and understood by an ordinary individual under customary conditions of purchase or use.  A warning may be contained in the same section of the packaging, labeling, or instruction booklet that states other safety warnings,

if any, concerning the use of the Product and shall be at least the same size as those other safety warnings.

**2.5    Compliance with Warning Regulations.**    Enchante shall be deemed to be in compliance with this Settlement Agreement by either adhering to §§ 2.3 and 2.4 of this Settlement Agreement or by complying with warning requirements adopted by the State of California's Office of Environmental Health Hazard Assessment ("OEHHA") after the Effective Date.

## 3.    <u>PENALTIES PURSUANT TO HEALTH & SAFETY CODE § 25249.7(b)</u>

In settlement of all the claims referred to in this Settlement Agreement, Enchante shall pay $1,000.00 as a Civil Penalty in accordance with this Section. The Civil Penalty payment shall be allocated in accordance with California Health & Safety Code § 25249.12(c)(1) and (d), with 75% of the funds remitted to OEHHA and the remaining 25% of the penalty remitted to Bell. The Civil Penalty payment(s) shall be delivered to the addresses identified in § 3.2, below.    **3.1    Civil Penalty.**    Within ten (10) business days of the Effective Date, Enchante shall issue two separate checks for the Civil Penalty payment to (a) "OEHHA" in the amount of $750.00; and to (b) "Brodsky & Smith, LLC in Trust for Bell" in the amount of $250.00. The Civil Penalty payment(s) shall be delivered to the addresses identified in § 3.2, below.

**3.2    Payment Procedures.**

**(a)    Issuance of Payments.**    Payments shall be delivered as follows:

(i)    All payments owed to Bell, pursuant to § 3.1 shall be delivered to the following payment address:

Evan J. Smith, Esquire
Brodsky & Smith, LLC
Two Bala Plaza, Suite 510
Bala Cynwyd, PA 19004

(ii)    All payments owed to OEHHA (EIN: 68-0284486), pursuant to § 3.1 shall be delivered directly to OEHHA (Memo Line "Prop 65 Penalties") at the following addresses:

For United States Postal Service Delivery:

Mike Gyurics
Fiscal Operations Branch Chief
Office of Environmental Health Hazard Assessment
P.O. Box 4010
Sacramento, CA 95812-4010

For Non-United States Postal Service Delivery:

Mike Gyurics
Fiscal Operations Branch Chief
Office of Environmental Health Hazard Assessment
1001 I Street
Sacramento, CA 95814

    **(b)**    **Copy of Payments to OEHHA.** Enchante agrees to provide Bell's counsel with a copy of the checks payable to OEHHA, simultaneous with its penalty payments to Bell, to be delivered to the address provided in § 3.2(a)(i), as proof of payment to OEHHA.

    **(C)**    **Tax Documentation.** Enchante agrees to provide a completed IRS 1099 for its payments to, and Bell agrees to provide IRS W-9 forms for, each of the following payees under this Settlement Agreement:

    (i)    "Ema Bell" whose address and tax identification number shall be provided within five (5) days after this Settlement Agreement is fully executed by the Parties;

    (ii)    "Brodsky & Smith, LLC" (EIN: 23-2971061) at the address provided in Section 3.2(a)(i); and

    (iii)    "Office of Environmental Health Hazard Assessment" 1001 I Street, Sacramento, CA 95814.

## 4.    <u>REIMBURSEMENT OF FEES AND COSTS</u>

The Parties acknowledge that Bell and her counsel offered to reach preliminary agreement on the material terms of this dispute before reaching terms on the amount of fees and costs to be reimbursed to them. The Parties thereafter reached an accord on the compensation due to Bell and her counsel under general contract principles and the private attorney general doctrine and principles codified at California Code of Civil Procedure § 1021.5, for all work performed through the mutual

execution of this agreement. Under these legal principles, Enchante shall reimburse Bell's counsel for fees and costs incurred as a result of investigating and bringing this matter to Enchante's attention, and negotiating a settlement in the public interest. Within ten (10) business days of the Effective Date, Enchante shall issue a check payable to "Brodsky & Smith, LLC" in the amount of $13,500.00 for delivery to the address identified in § 3.2(a)(i), above.

## 5.    RELEASE OF ALL CLAIMS

5.1    **Release of Enchante and Downstream Customers and Entities.** This Settlement Agreement is a full, final and binding resolution between Bell, acting on her own behalf, and Enchante, of any violation of Proposition 65 that was or could have been asserted by Bell or on behalf of her past and current agents, representatives, attorneys, successors, and/or assigns ("Releasors") for failure to provide warnings for alleged exposures to DEHP contained in the Products, and Releasors hereby release any such claims against Enchante and its parents, subsidiaries, affiliated entities, shareholders, marketplaces, directors, officers, agents, employees, attorneys, successors and assignees, and each entity to whom Enchante directly or indirectly distributes or sells the Products, including but not limited to, downstream distributors, wholesalers, customers, retailers, including but not limited to TJX, and its respective subsidiaries, affiliates and parents, franchisees, cooperative members and licensees (collectively, the "Releasees"), from all claims for violations of Proposition 65 through the Effective Date based on their failure to warn about alleged exposure to the chemical DEHP that is contained in the Products.

In further consideration of the promises and agreements herein contained, and for the payments to be made pursuant to §§ 3 and 4 above, Bell, on behalf of herself, her past and current agents, representatives, attorneys, successors and/or assignees, hereby covenants not to sue and waives any right to institute, participate in, directly or indirectly, any form of legal action and releases all claims that she may have, including without limitation, all actions and causes of action in law and in equity, all obligations, expenses (including without limitation all attorneys' fees, expert fees, and investigation fees, and costs), damages, losses, liabilities and demands against any of the

Releasees of any nature, character, or kind, whether known or unknown, suspected or unsuspected, limited to and arising out of the alleged or actual exposure to the chemical DEHP in the Products.

**5.2    Enchante's Release of Bell**.  Enchante, on behalf of itself, its past and current agents, representatives, attorneys, successors and/or assignees, hereby waives any and all claims against Bell, her attorneys and other representatives, for any and all actions taken or statements made (or those that could have been taken or made) by Bell and/or her attorneys and other representatives, whether in the course of investigating claims or otherwise seeking to enforce Proposition 65 against it in this matter or with respect to the Products.

**5.3    California Civil Code § 1542**.  It is possible that other claims not known to the Parties arising out of the facts alleged in the Notice and relating to the Products will develop or be discovered.  Bell on behalf of herself only, on one hand, and Enchante, on the other hand, acknowledge that this Agreement is expressly intended to cover and include all such claims up through the Effective Date, including all rights of action therefor. The Parties acknowledge that the claims released in §§ 5.1 and 5.2, above, may include unknown claims, and nevertheless waive California Civil Code § 1542 as to any such unknown claims.  California Civil Code § 1542 reads as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Bell and Enchante each acknowledge and understand the significance and consequences of this specific waiver of California Civil Code § 1542.

**5.4    Deemed Compliance with Proposition 65**. Compliance by Enchante with this Settlement Agreement constitutes compliance with Proposition 65 with respect to exposure to DEHP from use of the Products.

**5.5.    Public Benefit**.  It is Enchante's understanding that the commitments it has agreed to herein, and actions to be taken by Enchante under this Settlement Agreement, would confer a significant benefit to the general public, as set forth in Code of Civil Procedure § 1021.5 and Cal.

Admin. Code tit. 11, § 3201. As such, it is the intent of Enchante that to the extent any other private party initiates an action alleging a violation of Proposition 65 with respect to Enchante failure to provide a warning concerning exposure to DEHP prior to use of the Products it has manufactured, distributed, sold, or offered for sale in California, or will manufacture, distribute, sell, or offer for sale in California, such private party action would not confer a significant benefit on the general public as to those Products addressed in this Settlement Agreement, provided that Enchante is in material compliance with this Settlement Agreement.

6.  **SEVERABILITY**

If, subsequent to the execution of this Settlement Agreement, any of the provisions of this Settlement Agreement are deemed by a court to be unenforceable, the validity of the enforceable provisions remaining shall not be adversely affected but only to the extent the deletion of the provision deemed unenforceable does not materially affect, or otherwise result in the effect of the Settlement Agreement being contrary to the intent of the Parties in entering into this Settlement Agreement.

7.  **GOVERNING LAW**

The terms of this Settlement Agreement shall be governed by the law of the State of California and apply within the State of California. In the event that Proposition 65 is repealed or is otherwise rendered inapplicable or limited by reason of law generally, or as to the Products, Enchante shall provide written notice to Bell of any asserted change in the law, and shall have no further obligations pursuant to this Settlement Agreement with respect to, and to the extent that, a Product is so affected.

8.  **NOTICES**

Unless specified herein, all correspondence and notices required to be provided pursuant to this Settlement Agreement shall be in writing and personally delivered or sent by: (i) first-class (registered or certified mail) return receipt requested; or (ii) overnight or two-day courier on any party by the other party to the following addresses:

For Enchante:

Carol R. Brophy
Steptoe & Johnson LLP
One Market Street
Suite 1800
San Francisco, CA 94105

For Bell:

Evan J. Smith
Brodsky & Smith, LLC
Two Bala Plaza, Suite 510
Bala Cynwyd, PA 19004

Either party, from time to time, may specify in writing to the other party a change of address to which all notices and other communications shall be sent.

**9.     COUNTERPARTS: SIGNATURES**

This Settlement Agreement may be executed in counterparts and by facsimile or .pdf signature, each of which shall be deemed an original, and all of which, when taken together, shall constitute one and the same document.

**10.     COMPLIANCE WITH HEALTH & SAFETY CODE § 25249.7(f)**

Bell agrees to comply with the reporting requirements referenced in Health & Safety Code § 25249.7(f).

**11.     MODIFICATION**

This Settlement Agreement may be modified only by a written agreement of the Parties.

**12.     ENTIRE AGREEMENT**

This Settlement Agreement contains the sole and entire agreement of the Parties and any and all prior negotiations and understandings related hereto shall be deemed to have been merged within it. No representations or terms of agreement other than those contained herein exist or have been made by any Party with respect to the other Party or the subject matter hereof.

**13.     AUTHORIZATION**

The undersigned are authorized to execute this Settlement Agreement and have read, understood and agree to all of the terms and conditions contained of this Settlement Agreement.

**AGREED TO:**                    **AGREED TO:**

Date: 2|8|19                      Date: _____

By: _____       By: _____
    Ema Bell                          Enchante Accessories, Inc.

**AGREED TO:**                          **AGREED TO:**

Date:_____          Date: 2/7/19 _____

By: _____             By: _____
       Ema Bell                                Enchante Accessories, Inc.

# SETTLEMENT AND RELEASE AGREEMENT

## 1. INTRODUCTION

### 1.1. Ecological Alliance, LLC and Enchante Accessories, Inc.

This Settlement Agreement is entered into by and between Ecological Alliance, LLC ("Ecological"), on the one hand, and Enchante Accessories Inc. ("Enchante" or "Defendant"), on the other hand, with Ecological and Enchante collectively referred to as the "Parties."

### 1.2. General Allegations

Ecological alleges that Enchante manufactured and/or distributed and/or offered for sale in the State of California gentlemen's kits, hanging organizers, and travel kits containing Di(2-ethylhexyl)phthalate (DEHP) and/or diisononyl phthalate ("DINP") and that such sales have not included warnings pursuant to the Safe Drinking Water and Toxic Enforcement Act of 1986, California Health & Safety Code sections 25249.6 *et seq*. ("Proposition 65"). California has identified and listed DEHP under Proposition 65 as a chemical known to the State of California to cause cancer, birth defects or other reproductive harm. California has identified and listed DINP under Proposition 65 as a chemical known to the State of California to cause cancer.

### 1.3. Product Description

The products that are covered by this Settlement Agreement are defined as gentlemen's kits, hanging organizers, and travel kits that Enchante has sold, offered for sale or distributed in California and that contain DEHP and/or DINP. All such items shall be referred to herein as the "Products."

### 1.4. Notice of Violation

On November 12, 2018, Ecological served Enchante, Ross Stores, Inc., T.J. Maxx of CA, LLC, and the requisite public enforcement agencies eligible to initiate Proposition 65 actions on

1

behalf of the People of the State of California with documents entitled "60-Day Notice of Violation" ("Notice") that provided Enchante and such public enforcers with notice that Enchante was allegedly in violation of California Health & Safety Code section 25249.6 for failing to warn consumers and customers that the Products exposed users in California to DEHP and/or DINP.  To the best of the Parties' knowledge, no public enforcer has commenced or is diligently prosecuting the allegations set forth in the Notice.

### 1.5. __No Admission__

The parties enter into this Settlement Agreement to settle disputed claims between them as set forth herein and in the Notice concerning Enchante's compliance with Proposition 65. Specifically, Enchante denies the material factual and legal allegations contained in Ecological's Notice and maintains that all products that it has manufactured for sale and distribution in California, including the Products, have been and are in compliance with Proposition 65 or any other statutory, regulatory, common law or equitable doctrine.  Nothing in this Settlement Agreement shall be construed as an admission by Enchante of any fact, finding, issue of law, or violation of law; nor shall compliance with this Settlement Agreement constitute or be construed as an admission by Enchante of any fact, finding, conclusion, issue of law, or violation of law, such being specifically denied by Enchante.  However, nothing in this section shall diminish or otherwise affect the obligations, responsibilities, and duties of Enchante under this Settlement Agreement.

### 1.6. __Effective Date__

For purposes of this Settlement Agreement, the term "Effective Date" shall mean the date this Settlement Agreement is fully executed.

## 2.    INJUNCTIVE RELIEF:  WARNING

### 2.1.    Warning

Products shall be accompanied by a warning as described in Section 2.2 below, no later than 90 days after the Effective Date.  The warning requirements set forth in Section 2.2 below shall apply only to Products that are distributed, marketed, sold or shipped for sale in the State of California.  The warning requirement shall not apply to Products that are already in the stream of commerce as of the Effective Date or that Enchante places into the stream of commerce within 90 days of the Effective Date.

### 2.2.    Warning Language

Where required, Enchante shall provide Proposition 65 warnings as follows:

(a)    Enchante may use any of the following warning statements in full compliance with this Section:

(1)    **WARNING**:  This product can expose you to DEHP, which is known to the State of California to cause cancer, birth defects or other reproductive harm.  For more information go to www.P65Warnings.ca.gov.

(2)    **WARNING**:  This product can expose you to DINP, which is known to the State of California to cause cancer.  For more information go to www.P65Warnings.ca.gov.

(3)    **WARNING**:  Cancer and Reproductive Harm – www.P65Warnings.ca.gov.

(4)    **WARNING:**  Cancer – www.P65Warnings.ca.gov.

(b)     If Enchante elects to use the warning statements identified in either 2.2(a)(1), (2), (3) or (4), it may also include a symbol consisting of a black exclamation point in a yellow equilateral triangle with a bold black outline. Where the sign, label or shelf tag for the product is not printed using the color yellow, the symbol may be printed in black and white.  The symbol shall be placed to the left of the text of the warning, in a size no smaller than the height of the word "WARNING".

(c)     The requirements for warnings, set forth in subsection (a) above are imposed pursuant to the terms of this Settlement Agreement.  The Parties recognize that these are not the exclusive methods of providing a warning under Proposition 65 and its implementing regulations.

(d)     If Proposition 65 warnings for DEHP and/or DINP should no longer be required, Enchante shall have no further obligations pursuant to this Settlement Agreement.

(e)     In the event that the Office of Environmental Health Hazard Assessment promulgates one or more regulations requiring or permitting warning text and/or methods of transmission different than those set forth above, Enchante shall be entitled to use, at its discretion, such other warning text and/or method of transmission without being deemed in breach of this Agreement.

## 3.     PENALTIES PURSUANT TO HEALTH & SAFETY CODE SECTION 25249.7(b)

In settlement of all the claims referred to in this Settlement Agreement, Enchante shall pay a total of $500 in civil penalties in accordance with this Section.  The penalty payment will be allocated in accordance with California Health & Safety Code section 25249.12(c)(1) & (d),

with 75% of the funds remitted to the California Office of Environmental Health Hazard Assessment ("OEHHA") and the remaining 25% of the penalty remitted to Ecological. Ecological's counsel shall be responsible for delivering OEHHA's portion of any penalty payment made under this Settlement Agreement.

## 4.     REIMBURSEMENT OF FEES AND COSTS

The Parties reached an accord on the compensation due to Ecological and its counsel under the private attorney general doctrine and principles of contract law.  Under these legal principles, Enchante shall reimburse Ecological's counsel for fees and costs, incurred as a result of investigating and bringing this matter to Enchante's attention.  Enchante shall pay Ecological's counsel $13,000 for all attorneys' fees, expert and investigation fees, and related costs associated with this matter and the Notice.

## 5.     PAYMENT INFORMATION

By February 15, 2019, Enchante shall make a total payment of Thirteen Thousand Five Hundred Dollars ($13,500) for the civil penalties and attorney's fees / costs by wire transfer or check to Plaintiff's counsel Custodio & Dubey LLP:

For wire transfers:

Bank:  Bank of America, N.A.

Routing No.:  026009593

Account No.:  325054144600

Beneficiary:  Custodio & Dubey LLP

If payment is made by check, the check must be issued to "Custodio & Dubey LLP" and sent to:

Vineet Dubey, Esq.

Custodio & Dubey LLP

448 S. Hill St., Suite 615

Los Angeles, CA 90013

Other than this payment, each side is to bear its own attorneys' fees and costs.

6.  **RELEASE OF ALL CLAIMS**

    6.1.  **Release of Enchante, Downstream Customers and Upstream Vendors**

    This Settlement Agreement is a full, final, and binding resolution between Ecological, on behalf of itself, and (a) Enchante, and its owners, parents, subsidiaries, affiliates, sister and related companies, employees, shareholders, members, officers, directors, insurers, agents, attorneys, predecessors, successors, and assigns (collectively the "Releasees"), and (b) all entities to whom Releasees directly or indirectly provide, distribute, or sell the Products, including but not limited to distributors, wholesalers, customers, retailers, franchisees, cooperative members, and licensees, including Ross Stores, Inc. and T.J. Maxx of CA, LLC ("Downstream Releasees"), on the other hand, of any violation(s) or claimed violation(s) of Proposition 65 or any statutory or common law claim that has been, could have been, or may in the future be asserted against the Releasees and/or Downstream Releasees regarding exposing persons to DEHP and/or DINP and the failure to warn about exposure to the DEHP and/or DINP arising in connection with the Products manufactured, shipped, and/or otherwise distributed prior to the Effective Date, even if sold by Downstream Releasees after the Effective Date. The Parties agree that compliance with the terms of this Settlement Agreement by Defendant shall be deemed to be in compliance with Proposition 65 by Releasees and Downstream Releasees with respect to any exposures to DEHP and/or DINP in the Products manufactured, distributed, or sold by Defendant after the Effective Date. Ecological also, in its capacity, on behalf of itself, its

past and current agents, representatives, attorneys, successors, and/or assignees and *not* in its representative capacity, provides a general release herein which shall be effective as a full and final accord and satisfaction, as a bar to all actions, causes of action, obligations, costs, expenses, attorneys' fees, damages, losses, claims, liabilities and demands of any nature, character or kind, known or unknown, suspected or unsuspected, against Enchante and the Releasees. Ecological acknowledges that it is familiar with California Civil Code section 1542, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Ecological, in its capacity only, and on behalf of itself, its past and current agents, representatives, attorneys, successors, and/or assignees expressly waives and relinquishes any and all rights and benefits which it may have under, or which may be conferred on it by the provisions of California Civil Code section 1542 as well as under any other state or federal statute or common law principle of similar effect, to the fullest extent that it may lawfully waive such rights or benefits pertaining to the released matters.

### 6.2. **Enchante's Release of Ecological**

Enchante waives any and all claims against Ecological, its attorneys and other representatives, for any and all actions taken or statements made (or those that could have been taken or made) by Ecological and its attorneys and other representatives, whether in the course of investigating claims or otherwise seeking enforcement of Proposition 65 against it in this matter, and/or with respect to the Products.

## 7.  **GOVERNING LAW**

The terms of this Settlement Agreement shall be governed by the laws of the State of California and apply within the State of California.  In the event that Proposition 65 is repealed or is otherwise rendered inapplicable by reason of law generally, or as to the Products, then Enchante shall have no further obligations pursuant to this Settlement Agreement.

## 8.  **NOTICES**

Unless specified herein, all correspondence and notices required to be provided pursuant to this Settlement Agreement shall be in writing and personally delivered or sent by: (i) first-class, (registered or certified mail) return receipt requested; or (ii) overnight courier on any party by the other party at the following addresses:

| | |
|---|---|
| For Enchante: | Carol R. Brophy, Esq.<br>Steptoe & Johnson LLP<br>1 Market Street \| Steuart Tower, Suite 1800<br>San Francisco, CA 94105 |
| For Ecological: | Vineet Dubey, Esq.<br>Custodio & Dubey LLP<br>448 S. Hill St., Suite 615<br>Los Angeles, CA 90013 |

Any party, from time to time, may specify in writing to the other party a change of address to which all notices and other communications shall be sent.

## 9.  **COUNTERPARTS; FACSIMILE/E-SIGNATURES**

This Settlement Agreement may be executed in counterparts and by facsimile or e-signatures, each of which shall be deemed an original, and all of which, when taken together, shall constitute one and the same document.

**10.** **COMPLIANCE WITH HEALTH & SAFETY CODE SECTION 25249.7(f)**

Ecological agrees to comply with the reporting form requirements referenced in California Health & Safety Code § 25249.7(f).

**11.** **ENTIRE AGREEMENT**

This Settlement Agreement contains the sole and entire agreement and understanding of the Parties with respect to the entire subject matter hereof, and all related prior discussions, negotiations, commitments and understandings. No other agreements, oral or otherwise, exist to bind either of the Parties.

**12.** **MODIFICATION**

This Settlement Agreement may be modified only by a written agreement signed by the Parties.

**13.** **AUTHORIZATION**

The undersigned are authorized to execute this Settlement Agreement on behalf of their respective Parties and have read, understood and agree to all of the terms and conditions of this Settlement Agreement.

| AGREED TO: | AGREED TO: |
|---|---|
| Date: _Jan 28_, 2019 | Date: _____, 2019 |
| By: _____ | By: _____ |
| On Behalf of Ecological Alliance, LLC | On Behalf of Enchante Accessories, Inc. |

10. **COMPLIANCE WITH HEALTH & SAFETY CODE SECTION 25249.7(f)**

Ecological agrees to comply with the reporting form requirements referenced in California Health & Safety Code § 25249.7(f).

11. **ENTIRE AGREEMENT**

This Settlement Agreement contains the sole and entire agreement and understanding of the Parties with respect to the entire subject matter hereof, and all related prior discussions, negotiations, commitments and understandings. No other agreements, oral or otherwise, exist to bind either of the Parties.

12. **MODIFICATION**

This Settlement Agreement may be modified only by a written agreement signed by the Parties.

13. **AUTHORIZATION**

The undersigned are authorized to execute this Settlement Agreement on behalf of their respective Parties and have read, understood and agree to all of the terms and conditions of this Settlement Agreement.

| AGREED TO: | AGREED TO: |
|---|---|
| Date: _____, 2019 | Date: _Jan 29_, 2019 |
| By: _____<br>On Behalf of Ecological Alliance, LLC | By: _____<br>On Behalf of Enchante Accessories, Inc. |

# SETTLEMENT AGREEMENT

1. ## INTRODUCTION

### 1.1 Parties

This Settlement Agreement is entered into by and between Dennis Johnson ("Johnson") and Enchante Accessories, Inc. ("Enchante"), with Johnson and Enchante each individually referred to as a "Party" and collectively as the "Parties." Johnson is an individual residing in the State of California who seeks to promote awareness of exposures to toxic chemicals and to improve human health by reducing or eliminating hazardous substances used in consumer products. Johnson alleges that Enchante is a person in the course of doing business for purposes of the Safe Drinking Water and Toxic Enforcement Act of 1986, California Health and Safety Code section 25249.6 *et seq.* ("Proposition 65").

### 1.2 General Allegations

Johnson alleges that Enchante manufactures, sells, and distributes for sale in California, bag clips with grips containing the phthalate chemical di(2-ethylhexyl) phthalate ("DEHP"). DEHP is listed pursuant to Proposition 65 as a chemical known to cause cancer, birth defects or other reproductive harm. Johnson alleges that Enchante failed to provide the clear and reasonable warning required by Proposition 65 for exposures to DEHP.

### 1.3 Product Description

The products covered by this Settlement Agreement are the bag clips, Item No. RBC02, UPC No. 1 9258 09066 9, which are imported, sold, or distributed for sale in California by Enchante (hereinafter referred to as "Covered Products").

### 1.4 Notice of Violation

On or about December 6, 2018, Johnson served Enchante and the requisite public enforcement agencies with a 60-Day Notice of Violation ("Notice"), alleging that

Enchante violated Proposition 65 when it failed to warn its customers and consumers in California of the health hazards associated with exposures to DEHP from the Covered Products. No public enforcer has commenced and is diligently prosecuting the allegations set forth in the Notice.

### 1.5     No Admission

Enchante denies the material, factual, and legal allegations contained in the Notice and maintains that all of the products that it has sold and distributed in California, including the Covered Products, have been, and are, in compliance with all laws. Nothing in this Settlement Agreement shall be construed as an admission by Enchante of any fact, finding, conclusion, issue of law, or violation of law, nor shall compliance with this Settlement Agreement constitute or be construed as an admission by Enchante of any fact, finding, conclusion, issue of law, or violation of law, such being specifically denied by Enchante. This Section shall not, however, diminish or otherwise affect Enchante's obligations, responsibilities, and duties under this Settlement Agreement.

### 1.6     Effective Date

For purposes of this Settlement Agreement, the term "Effective Date" shall mean the date that the Agreement is fully executed by the Parties.

## 2.     INJUNCTIVE RELIEF: REFORMULATION/WARNINGS

### 2.1     Reformulation Standard

Commencing on the Effective Date, and continuing thereafter, Covered Products that Enchante imports, manufactures, ships to be sold or offered for sale or purchase in or into California, or sells in California shall be deemed to comply with Proposition 65, and be exempt from any Proposition 65 warning requirements with respect to DEHP, if the Products meet the standard of "Reformulated Products." "Reformulated Products" are defined as those Covered Products containing DEHP in concentrations less than or equal to 0.1 percent (1,000 parts per million) when analyzed pursuant to U.S. Environmental Protection Agency testing methodologies 3580A and 8270C, or any other methodologies

utilized by federal or state agencies for the purpose of determining the DEHP content in a solid substance ("Reformulation Standard").

## 2.2 Warning Option

Covered Products that do not meet the warning exemption standard set forth in Section 2.1 above shall be accompanied by a warning as described in Section 2.3 below. This warning shall only be required as to Covered Products that are sold or shipped out to consumers, retailers, or distributors after the Effective Date.

## 2.3 Warning Language

Commencing after the Effective Date, Enchante shall ensure that in the event it ships any Covered Products that do not meet the Reformulation Standard, to California retailers or for sale in California, they include clear and reasonable warnings. The warning shall be affixed to the packaging or labeling using one of the warnings below:

> **WARNING:** This product can expose you to chemicals including DEHP, which is known to the State of California to cause cancer and birth defects or other reproductive harm. For more information go to www.P65Warnings.ca.gov.

> **WARNING:** Cancer and Reproductive Harm – www.P65Warnings.ca.gov.

The warning shall be accompanied by a symbol consisting of a black exclamation point in a yellow equilateral triangle with a bold black outline. Where the label for the product is not printed using the color yellow, the symbol may be printed in black and white. The symbol shall be placed to the left of the text of the warning, in a size no smaller than the height of the word "WARNING". In the event that the Office of Environmental Health Hazard Assessment promulgates one or more regulations requiring or permitting specific safe harbor warning text and/or methods of transmission different than those set forth above, Enchante shall be entitled to use, at its discretion, such other specific safe harbor warning text and/or methods of transmission without being deemed in breach of this Agreement.

3.    **MONETARY SETTLEMENT TERMS**

### 3.1    Civil Penalty Payment

Pursuant to Health and Safety Code section 25249.7(b)(2), and in settlement of all claims alleged in the Notice or referred to in this Settlement Agreement, Enchante agrees to pay, no later than ten (10) business days after the Effective Date, $2,000 in civil penalties. The penalty payment will be allocated in accordance with California Health and Safety Code section 25249.12(c)(1) & (d), with 75% of the penalty amount remitted to the California Office of Environmental Health Hazard Assessment ("OEHHA") and the remaining 25% of the penalty amount paid to Johnson, and delivered to the address in Section 3.3 herein. Enchante will provide its payment, no later than ten (10) business days after the Effective Date, in two checks as follows: (1) "OEHHA" in the amount of $1,500; and (2) "Dennis Johnson" in the amount of $500. Enchante agrees to provide plaintiff's counsel with a tracking number for the payments made pursuant to this section.

### 3.2    Attorneys' Fees and Costs

The Parties acknowledge that Johnson and his counsel offered to resolve this dispute without reaching terms on the amount of fees and costs to be reimbursed to them, thereby leaving the issue to be resolved after the material terms of the agreement had been settled. Shortly after the other settlement terms had been reached, Enchante expressed a desire to resolve Johnson's fees and costs. The Parties reached an accord on the compensation due to Johnson's counsel under general contract principles and the private attorney general doctrine codified at Code of Civil Procedure section 1021.5 for all work performed in this matter. Under these legal principles, Enchante agrees to pay, no later than ten (10) business days after the Effective Date, $16,000, in the form of a check made payable to "Voorhees & Bailey, LLP," for all fees and costs incurred investigating, bringing this matter to the attention of Enchante's management, and negotiating a settlement. Enchante agrees to provide plaintiff's counsel with a tracking number for the payment made pursuant to this section.

### 3.3 Payment Address

All payments under this Settlement Agreement shall be delivered to the following address:

> Voorhees & Bailey, LLP
> 990 Amarillo Avenue
> Palo Alto, CA 94303

## 4. CLAIMS COVERED AND RELEASED

### 4.1 Johnson's Release of Enchante and Downstream Customers

Johnson acting on behalf of himself, his past and current agents, representatives, attorneys, and successors and/or assignees, and *not* on behalf of the public, hereby waives all rights to institute or participate in, directly or indirectly, any form of legal action and releases all claims relating to the Covered Products, including, without limitation, all actions, and causes of action, in law or in equity, suits, liabilities, demands, obligations, damages, costs, fines, penalties, losses or expenses (including, but not limited to, investigation fees, expert fees and attorneys' fees) of any nature whatsoever, whether known or unknown, fixed or contingent (collectively "Claims"), against (a) The TJX Companies, Inc. ("TJX"), (b) each of TJX's downstream distributors, wholesalers, vendors, licensors, licensees, auctioneers, retailers, franchisees, dealers, shareholders, cooperative members, customers, owners, purchasers, users (c) TJX's parent companies, corporate affiliates, subsidiaries, and their respective officers, directors, attorneys, representatives, shareholders, agents, and employees, and sister and parent entities (d) Enchante, (e) each of Enchante's downstream distributors, wholesalers, vendors, licensors, licensees, auctioneers, retailers, franchisees, dealers, shareholders, cooperative members, customers, owners, purchasers, users, and (f) Enchante's parent companies, corporate affiliates, subsidiaries, and their respective officers, directors, attorneys, representatives, shareholders, agents, and employees, and sister and parent entities (collectively "Releasees").

### 4.2   Enchante's Release of Johnson

Enchante, on its own behalf, and on behalf of its past and current agents, representatives, attorneys, successors, and/or assignees, hereby waives any and all claims against Johnson and his attorneys and other representatives, for any and all actions taken or statements made by Johnson and his attorneys and other representatives, whether in the course of investigating claims, seeking to enforce Proposition 65 against it in this matter, or with respect to the Covered Products.

## 5.   SEVERABILITY

If, subsequent to the execution of this Settlement Agreement, any provision of this Settlement Agreement is deemed by a court to be unenforceable, the validity of the remaining provisions shall not be adversely affected.

## 6.   GOVERNING LAW

The terms of this Settlement Agreement shall be governed by the laws of the State of California and apply within the State of California.  In the event that Proposition 65 is repealed or is otherwise rendered inapplicable by reason of law generally, or as to the Covered Products, then Enchante may provide written notice to Johnson of any asserted change in the law and shall have no further injunctive obligations pursuant to this Settlement Agreement with respect to, and to the extent that, the Covered Products are so affected.

## 7.   NOTICE

Unless specified herein, all correspondence and notice required to be provided pursuant to this Settlement Agreement shall be in writing and sent by: (a) personal delivery; (b) first-class, registered or certified mail, return receipt requested; or (c) a recognized overnight courier on any Party by the other at the following addresses:

For Enchante:                          For Johnson:

Carol R. Brophy, Esq.                  Voorhees & Bailey, LLP
One Market Street                      Proposition 65 Coordinator
Steuart Tower, Suite 1800              990 Amarillo Avenue
San Francisco, CA 94105                Palo Alto, CA 94303

Any Party may, from time to time, specify in writing to the other a change of address to
which all notices and other communications shall be sent.

**8.  COUNTERPARTS; FACSIMILE SIGNATURES**

This Settlement Agreement may be executed in counterparts and by facsimile or
portable document format (PDF) signature, each of which shall be deemed an original,
and all of which, when taken together, shall constitute one and the same document.

**9.  COMPLIANCE WITH HEALTH & SAFETY CODE § 25249.7(f)**

Johnson and his attorneys agree to comply with the reporting form requirements
referenced in California Health and Safety Code section 25249.7(f).

**10.  MODIFICATION**

This Settlement Agreement may be modified only by written agreement of the
Parties.

## 11. **AUTHORIZATION**

The undersigned are authorized to execute this Settlement Agreement on behalf of their respective Parties and have read, understand, and agreed to all of the terms and conditions of this Settlement Agreement.

**AGREED TO:**                                   **AGREED TO:**

Date: ___3/29___, 2019                      Date: _____, 2019

By: _Dennis Johnson_                        By: _____
    DENNIS JOHNSON                              ENCHANTE ACCESSORIES, INC.

## 11. AUTHORIZATION

The undersigned are authorized to execute this Settlement Agreement on behalf of their respective Parties and have read, understand, and agreed to all of the terms and conditions of this Settlement Agreement.

**AGREED TO:**                    **AGREED TO:**

Date: _____, 2019          Date: __April 1__, 2019

By:_____      By:_____
    DENNIS JOHNSON                    ENCHANTE ACCESSORIES, INC.

## SETTLEMENT AND RELEASE AGREEMENT

1. **INTRODUCTION**

    1.1. **Ecological Alliance, LLC and Enchante Accessories, Inc.**

    This Settlement Agreement is entered into by and between Ecological Alliance, LLC

    ("Ecological"), on the one hand, and Enchante Accessories Inc. ("Enchante" or "Defendant"), on

    the other hand, with Ecological and Enchante collectively referred to as the "Parties."

    1.2. **General Allegations**

    Ecological alleges that Enchante manufactured and/or distributed and/or offered for sale

    in the State of California stationary pouches containing Di(2-ethylhexyl)phthalate (DEHP) and

    that such sales have not included warnings pursuant to the Safe Drinking Water and Toxic

    Enforcement Act of 1986, California Health & Safety Code sections 25249.6 *et seq.*

    ("Proposition 65"). California has identified and listed DEHP under Proposition 65 as a

    chemical known to the State of California to cause cancer, birth defects or other reproductive

    harm.

    1.3. **Product Description**

    The products that are covered by this Settlement Agreement are defined as stationary

    pouches, Style #BU-ZP300 UJX, that Enchante has sold, offered for sale or distributed in

    California and that contain DEHP. All such items shall be referred to herein as the "Products."

    1.4. **Notice of Violation**

    On April 12, 2019, Ecological served Enchante and the requisite public enforcement

    agencies eligible to initiate Proposition 65 actions on behalf of the People of the State of

    California with a document entitled "Amended Notice of Violation Against Enchante

    Accessories, Inc." ("Notice") that provided Enchante and such public enforcers with notice that

<center>1</center>

Enchante was allegedly in violation of California Health & Safety Code section 25249.6 for failing to warn consumers and customers that the Products exposed users in California to DEHP. To the best of the Parties' knowledge, no public enforcer has commenced or is diligently prosecuting the allegations set forth in the Notice.

### 1.5. No Admission

The parties enter into this Settlement Agreement to settle disputed claims between them as set forth herein and in the Notice concerning Enchante's compliance with Proposition 65. Specifically, Enchante denies the material factual and legal allegations contained in Ecological's Notice and maintains that all products that it has manufactured for sale and distribution in California, including the Products, have been and are in compliance with Proposition 65 or any other statutory, regulatory, common law or equitable doctrine. Nothing in this Settlement Agreement shall be construed as an admission by Enchante of any fact, finding, issue of law, or violation of law; nor shall compliance with this Settlement Agreement constitute or be construed as an admission by Enchante of any fact, finding, conclusion, issue of law, or violation of law, such being specifically denied by Enchante. However, nothing in this section shall diminish or otherwise affect the obligations, responsibilities, and duties of Enchante under this Settlement Agreement.

### 1.6. Effective Date

For purposes of this Settlement Agreement, the term "Effective Date" shall mean the date this Settlement Agreement is fully executed.

## 2.    INJUNCTIVE RELIEF: WARNING

### 2.1.    Warning

Products shall be accompanied by a warning as described in Section 2.2 below, no later than 90 days after the Effective Date.  The warning requirements set forth in Section 2.2 below shall apply only to Products that are distributed, marketed, sold or shipped for sale in the State of California.  The warning requirement shall not apply to Products that are already in the stream of commerce as of the Effective Date or that Enchante places into the stream of commerce within 90 days of the Effective Date.

### 2.2.    Warning Language

Where required, Enchante shall provide Proposition 65 warnings as follows:

(a)    Enchante may use any of the following warning statements in full compliance with this Section:

(1)    **WARNING**:  This product can expose you to DEHP, which is known to the State of California to cause cancer, birth defects or other reproductive harm.  For more information go to www.P65Warnings.ca.gov.

(2)    **WARNING**:  Cancer and Reproductive Harm – www.P65Warnings.ca.gov.

(b)    If Enchante elects to use the warning statements identified in either 2.2(a)(1), (2), it may also include a symbol consisting of a black exclamation point in a yellow equilateral triangle with a bold black outline.  Where the sign, label or shelf tag for the product is not printed using the color yellow, the symbol may be printed in black and white.  The symbol shall be placed to the left of the

text of the warning, in a size no smaller than the height of the word "WARNING".

(c)     The requirements for warnings, set forth in subsection (a) above are imposed pursuant to the terms of this Settlement Agreement. The Parties recognize that these are not the exclusive methods of providing a warning under Proposition 65 and its implementing regulations.

(d)     If Proposition 65 warnings for DEHP should no longer be required, Enchante shall have no further obligations pursuant to this Settlement Agreement.

(e)     In the event that the Office of Environmental Health Hazard Assessment promulgates one or more regulations requiring or permitting warning text and/or methods of transmission different than those set forth above, Enchante shall be entitled to use, at its discretion, such other warning text and/or method of transmission without being deemed in breach of this Agreement.

3.     **PENALTIES PURSUANT TO HEALTH & SAFETY CODE SECTION 25249.7(b)**

In settlement of all the claims referred to in this Settlement Agreement, Enchante shall pay a total of $200 in civil penalties in accordance with this Section. The penalty payment will be allocated in accordance with California Health & Safety Code section 25249.12(c)(1) & (d), with 75% of the funds remitted to the California Office of Environmental Health Hazard Assessment ("OEHHA") and the remaining 25% of the penalty remitted to Ecological. Ecological's counsel shall be responsible for delivering OEHHA's portion of any penalty payment made under this Settlement Agreement.

4.    **REIMBURSEMENT OF FEES AND COSTS**

The Parties reached an accord on the compensation due to Ecological and its counsel under the private attorney general doctrine and principles of contract law.  Under these legal principles, Enchante shall reimburse Ecological's counsel for fees and costs, incurred as a result of investigating and bringing this matter to Enchante's attention.  Enchante shall pay Ecological's counsel $9,000 for all attorneys' fees, expert and investigation fees, and related costs associated with this matter and the Notice.

5.    **PAYMENT INFORMATION**

By June 17, 2019, Enchante shall make a total payment of Nine Thousand Two Hundred Dollars ($9,200) for the civil penalties and attorney's fees / costs by wire transfer or check to Plaintiff's counsel Custodio & Dubey LLP:

For wire transfers:

Bank:  Bank of America, N.A.

Routing No.:  026009593

Account No.:  325054144600

Beneficiary:  Custodio & Dubey LLP

Other than this payment, each side is to bear its own attorneys' fees and costs.

If payment is made by check, the check must be issued to "Custodio & Dubey LLP" and sent to:

Vineet Dubey, Esq.

Custodio & Dubey LLP

448 S. Hill St., Suite 615

Los Angeles, CA 90013

To allow for the issuance of a timely payment to be rendered pursuant to this section, Ecological shall provide Enchante with a completed IRS Form W-9 for Custodio & Dubey LLP at least five (5) business days before payment is due.

6.    **RELEASE OF ALL CLAIMS**

    6.1.    **Release of Enchante, Downstream Customers and Upstream Vendors**

       This Settlement Agreement is a full, final, and binding resolution between Ecological, on behalf of itself, and (a) Enchante, and its owners, parents, subsidiaries, affiliates, sister and related companies, employees, shareholders, members, officers, directors, insurers, agents, attorneys, predecessors, successors, and assigns (collectively the "Releasees"), and (b) all entities to whom Releasees directly or indirectly provide, distribute, or sell the Products, including but not limited to distributors, wholesalers, customers, retailers, franchisees, cooperative members, and licensees, including  but not limited to Burlington Coat Factory Direct Corporation ("Downstream Releasees"), on the other hand, of any violation(s) or claimed violation(s) of Proposition 65 or any statutory or common law claim that has been, could have been, or may in the future be asserted against the Releasees and/or Downstream Releasees regarding exposing persons to DEHP and the failure to warn about exposure to the DEHP arising in connection with the Products manufactured, shipped, and/or otherwise distributed prior to the Effective Date, even if sold by Downstream Releasees after the Effective Date.  The Parties agree that compliance with the terms of this Settlement Agreement by Defendant shall be deemed to be in compliance with Proposition 65 by Releasees and Downstream Releasees with respect to any exposures to DEHP in the Products manufactured, distributed, or sold by Defendant after the Effective Date. Ecological also, in its capacity, on behalf of itself, its past and current agents, representatives, attorneys, successors, and/or assignees and *not* in its representative capacity,

provides a general release herein which shall be effective as a full and final accord and

satisfaction, as a bar to all actions, causes of action, obligations, costs, expenses, attorneys' fees,

damages, losses, claims, liabilities and demands of any nature, character or kind, known or

unknown, suspected or unsuspected, against Enchante and the Releasees. Ecological

acknowledges that it is familiar with California Civil Code section 1542, which provides as

follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
> TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
> EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM
> OR HER MUST HAVE MATERIALLY AFFECTED HIS OR
> HER SETTLEMENT WITH THE DEBTOR.

Ecological, in its capacity only, and on behalf of itself, its past and current agents,

representatives, attorneys, successors, and/or assignees expressly waives and relinquishes any

and all rights and benefits which it may have under, or which may be conferred on it by the

provisions of California Civil Code section 1542 as well as under any other state or federal

statute or common law principle of similar effect, to the fullest extent that it may lawfully waive

such rights or benefits pertaining to the released matters.

    **6.2.**    **Enchante's Release of Ecological**

Enchante waives any and all claims against Ecological, its attorneys and other

representatives, for any and all actions taken or statements made (or those that could have been

taken or made) by Ecological and its attorneys and other representatives, whether in the course of

investigating claims or otherwise seeking enforcement of Proposition 65 against it in this matter,

and/or with respect to the Products.

7. **GOVERNING LAW**

The terms of this Settlement Agreement shall be governed by the laws of the State of

California and apply within the State of California. In the event that Proposition 65 is repealed

or is otherwise rendered inapplicable by reason of law generally, or as to the Products, then

Enchante shall have no further obligations pursuant to this Settlement Agreement.

8. **NOTICES**

Unless specified herein, all correspondence and notices required to be provided pursuant

to this Settlement Agreement shall be in writing and personally delivered or sent by: (i) first-

class, (registered or certified mail) return receipt requested; or (ii) overnight courier on any party

by the other party at the following addresses:

| For Enchante: | Carol R. Brophy, Esq.<br>Steptoe & Johnson LLP<br>1 Market Street \| Steuart Tower, Suite 1800<br>San Francisco, CA 94105 |
| --- | --- |
| For Ecological: | Vineet Dubey, Esq.<br>Custodio & Dubey LLP<br>448 S. Hill St., Suite 615<br>Los Angeles, CA 90013 |

Any party, from time to time, may specify in writing to the other party a change of address to

which all notices and other communications shall be sent.

9. **COUNTERPARTS; FACSIMILE/E-SIGNATURES**

This Settlement Agreement may be executed in counterparts and by facsimile or e-

signatures, each of which shall be deemed an original, and all of which, when taken together,

shall constitute one and the same document.

10. **COMPLIANCE WITH HEALTH & SAFETY CODE SECTION 25249.7(f)**

Ecological agrees to comply with the reporting form requirements referenced in California Health & Safety Code § 25249.7(f).

11. **ENTIRE AGREEMENT**

This Settlement Agreement contains the sole and entire agreement and understanding of the Parties with respect to the entire subject matter hereof, and all related prior discussions, negotiations, commitments and understandings. No other agreements, oral or otherwise, exist to bind either of the Parties.

12. **MODIFICATION**

This Settlement Agreement may be modified only by a written agreement signed by the Parties.

13. **AUTHORIZATION**

The undersigned are authorized to execute this Settlement Agreement on behalf of their respective Parties and have read, understood and agree to all of the terms and conditions of this Settlement Agreement.

| AGREED TO: | AGREED TO: |
|---|---|
| Date: June 12, 2019 | Date: June 12, 2019 |
| By: _____ <br> On Behalf of Ecological Alliance, LLC | By: _____ <br> On Behalf of Enchante Accessories, Inc. |

10. **COMPLIANCE WITH HEALTH & SAFETY CODE SECTION 25249.7(f)**

Ecological agrees to comply with the reporting form requirements referenced in California Health & Safety Code § 25249.7(f).

11. **ENTIRE AGREEMENT**

This Settlement Agreement contains the sole and entire agreement and understanding of the Parties with respect to the entire subject matter hereof, and all related prior discussions, negotiations, commitments and understandings. No other agreements, oral or otherwise, exist to bind either of the Parties.

12. **MODIFICATION**

This Settlement Agreement may be modified only by a written agreement signed by the Parties.

13. **AUTHORIZATION**

The undersigned are authorized to execute this Settlement Agreement on behalf of their respective Parties and have read, understood and agree to all of the terms and conditions of this Settlement Agreement.

| AGREED TO: | AGREED TO: |
|---|---|
| Date: June 12, 2019 | Date: June 12, 2019 |
| By: _____ <br> On Behalf of Ecological Alliance, LLC | By: _____ <br> On Behalf of Enchante Accessories, Inc. |

<center>**SETTLEMENT AGREEMENT**</center>

## 1.   <u>INTRODUCTION</u>

    **1.1   The Parties.**   This Settlement Agreement is entered into by and between Anthony Ferreiro ("Ferreiro") and Enchante Accessories, Inc. ("Enchante"). Together, Ferreiro and Enchante are collectively referred to as the "Parties." Ferreiro is an individual that resides in the State of California, and seeks to promote awareness of exposures to toxic chemicals and to improve human health by reducing or eliminating hazardous substances contained in consumer products. Ferreiro alleges that Enchante is a person in the course of doing business for purposes of the Safe Drinking Water and Toxic Enforcement Act of 1986, Health & Safety Code § 25249.6, et seq. ("Proposition 65").

    **1.2   General Allegations.** Ferreiro alleges that Enchante has exposed individuals to the chemical di(2-ethylhexyl) phthalate ("DEHP") from its sales of Room 2 Room Hanging Jewelry Organizers without first providing users and consumers of the product with a clear and reasonable warning as required pursuant to Proposition 65. DEHP is listed pursuant to Proposition 65 as a chemical known to the State of California to cause cancer and reproductive toxicity.

    **1.3   Product Description.** The products covered by this Settlement Agreement are the Room 2 Room Hanging Jewelry Organizers, UPC#400027049301 (the "Products") that Enchante either has purchased, and/or manufactured, and/or imported, and/or distributed, and/or offered for sale and/or sold in California.

    **1.4   Notice of Violation.** On August 21, 2018, Ferreiro served Five Below, Inc. ("Five Below"), and various public enforcement agencies with documents entitled "Notice of Violation of California Health & Safety Code § 25249.6, et seq." (the "August Notice"). On April 17, 2019, Ferreiro served Enchate with an identical Notice of Violation of California Health & Safety Code § 25249.6, et seq." (the "April Notice")[1]. The Notice provided Five Below, Enchante and such others, including public enforcers, with notice that alleged that Five Below and Enchante were in violation of California Health & Safety Code § 25249.6, for failing to warn California consumers and

---

[1] The August Notice and the April Notice are collectively referred to herein, as the "Notice."

customers that use of the Products will expose them to DEHP. To the best of the Parties' knowledge, no public enforcer has commenced and is diligently prosecuting the allegations set forth in the Notice.

**1.5     No Admission.**  Enchante denies the material factual and legal allegations contained in the Notice and maintains that, to the best of its knowledge, all products that are or have been sold and distributed in California, including the Products, have been and are in compliance with all laws. Nothing in this Settlement Agreement shall be construed as an admission against interest by Enchante of any fact, finding, issue of law, or violation of law; nor shall compliance with this Settlement Agreement constitute or be construed as an admission against interest by Enchante of any fact, finding, conclusion, issue of law or violation of law, such being specifically denied by Enchante. However, this § 1.5 shall not diminish or otherwise affect the obligations, responsibilities and duties under this Settlement Agreement. Notwithstanding the allegations in the Notice, Enchante maintains that it has not knowingly manufactured, or caused to be manufactured, the Products for sale in California in violation of Proposition 65.

**1.6     Effective Date.**  For purposes of this Settlement Agreement, the term "Effective Date" shall mean the date this Agreement is last executed by the Parties and notice of complete execution is provided to all Parties.

## 2.     <u>INJUNCTIVE RELIEF: WARNINGS</u>

**2.1     Reformulation of Products.**  As of the Effective Date, and continuing thereafter, Products that Enchante either directly purchases, manufactures, imports, distributes, sells, or offers for sale in California shall either: (a) be Reformulated Products pursuant to § 2.2, below; or (b) be labeled with a clear and reasonable exposure warning pursuant to §§ 2.3 and 2.4, below. For purposes of this Settlement Agreement, a "Reformulated Product" is a Product that is in compliance with the standard set forth in § 2.2, below. The warning requirement set forth in §§ 2.3 and 2.4 shall not apply to any Reformulated Product.

**2.2     Reformulation Standard.**  "Reformulated Products" shall mean Products that contain concentrations less than or equal to 0.1% (1,000 parts per million (ppm)) of DEHP when

2

analyzed pursuant to U.S. Environmental Protection Agency testing methodologies 3580A and 8270C or any other methodology utilized by federal or state government agencies for the purpose of determining the phthalate content in a solid substance. Enchante shall be allowed to rely on one or more Product test results to demonstrate the Products are Reformulated Products.

**2.3**     **Clear and Reasonable Warning**.  As of the Effective Date, and continuing thereafter, a clear and reasonable warning as set forth in this §§ 2.3 and 2.4 must be provided for all Products that Enchante either purchases, manufacturers, imports, distributes, sells, or offers for sale in California that is not a Reformulated Product.  There shall be no obligation for Enchante or any Releasee to provide a warning for Products that were manufactured prior to the Effective Date.  The warning shall consist of either the **Warning** or **Alternative Warning** described in §§ 2.3(a) or (b), respectively:

(a)     **Warning**.  The "Warning" shall consist of the statement:

⚠ **WARNING**: This product can expose you to chemicals including di(2-ethylhexyl) phthalate (DEHP), which is known to the State of California to cause cancer and birth defects or other reproductive harm. For more information go to www.P65Warnings.ca.gov.

(b)     **Alternative Warning**: Enchante may, but is not required to, use the alternative short-form warning as set forth in this § 2.3(b) ("**Alternative Warning**") as follows:

⚠ **WARNING**: Cancer and Reproductive Harm - www.P65Warnings.ca.gov.

**2.4**     A **Warning** or **Alternative Warning** provided pursuant to § 2.3 must print the word "**WARNING:**" in all capital letters and in bold font, followed by a colon.  The warning symbol to the left of the word "**WARNING:**" must be a black exclamation point in a yellow equilateral triangle with a black outline, except that if the sign or label for the Products does not use the color yellow, the symbol may be in black and white.  The symbol must be in a size no smaller than the height of the word "**WARNING:**".  The warning shall be affixed to or printed on the Product, or on the Products' packaging or labeling, or on a placard, shelf tag, sign or electronic device or automatic process, providing that the warning is displayed with such conspicuousness, as compared with other words, statements, or designs as to render it likely to be read and understood by an ordinary

individual under customary conditions of purchase or use. A warning may be contained in the same section of the packaging, labeling, or instruction booklet that states other safety warnings, if any, concerning the use of the Product and shall be at least the same size as those other safety warnings.

If Enchante sells Products via its own proprietary internet website to customers located in California, the warning requirements of this section shall be satisfied if the foregoing warning appears either: (a) on the same web page on which a Product is displayed and/or described; (b) on the same page as the price for the Product; or (c) on one or more web pages displayed to a California purchaser prior to completion of the checkout process. Alternatively, a symbol consisting of a black exclamation point in a yellow or white equilateral triangle may appear adjacent to or immediately following the display, description, price, or checkout listing of the Product, if the warning statement appears elsewhere on the same web page in a manner that clearly associates it with the product(s) to which the warning applies.

**2.5     Compliance with Warning Regulations.**   Enchante and the Products shall be deemed to be in compliance with this Settlement Agreement by either adhering to §§ 2.3 and 2.4 of this Settlement Agreement or by complying with Title 27, California Code of Regulations, section 25600 *et seq.*, operative August 30, 2018, and as amended subsequently thereafter.

**3.     PENALTIES PURSUANT TO HEALTH & SAFETY CODE § 25249.7(b)**

In settlement of all the claims referred to in this Settlement Agreement, Enchante shall pay $1,000.00 as a Civil Penalty in accordance with this Section. The Civil Penalty payment shall be allocated in accordance with California Health & Safety Code §§ 25249.12(c)(1) and (d), with 75% of the Penalty remitted to OEHHA and the remaining 25% of the Penalty remitted to Ferreiro. The Civil Penalty payment(s) shall be delivered to the addresses identified in § 3.2, below.

**3.1     Civil Penalty.** Within ten (10) business days of the Effective Date, Enchante shall issue two separate checks for the Civil Penalty payment to (a) "OEHHA" in the amount of $750.00; and to (b) "Brodsky & Smith, LLC in Trust for Ferreiro" in the amount of $250.00. The Civil Penalty payment(s) shall be delivered to the addresses identified in § 3.2, below.

**3.2     Payment Procedures.**

   **(a)     Issuance of Payments.**  Payments shall be sent as follows:

      (i)     All payments owed to Ferreiro, pursuant to § 3.1 shall be delivered to the following payment address:

Evan J. Smith, Esquire
Brodsky & Smith, LLC
Two Bala Plaza, Suite 510
Bala Cynwyd, PA 19004.

      (ii)     All payments owed to OEHHA (EIN: 68-0284486), pursuant to § 3.1 shall be sent directly to OEHHA (Memo Line "Prop 65 Penalties") at the following addresses:

For United States Postal Service Delivery:

Mike Gyurics
Fiscal Operations Branch Chief
Office of Environmental Health Hazard Assessment
P.O. Box 4010
Sacramento, CA  95812-4010.

For Non-United States Postal Service Delivery:

Mike Gyurics
Fiscal Operations Branch Chief
Office of Environmental Health Hazard Assessment
1001 I Street
Sacramento, CA  95814.

   **(b)     Copy of Payments to OEHHA.**  Enchante agrees to provide Ferreiro's counsel with a copy of the checks payable to OEHHA, simultaneous with its penalty payments to Ferreiro, to be delivered to the address provided in § 3.2(a)(i), as proof of payment to OEHHA.

   **(c)     Tax Documentation.**  Enchante agrees to provide a completed IRS 1099 for its payments to, and Ferreiro agrees to provide IRS W-9 forms for, each of the following payees under this Settlement Agreement:

(i)    "Anthony Ferreiro" whose address and tax identification number shall be provided at within five (5) business days after the Effective Date;

(ii)   "Brodsky & Smith, LLC" (EIN: 23-2971061) at the address provided in Section 3.2(a)(i); and

(iii)  "Office of Environmental Health Hazard Assessment" (EIN 68-0284486) at the address 1001 I Street, Sacramento, CA 95814.

## 4.    REIMBURSEMENT OF FEES AND COSTS

The Parties acknowledge that Ferreiro and his counsel offered to reach preliminary agreement on the material terms of this dispute before reaching terms on the amount of fees and costs to be reimbursed to them.  The Parties thereafter reached an accord on the compensation due to Ferreiro and his counsel under general contract principles and the private attorney general doctrine and principles codified at California Code of Civil Procedure § 1021.5, for all work performed through the Effective Date. Under these legal principles, Enchante shall reimburse Ferreiro's counsel for fees and costs incurred as a result of investigating and bringing this matter to Enchante's attention, and negotiating a settlement in the public interest.  Within ten (10) days of the Effective Date, Enchante shall issue a check payable to "Brodsky & Smith, LLC" in the amount of $14,000.00 for delivery to the address identified in § 3.2(a)(i), above.

## 5.    RELEASE OF ALL CLAIMS

**5.1    Release of Enchante and Downstream Customers and Entities.**  This Settlement Agreement is a full, final and binding resolution between Ferreiro, acting on his own behalf, and Enchante, of any violation of Proposition 65 that was or could have been asserted by Ferreiro or on behalf of his past and current agents, representatives, attorneys, successors, and/or assigns ("Releasors") for failure to provide warnings for alleged exposures to DEHP contained in the Products, and Releasors hereby release any such claims against Enchante and its affiliates, meaning its parents, subsidiaries, affiliated entities, shareholders, franchisees, directors, officers, agents, employees, attorneys, successors and assignees (the "Affiliates"), and each upstream entity who manufactured for, or distributed to, or directly or indirectly sold Products to Enchante, and each

downstream entity to whom Enchante directly or indirectly distributed or sold the Products, including but not limited to 1616 Holdings, Inc., formerly known as Five Below Merchandising, Inc., and Five Below, Inc., downstream distributors, wholesalers, customers, retailers (collectively, all of the foregoing are the "Releasees"), from all claims for violations of Proposition 65 through the Effective Date.

In further consideration of the promises and agreements herein contained, and for the payments to be made pursuant to §§ 3 and 4 above, Ferreiro, on behalf of himself, his past and current agents, representatives, attorneys, successors and/or assignees, hereby covenants not to sue and waives any right to institute, participate in, directly or indirectly, any form of legal action and releases all claims that he may have, including without limitation, all actions and causes of action in law and in equity, all obligations, expenses (including without limitation all attorneys' fees, expert fees, and investigation fees, and costs), damages, losses, liabilities and demands against any of the Releasees of any nature, character, or kind, whether known or unknown, suspected or unsuspected, limited to and arising out of the alleged or actual exposure to the chemical DEHP in the Products up through the Effective Date.

**5.2    Enchante's Release of Ferreiro**.  Enchante, on behalf of itself, its past and current agents, representatives, attorneys, successors and/or assignees, hereby waives any and all claims against Ferreiro, his attorneys and other representatives, for any and all actions taken or statements made (or those that could have been taken or made) by Ferreiro and/or his attorneys and other representatives, whether in the course of investigating claims or otherwise seeking to enforce Proposition 65 against it in this matter or with respect to the Products up through the Effective Date.

**5.3    California Civil Code § 1542**.  It is possible that other claims not known to the Parties arising out of the facts alleged in the Notice and relating to the Products will develop or be discovered.  Ferreiro on behalf of himself only, on one hand, and Enchante, on the other hand, acknowledge that this Agreement is expressly intended to cover and include all such claims up through the Effective Date, including all rights of action therefor. The Parties acknowledge that the claims released in §§ 5.1 and 5.2, above, may include unknown claims, and nevertheless waive

California Civil Code § 1542 as to any such unknown claims. California Civil Code § 1542 reads as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Ferreiro and Enchante each acknowledge and understand the significance and consequences of this specific waiver of California Civil Code § 1542.

**5.4    Deemed Compliance with Proposition 65**. Compliance by Enchante with this Settlement Agreement constitutes compliance with Proposition 65 with respect to exposure to DEHP from use or sale of the Products on and after the Effective Date.

**5.5.    Public Benefit**. It is the Parties' understanding that the commitments Enchante has agreed to herein, and actions to be taken by Enchante under this Settlement Agreement, would confer a significant benefit to the general public, as set forth in Code of Civil Procedure § 1021.5 and Cal. Admin. Code tit. 11, § 3201. As such, it is the intent of the Parties that to the extent any other private party initiates an action alleging a violation of Proposition 65 with respect to Enchante failure to provide a warning concerning exposure to DEHP prior to use of the Products it will or has either purchased and/or manufactured, and/or imported, and/or distributed, and/or sold, and/or offered for sale in California, such private party action would not confer a significant benefit on the general public as to those Products addressed in this Settlement Agreement, provided that Enchante is in material compliance with this Settlement Agreement.

## 6.    <u>SEVERABILITY</u>

If, subsequent to the execution of this Settlement Agreement, any of the provisions of this Settlement Agreement are deemed by a court to be unenforceable, the validity of the enforceable provisions remaining shall not be adversely affected but only to the extent the deletion of the provision deemed unenforceable does not materially affect, or otherwise result in the effect of the

Settlement Agreement being contrary to the intent of the Parties in entering into this Settlement Agreement.

**7.  GOVERNING LAW**

The terms of this Settlement Agreement shall be governed by the law of the State of California and apply within the State of California.  In the event that Proposition 65 is repealed or is otherwise rendered inapplicable or limited by reason of law generally, or as to the Products, Enchante shall provide written notice to Ferreiro of any asserted change in the law, and shall have no further obligations pursuant to this Settlement Agreement with respect to, and to the extent that, a Product is so affected.  This Settlement Agreement shall not apply to Products that are not sold to consumers in California or which do not otherwise cause exposure to DEHP in California.

**8.  NOTICES**

Unless specified herein, all correspondence and notices required to be provided pursuant to this Settlement Agreement shall be in writing and personally delivered or sent by: (i) first-class U.S. Mail; or (ii) registered or certified mail, return receipt requested; or (iii) overnight or two-day courier on any Party by the other Party to the following addresses:

For Enchante:

    Carol Brophy
    Steptoe & Johnson LLP
    One Market Street, Steuart Tower
    Suite 1800
    San Francisco, CA 94105

For Ferreiro:

    Evan J. Smith
    Brodsky & Smith, LLC
    Two Bala Plaza, Suite 510
    Bala Cynwyd, PA 19004.

Either party, from time to time, may specify in writing to the other party a change of address to which all notices and other communications shall be sent.

9. **COUNTERPARTS: SIGNATURES**

This Settlement Agreement may be executed in counterparts and by facsimile or .pdf signature, each of which shall be deemed an original, and all of which, when taken together, shall constitute one and the same document.

10. **COMPLIANCE WITH HEALTH & SAFETY CODE § 25249.7(f)**

Ferreiro agrees to comply with the reporting requirements referenced in Health & Safety Code § 25249.7(f).

11. **MODIFICATION**

This Settlement Agreement may be modified only by a written agreement of the Parties. This Settlement Agreement may be enforced exclusively by the Parties hereto.

12. **ENTIRE AGREEMENT**

This Settlement Agreement contains the sole and entire agreement of the Parties and any and all prior negotiations and understandings related hereto shall be deemed to have been merged within it. No representations or terms of agreement other than those contained herein exist or have been made by any Party with respect to the other Party or the subject matter hereof.

13. **AUTHORIZATION**

The undersigned are authorized to execute this Settlement Agreement and have read, understood and agree to all of the terms and conditions contained of this Settlement Agreement.

**AGREED TO:**          **AGREED TO:**

Date:_____    Date: 5 | 14 | 2015 _____

By: _____     By: _____
       Anthony Ferreiro                Enchante, Inc.

<u>**SETTLEMENT AGREEMENT AND RELEASE**</u>

CA Citizen Protection Group, LLC ("**CCPG**") and Enchante Accessories, Inc. ("**Enchante**") enter into this Settlement Agreement and Release (this "**Agreement**"). This Agreement is effective on the date on which it is fully executed ("**Effective Date**"). CCPG and Enchante are referred to individually as a "**Party**" and collectively as the "**Parties**." The Parties agree as follows:

1.      The "**Matter**" arises out of the Sixty-Day Notice of Intent to Sue for violations of the Safe Drinking Water and Toxic Enforcement Act of 1986, codified under California Health & Safety Code ("**HSC**") §25249.5, *et seq.* (referred to as "**Proposition 65**"), that CCPG served on Enchante, The TJX Companies, Inc. and T.J. Maxx of CA, LLC, on April 22, 2019 (the "**Notice**"). The Notice claims that Proposition 65 warnings are required for alleged **Di-(2-ethylhexyl) Phthalate** ("**DEHP**") exposures to a product tested by CCPG. The following product manufactured, imported, distributed and/or sold by Enchante is the "**Covered Product**" under this Agreement:

- **Mixed Metals Cosmetic Case, UPC # 192598171597**

Enchante affirms and represents that the Covered Product has been discontinued, and that after the Effective Date Enchante shall not sell or distribute the Covered Product in the State of California. Enchante also affirms that it does not intend to manufacture or import the Covered Product in the future.

2.      The Parties enter into this Agreement in order to fully resolve all claims, demands, and allegations regarding the Matter and for the purpose of avoiding prolonged litigation. Nothing in this Agreement shall be construed as an admission of the Parties of any fact, issue of law, or violation of law, nor shall compliance with this Agreement constitute or be construed as an admission by the Parties of any fact, issue of law, or violation of law including but not limited to Proposition 65. Nothing in this Agreement or any document referred to shall be construed as giving rise to any presumption or inference of admission or concession by the Parties as to any fault, wrongdoing or liability. Enchante specifically denies the material, factual, and legal allegations contained in the Notice and maintains that the Covered Product is in compliance with all laws. Compliance with this Agreement shall not constitute or be construed as an admission by Enchante of any fact, finding, conclusion, issue of law or violation of law. This <u>Section 2</u> shall not diminish or otherwise affect the obligations, responsibilities, and duties of the Parties under this Agreement.

3.      <u>DEHP Standards; Warnings.</u>

3.1      On and after the date that is ninety (90)  days after the Effective Date, Enchante shall not sell in the State of California any Covered Product which does not qualify as a Reformulated Covered Product under <u>Section 3.3</u>, unless such Covered Product complies with the warning requirements of <u>Section 3.2</u>. Any Covered Product that Enchante has sold or distributed to third-parties prior to ninety (90) days after the Effective Date shall not be subject to the warning or testing requirements in this <u>Section 3</u>.

3.2      On and after ninety (90) days after the Effective Date, Enchante shall provide on the Covered Product (to the extent it does not constitute a Reformulated Covered Product) sold in

1

California, a warning that complies with the requirements of Sections 3.2.1, 3.2.2, or 3.2.3. The warning shall be displayed on the packaging of such Covered Product with such conspicuousness, as compared with other words, statements, or designs so as to render it likely to be seen, read and understood by an ordinary individual purchasing or using the Covered Product.

Respecting the warnings defined in Sections 3.2.1 or 3.2.2, the warning must be in a type size no smaller than the largest type size used for other "consumer information" on the Covered Product label or exterior packaging.

In no case shall the warning appear in a type size smaller than 6-point type.

### 3.2.1 Option 1.

⚠️**WARNING: This product can expose you to chemicals, including Di (2-ethylhexyl) Phthalate (DEHP), which are known to the State of California to cause cancer, and birth defects or other reproductive harm.**

### 3.2.2 Option 2.

For the Covered Product, the warning may state:

⚠️ **WARNING: Cancer and Reproductive Harm – www.P65Warnings.ca.gov.**

The pictogram specified in Section 3.2.1 and 3.2.2 shall be in yellow with a black exclamation mark; *provided however*, the pictogram may be in white instead of yellow if the Covered Product label or exterior packaging, as applicable, does not contain the color yellow.

### 3.2.3 Option 3.

Any warning authorized by the Proposition 65 statute, case law, or regulation in effect on or after the Effective Date.

3.3     Reformulated Covered Product. A Reformulated Covered Product is one for which the concentration of DEHP is less than 0.1% by weight (1,000 parts per million (ppm)) as tested by an approved laboratory and methods in compliance with Section 3.4 below. For a Covered Product that contains (any part of the product/packaging) more than 0.1% by weight (1,000 ppm) DEHP, Enchante shall provide the warnings set forth in Section 3.2.

3.4.     Formula, Testing and Quality Control Methodology; Additional Information Regarding Compliance, Warnings, and Transmission. The Parties agree that the warning requirements and specifications as they apply to the Covered Product, previously detailed in Sections 3.1 through 3.3, comply with Proposition 65 and its implementing regulations as of the date of the Settlement Agreement, pursuant to the regulations adopted on or about August 30, 2016, and which became effective, as amended, August 30, 2018. If modifications or amendments to Proposition 65 or its implementing regulations after the Effective Date change or modify the required warning language or methodology, the Parties agree that Enchante may modify the content and delivery methods of its warnings to conform to the modified and amended regulations or alter the warnings specifications or methods as authorized pursuant to title 27, California Code of Regulations ("C.C.R."), Ar. 6 §§ 25601, *et seq.*, as may be amended from time to time, in order to maintain compliance with Proposition 65, with respect to DEHP in the Covered Product.

3.4.1   For purposes of this Agreement, exposure levels shall be measured in parts per million (milligrams/kilogram or mg/kg) by generally accepted scientific standards.  The testing requirements do not apply to any of the Covered Products for which Enchante has provided a warning as specified in Section 3.2.

3.4.2   Enchante shall not be required to engage in testing pursuant to this Agreement unless Enchante sells into California the Covered Product without a warning, other than those Covered Products subject to Section 3.1. All testing pursuant to this Agreement shall be performed using a laboratory method that complies with any U.S. Environmental Protection Agency ("**USEPA**") approved testing method.

3.4.3   Unless warnings are provided consistent with the requirements of Section 3.2, or the Covered Product does not require a warning pursuant to Section 3.1, all testing pursuant to this Agreement shall be performed by an independent third-party laboratory approved by, accredited by, or registered with the United States Food & Drug Administration or USEPA. Testing shall be performed prior to Enchante's "first sale" in California of any Covered Product ordered for production after the Effective Date, and testing shall continue thereafter at least once per year for three (3) consecutive years after the Effective Date (the "**Testing Period**"), after which time, no further testing shall be required unless, after the 3-year period, Enchante changes suppliers for any Covered Product, then Enchante shall test the Covered Product at least once after such change is made.

3.5   Enchante and the Releasees (as defined in Section 5.1 below) shall have no obligation or liability with respect to the Covered Product that is sold and/or distributed in California after the date of the Notice, except as otherwise set forth in this Agreement.

4.   Enchante shall pay the total settlement amount of $19,000 (the "**Settlement Amount**") within fourteen (14) days of the Effective Date. Enchante shall pay the Settlement Amount payments by wire transfer (via account wire instructions provided by CCPG upon request), or check made payable to "Khansari Law Corporation – Client Trust Account" on behalf of CCPG, and sent to the address below:

Khansari Law Corporation
11845 W. Olympic Blvd., Suite 1000
Los Angeles, CA 90064

CCPG shall be solely responsible for allocating the payment pursuant to Sections 4.1 and 4.2. Upon request, CCPG shall supply Enchante with a completed W9 form.  The Settlement Amount shall be allocated as follows:

4.1.   $750 shall be considered a "civil penalty", of which CCPG shall remit seventy-five percent (75%) to the "Safe Drinking Water and Toxic Enforcement Fund" managed by the State of California's Office of Environmental Health Hazard Assessment.  The twenty-five percent (25%) balance shall be remitted to CCPG.

4.2   $18,250 shall be considered reimbursement of CCPG's attorneys' fees and costs related to the Matter.

4.3   Except as expressly set forth in Section 4 and Section 6.3, as applicable, the Parties

3

shall bear their own costs, expenses, and attorneys' fees related to this Matter.

5.    Binding Effect; Claims Covered and Released.

5.1.    CCPG, on behalf of itself and its respective owners, principals, shareholders, officers, directors, employees, agents, parents, subsidiaries, successors, assigns, and legal representatives (collectively referred to as "**CCPG Releasors**") fully releases and waives any right to participate (directly or indirectly) in any litigation against (a) Enchante, and its respective equity owners, parents, subsidiaries, affiliates, sister and related companies, (b) its upstream suppliers and all downstream entities in the stream of commerce including but not limited to distributors, wholesalers, customers, retailers (including but not limited to The TJX Companies, Inc. and T.J. Maxx of CA, LLC), franchisees, cooperative members, and licensees (the entities identified in this subsection (b) are collectively referred to as "**Downstream Releasees**"), and (c) the employees, shareholders, officers, directors, members, managers, equity owners, insurers, attorneys, predecessors, successors, and assigns of any of the entities identified in subsections (a) and (b), above (the entities identified in subsections (a), (b) and (c), above, are collectively referred to as "**Releasees**") from all claims, actions, suits, demands, liabilities, damages, penalties, fees (including but not limited to attorneys' fees, investigator fees, and expert fees), costs, and expenses (collectively referred to as "**Claims**") that were asserted, or that could have been asserted, for any alleged violations of Proposition 65, or any other alleged violations statutory or common law, arising from alleged exposures to DEHP in the Covered Product.

5.2.    It is possible that other claims not known to the Parties arising out of the facts alleged in the Notice and relating to the Covered Product will develop or be discovered. CCPG on behalf of itself and the CCPG Releasors, acknowledges that this Agreement is expressly intended to cover and include all such claims, including all rights of action therefore, and further acknowledges that the Claims released in this Section 5 may include unknown claims, and nevertheless waives California Civil Code section 1542 as to any such unknown claims. California Civil Code section 1542 reads as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

CCPG acknowledges and understands the significance and consequences of this specific waiver of California Civil Code Section 1542.

5.3.    The Parties agree that compliance with the terms of this Agreement shall constitute compliance by any Releasee with Proposition 65 regarding alleged exposures to DEHP in the Covered Product.

5.4    It is the Parties' position that the commitments they have agreed to herein, and actions to be taken by Enchante under this Agreement, confer a significant benefit to the general public, as set forth in California Civil Procedure Code section 1021.5 and Cal. Admin. Code tit. 11, section 3201. As such, to the extent any other private party initiates an action alleging a violation of Proposition 65 with respect to Enchante or any Releasee's failure to provide a warning

concerning exposures to DEHP with respect to the Covered Product they have respectively manufactured, imported, distributed, sold, or offered for sale in California, or will manufacture, import, distribute, sell, or offer for sale in California; such private party action would not confer a significant benefit on the general public as to the Covered Product addressed in this Agreement, provided that Enchante is in material compliance with this Agreement. This Section does not constitute a release by CCPG under this Agreement.

6.    Resolution of Disputes/Enforcement.

6.1    If CCPG alleges that Enchante has failed to comply with this Agreement, prior to filing an action or motion relating to enforcement, CCPG shall first provide Enchante thirty (30) days' advance written notice of the alleged violation(s). CCPG shall provide testing results, lot numbers, photographs of the Covered Product packaging, and purchase receipts for the Covered Product at issue in the alleged violation, as applicable. The Parties shall meet and confer during such thirty (30) day period in an effort to reach agreement on an appropriate cure for the alleged violation without the need for litigation.

6.2    Notwithstanding the provisions of Section 3, CCPG may not issue any notice under Section 6.1 if the packaging of the Covered Product is marked or labeled with the statement "Not for Sale in California" or substantially similar language, such statement is prominently placed upon such Covered Product's label, exterior packaging or other labeling as compared with other words or statements on the label or labeling as to render it likely to be seen, read and understood by an ordinary individual under customary conditions of purchase or use. If Enchante marks or labels a Covered Product with such a statement, Enchante shall additionally notify its customers/distributors by letter that the Covered Product shall not be sold in California.

6.3    In the event any litigation, arbitration, mediation, or other proceeding is initiated by CCPG to enforce this Agreement, if CCPG prevails in such proceeding(s) shall be entitled to recover from Enchante all costs, expenses, reasonable attorneys' fees and expert witness fees, relating to or arising out of (i) such proceeding(s), and (ii) any post judgment or post-award proceeding(s) including without limitation to enforce any judgment or award resulting from any such proceeding(s).

7.    This Agreement contains the entire agreement between the Parties with regard to settlement of this Matter, and supersedes all prior or contemporaneous agreements or understandings, written or oral, with regard to the matters set forth in this Agreement. This Agreement may be amended or modified in whole or in part at any time only by an agreement in writing executed by the Parties. Notwithstanding the foregoing, Enchante shall be entitled, at its option, to modify any warning that it provides under Section 3.2 to conform with any change in the Proposition 65 warning regulations currently set forth in Title 27 of the California Code of Regulations that may be effective or adopted after the Effective Date. CCPG shall cause this Agreement to be reported to the State of California Attorney General as required and applicable under Proposition 65 statutes, including specifically HSC § 25249.7.

8.    This Agreement shall be binding upon and shall inure to the benefit of the Parties and their respective owners, principals, shareholders, members, managers, officers, directors, employees, agents, successors, and assigns.

9.     No inference, assumption or presumption shall be drawn, and no provision of this Agreement shall be construed against any of the Parties, based upon the fact that one of the Parties and/or one of the Parties' attorneys prepared and/or drafted all or any portion of this Agreement. It is conclusively presumed that the Parties participated equally in the preparation and drafting of this Agreement.

10.     This Agreement shall be deemed to have been entered into in the State of California and governed and interpreted by the laws of the State of California, regardless of the place of incorporation, place of business, domicile of any of the Parties or physical locations of the individuals executing this Agreement at the time of execution.

11.     The Parties acknowledge that they have a right to consult an attorney and they have consulted their attorneys with respect to the terms and conditions of this Agreement or by signing this Agreement hereby acknowledge they have made the decision not to consult with an attorney in this Matter. The Parties further acknowledge that they fully understand this Agreement and the effect of signing and executing this Agreement.

12.     Any legal action to enforce this Agreement or related to this Matter shall be brought in either the County of Alameda or the County of Los Angeles, of the State of California.

13.     This Agreement may be signed in counterparts, and each counterpart, as well as any facsimile, e-mail (.pdf), copy of this Agreement, or any other counterpart, shall be deemed to be an original.

14.     All notices required to be given to either Party under this Agreement shall be in writing and sent to the following recipients by (a) first-class mail or (b) overnight delivery, with a courtesy copy via email, as applicable.

> For CCPG:
>
> CA Citizen Protection Group, LLC
> c/o Khansari Law Corporation
> 11845 W. Olympic Blvd., Suite 1000
> Los Angeles, California 90064
> Fax: (424) 248-6689
> Email: andre@khansarilaw.com
>
>
> For Enchante:
>
> Carol R. Brophy, Esq.
> Steptoe & Johnson, LLP
> 1 Market Street
> Spear Tower, Suite 3900
> San Francisco, CA 94105
> Email: cbrophy@steptoe.com

Any party, from time to time, may specify in writing to the other party a change of address to which all notices and other communications shall be sent.

15.    Each of the individuals who executes this Agreement represents and warrants he/she has the authority to execute this document and bind the respective Parties to the terms and conditions of this Agreement, and has read, understood, and agreed to all the terms and conditions in this Agreement.

*[Signatures Appear on the Following Page]*

DATED: November 19, 2019  ENCHANTE ACCESSORIES, INC.

By: _____

Name: _Abraham Weinberger_

Title: _CFO_

DATED: November 20, 2019  CA CITIZEN PROTECTION GROUP, LLC

By: _Tal Ohana_

Name: Tal Ohana

Title: Manager

# SETTLEMENT AGREEMENT

## 1. INTRODUCTION

### 1.1 Parties

This Settlement Agreement is entered into by and between Audrey Donaldson ("Donaldson") and Enchante Accessories, Inc. ("Enchante"). Donaldson and Enchante shall each be referred to as a "Party" and collectively as the "Parties." Donaldson is an individual residing in the State of California who seeks to promote awareness of exposures to toxic chemicals and to improve human health by reducing or eliminating hazardous substances used in consumer products. Enchante is a person in the course of doing business for purposes of the Safe Drinking Water and Toxic Enforcement Act of 1986, California Health and Safety Code section 25249.6 *et seq.* ("Proposition 65").

### 1.2 General Allegations

Donaldson alleges that Enchante manufactures, sells, and distributes for sale in California, PVC toiletry kits containing the phthalate chemical di(2-ethylhexyl) phthalate ("DEHP"). DEHP is listed pursuant to Proposition 65 as a chemical known to cause birth defects and other reproductive harm. Donaldson alleges that Enchante failed to provide the health hazard warning required by Proposition 65 for exposures to DEHP.

### 1.3 Product Description

The products covered by this Settlement Agreement are Nicole Miller branded PVC toiletry kits including, but not limited to, the *Nicole Miller "Hydration Station" Toiletry Kit; UPC:* 90 263 25484158 6, manufactured, sold, or distributed for sale in California by Enchante (hereinafter the "Products").

### 1.4 Notice of Violation

On June 9, 2021, Donaldson served Enchante, Kobra International Ltd., Burlington Stores Inc. and the requisite public enforcement agencies with a 60-Day Notice of Violation ("Notice"), alleging that the notice recipients violated Proposition 65 by failing to warn their customers and consumers in California of the health hazards

associated with exposures to DEHP from the Products. No public enforcer has commenced and is diligently prosecuting the allegations set forth in the Notice.

### 1.5  No Admission

Enchante denies the material, factual, and legal allegations contained in the Notice and maintains that all of the products that it has sold and distributed in California, including the Products, have been, and are, in compliance with all laws. Nothing in this Settlement Agreement shall be construed as an admission by Enchante of any fact, finding, conclusion, issue of law, or violation of law, nor shall compliance with this Settlement Agreement constitute or be construed as an admission by Enchante of any fact, finding, conclusion, issue of law, or violation of law, such being specifically denied by Enchante. This Section shall not, however, diminish or otherwise affect Enchante's obligations, responsibilities, and duties under this Settlement Agreement.

### 1.6  Effective Date

For purposes of this Settlement Agreement, the term "Effective Date" shall mean October 22, 2021.

## 2.  INJUNCTIVE RELIEF:  REFORMULATION

### 2.1  Reformulation Standards

"Reformulated Products" are defined as those Products containing DEHP in concentrations less than 0.1 percent (1,000 parts per million) when analyzed pursuant to U.S. Environmental Protection Agency testing methodologies 3580A and 8270C, or any other methodologies utilized by federal or state agencies for the purpose of determining the DEHP content in a solid substance.

### 2.2  Reformulation Commitment

As of the Effective Date, Enchante shall not sell or offer the Products for sale in the State of California unless they are Reformulated Products pursuant to Section 2.1. or carry appropriate health hazard warnings pursuant to section 2.3 below.

### 2.3    Product Warnings

As of the Effective Date, all Products Enchante sells and/or distributes for sale in California which do not qualify as Reformulated Products, shall bear a clear and reasonable warning pursuant to this Section.  Enchante further agrees that the warning shall be prominently placed with such conspicuousness when compared with other words, statements, designs or devices as to render it likely to be read and understood by an ordinary individual under customary conditions of use.  For purposes of this Settlement Agreement, a clear and reasonable warning for the Products shall consist of a warning affixed directly to the product or product packaging, label, or tag, for Products sold in California and containing one of the following statements:

⚠ **WARNING**:  Reproductive Harm- www.P65Warnings.ca.gov

OR

⚠ **WARNING**:  This product can expose you to chemicals, including DEHP, which are known to the State of California to cause birth defects or other reproductive harm. For more information go to www.P65Warnings.ca.gov

The Parties agree and intend that compliance with the terms of this Settlement Agreement shall constitute compliance with Proposition 65 with respect to exposures to DEHP from the Products.

### 3.    MONETARY SETTLEMENT TERMS

### 3.1    Civil Penalty Payment

Pursuant to Health and Safety Code section 25249.7(b)(2), and as consideration for the releases contained in Sections 4.1 and 4.2 below, Enchante agrees to pay, no later than the Effective Date, $2,000 in civil penalties.  The penalty payment will be allocated in accordance with California Health and Safety Code section 25249.12(c)(1) & (d), with 75% of the penalty amount remitted to the California Office of Environmental Health Hazard Assessment ("OEHHA") and the remaining 25% of the penalty amount paid to Donaldson, and delivered to the address in Section 3.3 herein.  Enchante will provide its

payment, on or before the Effective Date, in two checks as follows: (1) "OEHHA" in the amount of $1,500; and (2) "Audrey Donaldson" in the amount of $500.

### 3.2 Attorneys' Fees and Costs

The Parties acknowledge that Donaldson and her counsel offered to resolve this dispute without reaching terms on the amount of fees and costs to be reimbursed, thereby leaving the issue to be resolved after the material terms of the agreement had been settled. Shortly after the other settlement terms had been reached, Enchante expressed a desire to resolve the attorneys' fees and costs. The Parties reached an accord on the compensation due to Donaldson's counsel under general contract principles and the private attorney general doctrine codified at Code of Civil Procedure section 1021.5 for all work performed in this matter. Under these legal principles, Enchante agrees to pay, no later than the Effective Date, $15,000, in the form of a check made payable to "Voorhees & Bailey, LLP," for all fees and costs incurred investigating, bringing this matter to the attention of Enchante's management, and negotiating a settlement.

### 3.3 Payment Address

All payments under this Settlement Agreement shall be delivered to the following address:

> Voorhees & Bailey, LLP
> 990 Amarillo Avenue
> Palo Alto, CA 94303

## 4. CLAIMS COVERED AND RELEASED

### 4.1 Donaldson's Release of Proposition 65 Claims

Donaldson acting on her own behalf, and *not* on behalf of the public, releases Enchante, its parents, subsidiaries, affiliated entities under common ownership, directors, officers, agents employees, attorneys, and each entity to whom Enchante directly or indirectly distributes or sells Products, including, but not limited, to downstream distributors, wholesalers, customers, retailers, franchisees, cooperative members,

4

importers, and licensees (collectively, "Releasees"), from all claims for violations of Proposition 65 through the Effective Date relating to unwarned exposures to DEHP in the Products. The Parties further understand and agree that this Section 4.1 release shall not extend upstream to any entities that manufactured the Products or any component parts thereof, or any distributors or suppliers who sold the Products or any component parts thereof to Enchante.

### 4.2    Donaldson's Individual Release of Claims

Donaldson, in her individual capacity only and *not* in her representative capacity, provides a release herein which shall be effective as a full and final accord and satisfaction, as a bar to all actions, causes of action, obligations, costs, expenses, attorneys' fees, damages, losses, claims, liabilities, and demands of Donaldson of any nature, character, or kind, whether known or unknown, suspected or unsuspected, arising out of alleged or actual exposures to DEHP in the Products manufactured, imported, distributed, or sold by Enchante prior to the Effective Date. The Parties further understand and agree that this Section 4.2 release shall not extend upstream to any entities that manufactured the Products, or any component parts thereof, or any distributors or suppliers who sold the Products, or any component parts thereof to Enchante.

### 4.3    Enchante's Release of Donaldson

Enchante, on its own behalf, and on behalf of its past and current agents, representatives, attorneys, successors, and/or assignees, hereby waives any and all claims against Donaldson and her attorneys and other representatives, for any and all actions taken or statements made by Donaldson and her attorneys and other representatives, whether in the course of investigating claims, seeking to enforce Proposition 65 against it in this matter, or with respect to the Products.

5.   **SEVERABILITY**

If, subsequent to the execution of this Settlement Agreement, any provision of this Settlement Agreement is deemed by a court to be unenforceable, the validity of the remaining provisions shall not be adversely affected.

6.   **GOVERNING LAW**

The terms of this Settlement Agreement shall be governed by the laws of the State of California and apply within the State of California. In the event that Proposition 65 is repealed or is otherwise rendered inapplicable by reason of law generally, or as to the Products, then Enchante may provide written notice to Donaldson of any asserted change in the law and shall have no further injunctive obligations pursuant to this Settlement Agreement with respect to, and to the extent that, the Products are so affected.

7.   **NOTICE**

Unless specified herein, all correspondence and notice required to be provided pursuant to this Settlement Agreement shall be in writing and sent by: (a) personal delivery; (b) first-class, registered or certified mail, return receipt requested; or (c) a recognized overnight courier on any Party by the other at the following addresses:

For Enchante:

Carol R. Brophy, Esq.
One Market Street
Spear Tower, Suite 3900
San Francisco, CA 94105

For Donaldson:

Voorhees & Bailey, LLP
Proposition 65 Coordinator
535 Ramona Street; Suite 1
Palo Alto, CA 94301

Any Party may, from time to time, specify in writing to the other a change of address to which all notices and other communications shall be sent.

8.   **COUNTERPARTS; FACSIMILE SIGNATURES**

This Settlement Agreement may be executed in counterparts and by facsimile or portable document format (PDF) signature, each of which shall be deemed an original, and all of which, when taken together, shall constitute one and the same document.

9. **COMPLIANCE WITH HEALTH & SAFETY CODE § 25249.7(f)**

Donaldson and her attorneys agree to comply with the reporting form requirements referenced in California Health and Safety Code section 25249.7(f).

10. **MODIFICATION**

This Settlement Agreement may be modified only by written agreement of the Parties.

11. **ENTIRE AGREEMENT**

This Settlement Agreement contains the sole and entire agreement of the Parties and any and all prior negotiations and understandings related hereto shall be deemed to have been merged within it. No representations or terms of agreement other than those contained herein exist or have been made by any Party with respect to the other Party or the subject matter hereof.

12. **AUTHORIZATION**

The undersigned are authorized to execute this Settlement Agreement on behalf of their respective Parties and have read, understand, and agreed to all of the terms and conditions of this Settlement Agreement.

**AGREED TO:**                              **AGREED TO:**

Date: October 14 ____, 2021        Date: _10/15_____, 2021

By: _____             By: _____
AUDREY DONALDSON                  ENCHANTE ACCESSORIES, INC.

## SETTLEMENT AGREEMENT

1. **INTRODUCTION**

   1.1 **Parties**

   This Settlement Agreement is entered into by and between EnviroProtect, LLC ("EP") on the one hand and Enchante Accessories, Inc. ("ENCHANTE") on the other hand, with ENCHANTE and EP each individually referred to as a "Party" and collectively as the "Parties."

   1.2 **Introduction and General Allegations.**

   1.2.1 EP is a limited liability company duly organized and existing in the State of California, which seeks to promote awareness of exposures to toxic chemicals and to improve human health by reducing or eliminating hazardous substances used in consumer products.

   1.2.2 EP alleges that ENCHANTE and/or Ross Stores, Inc. ("Ross") employs ten or more persons, and EP alleges that ENCHANTE is a person in the course of doing business for purposes of the Safe Drinking Water and Toxic Enforcement Act of 1986, California Health and Safety Code section 25249.6 *et seq.* ("Proposition 65").

   1.2.3 EP alleges that ENCHANTE supplied certain products to Ross pursuant to a written Vendor Agreement. EP alleges that ENCHANTE imported, sold, and/or distributed the Covered Products, as defined below, for sale in California that contain Di-(2-ethylhexyl) phthalate ("DEHP"), a chemical pursuant to Proposition 65 listed by the State of California to cause cancer and reproductive toxicity. EP further alleges that ENCHANTE and Ross failed to provide the health hazard warning required by Proposition 65 for exposures to DEHP from the Covered Products. ENCHANTE and Ross have denied these allegations, as set forth in Paragraph 1.5 below.

   1.3 **Product Description.**

   The products covered by this Settlement Agreement are the ENCHANTE Art Sketchbooks, SKU# 400218171224, which were manufactured or distributed by ENCHANTE and offered for sale by Ross in California. ("Covered Products").

### 1.4 60 Day Notice of Violation and Exchange of Information.

On May 26, 2021, EP served Ross, and the requisite public enforcement agencies with a 60-Day Notice of Violation related to the Covered Products, alleging that ENCHANTE and Ross violated Proposition 65. On July 1, 2021 EP issued a new 60-Day Notice of Violation (the "Notice") to add ENCHANTE. The Notice alleged that ENCHANTE and Ross had failed to warn its customers and consumers in California of the health hazards associated with exposures to DEHP from its import, sale and/or distribution of the Covered Products.

EP subsequently provided ENCHANTE with test results in EP's possession concerning its allegations. ENCHANTE provided EP with sales data related to the Covered Products. To the best of the Parties' knowledge, no public enforcer has commenced and is diligently prosecuting the allegations set forth in the Notice.

### 1.5 No Admission.

The Parties enter into this Settlement Agreement to settle disputed claims between the Parties as set forth below concerning the Parties' and the Covered Products' compliance with Proposition 65.

ENCHANTE and Ross deny the material, factual, and legal allegations contained in the Notice and maintain that all of the products that they have imported, manufactured and/or sold and distributed in California, including the Covered Products, have been, and are, in compliance with all laws, including Proposition 65. Nothing in this Settlement Agreement shall be construed as an admission by ENCHANTE or Ross of any fact, finding, conclusion, issue of law, or violation of law, nor shall compliance with this Settlement Agreement constitute or be construed as an admission by ENCHANTE or Ross of any fact, finding, conclusion, issue of law, or violation of law, such being specifically denied by ENCHANTE or Ross. This Section shall not, however, diminish or otherwise affect ENCHANTE's obligations, responsibilities, and duties under this Settlement Agreement.

1.6     **Effective Date**.

For purposes of this Settlement Agreement, the term "Effective Date" shall mean the date the Agreement is fully executed by the Parties.

2.     **INJUNCTIVE RELIEF: REFORMULATION AND WARNINGS**

As of the Effective Date, ENCHANTE shall manufacture, distribute, import, or otherwise offer for sale in California only Reformulated Products, as defined pursuant to Section 2.1 below, unless the Covered Products are labeled with a clear and reasonable Proposition 65 warning pursuant to Section 2.3 below. Covered Products that were supplied to third parties by ENCHANTE prior to the Effective Date shall be deemed exempted from the requirements of this Section 2 and shall be permitted to be sold through as previously manufactured, packaged and labeled.

2.1     **Reformulation Standard**. Commencing on the Effective Date, and continuing thereafter, Covered Products that ENCHANTE imports, manufactures, ships to be sold or offers for sale or purchase in or into California, or sells in California shall be deemed to comply with Proposition 65, and be exempt from any Proposition 65 warning requirements with respect to DEHP if the Products meet the standard of "Reformulated Products." "Reformulated Products" shall mean Covered Products containing less than or equal to 1,000 parts per million (0.1%) DEHP in each accessible component when analyzed pursuant to Environmental Protection Agency testing methodologies 3580A and 8270C, CPSC-CH-C1001-09.3 or equivalent methodologies utilized by federal or state agencies for the purpose of determining DEHP content in a solid substance ("Reformulation Standard"). Covered Products, currently in the channels of distribution with distributors and retailers may continue to be sold-through. However, as of the Effective Date, ENCHANTE may not distribute or sell new Covered Products in California that are not Reformulated Products or do not contain the warnings set forth in Paragraph 2.3

2.2     **Accessible Component.** The term "Accessible Component" shall mean any component of the Covered Product that could be touched by a person during reasonably foreseeable use.

2.3     Warning Language

-3-

Where required, ENCHANTE shall provide Proposition 65 warnings on the Covered Product's label as follows:

2.3.1 ENCHANTE may use either of the following warning statements in full compliance with this Section:

(a) WARNING: This product can expose you to chemicals including DEHP, which is known to the State of California to cause cancer and birth defects or other reproductive harm. For more information go to www.P65Warnings.ca.gov

(b) WARNING: Cancer and Reproductive Harm – www.P65Warnings.ca.gov

2.3.2 If ENCHANTE uses either of the above warning statements to effectuate its compliance, it shall also include a symbol consisting of a black exclamation point in a yellow equilateral triangle with a bold black outline. Where the label is not printed using the color yellow, the symbol may be printed in black and white. The symbol shall be placed to the left of the text of the warning, in a size no smaller than the height of the word "WARNING."

2.3.3 The requirements for warnings, set forth in subsection 2.3.1 above are imposed pursuant to the terms of this Settlement Agreement. The Parties recognize that these are not the exclusive methods of providing a warning under Proposition 65 and its implementing regulations.

2.3.4 In the event that the Office of Environmental Health Hazard Assessment or another authorized agency promulgates one or more regulations requiring or permitting warning text and/or methods of transmission different than those set forth above, or legislation is enacted by the California legislature, United States Congress or voters with such requirements or permission, ENCHANTE shall be entitled to use, at its discretion, such other warning text and/or method of transmission without being deemed in breach of this Agreement.

2.3.5 If Proposition 65 warnings for DEHP should no longer be required, ENCHANTE shall have no further obligations pursuant to this Settlement Agreement.

3. **CIVIL PENALTY PURSUANT TO HEALTH & SAFETY CODE§ 25249.7(b)**

ENCHANTE shall pay a civil penalty of $1,000 to be apportioned in accordance with California Health & Safety Code §§25249.12(c) & (d), with 75% of these funds remitted to the State of California's Office of Environmental Health Hazard Assessment ("OEHHA") and the remaining 25% of the penalty remitted to EP. ENCHANTE shall issue two separate checks for the penalty payment: (a) one check made payable to the Kawahito Law Group in Trust for the State of California's Office of Environmental Health Hazard Assessment ("in Trust for OEHHA") in the amount of $750.00 representing 75% of the initial civil penalty and (b) one check to "Kawahito Law Group in Trust for EnviroProtect" in the amount of $250, representing 25% of the initial civil penalty. Two separate 1099s shall be issued for the above payments: The first 1099 shall be issued to OEHHA, P.O. Box 4010, Sacramento, CA 95814 (EIN: 68-0284486). The second 1099 shall be issued to Kawahito Law Group APC, who shall furnish a W-9 at least five business days before payment is due. The payment shall be delivered within 14 day of the Effective Date to the following address:

> James Kawahito, Esq.
> Kawahito Law Group APC
> 222 N. Pacific Coast Hwy. Suite 2222
> El Segundo, CA 90245

Payment may also be made by wire or ACH transfer. Instructions will be provided upon request.

## 4. REIMBURSEMENT OF FEES AND COSTS

The Parties acknowledge that EP and its counsel offered to resolve this dispute without reaching terms on the amount of fees and costs to be reimbursed to them, thereby leaving any fee reimbursement issue to be resolved after the material terms of the agreement had been settled. The parties reached an accord on the compensation due to EP and its counsel under general contract principles and the private attorney general doctrine codified at California Code of Civil Procedure (CCP) § 1021.5, for all work performed through the mutual execution of this agreement. More specifically, ENCHANTE shall pay the total amount of $18,000 for fees and costs incurred by EP as a result of investigating, bringing this matter to the attention of ENCHANTE, and negotiating a settlement. ENCHANTE shall wire the funds (instructions will be provided upon request) or make payment by check payable to "Kawahito Law Group APC."

Payment shall be made within 14 days of the Effective Date and delivered to the following address:

James Kawahito, Esq.
Kawahito Law Group APC
222 N. Pacific Coast Hwy. Suite 2222
El Segundo, CA 90245

To allow for the issuance of a timely payment to be rendered pursuant to the above, EP shall provide ENCHANTE with a completed IRS Form W-9 for the Kawahito Law Group APC at least five business days prior to payment.

## 5. RELEASE OF ALL CLAIMS

### 5.1 Full, Final and Binding Resolution of Proposition 65 Allegations.

EP, on behalf of itself, its past and current agents, representatives, attorneys, successors and/or assignees, releases ENCHANTE and Ross of any violation of Proposition 65 that was or could have been asserted by EP against ENCHANTE its parents, subsidiaries, affiliated entities that are under common ownership, directors, officers, employees, agents, principals, insurers, accountants, representatives, attorneys, predecessors, successors, assignees, licensors, each manufacturer or other entity supplying ENCHANTE with the Covered Products, and each entity to which ENCHANTE directly or indirectly distributes, ships or sells the Covered Products, including, but not limited to Ross and any other downstream distributors, wholesalers, customers, retailers, franchisees, cooperative members, and licensees and their owners, directors, officers, employees, agents, principals, insurers, accountants, representatives, attorneys, predecessors, successors, and assignees (collectively "Releasees") for any and all claims based on their alleged or actual failure to warn about alleged exposures to DEHP contained in the Covered Products that were allegedly manufactured, imported, distributed, sold and/or offered for sale by ENCHANTE (either directly or through the Releasees) in California before the Effective Date. The Release shall also cover any Covered Products that were in the stream of commerce prior to the Effective Date. However, as of the Effective Date, no new Products shall be shipped to or distributed in California that do not comply with Section 2 of the Aagreement. This release is provided in EP's individual capacity and is not a release on behalf of the public.

In further consideration of the promises and agreements herein contained, EP on behalf of itself, its past and current agents, representatives, attorneys, successors and/or assignees, also hereby waives all of its rights to institute or participate in, directly or indirectly, any form of legal action and releases all claims against ENCHANTE and Releasees that it or they may have including, without limitation, all actions, and causes of action, suits, liabilities, demands, obligations, damages, costs, fines, penalties, losses, expenses, investigative fees, expert fees, and attorneys' fees for any and all claims arising under Proposition 65, and regarding the alleged failure to warn about exposures to DEHP in the Covered Products allegedly manufactured, sold, or distributed for sale before the Effective Date by ENCHANTE or Releasees.

The Parties intend the above release to be a full, final accord and satisfaction and release of each released claim set forth above with respect to the Covered Products. In furtherance of this intention, EP acknowledges it is familiar with California Civil Code Section 1542, which is set forth below, and waives and relinquishes all of the rights and benefits it has, or may have under this statute with respect to the Covered Products.

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

5.2     **ENCHANTE's Release of EP**.

ENCHANTE on behalf of itself, its past and current agents, representatives, attorneys, successors, and/or assignees, hereby waives any and all claims against EP, its attorneys and other representatives, for any and all actions taken or statements made by EP and its attorneys and other representatives, whether in the course of investigating claims or otherwise seeking to enforce Proposition 65 against it in this matter with respect to the Covered Products.

6.     **ENFORCEMENT OF SETTLEMENT AGREEMENT.**

Any party may file suit before the Superior Court of the County of Los Angeles to enforce the terms and conditions contained in this Settlement Agreement. The prevailing party shall be entitled to its reasonable attorneys' fees and costs associated with such enforcement.

7.    **SEVERABILITY**

If, subsequent to the execution of this Settlement Agreement, any provision of this Settlement Agreement is deemed by a court to be unenforceable, the validity of the remaining provisions shall not be adversely affected.

8.    **GOVERNING LAW**

The terms of this Settlement Agreement shall be governed by the laws of the State of California and apply within the State of California.

9.    **NOTICE**

Unless specified herein, all correspondence and notice required to be provided pursuant to this Settlement Agreement shall be in writing and sent by: (a) personal delivery; (b) first-class, registered or certified mail, return receipt requested; or (c) a recognized overnight courier on any Party by the other at the following addresses:

|  |  |
|---|---|
| For ENCHANTE: | Enchante Accessories, Inc.<br>144 East 34th Street<br>New York, NY 10016 |
| with a copy to: | Carol R. Brophy, Esq.<br>Steptoe & Johnson LLP<br>1 Market Street, Steuart Tower, Suite 1800<br>San Francisco, CA 94105<br>cbrophy@steptoe.com |
| For EP: | EnviroProtect, LLC.<br>3142 W. 59th Pl.<br>Los Angeles, CA 90043 |
| with a copy to: | James K. Kawahito<br>Kawahito Law Group APC<br>Attn. EP v. D&C<br>222 N. Pacific Coast Hwy., Suite 2222<br>El Segundo, CA 90245<br>jkawahito@kawahitolaw.com |

Any Party may, from time to time, specify in writing to the other a change of address to which all notices and other communications shall be sent.

## 10. COUNTERPARTS; FACSIMILE SIGNATURES

This Settlement Agreement may be executed in counterparts and by facsimile or portable document format (PDF) signature, each of which shall be deemed an original, and all of which, when taken together, shall constitute one and the same document.

## 11. COMPLIANCE WITH HEALTH & SAFETY CODE § 25249.7(f)

EP and its attorneys agree to comply with the reporting form requirements referenced in California Health and Safety Code section 25249.7(f).

## 12. MODIFICATION

This Settlement Agreement may be modified only by written agreement of the Parties.

## 13. AUTHORIZATION

The undersigned are authorized to execute this Settlement Agreement on behalf of their respective Parties and have read, understand, and agreed to all of the terms and conditions of this Settlement Agreement.

AGREED TO:                                    AGREED TO:

Date: 11-8-21                                 Date: 11/8/2021

By: _____                          By: _____
EnviroProtect, LLC                            Enchante Accessories, Inc.

# SETTLEMENT AND RELEASE AGREEMENT

## 1. INTRODUCTION

### 1.1. Green Initiative LLC and Enchante Accessories, Inc.

This Settlement Agreement is entered into by and between Green Initiative LLC ("Initiative"), on the one hand, and Enchante Accessories, Inc. ("Enchante"), on the other hand, with Initiative and Enchante collectively referred to as the "Parties."

### 1.2. Enchante Allegations

Initiative alleges that Enchante manufactured and distributed and offered for sale in the State of California manicure kits with cases containing Di(2-ethylhexyl)phthalate ("DEHP") and/or diisononyl phthalate ("DINP") and/or Di-n-butyl Phthalate ("DBP"), and that such sales have not included warnings pursuant to the Safe Drinking Water and Toxic Enforcement Act of 1986, California Health & Safety Code sections 25249.6 *et seq.* ("Proposition 65"). California has identified and listed DEHP under Proposition 65 as a chemical known to the State of California to cause cancer, birth defects or other reproductive harm.

### 1.3. Product Description

The products that are covered by this Settlement Agreement are defined as manicure kits with cases containing DEHP and/or DINP and/or DBP that Enchante has sold, offered for sale or distributed in California. All such items shall be referred to herein as the "Products."

### 1.4. Notice of Violation

On August 20, 2021, Initiative served Enchante, Ross Stores, Inc., and the requisite public enforcement agencies eligible to initiate Proposition 65 actions on behalf of the People of the State of California with a document entitled "60-Day Notice of Violation" ("Notice") that provided Enchante and such public enforcers with notice that Enchante was allegedly in

1

violation of California Health & Safety Code section 25249.6 for failing to warn consumers and customers that the Products exposed users in California to DEHP. To the best of the Parties' knowledge, no public enforcer has commenced or is diligently prosecuting the allegations set forth in the Notice.

### 1.5. No Admission

The Parties enter into this Settlement Agreement to settle disputed claims between them as set forth herein and in the Notice concerning Enchante's compliance with Proposition 65. Enchante denies the material factual and legal allegations contained in Initiative's Notice and maintains that all products that it has manufactured for sale and distribution in California, including the Products, have been and are in compliance with Proposition 65 or any other statutory, regulatory, common law or equitable doctrine. Nothing in this Settlement Agreement shall be construed as an admission by Enchante of any fact, finding, issue of law, or violation of law; nor shall compliance with this Settlement Agreement constitute or be construed as an admission by Enchante of any fact, finding, conclusion, issue of law, or violation of law, such being specifically denied by Enchante on its behalf. However, nothing in this section shall diminish or otherwise affect the obligations, responsibilities, and duties of Enchante under this Settlement Agreement.

### 1.6. Effective Date

For purposes of this Settlement Agreement, the term "Effective Date" shall mean the date this Settlement Agreement is fully executed.

## 2. INJUNCTIVE RELIEF: REFORMULATION AND WARNINGS

As of the Effective Date, Enchante shall manufacture, import, or otherwise source for authorized sale in California only Reformulated Products, as defined pursuant to Section 2.1

below, unless such Products are labeled with a clear and reasonable Proposition 65 warning pursuant to Section 2.2 below. Products that were supplied to third parties by Enchante prior to the Effective Date shall be deemed exempted from the requirements of this Section 2 and shall be permitted to be sold through as previously manufactured, packaged and labeled.

### 2.1. Reformulation Standards

"Reformulated Products" are defined as those Products containing DEHP/DINP/DBP in concentrations less than 0.1 percent (1,000 parts per million) when analyzed pursuant to U.S. Environmental Protection Agency testing methodologies 3580A and 8270C or any other methodology utilized by federal or state agencies for the purpose of determining the DEHP/DINP/DBP content in a solid substance.

### 2.2. Warning Language

Where required, Enchante shall provide Proposition 65 warnings on the Product's label as follows:

    (a)    Enchante may use either of the following warning statements in full compliance with this Section:

        (1)    **WARNING**: This product can expose you to chemicals including DEHP/DINP/DBP, which are known to the State of California to cause cancer, birth defects or other reproductive harm. For more information go to www.P65Warnings.ca.gov

        (2)    **WARNING**: Cancer and Reproductive Harm – www.P65Warnings.ca.gov.

    (b)    If Enchante uses either of the above warning statements to effectuate its compliance, it shall also include a symbol consisting of a black exclamation point

in a yellow equilateral triangle with a bold black outline. Where the label is not printed using the color yellow, the symbol may be printed in black and white. The symbol shall be placed to the left of the text of the warning, in a size no smaller than the height of the word "WARNING."

(c)     The requirements for warnings, set forth in subsection (a) above are imposed pursuant to the terms of this Settlement Agreement. The Parties recognize that these are not the exclusive methods of providing a warning under Proposition 65 and its implementing regulations.

(d)     If Proposition 65 warnings for DEHP/DINP/DBP should no longer be required, Enchante shall have no further obligations pursuant to this Settlement Agreement.

3.     **PENALTIES PURSUANT TO HEALTH & SAFETY CODE SECTION 25249.7(b)**

In settlement of all the claims referred to in this Settlement Agreement and because it previously began to implement Proposition 65 warnings for the Products, Enchante shall pay a total of $1,000 in civil penalties in accordance with this Section. The penalty payment will be allocated in accordance with California Health & Safety Code section 25249.12(c)(1) & (d), with 75% of the funds remitted to the California Office of Environmental Health Hazard Assessment ("OEHHA") and the remaining 25% of the penalty remitted to Initiative. Initiative's counsel shall be responsible for delivering OEHHA's portion of any penalty payment made under this Settlement Agreement.

4.     **REIMBURSEMENT OF FEES AND COSTS**

The Parties reached an accord on the compensation due to Initiative and its counsel under the private attorney Enchante doctrine and principles of contract law. Under these legal

-4-

principles, Enchante shall reimburse Initiative's counsel for fees and costs, incurred as a result of investigating and bringing this matter to Enchante's attention. Enchante shall pay Initiative's counsel $11,000 for all attorneys' fees, expert and investigation fees, and related costs associated with this matter and the Notice.

5. **PAYMENT INFORMATION**

By February 28, 2022, Enchante shall make a total payment of Twelve Thousand Dollars ($12,000) for the civil penalties and attorney's fees / costs by wire transfer to Plaintiff's counsel Custodio & Dubey LLP:

Bank: Bank of America, N.A.

Routing No.: 026009593

Account No.: 325132729125

Beneficiary: Custodio & Dubey LLP

Other than this payment, each side is to bear its own attorneys' fees and costs.

6. **RELEASE OF ALL CLAIMS**

6.1. **Release of Enchante, Downstream Customers and Upstream Vendors**

In further consideration of the promises and agreements herein contained, and for the payments to be made pursuant to Sections 3 and 4 above, Initiative, on behalf of itself, its past and current agents, representatives, attorneys, successors and/or assignees, hereby waives all rights to institute or participate in, directly or indirectly, any form of legal action and releases all claims relating to the Products, including, without limitation, all actions, and causes of action, in law or in equity, suits, liabilities, demands, obligations, damages, costs, fines, penalties, losses or expenses (including, but not limited to, investigation fees, expert fees and attorneys' fees) of any nature whatsoever, whether known or unknown, fixed or contingent (collectively "Claims"),

against (a) Enchante, (b) each of Enchante's downstream distributors (including but not limited to Ross Stores, Inc.), wholesalers, vendors, licensors, licensees, auctioneers, retailers, franchisees, dealers, shareholders, cooperative members, customers, owners, purchasers, users, and (c) Enchante's parent companies, corporate affiliates, subsidiaries, and their respective officers, directors, attorneys, representatives, shareholders, agents, and employees, and sister and parent entities (collectively "Releasees").

Initiative also, on behalf of itself, its past and current agents, representatives, attorneys, successors, and/or assignees and *not* in its representative capacity, provides a Enchante release herein which shall be effective as a full and final accord and satisfaction, as a bar to all actions, causes of action, obligations, costs, expenses, attorneys' fees, damages, losses, claims, liabilities and demands of any nature, character or kind, known or unknown, suspected or unsuspected, against Enchante and the Releasees. Initiative acknowledges that it is familiar with California Civil Code section 1542, which provides as follows:

> A Enchante release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Initiative, in its capacity only, and on behalf of itself, its past and current agents, representatives, attorneys, successors, and/or assignees expressly waives and relinquishes any and all rights and benefits which it may have under, or which may be conferred on it by the provisions of California Civil Code section 1542 as well as under any other state or federal statute or common law principle of similar effect, to the fullest extent that it may lawfully waive such rights or benefits pertaining to the released matters.

## 6.2.    Enchante's Release of Initiative

Enchante waives any and all claims against Initiative, its attorneys and other representatives, for any and all actions taken or statements made (or those that could have been taken or made) by Initiative and its attorneys and other representatives, whether in the course of investigating claims or otherwise seeking enforcement of Proposition 65 against it in this matter, and/or with respect to the Products.

## 7.    GOVERNING LAW

The terms of this Settlement Agreement shall be governed by the laws of the State of California and apply within the State of California.  In the event that Proposition 65 is repealed or is otherwise rendered inapplicable by reason of law Enchantely, or as to the Products, then Enchante shall have no further obligations pursuant to this Settlement Agreement.

## 8.    NOTICES

Unless specified herein, all correspondence and notices required to be provided pursuant to this Settlement Agreement shall be in writing and personally delivered or sent by: (i) first-class, (registered or certified mail) return receipt requested; or (ii) overnight courier on any party by the other party at the following addresses:

For Enchante:  
Carol R. Brophy, Esq.  
Steptoe & Johnson LLP  
1 Market Street | Steuart Tower, Suite 1800  
San Francisco, CA 94105

For Initiative:  
Vineet Dubey, Esq.  
Custodio & Dubey LLP  
445 S. Figueroa St., Suite 2520  
Los Angeles, CA 90071

Any party, from time to time, may specify in writing to the other party a change of address to which all notices and other communications shall be sent.

9.    **COUNTERPARTS; FACSIMILE/E-SIGNATURES**

This Settlement Agreement may be executed in counterparts and by facsimile or e-signatures, each of which shall be deemed an original, and all of which, when taken together, shall constitute one and the same document.

10.    **COMPLIANCE WITH HEALTH & SAFETY CODE SECTION 25249.7(f)**

Initiative agrees to comply with the reporting form requirements referenced in California Health & Safety Code § 25249.7(f).

11.    **ENTIRE AGREEMENT**

This Settlement Agreement contains the sole and entire agreement and understanding of the Parties with respect to the entire subject matter hereof, and all related prior discussions, negotiations, commitments and understandings. No other agreements, oral or otherwise, exist to bind either of the Parties.

12.    **MODIFICATION**

This Settlement Agreement may be modified only by a written agreement signed by the Parties.

13.    **AUTHORIZATION**

The undersigned are authorized to execute this Settlement Agreement on behalf of their respective Parties and have read, understood and agree to all of the terms and conditions of this Settlement Agreement.

| AGREED TO: | AGREED TO: |
|---|---|
| Date: February 6, 2022 | Date: February 17, 2022 |
| By: _____ | By: _____ |
| On Behalf of Green Initiative LLC | On Behalf of Enchante Accessories, Inc. |

<h1 align="center">SETTLEMENT AGREEMENT</h1>

## 1.    INTRODUCTION

    **1.1    The Parties.** This Settlement Agreement is entered into by and between Precila Balabbo ("Balabbo") and Enchante Accessories, Inc. ("Enchante"). Together, Balabbo and Enchante are collectively referred to as the "Parties." Balabbo is an individual who resides in the State of California, and seeks to promote awareness of exposures to toxic chemicals and to improve human health by reducing or eliminating hazardous substances contained in consumer products. Balabbo alleges that Enchante is a person in the course of doing business for purposes of the Safe Drinking Water and Toxic Enforcement Act of 1986, Health & Safety Code § 25249.6, et seq. ("Proposition 65").

    **1.2    General Allegations.** Balabbo alleges that Enchante has exposed individuals to the chemical di(2-ethylhexyl) phthalate (DEHP) from its sales of BeBe weekly planners/journals, and from its sales of Live Life Colorfully sketchbook sets without first providing users and consumers of the product with a clear and reasonable health hazard exposure warning as required pursuant to Proposition 65. DEHP is listed pursuant to Proposition 65 as a chemical known to the State of California to cause cancer and reproductive toxicity.

    **1.3    Product Description.** The products covered by this Settlement Agreement are (a) BeBe weekly planners/journals and (b) Live Life Colorfully sketchbook sets (the "Products") that have been imported, distributed, offered for sale and/or sold in California by Enchante.

    **1.4    Notices of Violation.** On May 13, 2021 (BeBe planners), Balabbo served BB Brand Holdings, LLC, Burlington Stores, Inc., Burlington Coat Factory Holdings, LLC, BeBe Stores, Inc., and various public enforcement agencies with a document entitled "Notice of Violation of California Health & Safety Code § 25249.6, et seq." (the "BeBe Planner Notice") alleging that the named noticed parties were in violation of California Health & Safety Code § 25249.6, for failing to warn California consumers and customers that use of BeBe weekly planner/journals will expose them to DEHP. Enchante was subsequently identified as the manufacturer and supplier of the products in the BeBe

Notice and entered into negotiations with Balabbo as indemnitor to the named noticed parties to resolve Balabbo's claims concerning exposure to DEHP in the Products.

On February 1, 2022, Balabbo served Azzure Home, Inc., Burlington Stores, Inc., Burlington Coat Factory Holdings, LLC, Enchante, and various public enforcement agencies with a document entitled "Notice of Violation of California Health & Safety Code § 25249.6, et seq." (the "Sketchbook Set Notice"). The Sketchbook Set Notice provided Enchante and such others, including public enforcers, with notice that alleged that Enchante was in violation of California Health & Safety Code § 25249.6, for failing to warn California consumers and customers that use of the Live Life Colorfully sketchbooks will expose them to DEHP.

Collectively, the BeBe Planner Notice and Sketchbook Set Notice are referred to as the "Notices." No public enforcer has diligently prosecuted the allegations set forth in the Notices.

**1.5      No Admission.** Enchante denies the material factual and legal allegations contained in the Noticess and maintains that, to the best of its knowledge, all products that are or have been sold and distributed in California, including the Products, have been and are in compliance with all laws. Nothing in this Settlement Agreement shall be construed as an admission by Enchante of any fact, finding, issue of law, or violation of law; nor shall compliance with this Settlement Agreement constitute or be construed as an admission by Enchante of any fact, finding, conclusion, issue of law or violation of law, such being specifically denied by Enchante. However, this § 1.5 shall not diminish or otherwise affect the obligations, responsibilities and duties under this Settlement Agreement. Notwithstanding the allegations in the Notices, Enchante maintains that it has not knowingly manufactured, or caused to be manufactured, the Products for sale in California in violation of Proposition 65.

**1.6      Effective Date.** For purposes of this Settlement Agreement, the term "Effective Date" shall mean the date this Agreement is last executed by the Parties.

## 2.      INJUNCTIVE RELIEF: WARNINGS

**2.1      Reformulation of Products.** As of the Effective Date, and continuing thereafter, Products that Enchante directly manufactures, imports, distributes, sells, or offers for sale in California

shall either: (a) be Reformulated Products pursuant to § 2.2, below; or (b) be labeled with a clear and reasonable exposure warning pursuant to §§ 2.3 and 2.4, below. For purposes of this Settlement Agreement, a "Reformulated Product" is a Product that is in compliance with the standard set forth in § 2.2, below. The warning requirement set forth in §§ 2.3 and 2.4 shall not apply to any Reformulated Product.

**2.2    Reformulation Standard.** "Reformulated Products" shall mean Products that contain concentrations less than or equal to 0.1% (1,000 parts per million (ppm)) of DEHP when analyzed pursuant to U.S. Environmental Protection Agency testing methodologies 3580A and 8270C or other methodology utilized by federal or state government agencies for the purpose of determining the phthalate content in a solid substance.

**2.3    Clear and Reasonable Warning.** As of the Effective Date, and continuing thereafter, a clear and reasonable exposure warning as set forth in this §§ 2.3 and 2.4 must be provided for all Products that Enchante manufacturers, imports, distributes, sells, or offers for sale in California that is not a Reformulated Product. There shall be no obligation for Enchante to provide an exposure warning for Products that entered the stream of commerce prior to the Effective Date. The warning shall consist of either the **Warning** or **Alternative Warning** described in §§ 2.3(a) or (b), respectively:

(a)    **Warning.** The "Warning" shall consist of the statement:

⚠ **WARNING**: This product can expose you to chemicals including di(2-ethylhexyl) phthalate (DEHP), which are known to the State of California to cause cancer and birth defects or other reproductive harm. For more information go to www.P65Warnings.ca.gov.

(b)    **Alternative Warning**: Enchante may, but is not required to, use the alternative short-form warning as set forth in this § 2.3(b) ("**Alternative Warning**") as follows:

⚠ **WARNING**: Cancer and Reproductive Harm - www.P65Warnings.ca.gov.

**2.4**    A **Warning** or **Alternative Warning** provided pursuant to § 2.3 must print the word "**WARNING:**" in all capital letters and in bold font, followed by a colon. The warning symbol to the left of the word "**WARNING:**" must be a black exclamation point in a yellow equilateral triangle with a black outline, except that if the sign or label for the Products does not use the color yellow, the

symbol may be in black and white. The symbol must be in a size no smaller than the height of the word "**WARNING:**". The warning shall be affixed to or printed on the Products' packaging or labeling, or on a placard, shelf tag, sign or electronic device or automatic process, providing that the warning is displayed with such conspicuousness, as compared with other words, statements, or designs as to render it likely to be read and understood by an ordinary individual under customary conditions of purchase or use. The warning may be contained in the same section of the packaging, labeling, or instruction booklet that states other safety warnings, if any, concerning the use of the Product and shall be at least the same size as those other safety warnings.

If Enchante sells Products via an internet website to customers located in California, the warning requirements of this section shall be satisfied if the foregoing warning appears either: (a) on the same web page on which a Product is displayed and/or described; (b) on the same page as the price for the Product; or (c) on one or more web pages displayed to a purchaser prior to purchase during the checkout process. Alternatively, a symbol consisting of a black exclamation point in a yellow or white equilateral triangle may appear adjacent to or immediately following the display, description, price, or checkout listing of the Product, if the warning statement appears elsewhere on the same web page in a manner that clearly associates it with the product(s) to which the warning applies.

**2.5    Compliance with Warning Regulations.** The Parties agree that Enchante shall be deemed to be in compliance with this Settlement Agreement by either adhering to §§ 2.3 and 2.4 of this Settlement Agreement or by complying with warning requirements adopted by the State of California's Office of Environmental Health Hazard Assessment ("OEHHA") after the Effective Date.

## 3.    PENALTIES PURSUANT TO HEALTH & SAFETY CODE § 25249.7(b)

In settlement of all the claims referred to in this Settlement Agreement, Enchante shall pay $2,000.00 as a Civil Penalty in accordance with this Section. The Civil Penalty payment shall be allocated in accordance with California Health & Safety Code §§ 25249.12(c)(1) and (d), with 75% of the Penalty remitted to OEHHA and the remaining 25% of the Penalty remitted to Balabbo. The Civil Penalty payment(s) shall be delivered to the addresses identified in § 3.2, below. For all amounts due and owing that are not received within the payment times set forth below, Enchante shall pay a

late civil penalty payment fee equal to $100/day to be allocated in accordance with California Health & Safety Code § 25249.12(c)(1) and (d).

**3.1    Civil Penalty.** Within ten (10) days of the Effective Date, Enchante shall issue two (2) separate checks for the Civil Penalty payment to (a) "OEHHA" in the amount of $1,500.00; and to (b) "Brodsky & Smith in Trust for Balabbo" in the amount of $500.00. The Civil Penalty payment(s) shall be delivered to the addresses identified in § 3.2, below.

**3.2    Payment Procedures.**

**(a)    Issuance of Payments.** Payments shall be delivered as follows:

(i)    All payments owed to Balabbo, pursuant to § 3.1 shall be delivered to the following payment address:

Evan J. Smith, Esquire
Brodsky & Smith
Two Bala Plaza, Suite 805
Bala Cynwyd, PA 19004

(ii)    All payments owed to OEHHA (EIN: 68-0284486), pursuant to § 3.1 shall be delivered directly to OEHHA (Memo Line "Prop 65 Penalties") at the following addresses:

For United States Postal Service Delivery:

Mike Gyurics
Fiscal Operations Branch Chief
Office of Environmental Health Hazard Assessment
P.O. Box 4010
Sacramento, CA 95812-4010

For Non-United States Postal Service Delivery:

Mike Gyurics
Fiscal Operations Branch Chief
Office of Environmental Health Hazard Assessment
1001 I Street
Sacramento, CA 95814

**(b)    Copy of Payments to OEHHA.** Enchante agrees to provide Balabbo's counsel with a copy of the checks payable to OEHHA, simultaneous with its penalty payments to Balabbo, to be delivered to the address provided in § 3.2(a)(i), as proof of payment to OEHHA.

**(c)     Tax Documentation.** Enchante agrees to provide a completed IRS 1099 for its payments to, and Balabbo agrees to provide IRS W-9 forms for, each of the following payees under this Settlement Agreement:

(i)     "Precila Balabbo" whose address and tax identification number shall be provided within five (5) days after this Settlement Agreement is fully executed by the Parties;

(ii)     "Brodsky & Smith" (EIN: 23-2971061) at the address provided in Section 3.2(a)(i); and

(iii)     "Office of Environmental Health Hazard Assessment" 1001 I Street, Sacramento, CA 95814.

## 4.     REIMBURSEMENT OF FEES AND COSTS

The Parties acknowledge that Balabbo and her counsel offered to reach preliminary agreement on the material terms of this dispute before reaching terms on the amount of fees and costs to be reimbursed to them. The Parties thereafter reached an accord on the compensation due to Balabbo and her counsel under general contract principles and the private attorney general doctrine and principles codified at California Code of Civil Procedure § 1021.5, for all work performed through the mutual execution of this agreement. Under these legal principles, Enchante shall reimburse Balabbo's counsel for fees and costs incurred as a result of investigating and bringing this matter to Enchante's attention, and negotiating a settlement in the public interest. Within ten (10) days of the Effective Date, Enchante shall issue a check payable to "Brodsky & Smith" in the amount of $25,500.00 for delivery to the address identified in § 3.2(a)(i), above.

## 5.     RELEASE OF ALL CLAIMS

**5.1     Release of Enchante and Downstream Customers and Entities.** This Settlement Agreement is a full, final and binding resolution between Balabbo, acting on her own behalf, and Enchante, of any violation of Proposition 65 that was or could have been asserted by Balabbo or on behalf of her past and current agents, representatives, attorneys, successors, and/or assigns ("Releasors") for failure to provide warnings for alleged exposures to DEHP from use of the Products,

and Releasors hereby release any such claims against Enchante and its parents, subsidiaries, affiliated entities, shareholders, marketplaces, directors, officers, agents, employees, attorneys, successors and assignees, and each entity to whom Enchante directly or indirectly distributes or sells the Products, including but not limited to, downstream distributors, wholesalers, customers, retailers, and its respective subsidiaries, affiliates and parents, franchisees, cooperative members and licensees (collectively, the "Releasees"), from all claims for violations of Proposition 65 through the Effective Date based on excposure to DEHP from use of the Products.

In further consideration of the promises and agreements herein contained, and for the payments to be made pursuant to §§ 3 and 4 above, Balabbo, on behalf of herself, her past and current agents, representatives, attorneys, successors and/or assignees, hereby covenants not to sue and waives any right to institute, participate in, directly or indirectly, any form of legal action and releases all claims that she may have, including without limitation, all actions and causes of action in law and in equity, all obligations, expenses (including without limitation all attorneys' fees, expert fees, and investigation fees, and costs), damages, losses, liabilities and demands against any of the Releasees of any nature, character, or kind, whether known or unknown, suspected or unsuspected, limited to and arising out of the alleged or actual exposure to the chemical DEHP from use of the Products.

**5.2     Enchante's Release of Balabbo.** Enchante, on behalf of itself, its past and current agents, representatives, attorneys, successors and/or assignees, hereby waives any and all claims against Balabbo, her attorneys and other representatives, for any and all actions taken or statements made (or those that could have been taken or made) by Balabbo and/or her attorneys and other representatives, whether in the course of investigating claims or otherwise seeking to enforce Proposition 65 against it in this matter or with respect to the Products.

**5.3     California Civil Code § 1542.** It is possible that other claims not known to the Parties arising out of the facts alleged in the Notices and relating to the Products will develop or be discovered. Balabbo on behalf of herself only, on one hand, and Enchante, on the other hand, acknowledge that this Agreement is expressly intended to cover and include all such claims up through the Effective Date, including all rights of action therefor. The Parties acknowledge that the claims released in §§

5.1 and 5.2, above, may include unknown claims, and nevertheless waive California Civil Code §

1542 as to any such unknown claims. California Civil Code § 1542 reads as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE
> CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO
> EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE
> RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE
> MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE
> DEBTOR OR RELEASED PARTY.

Balabbo and Enchante each acknowledge and understand the significance and consequences of this

specific waiver of California Civil Code § 1542.

 **5.4 Deemed Compliance with Proposition 65**. The Parties agree that compliance by

Enchante with this Settlement Agreement constitutes compliance with Proposition 65 with respect to

exposure to DEHP from use of the Products.

 **5.5. Public Benefit**. It is Enchante's understanding that the commitments it has agreed to

herein, and actions to be taken by Enchante under this Settlement Agreement, would confer a

significant benefit to the general public, as set forth in Code of Civil Procedure § 1021.5 and Cal.

Admin. Code tit. 11, § 3201. As such, it is the intent of Enchante that to the extent any other private

party initiates an action alleging a violation of Proposition 65 with respect to Enchante failure to

provide a warning concerning exposure to DEHP prior to use of the Products it has manufactured,

distributed, sold, or offered for sale in California, or will manufacture, distribute, sell, or offer for sale

in California, such private party action would not confer a significant benefit on the general public as

to those Products addressed in this Settlement Agreement, provided that Enchante is in material

compliance with this Settlement Agreement.

**6. SEVERABILITY**

 If, subsequent to the execution of this Settlement Agreement, any of the provisions of this

Settlement Agreement are deemed by a court to be unenforceable, the validity of the enforceable

provisions remaining shall not be adversely affected but only to the extent the deletion of the provision

deemed unenforceable does not materially affect, or otherwise result in the effect of the Settlement

Agreement being contrary to the intent of the Parties in entering into this Settlement Agreement.

7.   **GOVERNING LAW**

The terms of this Settlement Agreement shall be governed by the law of the State of California and apply within the State of California. In the event that Proposition 65 is repealed or is otherwise rendered inapplicable or limited by reason of law generally, or as to the Products, Enchante shall provide written notice to Balabbo of any asserted change in the law, and shall have no further obligations pursuant to this Settlement Agreement with respect to, and to the extent that, a Product is so affected.

8.   **NOTICES**

Unless specified herein, all correspondence and notices required to be provided pursuant to this Settlement Agreement shall be in writing and personally delivered or sent by: (i) first-class (registered or certified mail) return receipt requested; or (ii) overnight or two-day courier on any party by the other party to the following addresses:

For Enchante:

      Carol R Brophy
      Steptoe & Johnson LLP
      One Market Plaza
      Spear Tower, Suite 3900
      San Francisco, CA 94105

For Balabbo:

      Evan J. Smith
      Brodsky & Smith
      Two Bala Plaza, Suite 805
      Bala Cynwyd, PA 19004

Either party, from time to time, may specify in writing to the other party a change of address to which all notices and other communications shall be sent.

9.   **COUNTERPARTS: SIGNATURES**

This Settlement Agreement may be executed in counterparts and by facsimile or .pdf signature, each of which shall be deemed an original, and all of which, when taken together, shall constitute one and the same document.

10.   **COMPLIANCE WITH HEALTH & SAFETY CODE § 25249.7(f)**

Balabbo agrees to comply with the reporting requirements referenced in Health & Safety Code § 25249.7(f).

11. **MODIFICATION**

This Settlement Agreement may be modified only by a written agreement of the Parties.

12. **ENTIRE AGREEMENT**

This Settlement Agreement contains the sole and entire agreement of the Parties and any and all prior negotiations and understandings related hereto shall be deemed to have been merged within it. No representations or terms of agreement other than those contained herein exist or have been made by any Party with respect to the other Party or the subject matter hereof.

13. **AUTHORIZATION**

The undersigned are authorized to execute this Settlement Agreement and have read, understood and agree to all of the terms and conditions contained of this Settlement Agreement.

**AGREED TO:**                                    **AGREED TO:**

Date: ___03/17/2022___                    Date: 3/3/22

By: _____                    By: Adam Cohen  _____
    Precila Balabbo                              Enchante Accessories, Inc.

<h1 align="center">SETTLEMENT AGREEMENT</h1>

## 1.    __INTRODUCTION__

   **1.1**    **The Parties.**   This Settlement Agreement is entered into by and between Precila Balabbo ("Balabbo") and Enchante Accessories, Inc. ("Enchante"). Together, Balabbo and Enchante are collectively referred to as the "Parties." Balabbo is an individual who resides in the State of California, and seeks to promote awareness of exposures to toxic chemicals and to improve human health by reducing or eliminating hazardous substances contained in consumer products. Balabbo alleges that Enchante is a person in the course of doing business for purposes of the Safe Drinking Water and Toxic Enforcement Act of 1986, Health & Safety Code § 25249.6, et seq. ("Proposition 65").

   **1.2**    **General Allegations.** Balabbo alleges that Enchante has exposed individuals to the chemical di(2-ethylhexyl) phthalate (DEHP) from its sales of BeBe weekly planners/journals, and from its sales of Live Life Colorfully sketchbook sets without first providing users and consumers of the product with a clear and reasonable health hazard exposure warning as required pursuant to Proposition 65. DEHP is listed pursuant to Proposition 65 as a chemical known to the State of California to cause cancer and reproductive toxicity.

   **1.3**    **Product Description.** The products covered by this Settlement Agreement are (a) BeBe weekly planners/journals and (b) Live Life Colorfully sketchbook sets (the "Products") that have been imported, distributed, offered for sale and/or sold in California by Enchante.

   **1.4**    **Notices of Violation.** On May 13, 2021 (BeBe planners), Balabbo served BB Brand Holdings, LLC, Burlington Stores, Inc., Burlington Coat Factory Holdings, LLC, BeBe Stores, Inc., and various public enforcement agencies with a document entitled "Notice of Violation of California Health & Safety Code § 25249.6, et seq." (the "BeBe Planner Notice") alleging that the named noticed parties were in violation of California Health & Safety Code § 25249.6, for failing to warn California consumers and customers that use of BeBe weekly planner/journals will expose them to DEHP. Enchante was subsequently identified as the manufacturer and supplier of the products in the BeBe

<div align="right">1</div>

Notice and entered into negotiations with Balabbo as indemnitor to the named noticed parties to resolve Balabbo's claims concerning exposure to DEHP in the Products.

On February 1, 2022, Balabbo served Azzure Home, Inc., Burlington Stores, Inc., Burlington Coat Factory Holdings, LLC, Enchante, and various public enforcement agencies with a document entitled "Notice of Violation of California Health & Safety Code § 25249.6, et seq." (the "Sketchbook Set Notice"). The Sketchbook Set Notice provided Enchante and such others, including public enforcers, with notice that alleged that Enchante was in violation of California Health & Safety Code § 25249.6, for failing to warn California consumers and customers that use of the Live Life Colorfully sketchbooks will expose them to DEHP.

Collectively, the BeBe Planner Notice and Sketchbook Set Notice are referred to as the "Notices." No public enforcer has diligently prosecuted the allegations set forth in the Notices.

**1.5     No Admission.** Enchante denies the material factual and legal allegations contained in the Noticess and maintains that, to the best of its knowledge, all products that are or have been sold and distributed in California, including the Products, have been and are in compliance with all laws. Nothing in this Settlement Agreement shall be construed as an admission by Enchante of any fact, finding, issue of law, or violation of law; nor shall compliance with this Settlement Agreement constitute or be construed as an admission by Enchante of any fact, finding, conclusion, issue of law or violation of law, such being specifically denied by Enchante. However, this § 1.5 shall not diminish or otherwise affect the obligations, responsibilities and duties under this Settlement Agreement. Notwithstanding the allegations in the Notices, Enchante maintains that it has not knowingly manufactured, or caused to be manufactured, the Products for sale in California in violation of Proposition 65.

**1.6     Effective Date.** For purposes of this Settlement Agreement, the term "Effective Date" shall mean the date this Agreement is last executed by the Parties.

## 2.     INJUNCTIVE RELIEF: WARNINGS

**2.1     Reformulation of Products.** As of the Effective Date, and continuing thereafter, Products that Enchante directly manufactures, imports, distributes, sells, or offers for sale in California

shall either: (a) be Reformulated Products pursuant to § 2.2, below; or (b) be labeled with a clear and reasonable exposure warning pursuant to §§ 2.3 and 2.4, below. For purposes of this Settlement Agreement, a "Reformulated Product" is a Product that is in compliance with the standard set forth in § 2.2, below. The warning requirement set forth in §§ 2.3 and 2.4 shall not apply to any Reformulated Product.

**2.2    Reformulation Standard.** "Reformulated Products" shall mean Products that contain concentrations less than or equal to 0.1% (1,000 parts per million (ppm)) of DEHP when analyzed pursuant to U.S. Environmental Protection Agency testing methodologies 3580A and 8270C or other methodology utilized by federal or state government agencies for the purpose of determining the phthalate content in a solid substance.

**2.3    Clear and Reasonable Warning.** As of the Effective Date, and continuing thereafter, a clear and reasonable exposure warning as set forth in this §§ 2.3 and 2.4 must be provided for all Products that Enchante manufacturers, imports, distributes, sells, or offers for sale in California that is not a Reformulated Product. There shall be no obligation for Enchante to provide an exposure warning for Products that entered the stream of commerce prior to the Effective Date. The warning shall consist of either the **Warning** or **Alternative Warning** described in §§ 2.3(a) or (b), respectively:

(a)    **Warning**. The "Warning" shall consist of the statement:

⚠ **WARNING**: This product can expose you to chemicals including di(2-ethylhexyl) phthalate (DEHP), which are known to the State of California to cause cancer and birth defects or other reproductive harm. For more information go to www.P65Warnings.ca.gov.

(b)    **Alternative Warning**: Enchante may, but is not required to, use the alternative short-form warning as set forth in this § 2.3(b) ("**Alternative Warning**") as follows:

⚠ **WARNING**: Cancer and Reproductive Harm - www.P65Warnings.ca.gov.

**2.4**    A **Warning** or **Alternative Warning** provided pursuant to § 2.3 must print the word "**WARNING:**" in all capital letters and in bold font, followed by a colon. The warning symbol to the left of the word "**WARNING:**" must be a black exclamation point in a yellow equilateral triangle with a black outline, except that if the sign or label for the Products does not use the color yellow, the

symbol may be in black and white. The symbol must be in a size no smaller than the height of the word "**WARNING:**". The warning shall be affixed to or printed on the Products' packaging or labeling, or on a placard, shelf tag, sign or electronic device or automatic process, providing that the warning is displayed with such conspicuousness, as compared with other words, statements, or designs as to render it likely to be read and understood by an ordinary individual under customary conditions of purchase or use. The warning may be contained in the same section of the packaging, labeling, or instruction booklet that states other safety warnings, if any, concerning the use of the Product and shall be at least the same size as those other safety warnings.

If Enchante sells Products via an internet website to customers located in California, the warning requirements of this section shall be satisfied if the foregoing warning appears either: (a) on the same web page on which a Product is displayed and/or described; (b) on the same page as the price for the Product; or (c) on one or more web pages displayed to a purchaser prior to purchase during the checkout process. Alternatively, a symbol consisting of a black exclamation point in a yellow or white equilateral triangle may appear adjacent to or immediately following the display, description, price, or checkout listing of the Product, if the warning statement appears elsewhere on the same web page in a manner that clearly associates it with the product(s) to which the warning applies.

   **2.5     Compliance with Warning Regulations.** The Parties agree that Enchante shall be deemed to be in compliance with this Settlement Agreement by either adhering to §§ 2.3 and 2.4 of this Settlement Agreement or by complying with warning requirements adopted by the State of California's Office of Environmental Health Hazard Assessment ("OEHHA") after the Effective Date.

## 3.     <u>PENALTIES PURSUANT TO HEALTH & SAFETY CODE § 25249.7(b)</u>

   In settlement of all the claims referred to in this Settlement Agreement, Enchante shall pay $2,000.00 as a Civil Penalty in accordance with this Section. The Civil Penalty payment shall be allocated in accordance with California Health & Safety Code §§ 25249.12(c)(1) and (d), with 75% of the Penalty remitted to OEHHA and the remaining 25% of the Penalty remitted to Balabbo. The Civil Penalty payment(s) shall be delivered to the addresses identified in § 3.2, below. For all amounts due and owing that are not received within the payment times set forth below, Enchante shall pay a

late civil penalty payment fee equal to $100/day to be allocated in accordance with California Health & Safety Code § 25249.12(c)(1) and (d).

    **3.1**    **Civil Penalty.** Within ten (10) days of the Effective Date, Enchante shall issue two (2) separate checks for the Civil Penalty payment to (a) "OEHHA" in the amount of $1,500.00; and to (b) "Brodsky & Smith in Trust for Balabbo" in the amount of $500.00. The Civil Penalty payment(s) shall be delivered to the addresses identified in § 3.2, below.

    **3.2**    **Payment Procedures.**

        **(a)**    **Issuance of Payments.** Payments shall be delivered as follows:

            (i)    All payments owed to Balabbo, pursuant to § 3.1 shall be delivered to the following payment address:

Evan J. Smith, Esquire
Brodsky & Smith
Two Bala Plaza, Suite 805
Bala Cynwyd, PA 19004

            (ii)    All payments owed to OEHHA (EIN: 68-0284486), pursuant to § 3.1 shall be delivered directly to OEHHA (Memo Line "Prop 65 Penalties") at the following addresses:

For United States Postal Service Delivery:

Mike Gyurics
Fiscal Operations Branch Chief
Office of Environmental Health Hazard Assessment
P.O. Box 4010
Sacramento, CA 95812-4010

For Non-United States Postal Service Delivery:

Mike Gyurics
Fiscal Operations Branch Chief
Office of Environmental Health Hazard Assessment
1001 I Street
Sacramento, CA 95814

        **(b)**    **Copy of Payments to OEHHA.** Enchante agrees to provide Balabbo's counsel with a copy of the checks payable to OEHHA, simultaneous with its penalty payments to Balabbo, to be delivered to the address provided in § 3.2(a)(i), as proof of payment to OEHHA.

**(c)** **Tax Documentation.** Enchante agrees to provide a completed IRS 1099 for its payments to, and Balabbo agrees to provide IRS W-9 forms for, each of the following payees under this Settlement Agreement:

(i) "Precila Balabbo" whose address and tax identification number shall be provided within five (5) days after this Settlement Agreement is fully executed by the Parties;

(ii) "Brodsky & Smith" (EIN: 23-2971061) at the address provided in Section 3.2(a)(i); and

(iii) "Office of Environmental Health Hazard Assessment" 1001 I Street, Sacramento, CA 95814.

## 4. REIMBURSEMENT OF FEES AND COSTS

The Parties acknowledge that Balabbo and her counsel offered to reach preliminary agreement on the material terms of this dispute before reaching terms on the amount of fees and costs to be reimbursed to them. The Parties thereafter reached an accord on the compensation due to Balabbo and her counsel under general contract principles and the private attorney general doctrine and principles codified at California Code of Civil Procedure § 1021.5, for all work performed through the mutual execution of this agreement. Under these legal principles, Enchante shall reimburse Balabbo's counsel for fees and costs incurred as a result of investigating and bringing this matter to Enchante's attention, and negotiating a settlement in the public interest. Within ten (10) days of the Effective Date, Enchante shall issue a check payable to "Brodsky & Smith" in the amount of $25,500.00 for delivery to the address identified in § 3.2(a)(i), above.

## 5. RELEASE OF ALL CLAIMS

**5.1** **Release of Enchante and Downstream Customers and Entities.** This Settlement Agreement is a full, final and binding resolution between Balabbo, acting on her own behalf, and Enchante, of any violation of Proposition 65 that was or could have been asserted by Balabbo or on behalf of her past and current agents, representatives, attorneys, successors, and/or assigns ("Releasors") for failure to provide warnings for alleged exposures to DEHP from use of the Products,

and Releasors hereby release any such claims against Enchante and its parents, subsidiaries, affiliated entities, shareholders, marketplaces, directors, officers, agents, employees, attorneys, successors and assignees, and each entity to whom Enchante directly or indirectly distributes or sells the Products, including but not limited to, downstream distributors, wholesalers, customers, retailers, and its respective subsidiaries, affiliates and parents, franchisees, cooperative members and licensees (collectively, the "Releasees"), from all claims for violations of Proposition 65 through the Effective Date based on excposure to DEHP from use of the Products.

In further consideration of the promises and agreements herein contained, and for the payments to be made pursuant to §§ 3 and 4 above, Balabbo, on behalf of herself, her past and current agents, representatives, attorneys, successors and/or assignees, hereby covenants not to sue and waives any right to institute, participate in, directly or indirectly, any form of legal action and releases all claims that she may have, including without limitation, all actions and causes of action in law and in equity, all obligations, expenses (including without limitation all attorneys' fees, expert fees, and investigation fees, and costs), damages, losses, liabilities and demands against any of the Releasees of any nature, character, or kind, whether known or unknown, suspected or unsuspected, limited to and arising out of the alleged or actual exposure to the chemical DEHP from use of the Products.

**5.2    Enchante's Release of Balabbo.** Enchante, on behalf of itself, its past and current agents, representatives, attorneys, successors and/or assignees, hereby waives any and all claims against Balabbo, her attorneys and other representatives, for any and all actions taken or statements made (or those that could have been taken or made) by Balabbo and/or her attorneys and other representatives, whether in the course of investigating claims or otherwise seeking to enforce Proposition 65 against it in this matter or with respect to the Products.

**5.3    California Civil Code § 1542.** It is possible that other claims not known to the Parties arising out of the facts alleged in the Notices and relating to the Products will develop or be discovered. Balabbo on behalf of herself only, on one hand, and Enchante, on the other hand, acknowledge that this Agreement is expressly intended to cover and include all such claims up through the Effective Date, including all rights of action therefor. The Parties acknowledge that the claims released in §§

5.1 and 5.2, above, may include unknown claims, and nevertheless waive California Civil Code §
1542 as to any such unknown claims. California Civil Code § 1542 reads as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE
> CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO
> EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE
> RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE
> MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE
> DEBTOR OR RELEASED PARTY.

Balabbo and Enchante each acknowledge and understand the significance and consequences of this
specific waiver of California Civil Code § 1542.

    **5.4**     **Deemed Compliance with Proposition 65**. The Parties agree that compliance by
Enchante with this Settlement Agreement constitutes compliance with Proposition 65 with respect to
exposure to DEHP from use of the Products.

    **5.5.**     **Public Benefit**. It is Enchante's understanding that the commitments it has agreed to
herein, and actions to be taken by Enchante under this Settlement Agreement, would confer a
significant benefit to the general public, as set forth in Code of Civil Procedure § 1021.5 and Cal.
Admin. Code tit. 11, § 3201. As such, it is the intent of Enchante that to the extent any other private
party initiates an action alleging a violation of Proposition 65 with respect to Enchante failure to
provide a warning concerning exposure to DEHP prior to use of the Products it has manufactured,
distributed, sold, or offered for sale in California, or will manufacture, distribute, sell, or offer for sale
in California, such private party action would not confer a significant benefit on the general public as
to those Products addressed in this Settlement Agreement, provided that Enchante is in material
compliance with this Settlement Agreement.

**6.**     <u>**SEVERABILITY**</u>

    If, subsequent to the execution of this Settlement Agreement, any of the provisions of this
Settlement Agreement are deemed by a court to be unenforceable, the validity of the enforceable
provisions remaining shall not be adversely affected but only to the extent the deletion of the provision
deemed unenforceable does not materially affect, or otherwise result in the effect of the Settlement
Agreement being contrary to the intent of the Parties in entering into this Settlement Agreement.

7.    **GOVERNING LAW**

The terms of this Settlement Agreement shall be governed by the law of the State of California and apply within the State of California. In the event that Proposition 65 is repealed or is otherwise rendered inapplicable or limited by reason of law generally, or as to the Products, Enchante shall provide written notice to Balabbo of any asserted change in the law, and shall have no further obligations pursuant to this Settlement Agreement with respect to, and to the extent that, a Product is so affected.

8.    **NOTICES**

Unless specified herein, all correspondence and notices required to be provided pursuant to this Settlement Agreement shall be in writing and personally delivered or sent by: (i) first-class (registered or certified mail) return receipt requested; or (ii) overnight or two-day courier on any party by the other party to the following addresses:

For Enchante:

> Carol R Brophy
> Steptoe & Johnson LLP
> One Market Plaza
> Spear Tower, Suite 3900
> San Francisco, CA 94105

For Balabbo:

> Evan J. Smith
> Brodsky & Smith
> Two Bala Plaza, Suite 805
> Bala Cynwyd, PA 19004

Either party, from time to time, may specify in writing to the other party a change of address to which all notices and other communications shall be sent.

9.    **COUNTERPARTS: SIGNATURES**

This Settlement Agreement may be executed in counterparts and by facsimile or .pdf signature, each of which shall be deemed an original, and all of which, when taken together, shall constitute one and the same document.

10.   **COMPLIANCE WITH HEALTH & SAFETY CODE § 25249.7(f)**

Balabbo agrees to comply with the reporting requirements referenced in Health & Safety Code § 25249.7(f).

11. **MODIFICATION**

This Settlement Agreement may be modified only by a written agreement of the Parties.

12. **ENTIRE AGREEMENT**

This Settlement Agreement contains the sole and entire agreement of the Parties and any and all prior negotiations and understandings related hereto shall be deemed to have been merged within it. No representations or terms of agreement other than those contained herein exist or have been made by any Party with respect to the other Party or the subject matter hereof.

13. **AUTHORIZATION**

The undersigned are authorized to execute this Settlement Agreement and have read, understood and agree to all of the terms and conditions contained of this Settlement Agreement.

**AGREED TO:**                    **AGREED TO:**

Date: _____03/17/2022_____        Date: 3/3/22

By: _____         By: Adam Cohen _____
     Precila Balabbo                   Enchante Accessories, Inc.

# SETTLEMENT AGREEMENT

## 1. <u>INTRODUCTION</u>

### 1.1 **Parties**

This Settlement Agreement is entered into by and between Dennis Johnson ("Johnson") and Enchante Accessories, Inc. ("Enchante"). Johnson and Enchante shall each be referred to as a "Party" and collectively as the "Parties." Johnson is an individual residing in the State of California who seeks to promote awareness of exposures to toxic chemicals and to improve human health by reducing or eliminating hazardous substances used in consumer products. Enchante is a person in the course of doing business for purposes of the Safe Drinking Water and Toxic Enforcement Act of 1986, California Health and Safety Code section 25249.6 *et seq.* ("Proposition 65").

### 1.2 **General Allegations**

Johnson alleges that Enchante manufactures, sells, and distributes for sale in California, storage containers with PVC components containing the phthalate chemical di(2-ethylhexyl) phthalate ("DEHP"). DEHP is listed pursuant to Proposition 65 as a chemical known to cause birth defects and other reproductive harm. Johnson alleges that Enchante failed to provide the health hazard warning required by Proposition 65 for exposures to DEHP.

### 1.3 **Product Description**

The products covered by this Settlement Agreement are storage containers with PVC components including, but not limited to, the *Nicole Miller Storage Box With Drawstring Liner; SKU: 52 35 269437 001699 26; Batch#/Lot#: 202105/24028* manufactured, sold, or distributed for sale in California by Enchante (hereinafter the "Products").

### 1.4 **Notice of Violation**

On March 25, 2022, Johnson served Enchante, The TJX Companies, Inc., and the requisite public enforcement agencies with a 60-Day Notice of Violation ("Notice"),

alleging that the notice recipients violated Proposition 65 by failing to warn their customers and consumers in California of the health hazards associated with exposures to DEHP from the Products. No public enforcer has commenced and is diligently prosecuting the allegations set forth in the Notice.

### 1.5 No Admission

Enchante denies the material, factual, and legal allegations contained in the Notice and maintains that all of the products that it has sold and distributed in California, including the Products, have been, and are, in compliance with all laws. Nothing in this Settlement Agreement shall be construed as an admission by Enchante of any fact, finding, conclusion, issue of law, or violation of law, nor shall compliance with this Settlement Agreement constitute or be construed as an admission by Enchante of any fact, finding, conclusion, issue of law, or violation of law, such being specifically denied by Enchante. This Section shall not, however, diminish or otherwise affect Enchante's obligations, responsibilities, and duties under this Settlement Agreement.

### 1.6 Effective Date

For purposes of this Settlement Agreement, the term "Effective Date" shall mean June 17, 2022.

## 2. INJUNCTIVE RELIEF: REFORMULATION/WARNING

### 2.1 Reformulation Standards

"Reformulated Products" are defined as those Products containing DEHP in concentrations less than 0.1 percent (1,000 parts per million) when analyzed pursuant to U.S. Environmental Protection Agency testing methodologies 3580A and 8270C, or any other methodologies utilized by federal or state agencies for the purpose of determining the DEHP content in a solid substance.

### 2.2 Reformulation/Warning Commitment

As of the Effective Date, Enchante shall not sell or offer the Products for sale in the State of California unless they are Reformulated Products pursuant to Section 2.1 or

contain a warning as set forth in Section 2.3 below. The Parties agree and intend that compliance with the terms of this Settlement Agreement shall constitute compliance with Proposition 65 with respect to exposures to DEHP from the Products. Notwithstanding the foregoing, Products that were supplied to third parties by Enchante prior to the Effective Date shall be deemed exempted from the requirements of Sections 2.2 and 2.3 and shall be permitted to be sold through as previously manufactured, packaged and labeled, as they were included in the calculation of civil penalties due pursuant to Section 3.1.

**2.3    Warnings**

As of the Effective Date, the Products Enchante sells or distributes to third parties for sale in California that do not qualify as Reformulated Products, shall bear a clear and reasonable warning pursuant to this Section. Enchante further agrees that the warning shall be prominently placed with such conspicuousness when compared with other words, statements, designs or devices as to render it likely to be read and understood by an ordinary individual under customary conditions of use. For purposes of this Settlement Agreement, a clear and reasonable warning for the Products shall consist of a warning affixed directly to the product or product packaging, label, or tag, for Products sold in California and containing one of the following statements:

⚠ **WARNING**:  Reproductive Harm- www.P65Warnings.ca.gov

OR

⚠ **WARNING**:  This product can expose you to chemicals, including DEHP, which are known to the State of California to cause birth defects and other reproductive harm. For more information go to www.P65Warnings.ca.gov

The above warning statements shall also include a symbol consisting of a black exclamation point in a yellow equilateral triangle with a bold black outline. Where the label is not printed using the color yellow, the symbol may be printed in black and white. The symbol shall be placed to the left of the text of the warning, in a size no smaller than the height of the word "WARNING."

3.      **MONETARY SETTLEMENT TERMS**

   **3.1     Civil Penalty Payment**

   Pursuant to Health and Safety Code section 25249.7(b)(2), and as consideration for the releases contained in Sections 4.1 and 4.2 below, Enchante agrees to pay, no later than the Effective Date, $2,000 in civil penalties.  The penalty payment will be allocated in accordance with California Health and Safety Code section 25249.12(c)(1) & (d), with 75% of the penalty amount remitted to the California Office of Environmental Health Hazard Assessment ("OEHHA") and the remaining 25% of the penalty amount paid to Johnson, and delivered to the address in Section 3.3 herein.   Enchante will provide its payment, on or before the Effective Date, in two checks as follows: (1) "OEHHA" in the amount of $1,500; and (2) "Dennis Johnson" in the amount of $500.

   **3.2     Attorneys' Fees and Costs**

   The Parties acknowledge that Johnson and his counsel offered to resolve this dispute without reaching terms on the amount of fees and costs to be reimbursed to them, thereby leaving the issue to be resolved after the material terms of the agreement had been settled.  Shortly after the other settlement terms had been reached, Enchante expressed a desire to resolve Johnson's fees and costs.  The Parties reached an accord on the compensation due to Johnson's counsel under general contract principles and the private attorney general doctrine codified at Code of Civil Procedure section 1021.5 for all work performed in this matter.  Under these legal principles, Enchante agrees to pay, no later than the Effective Date, $14,500, in the form of a check made payable to "Voorhees & Bailey, LLP," for all fees and costs incurred investigating, bringing this matter to the attention of Enchante's management, and negotiating a settlement.

   **3.3     Payment Address**

   All payments under this Settlement Agreement shall be delivered to the following address:

4. **CLAIMS COVERED AND RELEASED**

**4.1** **Johnson's Release of Proposition 65 Claims**

Johnson acting on his own behalf, and *not* on behalf of the public, releases Enchante, its parents, subsidiaries, affiliated entities under common ownership, directors, officers, agents employees, attorneys, and each entity to whom Enchante directly or indirectly distributes or sells Products, including, but not limited, to downstream distributors, wholesalers, customers, retailers including but not limited to The TJX Companies, Inc., franchisees, cooperative members, importers, and licensees (collectively, "Releasees"), from all claims for violations of Proposition 65 through the Effective Date relating to unwarned exposures to DEHP in the Products. The Parties further understand and agree that this Section 4.1 release shall not extend upstream to any entities that manufactured the Products or any component parts thereof, or any distributors or suppliers who sold the Products or any component parts thereof to Enchante.

**4.2** **Johnson's Individual Release of Claims**

Johnson, in his individual capacity only and *not* in his representative capacity, provides a release herein which shall be effective as a full and final accord and satisfaction, as a bar to all actions, causes of action, obligations, costs, expenses, attorneys' fees, damages, losses, claims, liabilities, and demands of Johnson of any nature, character, or kind, whether known or unknown, suspected or unsuspected, arising out of alleged or actual exposures to DEHP in the Products manufactured, imported, distributed, sold, or placed into the stream of commerce by Enchante or TJX Companies, Inc. prior to the Effective Date. The Parties further understand and agree that this Section 4.2 release shall not extend upstream to any entities that manufactured the Products, or

any component parts thereof, or any distributors or suppliers who sold the Products, or any component parts thereof to Enchante.

### 4.3 Enchante's Release of Johnson

Enchante, on its own behalf, and on behalf of its past and current agents, representatives, attorneys, successors, and/or assignees, hereby waives any and all claims against Johnson and his attorneys and other representatives, for any and all actions taken or statements made by Johnson and his attorneys and other representatives, whether in the course of investigating claims, seeking to enforce Proposition 65 against it in this matter, or with respect to the Products.

## 5. SEVERABILITY

If, subsequent to the execution of this Settlement Agreement, any provision of this Settlement Agreement is deemed by a court to be unenforceable, the validity of the remaining provisions shall not be adversely affected.

## 6. GOVERNING LAW

The terms of this Settlement Agreement shall be governed by the laws of the State of California and apply within the State of California. In the event that Proposition 65 is repealed or is otherwise rendered inapplicable by reason of law generally, or as to the Products, then Enchante may provide written notice to Johnson of any asserted change in the law and shall have no further injunctive obligations pursuant to this Settlement Agreement with respect to, and to the extent that, the Products are so affected.

## 7. NOTICE

Unless specified herein, all correspondence and notice required to be provided pursuant to this Settlement Agreement shall be in writing and sent by: (a) personal delivery; (b) first-class, registered or certified mail, return receipt requested; or (c) a recognized overnight courier on any Party by the other at the following addresses:

For Enchante:

Carol R. Brophy, Esq.
Steptoe & Johnson, LLP
One Market Street
Spear Tower, Suite 3900
San Francisco, CA 94105

For Johnson:

Dennis Johnson
c/o Voorhees & Bailey, LLP
535 Ramona Street; Suite 5
Palo Alto, CA 94301

Any Party may, from time to time, specify in writing to the other a change of address to which all notices and other communications shall be sent.

## 8. COUNTERPARTS; FACSIMILE SIGNATURES

This Settlement Agreement may be executed in counterparts and by facsimile or portable document format (PDF) signature, each of which shall be deemed an original, and all of which, when taken together, shall constitute one and the same document.

## 9. COMPLIANCE WITH HEALTH & SAFETY CODE § 25249.7(f)

Johnson and his attorneys agree to comply with the reporting form requirements referenced in California Health and Safety Code section 25249.7(f).

## 10. MODIFICATION

This Settlement Agreement may be modified only by written agreement of the Parties.

## 11. ENTIRE AGREEMENT

This Settlement Agreement contains the sole and entire agreement of the Parties and any and all prior negotiations and understandings related hereto shall be deemed to have been merged within it. No representations or terms of agreement other than those contained herein exist or have been made by any Party with respect to the other Party or the subject matter hereof.

## 12. AUTHORIZATION

The undersigned are authorized to execute this Settlement Agreement on behalf of their respective Parties and have read, understand, and agreed to all of the terms and conditions of this Settlement Agreement.

**AGREED TO:**

Date: _____June 10_____, 2022

By:_____

    DENNIS JOHNSON

**AGREED TO:**

Date: _____, 2022

By:_____

    ENCHANTE ACCESSORIES, INC.

**AGREED TO:**

Date: _____, 2022

By:_____
    DENNIS JOHNSON

**AGREED TO:**

Date: _Jun. 13rd_, 2022

By: _____
    ENCHANTE ACCESSORIES, INC.

1  Laurence D. Haveson, State Bar No. 152631
   Christopher M. Martin, State Bar No. 186021
2  HIRST & CHANLER LLP
   Parker Plaza
3  2560 Ninth Street, Suite 214
   Berkeley, CA 94710
4  Telephone:    (510) 848-8880
   Facsimile:    (510) 848-8118
5
   Attorneys for Plaintiff
6  ANTHONY E. HELD, Ph.D., P.E.

7  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
8  Including Professional Corporations
   M. ELIZABETH McDANIEL, State Bar No. 114918
9  MICHELLE J. HIRTH, State Bar No. 200024
   Four Embarcadero Center, 17th Floor
10 San Francisco, California  94111-4109
   Telephone:    (415) 434-9100
11 Facsimile:    (415) 434-3947

12 Attorneys for Defendant
   ENCHANTÉ ACCESSORIES, INC.
13

14              SUPERIOR COURT OF THE STATE OF CALIFORNIA
15                 FOR THE COUNTY OF SACRAMENTO
16                  UNLIMITED CIVIL JURISDICTION
17

18 ANTHONY E. HELD, Ph.D., P.E.,           Case No. 2008-00003275
19              Plaintiff,
20                                         **STIPULATION AND [PROPOSED]
        v.                                 ORDER RE: CONSENT JUDGMENT**
21
   ENCHANTÉ ACCESSORIES, INC.;
22 MICHAELS STORES, INC., and DOES 1
   through 150, inclusive,
23
                Defendants.
24

25

26

27

28

---

STIPULATION AND [PROPOSED] ORDER RE: CONSENT JUDGMENT

# 1. INTRODUCTION

## 1.1 Anthony E. Held, Ph.D., P.E., and Enchanté Accessories, Inc.

This Consent Judgment is entered into by and between plaintiff Anthony E. Held, Ph.D., P.E. ("Dr. Held" or "Plaintiff") and defendant Enchanté Accessories, Inc. ("Enchanté" or "Defendant"), with Plaintiff and Defendant collectively referred to as the "Parties" and each individually referred to as a "Party."

## 1.2 Plaintiff

Dr. Held is an individual residing in the State of California who seeks to promote awareness of exposure to toxic chemicals and improve human health by reducing or eliminating hazardous substances contained in consumer products.

## 1.3 Defendant

Enchanté employs ten or more persons and is a person in the course of doing business for purposes of the Safe Drinking Water and Toxic Enforcement Act of 1986, California Health & Safety Code §25249.6 *et seq.* (Proposition 65).

## 1.4 General Allegations

Dr. Held alleges that Enchanté has manufactured, distributed and/or sold vinyl bathroom animals/children's items containing di(2-ethylhexyl)phthalate (hereinafter "DEHP") in the State of California without the requisite health hazard warnings. DEHP is known to cause birth defects and other reproductive harm and is listed by its chemical nomenclature pursuant to Proposition 65. DEHP listed by the State of California under Proposition 65 shall be referred to hereinafter as the "Listed Chemical."

## 1.5 Product Description

The products that are covered by this Consent Judgment are defined as follows: vinyl bathroom animals containing the plasticizer phthalate DEHP, such as but not limited to the *Life is a Beach White Pineapple Body Soap w/ Duck (#7 29016 05734 0)* which Defendant manufactured, distributed, and/or sold in the State of California. All such vinyl bathroom animals containing DEHP are referred to hereinafter as the "Products".

STIPULATION AND [PROPOSED] ORDER RE: CONSENT JUDGMENT

### 1.6 Notice of Violation

On November 20, 2007, Dr. Held served Enchanté and various public enforcement agencies with a document entitled "60-Day Notice of Violation" (the "Notice") that provided Enchanté and public enforcers with notice of alleged violations of California Health & Safety Code §25249.6 for failing to warn consumers that the Products exposed users in California to DEHP.

### 1.7 Complaint

On February 11, 2008, Dr. Held, who was and is acting in the interest of the general public in California, filed a complaint ("Complaint" or "Action") in the Superior Court in and for the County of Sacramento against Enchanté Accessories, Inc.; Michaels Stores, Inc.; and Does 1 through 150, alleging violations of California Health & Safety Code §25249.6 based on the alleged exposures to DEHP contained in the Products.

### 1.8 No Admission

Enchanté denies the material factual and legal allegations contained in Dr. Held's Notice and Complaint, and maintains that all Products sold and distributed in California have been and are in compliance with all laws. Nothing in this Consent Judgment shall be construed as an admission by Enchanté of any fact, finding, issue of law, or violation of law, nor shall compliance with this Consent Judgment constitute or be construed as an admission by Enchanté of any fact, finding, conclusion, issue of law, or violation of law, such being specifically denied by Enchanté. However, this Section shall not diminish or otherwise affect Enchanté's obligations, responsibilities, and duties under this Consent Judgment.

### 1.9 Consent to Jurisdiction

For purposes of this Consent Judgment only, the Parties stipulate that this Court has jurisdiction over Enchanté as to the allegations contained in the Complaint, that venue is proper in the County of Sacramento and that this Court has jurisdiction to enter and enforce the provisions of this Consent Judgment.

**1.10**   **Effective Date**

For purposes of this Consent Judgment, the term "Effective Date" shall mean October 1, 2008.

**2.**   **INJUNCTIVE RELIEF: WARNINGS AND REFORMULATION**

**2.1**   **Product Warnings**

As of the Effective Date, Enchanté represents that it is no longer involved in the chain of distribution of Products in the State of California.

In the event such Products are sold, shipped or offered to be shipped for sale in California after the Effective Date, such Products shall be sold or shipped with one of the clear and reasonable warnings set forth in subsection 2.1(a) of this Consent Judgment.

Each warning shall be prominently placed with such conspicuousness as compared with other words, statements, designs, or devices as to render it likely to be read and understood by an ordinary individual under customary conditions before purchase or use. Each warning shall be provided in a manner such that the consumer or user understands to which *specific* Product the warning applies, so as to minimize if not eliminate the chance that an overwarning situation will arise.

**(a)**   **Retail Store Sales.**

**(i)**   **Product Labeling.** Defendant may affix a warning to the packaging, labeling, or directly on each Product sold in retail outlets in California by Defendant or its agents, that states:

> **WARNING:** This product contains DEHP, a phthalate chemical known to the State of California to cause birth defects and other reproductive harm.

**(ii)**   **Point-of-Sale Warnings.** Alternatively, Defendant may provide warning signs in the form below to its customers in California with instructions to post the warnings in close proximity to the point of display of the Products.

> **WARNING:** This product contains DEHP, a phthalate chemical known to the State of California to cause birth defects and other reproductive harm.

-3-

1      Where more than one Product is sold in proximity to other like items or to those that do not

2 require a warning, the following statement must be used:[1]

3         **WARNING:** This product contains DEHP, a phthalate
                 chemical known to the State of California to

4                  cause birth defects and other reproductive
                 harm.

5                  [list products for which warning is required]

6

7     **2.2**     **Product Sales Confirmation**

8      Enchanté represents that, as a direct result of the Notice issued by Held on November 20,

9 2007, it immediately discontinued the sale of the Products into California. In addition, Enchanté

10 represents that its known customer and retailer was made aware of the presence of DEHP and the

11 requirements of Proposition 65 at that time.

12 **3.**    **MONETARY PAYMENTS**

13     **3.1**     **Penalties Pursuant to Health & Safety Code §25249.7(b)**

14      In settlement of all the claims referred to in this Consent Judgment, Enchanté shall pay

15 $9,000 in civil penalties to be apportioned in accordance with California Health & Safety Code

16 §25192, with 75% of these funds remitted to the State of California's Office of Environmental

17 Health Hazard Assessment (OEHHA) and the remaining 25% of the penalty remitted to

18 Anthony Held as provided by California Health & Safety Code §25249.12(d). Enchanté shall

19 issue two separate checks for the penalty payment: (a) one check made payable to Hirst &

20 Chanler LLP in Trust For OEHHA in the amount of $6,750, representing 75% of the total penalty;

21 and (b) one check to Hirst & Chanler LLP in Trust for Anthony Held in the amount of $2,250,

22 representing 25% of the total penalty. Two separate 1099s shall be issued for the above payments:

23 (a) OEHHA, P.O. Box 4010, Sacramento, CA, 95814 (EIN: 68-0284486); and (b) Anthony Held,

24 whose information shall be provided five calendar days before the payment is due.

25

26 _____

27 [1]For purposes of the consent judgment, sold in proximity shall mean that the Product and another product are
offered for sale close enough to each other that the consumer, under customary conditions of purchase, could not
reasonably determine which of the two products is subject to the warning sign.

28

STIPULATION AND [PROPOSED] ORDER RE: CONSENT JUDGMENT

Payment shall be delivered to Dr. Held's counsel on or before November 14, 2008 at the following address:

> HIRST & CHANLER LLP
> Attn: Proposition 65 Controller
> 455 Capitol Mall, Suite 605
> Sacramento, CA 95814

## 4.    REIMBURSEMENT OF FEES AND COSTS

### 4.1    Attorney Fees and Costs.

The Parties acknowledge that Dr. Held and his counsel offered to resolve this dispute without reaching terms on the amount of fees and costs to be reimbursed to them, thereby leaving this fee issue to be resolved after the material terms of the agreement had been settled. Enchanté then expressed a desire to resolve the fee and cost issue shortly after the other settlement terms had been finalized. The Parties then attempted to (and did) reach an accord on the compensation due to Dr. Held and his counsel under general contract principles and the private attorney general doctrine codified at California Code of Civil Procedure (CCP) §1021.5, for all work performed through the mutual execution of this agreement. Enchanté shall reimburse Dr. Held and his counsel for fees and costs incurred as a result of investigating, bringing this matter to Enchanté's attention, and litigating and negotiating a settlement in the public interest. Enchanté shall pay Dr. Held and his counsel $27,000 for all attorneys' fees and costs. Enchanté shall issue a separate 1099 for fees and costs (EIN: 20-3929984) and shall make the check payable to "Hirst & Chanler LLP" and shall be delivered on or before November 14, 2008, to the following address:

> HIRST & CHANLER LLP
> Attn: Proposition 65 Controller
> 455 Capitol Mall, Suite 605
> Sacramento, CA 95814

### 4.2    Additional Attorney Fees and Costs in Seeking Judicial Approval.

Pursuant to CCP §§1021 and 1021.5, the Parties agree that Enchanté will reimburse Dr. Held and his counsel for their reasonable fees and costs incurred in seeking judicial approval of this settlement agreement in the trial court and performing other necessary tasks after the execution of this agreement, in an amount not to exceed $11,000. Such additional fees and costs,

-5-

exclusive of fees and costs that may be incurred in the event of an appeal include, but are not limited to, drafting and filing of the motion to approve papers, fulfilling the reporting requirements referenced in Health & Safety Code §25249.7(f), corresponding with opposing counsel regarding to any third party objections, filing a notice of entry of approval, and appearing before the Court related to the approval process.

Reimbursement of such additional fees and costs shall be due within ten days after receipt of a billing statement from Dr. Held ("Additional Fee Claim"). Payment of the Additional Fee Claim shall be made to Hirst & Chanler LLP, and the payment shall be delivered, at the following address:

> HIRST & CHANLER LLP
> Attn: Proposition 65 Controller
> Capitol Mall Complex
> 455 Capitol Mall, Suite 605
> Sacramento, CA 95814

Enchanté has the right to object to such reimbursement and may submit the resolution of this issue to the American Arbitration Association (AAA) in Northern California to determine the reasonableness of the additional fees and costs sought, provided that a notice of objection or decision to arbitrate is received by Dr. Held by the end of ten calendar days after receipt by Enchanté of the billing statement from Dr. Held. If an arbitration notice is not filed with AAA in a timely manner, Dr. Held may file a motion with the Court pursuant to both CCP §1021.5 and this settlement agreement to recover additional attorney fees and costs incurred as set forth in this paragraph.

5. **RELEASE OF ALL CLAIMS**

    5.1    **Dr. Held's Release of Enchanté and Michaels Stores**

In further consideration of the promises and agreements herein contained, and for the payments to be made pursuant to Sections 3 and 4 of this Consent Judgment, Dr. Held on behalf of himself, his past and current agents, representatives, attorneys, successors, and/or assignees, and in the interest of the general public, hereby waives all rights to institute or participate in, directly or indirectly, any form of legal action and releases all claims, including, without limitation, all

actions, and causes of action, in law or in equity, suits, liabilities, demands, obligations, damages, costs, fines, penalties, losses, or expenses (including, but not limited to, investigation fees, expert fees, and attorneys' fees) of any nature whatsoever, whether known or unknown, fixed or contingent (collectively "claims"), against Enchanté and against Michaels Stores, Inc. and each of Enchanté's and Michaels Stores, Inc.'s downstream wholesalers, licensors, licensees, auctioneers, retailers, franchisees, dealers, customers, owners, purchasers, users, parent companies, corporate affiliates, subsidiaries, and their respective officers, directors, attorneys, representatives, shareholders, agents, and employees, and sister and parent entities (collectively "releasees"). This release is limited to those claims that arise under Proposition 65 as such claims relate to Enchanté's and Michaels Stores, Inc.'s alleged failure to warn about exposures to the Listed Chemical contained in the Products. Within five business days of the Court approval of this agreement, Dr. Held shall dismiss Michaels Stores, Inc. from the case without prejudice.

The Parties further understand and agree that this release shall not extend upstream to any entities, other than Enchante, that manufactured the Products or any component parts thereof or to any distributors or suppliers who sold the Products or any component parts thereof to Enchanté.

**5.2    Enchanté's Release of Dr. Held**

Enchanté waives any and all claims against Dr. Held, his attorneys, and other representatives for any and all actions taken or statements made (or those that could have been taken or made) by Dr. Held and his attorneys and other representatives, whether in the course of investigating claims or otherwise seeking enforcement of Proposition 65 against them in this matter, and/or with respect to the Products.

**6.    COURT APPROVAL**

This Consent Judgment is not effective until it is approved and entered by the court and shall be null and void if, for any reason, it is not approved and entered by the court within one year after it has been fully executed by all Parties, in which event any monies that have been provided to Dr. Held or his counsel pursuant to Section 3 and/or Section 4 above, shall be refunded within fifteen (15) days after receiving written notice from Enchanté that the one-year period has expired.

7. **SEVERABILITY**

If, subsequent to the execution of this Consent Judgment, any of the provisions of this Consent Judgment are held by a court to be unenforceable, the validity of the enforceable provisions remaining shall not be adversely affected.

8. **GOVERNING LAW**

The terms of this Consent Judgment shall be governed by the laws of the State of California and apply within the State of California. In the event that Proposition 65 is repealed or is otherwise rendered inapplicable by reason of law generally, or as to the Products, then Enchanté shall provide written notice to Dr. Held of any asserted change in the law, and shall have no further obligations pursuant to this Consent Judgment with respect to, and to the extent that, the Products are so affected.

9. **NOTICES**

Unless specified herein, all correspondence and notices required to be provided pursuant to this Consent Judgment shall be in writing and personally delivered or sent by: (i) first-class, (registered or certified mail) return receipt requested; or (ii) overnight courier on any Party by the other Party at the following addresses:

To Enchanté:

> M. Elizabeth McDaniel, Esq.
> SHEPPARD MULLIN RICHTER & HAMPTON LLP
> 4 Embarcadero Center, 17th Floor
> San Francisco, CA 94111

To Dr. Held:

> Proposition 65 Coordinator
> HIRST & CHANLER LLP
> 2560 Ninth Street
> Parker Plaza, Suite 214
> Berkeley, CA 94710-2565

Any Party, from time to time, may specify in writing to the other party a change of address to which all notices and other communications shall be sent.

-8-

**10.** **COUNTERPARTS; FACSIMILE SIGNATURES**

This Consent Judgment may be executed in counterparts and by facsimile, each of which shall be deemed an original, and all of which, when taken together, shall constitute one and the same document.

**11.** **COMPLIANCE WITH HEALTH & SAFETY CODE § 25249.7(f)**

Dr. Held agrees to comply with the reporting form requirements referenced in California Health & Safety Code §25249.7(f).

**12.** **ADDITIONAL POST EXECUTION ACTIVITIES**

The Parties acknowledge that, pursuant to Health & Safety Code § 25249.7, a Motion to Approve the Agreement ("Noticed Motion") is required to obtain judicial approval of this Consent Judgment. In furtherance of obtaining such approval, Dr. Held, Enchanté and their respective counsel agree to mutually employ their best efforts to support the entry of this agreement as a Consent Judgment and obtain approval of the Consent Judgment by the Court in a timely manner. For purposes of this Paragraph, best efforts shall include at a minimum that Enchanté join in or file a joinder in the Noticed Motion and participate in any oral argument before the Court on the hearing of the Noticed Motion.

**13.** **MODIFICATION**

This Consent Judgment may be modified only: (1) by written agreement of the parties and upon entry of a modified Consent Judgment by the Court thereon; or (2) upon a successful motion of any party and entry of a modified Consent Judgment by the court. The Attorney General shall be served with notice of any proposed modification to this Consent Judgment at least fifteen (15) days in advance of its consideration by the Court. Dr. Held shall be entitled to his reasonable fees and costs incurred in the modification process under CCP §1021.5 if Enchanté seeks to modify the terms of this Consent Judgment.

///

///

///

14. **AUTHORIZATION**

The undersigned are authorized to execute this Consent Judgment on behalf of their respective parties and have read, understood, and agree to all of the terms and conditions of this Consent Judgment.

<div style="display:flex; justify-content:space-between;">
<div>

**AGREED TO:**

Date: APPROVED
By Anthony E Held at 12:07 pm, 11/5/08

By: _Anthony E Held_
Plaintiff ANTHONY E. HELD,
Ph.D., P.E.

**APPROVED AS TO FORM:**

Date: _____
HIRST & CHANLER LLP

By: _____
Christopher M. Martin
Attorneys for Plaintiff
ANTHONY E. HELD, Ph.D., P.E.

</div>
<div>

**AGREED TO:**

Date: _____

By: _____
Defendant ENCHANTE ACCESSORIES,
INC.

**APPROVED AS TO FORM:**

Date: _____
SHEPPARD MULLIN RICHTER &
HAMPTON LLP

By: _____
Michelle Hirth
Attorneys for Defendant
ENCHANTE ACCESSORIES, INC

</div>
</div>

**IT IS SO ORDERED.**

Date: _____

_____
JUDGE OF THE SUPERIOR COURT

10

**14.  AUTHORIZATION**

The undersigned are authorized to execute this Consent Judgment on behalf of their

respective parties and have read, understood, and agree to all of the terms and conditions of this

Consent Judgment.


|                          |                          |
|--------------------------|--------------------------|
| **AGREED TO:**           | **AGREED TO:**           |

Date:_____          Date: _____


By: _____            By: _____
Plaintiff ANTHONY E. HELD,          Defendant ENCHANTE ACCESSORIES,
Ph.D., P.E.                         INC.

**APPROVED AS TO FORM:**            **APPROVED AS TO FORM:**

Date: ___11/7/08___                 Date:_____
HIRST & CHANLER LLP                 SHEPPARD MULLIN RICHTER &
                                    HAMPTON LLP


By: _____            By: _____
Christopher M. Martin                    Michelle Hirth
Attorneys for Plaintiff             Attorneys for Defendant
ANTHONY E. HELD, Ph.D., P.E.        ENCHANTE ACCESSORIES, INC


**IT IS SO ORDERED.**


Date:_____
                                    _____
                                    JUDGE OF THE SUPERIOR COURT


-10-

**14. AUTHORIZATION**

The undersigned are authorized to execute this Consent Judgment on behalf of their respective parties and have read, understood, and agree to all of the terms and conditions of this Consent Judgment.

<table>
<tr><td>AGREED TO:</td><td>AGREED TO:</td></tr>
<tr><td>Date:_____</td><td>Date: 11/7/08</td></tr>
<tr><td>By:_____<br>    Plaintiff ANTHONY E. HELD,<br>    Ph.D., P.E.</td><td>By:_____<br>    Defendant ENCHANTE ACCESSORIES,<br>    INC.</td></tr>
<tr><td>APPROVED AS TO FORM:</td><td>APPROVED AS TO FORM:</td></tr>
<tr><td>Date:_____<br>    HIRST & CHANLER LLP</td><td>Date:_____<br>    SHEPPARD MULLIN RICHTER &<br>    HAMPTON LLP</td></tr>
<tr><td>By:_____<br>    Christopher M. Martin<br>    Attorneys for Plaintiff<br>  ANTHONY E. HELD, Ph.D., P.E.</td><td>By:_____<br>    Michelle Hirth<br>    Attorneys for Defendant<br>  ENCHANTE ACCESSORIES, INC</td></tr>
</table>

**IT IS SO ORDERED.**

Date:_____

_____
JUDGE OF THE SUPERIOR COURT

**14.** **AUTHORIZATION**

The undersigned are authorized to execute this Consent Judgment on behalf of their respective parties and have read, understood, and agree to all of the terms and conditions of this Consent Judgment.

AGREED TO:                                    AGREED TO:

Date:_____                        Date: _____


By: _____                         By: _____
    Plaintiff ANTHONY E. HELD,                    Defendant ENCHANTE ACCESSORIES,
    Ph.D., P.E.                                    INC.

APPROVED AS TO FORM:                          APPROVED AS TO FORM:

Date: _____                       Date:_____
    HIRST & CHANLER LLP                           SHEPPARD MULLIN RICHTER &
                                                  HAMPTON LLP


By: _____                         By: _____
    Christopher M. Martin                          Michelle Hirth
    Attorneys for Plaintiff                        Attorneys for Defendant
    ANTHONY E. HELD, Ph.D., P.E.                    ENCHANTE ACCESSORIES, INC


**IT IS SO ORDERED.**


Date:_____                        _____
                                              JUDGE OF THE SUPERIOR COURT

1    Clifford A. Chanler, State Bar No. 135534
     Josh Voorhees, State Bar No. 241436
2    THE CHANLER GROUP
     2560 Ninth Street
3    Parker Plaza, Suite 214
     Berkeley, CA  94710
4    Telephone:  (510) 848-8880
     Facsimile:   (510) 848-8118
5

6    Attorneys for Plaintiff
     JOHN MOORE
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    THE COUNTY OF ALAMEDA

10                 UNLIMITED CIVIL JURISDICTION

11

12

13    JOHN MOORE,                      Case No. RG11561293

14              Plaintiff,

         v.                        **[PROPOSED] CONSENT JUDGMENT**

15    ENCHANTE ACCESSORIES INC.; and
     DOES 1-150, inclusive,
16                        Health & Safety Code § 25249.6
            Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

# 1. __INTRODUCTION__

## 1.1 __John Moore and Enchante Accessories Inc.__

This Consent Judgment is entered into by and between John Moore (hereinafter "Moore") and Enchante Accessories, Inc. (hereinafter "Enchante"), with Moore and Enchante collectively referred to as the "Parties."

## 1.2 __Plaintiff__

Moore is an individual residing in California who seeks to promote awareness of exposures to toxic chemicals and improve human health by reducing or eliminating hazardous substances contained in consumer products.

## 1.3 __Defendant__

Moore alleges that Enchante employs ten or more persons and is a person in the course of doing business for purposes of the Safe Drinking Water and Toxic Enforcement Act of 1986, California Health & Safety Code §§ 25249.6 *et seq*. ("Proposition 65").

## 1.4 __General Allegations__

Moore alleges that Enchante has manufactured, distributed, and/or offered for sale in California coverings for books/albums containing di(2-ethylhexyl)phthalate ("DEHP") without the requisite Proposition 65 warnings. DEHP is listed pursuant to Proposition 65 as a chemical known to the State of California to cause birth defects and other reproductive harm (hereinafter the "Listed Chemical").

## 1.5 __Product Description__

The products that are covered by this Consent Judgment are books/albums with covers containing the Listed Chemical, including but not limited to: *Photo Albums (Live Laugh Love, Sku Nos. 400047539011, 400053106900, 400053155502, 400053728454, 400045535855, 400055612607, 400056243411).* These books/albums with covers containing DEHP are referred to hereinafter as the "Products."

## 1.6 __Notice of Violation__

On October 15, 2010, Moore served Enchante and various public enforcement agencies with a document entitled "60-Day Notice of Violation" that provided Enchante and such public enforcers

with notice that alleged that Enchante was in violation of Proposition 65 for failing to warn consumers and customers that the Products exposed users in California to the Listed Chemical.

**1.7     Complaint**

On February 15, 2011, Moore, who alleges that he was and is acting in the interest of the general public in California, filed a complaint in the Alameda Superior Court (the "Complaint"), naming Enchante as a defendant and alleging violations of Proposition 65 based on Defendant's alleged failure to give clear and reasonable warnings before allegedly causing exposures to the Listed Chemical contained in the Products

**1.8     No Admission**

Enchante denies the factual and legal allegations contained in the Notice and Complaint, and maintains that all products that it has sold in California have been and are in compliance with all laws, including, without limitation, Proposition 65. Nothing in this Consent Judgment shall be construed as an admission by Defendant of any fact, finding, conclusion, issue of law, or violation of law, nor shall compliance with this Consent Judgment constitute or be construed as an admission by Defendant of any fact, finding, conclusion, issue of law, or violation of law, such being specifically denied by Defendant. However, this Section shall not diminish or otherwise affect Defendant's obligations, responsibilities and duties under this Consent Judgment.

**1.9     Consent to Jurisdiction**

For purposes of this Consent Judgment only, the Parties stipulate that this Court has jurisdiction over Defendant as to the allegations contained in the Complaint, that venue is proper in the County of Alameda, and that this Court has jurisdiction to enter and enforce the provisions of this Consent Judgment, pursuant to California Code of Civil Procedure §664.6, as a full and binding resolution of all claims which were or could have been raised in the Complaint against Defendant based on the facts alleged therein and in the Notice.

**1.10     Effective Date**

For purposes of this Consent Judgment, the term "Effective Date" shall mean March 25, 2011.

**2.** **INJUNCTIVE RELIEF**

    **2.1**    **Reformulation**

    As of the Effective Date, Enchante shall not ship, sell or offer to be shipped for sale in California any Products unless they are "Reformulated Products." For purposes of this Consent Judgment, Reformulated Products shall mean Products containing less than 1,000 parts per million of DEHP, when analyzed pursuant to Environmental Protection Agency ("EPA") testing methodologies 3580A and 8270C.

**3.** **MONETARY PAYMENTS**

    In settlement of all the claims referred to in this Consent Judgment against it, Enchante shall make payments and receive credits totaling $12,000, in civil penalties, as follows:

    **3.1**    Enchante shall make an initial payment of $4,000 to be apportioned in accordance with Health & Safety Code § 25249.12 (c)(1) and (d), with 75% of these funds remitted to the State of California's Office of Environmental Health Hazard Assessment ("OEHHA") and the remaining 25% of these penalty monies remitted to Moore as provided by Health & Safety Code § 25249.12(d). Enchante shall issue two separate checks for the penalty payment: (a) one check made payable to "The Chanler Group in Trust for OEHHA" in the amount of $3,000, representing 75% of the total penalty, and (b) one check to "The Chanler Group in Trust for John Moore" in the amount of $1,000, representing 25% of the total penalty. Two separate 1099s shall be issued for the above payments. The first 1099 shall be issued to the Office of Environmental Health Hazard Assessment, P.O. Box 4010, Sacramento, CA 95814 (EIN: 68-0284486) in the amount of $3,000. The second 1099 shall be issued to Moore in the amount of $1,000, whose address and tax identification number shall be furnished upon request. The payments shall be delivered on or before April 15, 2011, at the address set forth in Section 3.4.

    **3.2**    Enchante shall receive an automatic credit of $4,000, for its commitment to reformulate its Products pursuant to Section 2, above.

    **3.3**    Enchante shall pay a second civil penalty of $4,000, on or before April 15, 2011, to be apportioned in accordance with Health & Safety Code § 25249.12 (c)(1) and (d) as described above, which penalty shall be waived in its entirety, if, by April 1, 2011, Enchante certifies in

writing that all Products in its inventory and the inventory of its downstream customers have been removed from the market.

      **3.4**    All payments, unless waived, shall be delivered to the following address:

      The Chanler Group
      Attn:  Proposition 65 Controller
      2560 Ninth Street
      Parker Plaza, Suite 214
      Berkeley, CA  94710

## 4.    REIMBURSEMENT OF FEES AND COSTS

    **4.1**    **Attorney Fees and Costs**

    The Parties acknowledge that Moore and his counsel offered to resolve this dispute without reaching terms on the amount of fees and costs to be reimbursed to them, thereby leaving this fee issue to be resolved after the material terms of the agreement had been settled.  Enchante then expressed a desire to resolve the fee and cost issue shortly after the other settlement terms had been finalized.  The Parties then attempted to (and did) reach an accord on the compensation due to Moore and his counsel under general contract principles and the private attorney general doctrine codified at California Code of Civil Procedure (CCP) §1021.5, for all work performed in this matter.  Under these legal principles, Enchante shall pay the amount of $32,000 for fees and costs incurred as a result of investigating, bringing this matter to Enchante' attention, and negotiating a settlement in the public interest.  Enchante shall issue a separate 1099 for fees and costs (EIN: 94-3171522) and shall make the check payable to "The Chanler Group" and shall be delivered on or before April 15, 2011, at the following address:

      The Chanler Group
      Attn: Proposition 65 Controller
      2560 Ninth Street
      Parker Plaza, Suite 214
      Berkeley, CA  94710

## 5.    RELEASE OF ALL CLAIMS

    **5.1**    **Moore's Release of Enchante**

    In further consideration of the promises and agreements herein contained, and for the payments to be made pursuant to Sections 3 and 4 above, Moore, on behalf of himself, his past and current agents, representatives, attorneys, including, without limitation, The Chanler Group,

successors and/or assignees, and in the interest of the general public, hereby waives all rights to institute or participate in, directly or indirectly, any form of legal action and releases all claims, including, without limitation, all actions and causes of action, in law or in equity, suits, liabilities, demands, obligations, damages, costs, fines, penalties, losses or expenses (including, but not limited to, investigation fees, expert fees and attorney's fees) of any nature whatsoever, whether known or unknown, fixed or contingent (collectively "Claims"), that were brought or could have been brought against Enchante, subsidiaries or affiliates, and each of its past and current downstream customers, distributors, wholesalers, suppliers, licensors, licensees, auctioneers, retailers, or any other person in the course of doing business, and the successors and assigns of any of them, who may use, maintain, manufacture, distribute, advertise, market or sell Products, and the officers, directors, managers, employees, members, shareholders, agents, insurers and representatives of each of them (collectively "Releasees"), in this matter related to the Products. The Parties further understand and agree that this release shall not extend upstream to any third parties that manufactured the Products or any component parts thereof, or any distributors or suppliers who sold the Products or any component parts thereof to Defendant.

Compliance with the terms of this Consent Judgment resolves any issue, now and in the future, concerning compliance by Enchante and its Releasees with the requirements of Proposition 65 with respect to alleged exposure to the Listed Chemical from the Products distributed or sold by Enchante.

**5.2    Enchante's Release of Moore**

Enchante waives any and all claims against Moore, his attorneys and other representatives, for any and all actions taken or statements made (or those that could have been taken or made) by Moore and his attorneys and other representatives, whether in the course of investigating claims or otherwise seeking enforcement of Proposition 65 against it in this matter, and/or with respect to the Products.

**6.    COURT APPROVAL**

This Consent Judgment is not effective until it is approved and entered by the Court and shall be null and void if, for any reason, it is not approved and entered by the Court within one year

after it has been fully executed by all Parties, in which event any monies that have been provided to Moore or his counsel pursuant to Section 3 and/or Section 4 above shall be refunded within fifteen (15) days after receiving written notice from Enchante that the one-year period has expired.

**7.** **SEVERABILITY**

If, subsequent to the execution of this Consent Judgment, any of the provisions of this Consent Judgment are held by a court to be unenforceable, the validity of the enforceable provisions remaining shall not be adversely affected.

**8.** **GOVERNING LAW**

The terms of this Consent Judgment shall be governed by the laws of the State of California and apply within the State of California. In the event that Proposition 65 is repealed, preempted, or is otherwise rendered inapplicable by reason of law generally, or as to the Products, then Enchante shall have no further obligations pursuant to this Consent Judgment with respect to, and to the extent that, the Products are so affected.

**9.** **NOTICES**

Unless specified herein, all correspondence and notices required to be provided pursuant to this Consent Judgment shall be in writing and personally delivered or sent by: (i) first-class, registered or certified mail, return receipt requested; or (ii) overnight courier on any party by the other party at the following addresses:

For Enchante:

      Ezra Erani, President
      Enchante Accessories, Inc.
      4 East 34th Street, Floor 4
      New York, NY 10016

with a copy to:

      Betsy McDaniel, Esq.
      Sheppard Mullin Richter & Hampton LLP
      Four Embarcadero Center
      Seventeenth Floor
      San Francisco, CA 94111

For Moore:

> Proposition 65 Coordinator
> The Chanler Group
> 2560 Ninth Street
> Parker Plaza, Suite 214
> Berkeley, CA 94710

Any party, from time to time, may specify in writing to the other party a change of address to which all notices and other communications shall be sent.

**10.  COUNTERPARTS; FACSIMILE SIGNATURES**

This Consent Judgment may be executed in counterparts and by facsimile or .pdf signature, each of which shall be deemed an original, and all of which, when taken together, shall constitute one and the same document.

**11.  COMPLIANCE WITH HEALTH & SAFETY CODE § 25249.7(f)**

Moore agrees to comply with the reporting form requirements referenced in California Health & Safety Code § 25249.7(f).

**12.  ADDITIONAL POST EXECUTION ACTIVITIES**

The Parties acknowledge that, pursuant to California Health & Safety Code § 25249.7, a noticed motion is required to obtain judicial approval of this Consent Judgment.  In furtherance of obtaining such approval, Moore and Enchante and their respective counsel agree to mutually employ their best efforts to support the entry of this agreement as a Consent Judgment and obtain approval of the Consent Judgment by the Court in a timely manner.  For purposes of this section, best efforts shall include, at a minimum, cooperating on the drafting and filing of any papers in support of the required motion for judicial approval.

**13.  MODIFICATION**

This Consent Judgment may be modified only:  (1) by written agreement of the Parties and upon entry of a modified consent judgment by the Court thereon; or (2) upon a successful motion of any party and entry of a modified consent judgment by the Court.  The Attorney General shall be served with notice of any proposed modification to this Consent Judgment at least fifteen (15) days in advance of its consideration by the Court.

**14.** **AUTHORIZATION**

   The undersigned are authorized to execute this Consent Judgment and have read, understood, and agree to all of the terms and conditions of this Consent Judgment.


**AGREED TO:**                                  **AGREED TO:**


By: _____            By: _____
   JOHN MOORE                                      EZRA ERANI, PRESIDENT
                                                    Enchante Accessories Inc.

Date: _MARCH 23, 2011_____            Date: _____


**IT IS SO ORDERED.**


Date: _____            _____
                                          JUDGE OF THE SUPERIOR COURT

1    **14.**    <u>**AUTHORIZATION**</u>

2        The undersigned are authorized to execute this Consent Judgment and have read,

3 understood, and agree to all of the terms and conditions of this Consent Judgment.

4

5    **AGREED TO:**                 **AGREED TO:**

6

7    By:_____    By:_____

8         JOHN MOORE               EZRA ERANI, PRESIDENT

9                                    Enchante Accessories Inc.

10    Date:_____    Date:_____ 3/24/11 _____

11

12    **IT IS SO ORDERED.**

13

14    Date: _____

                       JUDGE OF THE SUPERIOR COURT

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   Clifford A. Chanler, State Bar No. 135534
    Josh Voorhees, State Bar No. 241436
2   THE CHANLER GROUP
    2560 Ninth Street
3   Parker Plaza, Suite 214
    Berkeley, CA 94710
4   Telephone: (510) 848-8880
    Facsimile: (510) 848-8118
5

6   Attorneys for Plaintiff
    JOHN MOORE
7

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         THE COUNTY OF ALAMEDA

10                      UNLIMITED CIVIL JURISDICTION

11

12
    JOHN MOORE,                          Case No. RG11561293
13
                    Plaintiff,
14        v.                             **[PROPOSED] CONSENT
                                         JUDGMENT**
15  ENCHANTE ACCESSORIES INC.; and
    DOES 1-150, inclusive,
16                                       Health & Safety Code § 25249.6
                    Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

## 1.   INTRODUCTION

### 1.1   John Moore and Enchante Accessories Inc.

This Consent Judgment is entered into by and between John Moore (hereinafter "Moore") and Enchante Accessories, Inc. (hereinafter "Enchante"), with Moore and Enchante collectively referred to as the "Parties."

### 1.2   Plaintiff

Moore is an individual residing in California who seeks to promote awareness of exposures to toxic chemicals and improve human health by reducing or eliminating hazardous substances contained in consumer products.

### 1.3   Defendant

Moore alleges that Enchante employs ten or more persons and is a person in the course of doing business for purposes of the Safe Drinking Water and Toxic Enforcement Act of 1986, California Health & Safety Code §§ 25249.6 *et seq*. ("Proposition 65").

### 1.4   General Allegations

Moore alleges that Enchante has manufactured, distributed, and/or offered for sale in California coverings for books/albums containing di(2-ethylhexyl)phthalate ("DEHP") without the requisite Proposition 65 warnings. DEHP is listed pursuant to Proposition 65 as a chemical known to the State of California to cause birth defects and other reproductive harm (hereinafter the "Listed Chemical").

### 1.5   Product Description

The products that are covered by this Consent Judgment are books/albums with covers containing the Listed Chemical, including but not limited to: *Photo Albums (Live Laugh Love, Sku Nos. 400047539011, 400053106900, 400053155502, 400053728454, 400045535855, 400055612607, 400056243411)* manufactured, distributed and/or sold in California by Enchante (hereinafter "Products").

### 1.6   Notice of Violation

On October 15, 2010, Moore served Enchante and various public enforcement agencies with a document entitled "60-Day Notice of Violation" that provided Enchante and such public enforcers

with notice that alleged that Enchante was in violation of Proposition 65 for failing to warn consumers and customers that the Products exposed users in California to the Listed Chemical.

### 1.7  Complaint

On February 15, 2011, Moore, who alleges that he was and is acting in the interest of the general public in California, filed a complaint in the Alameda Superior Court (the "Complaint"), naming Enchante as a defendant and alleging violations of Proposition 65 based on Defendant's alleged failure to give clear and reasonable warnings before allegedly causing exposures to the Listed Chemical contained in the Products

### 1.8  No Admission

Enchante denies the factual and legal allegations contained in the Notice and Complaint, and maintains that all products that it has sold in California have been and are in compliance with all laws, including, without limitation, Proposition 65. Nothing in this Consent Judgment shall be construed as an admission by Defendant of any fact, finding, conclusion, issue of law, or violation of law, nor shall compliance with this Consent Judgment constitute or be construed as an admission by Defendant of any fact, finding, conclusion, issue of law, or violation of law, such being specifically denied by Defendant. However, this Section shall not diminish or otherwise affect Defendant's obligations, responsibilities and duties under this Consent Judgment.

### 1.9  Consent to Jurisdiction

For purposes of this Consent Judgment only, the Parties stipulate that this Court has jurisdiction over Defendant as to the allegations contained in the Complaint, that venue is proper in the County of Alameda, and that this Court has jurisdiction to enter and enforce the provisions of this Consent Judgment, pursuant to California Code of Civil Procedure §664.6, as a full and binding resolution of all claims which were or could have been raised in the Complaint against Defendant based on the facts alleged therein and in the Notice.

### 1.10  Effective Date

For purposes of this Consent Judgment, the term "Effective Date" shall mean March 25, 2011.

1  **2.    INJUNCTIVE RELIEF**

2       **2.1    Reformulation**

3       As of the Effective Date, Enchante shall not ship, sell or offer to be shipped for sale in

4  California any Products unless they are "Reformulated Products." For purposes of this Consent

5  Judgment, Reformulated Products shall mean Products containing less than 1,000 parts per million

6  of DEHP, when analyzed pursuant to Environmental Protection Agency ("EPA") testing

7  methodologies 3580A and 8270C.

8  **3.    MONETARY PAYMENTS**

9       In settlement of all the claims referred to in this Consent Judgment against it, Enchante shall

10  make payments and receive credits totaling $12,000, in civil penalties, as follows:

11      **3.1**    Enchante shall make an initial payment of $4,000 to be apportioned in accordance

12  with Health & Safety Code § 25249.12 (c)(1) and (d), with 75% of these funds remitted to the State

13  of California's Office of Environmental Health Hazard Assessment ("OEHHA") and the remaining

14  25% of these penalty monies remitted to Moore as provided by Health & Safety Code

15  § 25249.12(d). Enchante shall issue two separate checks for the penalty payment: (a) one check

16  made payable to "The Chanler Group in Trust for OEHHA" in the amount of $3,000, representing

17  75% of the total penalty, and (b) one check to "The Chanler Group in Trust for John Moore" in the

18  amount of $1,000, representing 25% of the total penalty. Two separate 1099s shall be issued for the

19  above payments. The first 1099 shall be issued to the Office of Environmental Health Hazard

20  Assessment, P.O. Box 4010, Sacramento, CA 95814 (EIN: 68-0284486) in the amount of $3,000.

21  The second 1099 shall be issued to Moore in the amount of $1,000, whose address and tax

22  identification number shall be furnished upon request. The payments shall be delivered on or before

23  April 15, 2011, at the address set forth in Section 3.4.

24      **3.2**    Enchante shall receive an automatic credit of $4,000, for its commitment to

25  reformulate its Products pursuant to Section 2, above.

26      **3.3**    Enchante shall pay a second civil penalty of $4,000, on or before April 15, 2011, to

27  be apportioned in accordance with Health & Safety Code § 25249.12 (c)(1) and (d) as described

28  above, which penalty shall be waived in its entirety, if, by April 1, 2011, Enchante certifies in

writing that all Products in its inventory and the inventory of its downstream customers have been removed from the market.

    **3.4**    All payments, unless waived, shall be delivered to the following address:

> The Chanler Group
> Attn: Proposition 65 Controller
> 2560 Ninth Street
> Parker Plaza, Suite 214
> Berkeley, CA 94710

## 4.    REIMBURSEMENT OF FEES AND COSTS

### 4.1    Attorney Fees and Costs

The Parties acknowledge that Moore and his counsel offered to resolve this dispute without reaching terms on the amount of fees and costs to be reimbursed to them, thereby leaving this fee issue to be resolved after the material terms of the agreement had been settled. Enchante then expressed a desire to resolve the fee and cost issue shortly after the other settlement terms had been finalized. The Parties then attempted to (and did) reach an accord on the compensation due to Moore and his counsel under general contract principles and the private attorney general doctrine codified at California Code of Civil Procedure (CCP) §1021.5, for all work performed in this matter. Under these legal principles, Enchante shall pay the amount of $32,000 for fees and costs incurred as a result of investigating, bringing this matter to Enchante' attention, and negotiating a settlement in the public interest. Enchante shall issue a separate 1099 for fees and costs (EIN: 94-3171522) and shall make the check payable to "The Chanler Group" and shall be delivered on or before April 15, 2011, at the following address:

> The Chanler Group
> Attn: Proposition 65 Controller
> 2560 Ninth Street
> Parker Plaza, Suite 214
> Berkeley, CA 94710

## 5.    RELEASE OF ALL CLAIMS

### 5.1    Moore's Release of Enchante

In further consideration of the promises and agreements herein contained, and for the payments to be made pursuant to Sections 3 and 4 above, Moore, on behalf of himself, his past and current agents, representatives, attorneys, including, without limitation, The Chanler Group,

successors and/or assignees, and in the interest of the general public, hereby waives all rights to institute or participate in, directly or indirectly, any form of legal action and releases all claims, including, without limitation, all actions and causes of action, in law or in equity, suits, liabilities, demands, obligations, damages, costs, fines, penalties, losses or expenses (including, but not limited to, investigation fees, expert fees and attorney's fees) of any nature whatsoever fixed or contingent (collectively "Claims"), that were brought or could have been brought against Enchante, subsidiaries or affiliates, and each of its past and current downstream customers, distributors, wholesalers, suppliers, licensors, licensees, auctioneers, retailers, or any other person in the course of doing business, and the successors and assigns of any of them, who may use, maintain, manufacture, distribute, advertise, market or sell Products, and the officers, directors, managers, employees, members, shareholders, agents, insurers and representatives of each of them (collectively "Releasees"), based on their failure to warn about alleged exposures to the Listed Chemical contained in the Products that were manufactured, distributed, or sold by Defendant. The Parties further understand and agree that this release shall not extend upstream to any third parties that manufactured the Products or any component parts thereof, or any distributors or suppliers who sold the Products or any component parts thereof to Defendant.

Compliance with the terms of this Consent Judgment resolves any issue, now and in the future, concerning compliance by Enchante and its Releasees with the requirements of Proposition 65 with respect to alleged exposure to the Listed Chemical from the Products distributed or sold by Enchante.

### 5.2 Enchante's Release of Moore

Enchante waives any and all claims against Moore, his attorneys and other representatives, for any and all actions taken or statements made (or those that could have been taken or made) by Moore and his attorneys and other representatives, whether in the course of investigating claims or otherwise seeking enforcement of Proposition 65 against it in this matter, and/or with respect to the Products.

## 6. COURT APPROVAL

This Consent Judgment is not effective until it is approved and entered by the Court and shall be null and void if, for any reason, it is not approved and entered by the Court within one year after it has been fully executed by all Parties, in which event any monies that have been provided to Moore or his counsel pursuant to Section 3 and/or Section 4 above shall be refunded within fifteen (15) days after receiving written notice from Enchante that the one-year period has expired.

## 7. SEVERABILITY

If, subsequent to the execution of this Consent Judgment, any of the provisions of this Consent Judgment are held by a court to be unenforceable, the validity of the enforceable provisions remaining shall not be adversely affected.

## 8. GOVERNING LAW

The terms of this Consent Judgment shall be governed by the laws of the State of California and apply within the State of California. In the event that Proposition 65 is repealed, preempted, or is otherwise rendered inapplicable by reason of law generally, or as to the Products, then Enchante shall have no further obligations pursuant to this Consent Judgment with respect to, and to the extent that, the Products are so affected.

## 9. NOTICES

Unless specified herein, all correspondence and notices required to be provided pursuant to this Consent Judgment shall be in writing and personally delivered or sent by: (i) first-class, registered or certified mail, return receipt requested; or (ii) overnight courier on any party by the other party at the following addresses:

For Enchante:

> Ezra Erani, President
> Enchante Accessories, Inc.
> 4 East 34th Street, Floor 4
> New York, NY 10016

with a copy to:

> Betsy McDaniel, Esq.
> Sheppard Mullin Richter & Hampton LLP
> Four Embarcadero Center
> Seventeenth Floor
> San Francisco, CA 94111

For Moore:

Proposition 65 Coordinator
The Chanler Group
2560 Ninth Street
Parker Plaza, Suite 214
Berkeley, CA 94710

Any party, from time to time, may specify in writing to the other party a change of address to which all notices and other communications shall be sent.

**10.  COUNTERPARTS; FACSIMILE SIGNATURES**

This Consent Judgment may be executed in counterparts and by facsimile or .pdf signature, each of which shall be deemed an original, and all of which, when taken together, shall constitute one and the same document.

**11.  COMPLIANCE WITH HEALTH & SAFETY CODE § 25249.7(f)**

Moore agrees to comply with the reporting form requirements referenced in California Health & Safety Code § 25249.7(f).

**12.  ADDITIONAL POST EXECUTION ACTIVITIES**

The Parties acknowledge that, pursuant to California Health & Safety Code § 25249.7, a noticed motion is required to obtain judicial approval of this Consent Judgment.  In furtherance of obtaining such approval, Moore and Enchante and their respective counsel agree to mutually employ their best efforts to support the entry of this agreement as a Consent Judgment and obtain approval of the Consent Judgment by the Court in a timely manner.  For purposes of this section, best efforts shall include, at a minimum, cooperating on the drafting and filing of any papers in support of the required motion for judicial approval.

**13.  MODIFICATION**

This Consent Judgment may be modified only:  (1) by written agreement of the Parties and upon entry of a modified consent judgment by the Court thereon; or (2) upon a successful motion of any party and entry of a modified consent judgment by the Court.  The Attorney General shall be served with notice of any proposed modification to this Consent Judgment at least fifteen (15) days in advance of its consideration by the Court.

## 14.    AUTHORIZATION

The undersigned are authorized to execute this Consent Judgment and have read, understood, and agree to all of the terms and conditions of this Consent Judgment.

.

AGREED TO:

AGREED TO:

By:_____

JOHN MOORE

Date:    June 1, 2011

By:_____

EZRA ERANI, PRESIDENT
Enchante Accessories Inc.

Date:_____

IT IS SO ORDERED.

Date: _____

_____
JUDGE OF THE SUPERIOR COURT

1   **14.**   **AUTHORIZATION**

2       The undersigned are authorized to execute this Consent Judgment and have read,

3   understood, and agree to all of the terms and conditions of this Consent Judgment.

4

5   **AGREED TO:**                     **AGREED TO:**

6

7   By:_____     By:_____

8       JOHN MOORE           GABRIEL KHEZRIE, Vice President

9                             Enchante Accessories Inc.

10   Date:_____   Date:__JUNE 10, 2011__

11

12   **IT IS SO ORDERED.**

13

14   Date:_____

                     JUDGE OF THE SUPERIOR COURT

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MIGUEL A. CUSTODIO, JR., STATE BAR NO. 248744
VINEET DUBEY, STATE BAR NO. 243208
CUSTODIO & DUBEY LLP
448 S. Hill St., Suite 615
Los Angeles, CA 90013
Telephone: (213) 593-9095
Facsimile: (213) 785-2899

Attorneys for Plaintiff Ecological Alliance, LLC

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

(Unlimited Jurisdiction)

| | |
|---|---|
| ECOLOGICAL ALLIANCE, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ENCHANTE ACCESSORIES, INC., a New York corporation,<br><br>Defendant. | Case No.: 20STCV49679<br><br>**[PROPOSED] STIPULATED CONSENT JUDGMENT** |

1   Plaintiff Ecological Alliance, LLC ("Plaintiff"), and Defendant Enchante Accessories,
2   Inc. ("Defendant") hereby enter into this Stipulated Consent Judgment ("Consent Judgment") as
3   follows:
4       WHEREAS: On or about August 13, 2020, Plaintiff, through Plaintiff's counsel, served a
5   60-Day Notice to Defendant, Burlington Coat Factory Direct Corporation, T.J. Maxx of CA,
6   LLC, the California Attorney General, the District Attorneys of every County in the State of
7   California, and the City Attorneys for every City in the State of California with a population
8   greater than 750,000 (collectively, "Public Prosecutor(s)") alleging that Defendant violated
9   California's Safe Drinking Water and Toxic Enforcement Act of 1986, California Health and
10  Safety Code § 25249.6, et seq., and its implementing regulations (collectively, "Proposition 65")
11  and that Plaintiff intended to file an enforcement action in the public interest; and
12      WHEREAS: Plaintiff alleges that Defendant manufactured and/or distributed necessity
13  kits, style # GB8MNBD3, skin care kits, Item # 384693, and car seat covers, UPC #
14  192598215246, all with cases containing Di(2-ethylhexy)phthalate ("DEHP"), (collectively the
15  "Covered Products" exemplar photographs of which are attached as Exhibits A-C hereto) that
16  were sold or distributed for sale in California and further alleges that those Covered Products
17  expose consumers in the State of California to chemicals including DEHP, which are listed by
18  the State of California pursuant to California Health and Safety Code § 25249.8; and
19      WHEREAS: Plaintiff further alleges that persons in the State of California were exposed
20  to DEHP in Covered Products without being provided the Proposition 65 warning set out at
21  California Health and Safety Code § 25249.6 and its implementing regulations ("Proposition 65
22  Warning");
23      WHEREAS: Defendant denies the allegations of the 60-Day Notice, and denies that it has
24  violated Proposition 65 and expressly denies that it has engaged in any wrongdoing whatsoever,
25      WHEREAS: Plaintiff seeks to provide the public with Proposition 65 warnings and
26  believes that this objective is achieved by the actions described in this Consent Judgment; and
27      WHEREAS: Plaintiff and Defendant wish to resolve their differences without the delay
28  and expense of litigation.

NOW THEREFORE BE IT RESOLVED AND AGREED UPON AS BETWEEN PLAINTIFF ACTING IN THE PUBLIC INTEREST AND DEFENDANT AS FOLLOWS:

## 1.0 INTRODUCTION

1.1.　　　On August 13, 2020, Plaintiff served the 60-Day Notice upon Defendant, Burlington Coat Factory Direct Corporation, T.J. Maxx of CA, LLC, and on Public Prosecutors. No Public Prosecutors commenced an enforcement action. No Public Prosecutor having commenced an enforcement action, Plaintiff proceeded to file its Complaint against Defendant in the present action.

1.2.　　　Defendant employs ten (10) or more persons.

1.3.　　　For purposes of this Consent Judgment only, Plaintiff and Defendant (the "Parties") stipulate that: 1) this Court has jurisdiction over the allegations of violation contained in the Complaint, and personal jurisdiction over Defendant as to the acts alleged in the Complaint; 2) venue is proper in the County of Los Angeles; and 3) this Court has jurisdiction to enter this Consent Judgment as a full and final resolution of all claims which were or could have been raised in the Complaint based on the facts alleged therein with respect to the Covered Products, and of all claims which were or could have been raised by any person or entity based in whole or in part, directly or indirectly, on the facts alleged in the 60-Day Notice, in the present action, or arising therefrom or related thereto, with respect to Covered Products, including any Proposition 65 claim arising out of an exposure to Covered Products (collectively, "Proposition 65 Claims").

1.4.　　　The Parties enter into this Consent Judgment as a full and final settlement of the Proposition 65 Claims, for the purpose of avoiding prolonged and costly litigation and of resolving the issues raised therein both as to past and future conduct. By execution of this Consent Judgment and agreeing to comply with its terms, the Parties do not admit any fact, conclusion of law, or violation of law, nor shall Defendant's compliance with the Consent Judgment constitute or be construed as an admission by Defendant of any fact, conclusion of law, or violation of law. Defendant denies the material, factual, and legal allegations in the 60-Day Notice and the Complaint and expressly denies any wrongdoing whatsoever.

## 2.    DEFINITIONS

2.1.        "Effective Date" shall mean, with respect to this Consent Judgment, the date the Consent Judgment has been approved and entered by the Court.

## 3.    INJUNCTIVE RELIEF

3.1.        For each Covered Product, Defendant agrees to undertake, or cause to be undertaken on its behalf, to provide a warning as prescribed in Sections 3.2-3.3, below. Compliance with this Section 3.1 will constitute compliance by Defendant with all requirements of Proposition 65 relating to DEHP exposure in the Covered Products:

3.2.        <u>Warning Option</u>

Subject to section 3.4, Covered Products shall be accompanied by a warning as described in Section 3.3, below. This warning requirement shall only be required as to Covered Products that are manufactured, distributed, marketed, sold or shipped for sale to consumers by Defendant in the State of California, after ninety (90) days after the Effective Date. No Proposition 65 warning shall be required as to any Covered Products that are already in the stream of commerce as of the Effective Date, and all such Covered Products are hereby deemed to be exempt from Proposition 65 with respect to DEHP.

3.3.        <u>Warning Language</u>

Where required to meet the criteria set forth in Section 3.2, Defendant shall provide one of the following warning statements on or within the unit packaging of the Covered Products, or affixed to the Covered Products, displayed in a reasonably conspicuous manner:

(1)        ⚠ WARNING: This product can expose you to chemicals including DEHP, which is known to the State of California to cause cancer and birth defects or other reproductive harm. For more information go to www.P65Warnings.ca.gov.

(2)        ⚠ WARNING: Cancer and Reproductive Harm – www.P65Warnings.ca.gov.

If Defendant elects to use the warning statements identified in either (1) or (2) above, it shall also include a symbol consisting of a black exclamation point in a yellow equilateral triangle with a bold black outline. Where the sign, label or shelf tag for the product is not printed using the color yellow, the symbol may be printed in black and white. The symbol shall be

[PROPOSED] STIPULATED CONSENT JUDGMENT

Doc # SF/17906503v3

placed to the left of the text of the warning, in a size no smaller than the height of the word "WARNING".

## 4. MONETARY RELIEF

4.1.	Within ten (10) days of the Effective Date, Defendant shall pay the total sum of $25,000 which includes $5,000 in civil penalties and $20,000 in payment of Plaintiff's costs and reasonable attorney's fees. The $5,000 civil penalty shall be apportioned pursuant to Health and Safety Code section 25249.12 (d), with 75%, or $3,750, paid to the State of California's Office of Environmental Health Hazard Assessment and 25%, or $1,250, payable to Plaintiff.

4.2.	The payments specified in Section 4.1. shall be made by wire transfer to Plaintiff's counsel Custodio & Dubey LLP as set forth below. Plaintiffs' counsel will remit the portions due to the State of California Office of Environmental Health Hazard Assessment and to Plaintiff.

Bank: Bank of America, N.A.

Routing Transit No.: 026009593

Account No.:	325104702031

Beneficiary: Custodio & Dubey LLP

## 5. CLAIMS COVERED AND RELEASE

5.1.	This Consent Judgment is a full, final, and binding resolution between Plaintiff, on behalf of itself, and acting in the public interest, and Defendant, and all of Defendant's parent companies, as well as all of Defendant's officers, directors, members, shareholders, employees, attorneys, agents, parent companies, subsidiaries, divisions, affiliates, suppliers, franchisees, licensees, and retailers, their parent and all subsidiaries, and affiliates, thereof, their respective employees, agents and assigns, as well as all other upstream and downstream entities in the distribution chain for any of the Covered Products, and the predecessors, successors, and assigns of any of them, including T.J. Maxx of CA, LLC and Burlington Coat Factory Direct Corporation (collectively, the "Released Parties"), for any alleged violation of Proposition 65, and its implementing regulations, for failure to provide

[PROPOSED] STIPULATED CONSENT JUDGMENT

Doc # SF/17906503v3

Proposition 65 warnings for the Covered Products with respect to DEHP, and fully resolves all claims that have been brought, or which could have been brought in this action up to and including the Effective Date. Plaintiff on behalf of itself, and in the public interest, hereby discharges the Released Parties from any and all claims, actions, causes of action, suits, demands, liabilities, damages, penalties, fees, costs and expenses asserted, or that could have been asserted, with respect to any alleged violation of Proposition 65 arising from the failure to provide Proposition 65 warnings about exposures to DEHP for any or all of the Covered Products, through and including the Effective Date.

5.2.     It is possible that other claims not known to the Parties arising out of the facts contained in the 60-Day Notice, or alleged in the Complaint, relating to the Covered Products, will hereafter be discovered or developed. Plaintiff, on behalf of itself only, on the one hand, and Defendant, on the other hand, acknowledge that this Consent Judgment is expressly intended to cover and include all such claims through and including the Effective Date, including all rights of action thereon. Plaintiff and Defendant acknowledge that the claims released in Sections 5.1 and 5.2 may include unknown claims, and nevertheless intend to release such claims, and in doing so waive California Civil Code § 1542 which reads as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

5.3.     Plaintiff understands and acknowledges that the significance and consequence of this waiver of California Civil Code § 1542 is that even if Plaintiff suffers future damages arising out of or resulting from, or related directly or indirectly to, in whole or in part, the Covered Products, including but not limited to any exposure to, or failure to warn with respect to exposure to, the Covered Products, Plaintiff will not be able to make any claim for those damages against any of the Released Parties.

[PROPOSED] STIPULATED CONSENT JUDGMENT
Doc # SF/1790650.3v3

1    5.4.        Compliance by Defendant with the terms of this Consent Judgment shall

2   constitute compliance with Proposition 65 with respect to exposure to DEHP in the Covered

3   Products as set forth in the 60-Day Notice and/or the Complaint.

4   **6.     COMPLIANCE WITH HEALTH AND SAFETY CODE SECTION 25249.7(F)**

5       6.1.        Plaintiff and its attorneys agree to comply with the reporting form

6   requirements referenced in California Health and Safety Code § 25249.7(f).

7                      **7.     PROVISION OF NOTICE**

8       7.1.        When any Party is entitled to receive any notice or writing under this

9   Consent Judgment, the notice or writing shall be sent by first class certified mail with return

10  receipt requested, or by electronic mail, as follows:

11      To Defendant:

12      Carol R. Brophy, Esq.

13      Steptoe & Johnson LLP

14      1 Market Street

15      Spear Tower, Suite 3900

16      cbrophy@steptoe.com

17

18      To Plaintiff:

19      Vineet Dubey, Esq.

20      Custodio & Dubey LLP

21      448 S. Hill St., Ste 615

22      Los Angeles, CA 90013

23      dubey@cd-lawyers.com

24      7.2.        Any party may modify the person and address to whom the notice is to be

25  sent by sending the other Party notice that is transmitted in the manner set forth in section 7.1.

26                      **8.     COURT APPROVAL**

27      8.1.        Upon execution of his Consent Judgment by all Parties, Plaintiff shall

28  prepare and file, at its sole cost and expense, a Motion for Approval of this Consent Judgment

[PROPOSED] STIPULATED CONSENT JUDGMENT

that Defendant shall support. This Consent Judgment shall not become effective until approved and entered by the Court. If this Consent Judgment is not entered by the Court, it shall be of no force or effect, and shall not be introduced into evidence or otherwise used in any proceeding for any purpose.

## 9. GOVERNING LAW AND CONSTRUCTION

9.1. The terms of this Consent Judgment shall be governed by the laws of the State of California.

## 10. ENTIRE AGREEMENT

10.1. This Consent Judgment contains the sole and entire agreement and understanding of the Parties with respect to the entire subject matter hereof, and any and all prior discussions, negotiations, commitments, or understandings related thereto, if any, are hereby merged herein and therein.

10.2. There are no warranties, representations, or other agreements between the Parties except as expressly set forth herein. No representations, oral or otherwise, express or implied, other than those specifically referred to in this Consent Judgment have been made by any Party hereto.

10.3. No other agreements not specifically contained or referenced herein, oral or otherwise, shall be deemed to exist or to bind any of the Parties hereto. Any agreements specifically contained or referenced herein, oral or otherwise, shall be deemed to exist or to bind any of the Parties hereto only to the extent that they are expressly incorporated herein.

10.4. No supplementation, modification, waiver, or termination of this Consent Judgment shall be binding unless executed in writing by the Party to be bound thereby, and approved and ordered by the Court.

10.5. No waiver of any of the provisions of this Consent Judgment shall be deemed or shall constitute a waiver of any of the other provisions hereof whether or not similar, nor shall such waiver constitute a continuing waiver.

**11. RETENTION OF JURISDICTION**

11.1.  This Court shall retain jurisdiction of this matter to implement or modify the Consent Judgment.

**12. NO EFFECT ON OTHER SETTLEMENTS**

12.1.  Nothing in this Consent Judgment shall preclude Plaintiff from resolving any claim against another entity on terms that are different from those contained in this Consent Judgment.

**13. EXECUTION IN COUNTERPARTS**

13.1.  This Consent Judgment may be executed in counterparts, each of which shall be deemed to be an original, and all of which, taken together, shall constitute the same document. Execution of the Consent Judgment by e-mail, facsimile, or other electronic means, shall constitute legal and binding execution and delivery.  Any photocopy of the executed Consent Judgment shall have the same force and effect as the original.

**14. AUTHORIZATION**

14.1.  The undersigned are authorized to stipulate to, enter into, and execute this Consent Judgment on behalf of their respective parties, and have read, understood, and agree to all of the terms and conditions of this Consent Judgment.

**15. SEVERABILITY**

15.1.  If subsequent to Court approval of this Consent Judgment, any part or provision is declared by a Court to be invalid, void, or unenforceable, the remaining portions or provisions shall continue in full force and effect.

**AGREED TO:**

**Ecological Alliance LLC**

By: _____     Date: December 29 2020

Harmony Welsh, Managing Member

1

2   **AGREED TO:**

3   **Enchante Accessories, Inc.**

4

5

6   By: _____          Date: December 2_, 2020

7        Abraham Weinberger, CEO

8

9        **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that, pursuant to Health

10  & Safety Code § 25249.7(f)(4) and Code of Civil Procedure § 664.6, judgment is hereby

11  entered.

12

13

14

15  Dated: _____          _____

16                                    JUDGE OF THE SUPERIOR COURT

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] STIPULATED CONSENT JUDGMENT

Doc # SF/17906503v3

# EXHIBIT A



EXHIBIT B



# EXHIBIT C



1  Andre A. Khansari, Esq.  (SBN 223528)
2  KHANSARI LAW CORP., APC
   16133 Ventura Blvd., Suite 1200
3  Encino, California 91436
   Tel:  (818) 650-6444; Fax: (818) 650-6445
4  Email: *Andre@Khansarilaw.com*

5
   Attorneys for Plaintiff,
6  CA CITIZEN PROTECTION GROUP, LLC

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9
                        **COUNTY OF ALAMEDA**
10
                      **HAYWARD HALL OF JUSTICE**
11

12  CA CITIZEN PROTECTION GROUP,          Case No.: 22CV006164
13  LLC,
                                          (Assigned for All Purposes to:
14        Plaintiff,                      Hon. Somnath Raj Chatterjee, Dept. 517)

15  v.
                                          **[PROPOSED] STIPULATED**
16                                        **CONSENT JUDGMENT;**
17  ENCHANTE ACCESSORIES, INC., and       **[PROPOSED] ORDER**
18  DOES 1 to 50,
                                          [California Health & Safety Code,
19        Defendants.                     sections 25249.5 et seq.]

20                                        Complaint Filed:   January 27, 2022
21                                        Trial Date:        Not Set

22

23

24

25

26

27

28
   ──────────────────────────────────
                        1
   ──────────────────────────────────
              STIPULATED CONSENT JUDGMENT

## STIPULATED CONSENT JUDGMENT

Plaintiff CA CITIZEN PROTECTION GROUP, LLC ("Plaintiff" or "CCPG"), and Defendant ENCHANTE ACCESSORIES, INC. ("ENCHANTE") hereby enter into this Stipulated Consent Judgment (this "Consent Judgment") as follows:

WHEREAS, on or about June 24, 2021, CCPG served a 60-Day Notice of Violations upon ENCHANTE, the California Attorney General, the District Attorneys of every County in the State of California, and the City Attorneys for every City in the State of California with a population greater than 750,000 (collectively, "Public Prosecutors") alleging that ENCHANTE violated California's Safe Drinking Water and Toxic Enforcement Act of 1986, California Health and Safety Code ("HSC") § 25249.6, *et seq.*, and its implementing regulations (collectively, "Proposition 65") and that CCPG intended to file an enforcement action against ENCHANTE in the public interest (the "June Notice"); and

WHEREAS, on or about November 11, 2021, Plaintiff served a 60-Day Notice of Violation upon ENCHANTE and Public Prosecutors alleging that ENCHANTE violated Proposition 65 and that CCPG intended to file an enforcement action against ENCHANTE in the public interest (the "November Notice, and together with the June Notice, collectively, the "Notices"); and

WHEREAS, CCPG alleges that ENCHANTE manufactured, imported, distributed, and/or offered for sale in California two products (1) Beauty Concepts Cuticle Nipper (with clear plastic reusable Case or Protector) (the "Cuticle Nipper"); and, (2) Pretty Little Things Jewelry Hanging Organizer (the "Hanging Organizer").

WHEREAS, CCPG alleged in the Notices that persons in the State of California were exposed to DEHP in the Covered Products without being provided the Proposition 65 warning set out at California Health and Safety Code § 25249.6 and its implementing regulations ("Proposition 65 Warning");

WHEREAS, ENCHANTE denies the allegations of the Notices, denies that it has violated Proposition 65, and denies that it has engaged in any wrongdoing whatsoever;

2

STIPULATED CONSENT JUDGMENT

WHEREAS, on January 27, 2022, Plaintiff (CCPG) filed a Complaint against ENCHANTE for civil penalties, injunctive relief and reimbursement of its reasonable attorneys' fees and costs (the "Complaint") in Alameda County Superior Court, pending as Case No. 22CV006164 (the "Action"). CCPG contends in the Complaint that ENCHANTE knowingly and intentionally exposed California consumers to Di(2-ethylhexl) Phthalate ("DEHP"), a substance known to cause cancer and reproductive toxicity, through the sale of the Covered Products; and

WHEREAS, Plaintiff and ENCHANTE wish to resolve their differences without the delay and expense of prolonged litigation in the Action.

NOW THEREFORE BE IT RESOLVED AND AGREED UPON AS BETWEEN PLAINTIFF ACTING IN THE PUBLIC INTEREST AND ENCHANTE AS FOLLOWS:

**1. INTRODUCTION**

1.1.     On June 24, 2021 and November 11, 2021, respectively, Plaintiff served ENCHANTE and Public Prosecutors with the Notices alleging that Defendant and other noticed parties violated Proposition 65 when they failed to warn consumers that the Covered Products expose consumers to DEHP in violation of Proposition 65.

1.2.     No Public Prosecutor commenced an enforcement action.

1.3.     ENCHANTE employs ten (10) or more persons.

1.4.     Consent to Jurisdiction. For purposes of this Consent Judgment only, Plaintiff and ENCHANTE (each a "Party, and collectively, the "Parties") stipulate that (1) this Court has jurisdiction over the allegations of violation contained in the Complaint, and personal jurisdiction over ENCHANTE as to the acts alleged in the Complaint; (2) venue is proper in the County of Alameda; and (3) this Court has jurisdiction to approve, enter and oversee the enforcement of this Consent Judgment as a full and final binding resolution of all claims which were or could have been raised in the Complaint based on the facts alleged therein with respect to the Covered Products, and of all claims which were or could have been raised by any person

or entity based on or arising from the facts alleged in the Notices or the Action with respect to Covered Products (collectively, "Proposition 65 Claims").

1.5. The Parties enter into this Consent Judgment as a full and final settlement of the Proposition 65 Claims, for the purpose of avoiding prolonged and costly litigation, and resolving the issues raised therein. By executing and agreeing to the terms of this Consent Judgment, the Parties do not admit any fact, conclusion of law, or violation of law, nor shall ENCHANTE's compliance with this Consent Judgment be construed as an admission by ENCHANTE of any fact, conclusion of law, or violation of law. ENCHANTE denies the material, factual, and legal allegations in the Notices and the Complaint, and denies any wrongdoing whatsoever.

1.6. <u>No Effect on Future Proceedings</u>. Except as expressly set forth herein, nothing in this Consent Judgment shall prejudice, waive or impair any right, remedy, argument, claim or defense the Parties may have in any other or future legal proceedings which do not arise out of the Action.

## 2. CERTAIN DEFINITIONS

2.1. "Effective Date" shall mean the date the Consent Judgment has been approved and entered by the Court.

2.2. "Covered Products" or each a "Covered Product" shall mean each of the two products: (1) Beauty Concepts Cuticle Nipper (with clear plastic reusable Case or Protector) (the "Cuticle Nipper"); and, (2) Pretty Little Things Jewelry Hanging Organizer (the "Hanging Organizer. It is the intent of this Consent Judgment to cover different styles, colors and/or packaging of the Cuticle Nipper and Hanging Organizer that are composed of plastic components including, but not limited to, style numbers 10119, 10863, 12821 and 12822, 13733, 13734.

This Consent Judgment shall cover and release all Covered Products manufactured or distributed by ENCHANTE pursuant to the terms of this Consent Judgment, including but not limited to Covered Products that are in third party inventory. If challenged by a private

enforcer, a declaration by an officer of ENCHANTE citing the manufacturing date and explaining the procedures used to determine the specific product's manufacturing date shall be deemed dispositive.

## 3.  INJUNCTIVE RELIEF: REFORMULATION AND WARNINGS

3.1.  <u>Reformulation of Covered Products</u>. As of the Effective Date, Covered Products that ENCHANTE directly manufactures, imports, distributes, sells, or offers for sale in California shall either: (a) be Reformulated Products pursuant to <u>Section 3.2</u>, below; or (b) be labeled with a clear and reasonable warning pursuant to <u>Sections 3.3</u> and <u>3.4</u>, below.

3.1.1  For purposes of this Consent Judgment, a "Reformulated Product(s)" is a Covered Product(s) that is/are in compliance with the standard set forth in <u>Section 3.2</u> below.

3.1.2  The warning requirement set forth in <u>Sections 3.3</u> and <u>3.4</u> shall not apply to any Reformulated Product(s).

3.2.  <u>Reformulation Standard</u>. "Reformulated Product(s)" shall mean Covered Product(s) that contain concentrations less than or equal to 0.1% (1,000 parts per million (ppm)) of DEHP when analyzed pursuant to U.S. Environmental Protection Agency testing methodologies 3580A and 8270C or other methodology utilized by federal or state government agencies for the purpose of determining the phthalate content in a solid substance.

3.3.  <u>Clear and Reasonable Warning</u>. As of the Effective Date, and continuing thereafter, a clear and reasonable exposure warning as set forth in this <u>Section 3.3</u> and <u>Section 3.4</u> must be provided for all Covered Product(s) that ENCHANTE manufacturers, imports, distributes, sells, or offers for sale in California that is not a Reformulated Product. There shall be no obligation for ENCHANTE to provide a warning for Covered Products that enter the stream of commerce prior to the Effective Date.  The warning shall consist of either the **Warning** or **Alternative Warning** described in Sections 3.3(a) or (b), respectively:

(a)  **Warning**.  The "Warning" shall consist of the statement:

⚠ **WARNING**: This product can expose you to chemicals including di(2-ethylhexyl) phthalate (DEHP), which is known to the State of California to cause cancer and birth defects or other reproductive harm. For more information go to www.P65Warnings.ca.gov.

    (b)    **Alternative Warning**: ENCHANTE may, but is not required to, use the alternative short-form warning as follows:

**WARNING**: **Cancer** and Reproductive Harm - www.P65Warnings.ca.gov.

/ / / /

/ / / /

3.4.    A **Warning** or Alternative **Warning** provided pursuant to Section 3.3 must print the word "**WARNING:**" in all capital letters and in bold font, followed by a colon. The warning symbol to the left of the word "**WARNING:**" must be a black exclamation point in a yellow equilateral triangle with a black outline, except that if the sign or label for the Covered Product does not use the color yellow, the symbol may be in black and white. The symbol must be in a size no smaller than the height of the word "**WARNING**". The warning shall be affixed to or printed on the Covered Product's packaging or labeling, or on a placard, shelf tag, sign or electronic device or automatic process, providing that the warning is displayed with such conspicuousness, as compared with other words, statements, or designs as to render it likely to be read and understood by an ordinary individual under customary conditions of purchase or use. A warning may be contained in the same section of the packaging, labeling, or instruction booklet that states other safety warnings, if any, concerning the use of the Covered Product and shall be at least the same size as those other safety warnings.

3.5.    If ENCHANTE sells Covered Products via an internet website to customers located in California, the warning requirements of this section shall be satisfied if the foregoing warning appears either: (a) on the same web page on which a Covered Product is displayed and/or described; (b) on the same page as the price for the Covered Product; or (c) on one or more web pages displayed to a purchaser prior to purchase during the checkout process. Alternatively, a symbol consisting of a black exclamation point in a yellow or white equilateral triangle may appear adjacent to or immediately following the display, description,

price, or checkout listing of the Covered Product, if the warning statement appears elsewhere on the same web page in a manner that clearly associates it with the product(s) to which the warning applies

    3.5   <u>Compliance with Warning Regulations</u>. ENCHANTE shall be deemed to be in compliance with the warning requirements of this Consent Judgment by either adhering to <u>Section 3.3</u> and <u>Section 3.4</u> of this Consent Judgment or by complying with any of the safe harbor warning requirements as set forth in the regulations of the State of California's Office of Environmental Health Hazard Assessment ("OEHHA") and in effect after the Effective Date.

## 4.   MONETARY RELIEF

   4.1.   <u>Total Amount of Settlement</u>. In full satisfaction of all civil penalties and CCPG's attorney's fees, expert fees and all other costs and expenses incurred, including, without limitation, pursuant to California Code of Civil Procedure § 1021.5, with respect to the Action and the Covered Products, ENCHANTE shall pay the total settlement amount of forty-eight thousand dollars ($48,000), apportioned as follows.

       4.1.2  **Civil Penalty.** Of the settlement amount, ENCHANTE shall pay four thousand dollars ($4,000) as a civil penalty pursuant to HSC § 25249.7(b), to be apportioned in accordance with HSC § 25192, with 75% of these funds ($3,000) payable to OEHHA and the remaining 25% of the funds ($1,000) payable to Khansari Law Corporation - Trust Account in trust for CCPG as provided by HSC § 25249.12(d).

       4.13  **Attorneys' Fees and Costs**. Of the settlement amount, ENCHANTE shall pay forty-four thousand dollars ($44,000) as reimbursement of CCPG's attorney's fees and costs incurred in the Action and with respect to the Notices payable to Khansari Law Corporation.

   4.2.   **Delivery of Settlement Payments**. The Settlement payments called for in <u>Section 4.1</u> shall be made within ten (10) days of the Effective Date as follows:

STIPULATED CONSENT JUDGMENT

4.2.1. ENCHANTE's payment of the civil penalty to OEHHA shall be delivered by United States Mail directly to OEHHA (with an electronic copy emailed to andre@khansarilaw.com) at the following address or such other address as updated by OEHHA at the time of payment:

Mike Gyurics
Fiscal Operations Branch Chief
Office of Environmental Health Hazard Assessment
P.O. Box 4010
Sacramento, CA 95812-4010

4.2.2. ENCHANTE's payments of the civil penalty to CCPG and for CCPG's attorney's fees and costs shall be delivered via electronic wire (wire instructions to be provided by CCPG upon request by ENCHANTE), or via tracked overnight mail, or to the following address:

Andre A. Khansari, Esq.
KHANSARI LAW CORPORATION
16133 Ventura Blvd., Suite 1200
Encino, CA 91364

## 5.    CLAIMS COVERED AND RELEASE

5.1.    This Consent Judgment is a full, final, and binding resolution between Plaintiff, on behalf of itself, and acting in the public interest, and ENCHANTE, and all of ENCHANTE's parent companies, as well as all of ENCHANTE's officers, directors, members, shareholders, employees, attorneys, agents, parent companies, subsidiaries, divisions, affiliates, suppliers, franchisees, licensees, and retailers, their parent and all subsidiaries, and affiliates, thereof, their respective employees, agents and assigns, as well as all other upstream and downstream entities in the distribution chain for any of the Covered Products, and the predecessors, successors, and assigns of any of them, including ENCHANTE, The TJX Companies, Inc., T.J. Maxx of CA, LLC and Ross Stores, Inc. (collectively, the "Released Parties"), for any alleged violation of Proposition 65, and its implementing regulations, for failure to provide Proposition 65 warnings for the Covered Products with respect to DEHP, and fully resolves all claims that have been brought, or which

could have been brought in the Action up to and including the Effective Date. Plaintiff on behalf of itself, and in the public interest, hereby discharges the Released Parties from any and all claims, actions, causes of action, suits, demands, liabilities, damages, penalties, fees, costs and expenses asserted, or that could have been asserted, with respect to any alleged violation of Proposition 65 arising from the failure to provide Proposition 65 warnings about exposures to DEHP for the Covered Products, through and including the Effective Date.

5.2.    It is possible that other claims not known to the Parties arising out of the facts contained in the 60-Day Notice of Violation or alleged in the Complaint relating to the Covered Products will hereafter be discovered. Plaintiff, on behalf of itself only, on the one hand, and ENCHANTE, on the other hand, acknowledge that this Consent Judgment is expressly intended to cover and include all such claims through and including the Effective Date, including all rights of action thereon. Plaintiff and ENCHANTE acknowledge that the claims released in Sections 5.1 and 5.2 may include unknown claims, and nevertheless intend to release such claims, and in doing so waive California Civil Code § 1542 which reads as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

5.3.    Plaintiff understands and acknowledges that the significance and consequence of this waiver of California Civil Code § 1542 is that even if Plaintiff suffers future damages arising out of, resulting from, or related to the Covered Products, Plaintiff will not be able to make any claim for those damages against any of the Released Parties except as permitted under this Consent Judgment.

5.4.     Compliance by ENCHANTE with the terms of this Consent Judgment shall constitute compliance with Proposition 65 with respect to exposure to DEHP in the Covered Products as set forth in the Notices and/or the Complaint.

5.5.     ENCHANTE waives any and all claims against Plaintiff, its attorneys, and representatives, for any and all actions taken, or statements made (or those that could have been taken or made) by Plaintiff and its attorneys and other representatives, whether in the course of investigating claims or otherwise seeking enforcement of Proposition 65 arising out of or related to the Notice and/or the Action.

## 6.     COMPLIANCE WITH HEALTH AND SAFETY CODE SECTION 25249.7(F)

6.1.     Plaintiff and its attorneys agree to comply with the reporting form requirements referenced in California Health and Safety Code § 25249.7(f).

## 7.     PROVISION OF NOTICE

7.1.     When any Party is entitled to receive any notice or writing under this Consent Judgment, the notice or writing shall be sent by first class certified mail with return receipt requested, or by electronic mail, as follows:

To <u>Defendant</u>:

Carol R. Brophy, Esq.
STEPTOE & JOHNSON LLP
1 Market Street, Spear Tower, Suite 3900
San Francisco, California 94105
Email: *cbrophy@steptoe.com*

To <u>Plaintiff</u>:

Andre A. Khansari, Esq.
KHANSARI LAW CORP., APC
16133 Ventura Blvd., Suite 1200
Encino, California 91436
Email: *Andre@Khansarilaw.com*

7.2.     Any party may modify the person and address to whom the notice is to be sent by sending the other Party notice that is transmitted in the manner set forth in section 7.1.

**8.     COURT APPROVAL**

8.1.     Upon execution of his Consent Judgment by all Parties, the Parties shall prepare and file a Motion for Approval of this Consent Judgment, and any related or required ancillary documents.  This Consent Judgment shall not become effective until approved and entered by the Court.  If this Consent Judgment is not entered by the Court, it shall be of no force or effect, and shall not be introduced into evidence or otherwise used in any proceeding for any purpose.

**9.     GOVERNING LAW AND CONSTRUCTION**

9.1.     The terms of this Consent Judgment shall be governed by the laws of the State of California.

**10.     ENTIRE AGREEMENT**

10.1.     This Consent Judgment contains the sole and entire agreement and understanding of the Parties with respect to the entire subject matter hereof, and any and all prior discussions, negotiations, commitments, or understandings related thereto, if any, are hereby incorporated into this Consent Judgment.

10.2.     There are no warranties, representations, or other agreements between the Parties except as expressly set forth herein.  No representations, oral or otherwise, express or implied, other than those specifically referred to in this Consent Judgment have been made by the Parties.

10.3.     No other agreements not specifically contained or referenced herein, oral or otherwise, shall be deemed to exist or to bind any of the Parties.  Any agreements specifically contained or referenced herein, oral or otherwise, shall be deemed to exist or to bind any of the Parties only to the extent that they are expressly incorporated herein.

10.4.    No supplementation, modification, waiver, or termination of this Consent Judgment shall be binding unless executed in writing by the Party to be bound, and approved and ordered by the Court.

10.5.    No waiver of any of the provisions of this Consent Judgment shall be deemed to constitute a waiver of any of the other provisions of this Consent Judgement whether or not similar, nor shall such waiver constitute a continuing waiver.

## 11.    RETENTION OF JURISDICTION; ENFORCEMENT OF CONSENT JUDGMENT

11.1.    This Court shall retain jurisdiction of this matter to implement or modify the Consent Judgment.

11.2.    Only after it complies with <u>Section 11.4</u> below may any Party, by motion or application for an order to show cause filed with this Court, enforce the terms and conditions contained in this Consent Judgment.

11.3.    If ENCHANTE distributes for sale in the State of California, or directly sells in the State of California a Covered Product without a Proposition 65 warning in the future, and subsequently CCPG alleges that any such product fails to qualify as a Reformulated Covered Product (for which CCPG alleges that no warning has been provided), then CCPG shall inform ENCHANTE in a reasonably prompt manner of CCPG's test results.   ENCHANTE shall, within thirty (30) days following such notice, provide CTWG with testing information, from an independent third-party laboratory demonstrating ENCHANTE's compliance with this Consent Judgment.  The Parties shall first attempt to resolve the matter prior to taking any further legal action with the Court.

11.4.    <u>**Good Faith Attempt to Resolve Disputes**</u>.   If a dispute arises with respect to any Party's compliance with the terms of this Consent Judgment entered by the Court, the Parties shall meet in person or by telephone and endeavor to resolve the dispute in an amicable manner.  No action or motion may be filed in the absence of such a good faith attempt to

resolve the dispute beforehand.  In the event an action or motion is filed, however, the prevailing party may seek to recover costs and reasonable attorneys' fees for each violation. As used in the preceding sentence, the term "prevailing party" means a party who is successful in obtaining relief more favorable to it than the relief that the other party was amenable to providing during the parties' good faith attempt to resolve the dispute that is the subject of the Action.

**12.    NO EFFECT ON OTHER SETTLEMENTS**

12.1.    Nothing in this Consent Judgment shall preclude Plaintiff from resolving any claim against another entity on terms that are different from those contained in this Consent Judgment.

**13.    EXECUTION IN COUNTERPARTS**

13.1.    This Consent Judgment may be executed in counterparts, each of which shall be deemed to be an original, and all of which, taken together, shall constitute the same document. Execution of the Consent Judgment by e-mail, facsimile, or other electronic means, shall constitute legal and binding execution and delivery.  Any photocopy of the executed Consent Judgment shall have the same force and effect as the original.

**14.    AUTHORIZATION**

14.1.    The undersigned are authorized to stipulate to, enter into, and execute this Consent Judgment on behalf of their respective parties, and have read, understood, and agree to all of the terms and conditions of this Consent Judgment.

**15.    DRAFTING**.  The terms of this Consent Judgment have been reviewed by the respective counsel for each Party to this settlement prior to its signing, and each Party has had an opportunity to fully discuss the terms with counsel.  The Parties agree that, in any

subsequent interpretation and construction of this Consent Judgment entered thereon, the terms and provisions shall not be construed against any Party.

**16.    MODIFICATION.**  This Consent Judgment may be modified only by further written stipulation of the Parties and the approval of the Court or upon the granting of a motion brought to the Court by either Party.

**17.    ATTORNEY'S FEES**

17.1    Except as explicitly provided herein each Party is to bear its own fees and costs with respect to the Action. A Party, however, who unsuccessfully brings or contests an action or proceeding arising out of this Consent Judgment shall be required to pay the prevailing party's reasonable attorney's fees and costs.

17.2    Nothing in this Section 17 shall preclude a Party from seeking an award of sanctions pursuant to law.

**18.    SEVERABILITY.**  If subsequent to Court approval of this Consent Judgment, any part or provision is declared by a Court to be invalid, void, or unenforceable, the remaining portions or provisions shall continue in full force and effect.

*[Signatures Appear on the following Page]*

**IT IS SO STIPULATED AND AGREED TO:**

**CA CITIZEN PROTECTION GROUP, LLC**

Dated: April __6__, 2022

By: _Tal Ohana_
Name: Tal Ohana
Its: __Manager__

**ENCHANTE ACCESSORIES, INC.**

Dated: April __6__, 2022

By: _____
Name: ADAM COHEN
Its: VP OF FINANCE

## <u>ORDER AND JUDGMENT</u>

    IT IS HEREBY ORDERED, ADJUDGED AND DECREED that, pursuant to Health & Safety Code § 25249.7(f)(4) and Code of Civil Procedure § 664.6, and based upon the Parties' Stipulation, and good cause appearing, this Consent Judgment is approved, and Judgment is hereby entered according to its terms.

Dated: _____

                    _____
                    Judge of the Superior Court

Andre A. Khansari, Esq. (SBN 223528)
KHANSARI LAW CORP., APC
16133 Ventura Blvd., Suite 1200
Encino, California 91436
Tel: (818) 650-6444; Fax: (818) 650-6445
Email: *Andre@Khansarilaw.com*

Attorneys for Plaintiff,
CA CITIZEN PROTECTION GROUP, LLC

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

### HAYWARD HALL OF JUSTICE

| | |
|---|---|
| CA CITIZEN PROTECTION GROUP, LLC, | Case No.: 22CV006164 |
| Plaintiff, | (Assigned for All Purposes to: Hon. Somnath Raj Chatterjee, Dept. 517) |
| v. | **[PROPOSED] STIPULATED CONSENT JUDGMENT; [PROPOSED] ORDER** |
| ENCHANTE ACCESSORIES, INC., and DOES 1 to 50, | [California Health & Safety Code, sections 25249.5 et seq.] |
| Defendants. | Complaint Filed: January 27, 2022<br>Trial Date: Not Set |

STIPULATED CONSENT JUDGMENT

## <u>STIPULATED CONSENT JUDGMENT</u>

Plaintiff CA CITIZEN PROTECTION GROUP, LLC ("Plaintiff" or "CCPG"), and Defendant ENCHANTE ACCESSORIES, INC. ("ENCHANTE") hereby enter into this Stipulated Consent Judgment (this "Consent Judgment") as follows:

WHEREAS, on or about June 24, 2021, CCPG served a 60-Day Notice of Violations upon ENCHANTE, the California Attorney General, the District Attorneys of every County in the State of California, and the City Attorneys for every City in the State of California with a population greater than 750,000 (collectively, "Public Prosecutors") alleging that ENCHANTE violated California's Safe Drinking Water and Toxic Enforcement Act of 1986, California Health and Safety Code ("HSC") § 25249.6, *et seq.*, and its implementing regulations (collectively, "Proposition 65") and that CCPG intended to file an enforcement action against ENCHANTE in the public interest (the "June Notice"); and

WHEREAS, on or about November 11, 2021, Plaintiff served a 60-Day Notice of Violation upon ENCHANTE and Public Prosecutors alleging that ENCHANTE violated Proposition 65 and that CCPG intended to file an enforcement action against ENCHANTE in the public interest (the "November Notice, and together with the June Notice, collectively, the "Notices"); and

WHEREAS, CCPG alleges that ENCHANTE manufactured, imported, distributed, and/or offered for sale in California two products (1) Beauty Concepts Cuticle Nipper (with clear plastic reusable Case or Protector) (the "Cuticle Nipper"); and, (2) Pretty Little Things Jewelry Hanging Organizer (the "Hanging Organizer").

WHEREAS, CCPG alleged in the Notices that persons in the State of California were exposed to DEHP in the Covered Products without being provided the Proposition 65 warning set out at California Health and Safety Code § 25249.6 and its implementing regulations ("Proposition 65 Warning");

WHEREAS, ENCHANTE denies the allegations of the Notices, denies that it has violated Proposition 65, and denies that it has engaged in any wrongdoing whatsoever;

WHEREAS, on January 27, 2022, Plaintiff (CCPG) filed a Complaint against ENCHANTE for civil penalties, injunctive relief and reimbursement of its reasonable attorneys' fees and costs (the "Complaint") in Alameda County Superior Court, pending as Case No. 22CV006164 (the "Action"). CCPG contends in the Complaint that ENCHANTE knowingly and intentionally exposed California consumers to Di(2-ethylhexl) Phthalate ("DEHP"), a substance known to cause cancer and reproductive toxicity, through the sale of the Covered Products; and

WHEREAS, Plaintiff and ENCHANTE wish to resolve their differences without the delay and expense of prolonged litigation in the Action.

NOW THEREFORE BE IT RESOLVED AND AGREED UPON AS BETWEEN PLAINTIFF ACTING IN THE PUBLIC INTEREST AND ENCHANTE AS FOLLOWS:

**1.    INTRODUCTION**

1.1.    On June 24, 2021 and November 11, 2021, respectively, Plaintiff served ENCHANTE and Public Prosecutors with the Notices alleging that Defendant and other noticed parties violated Proposition 65 when they failed to warn consumers that the Covered Products expose consumers to DEHP in violation of Proposition 65.

1.2.    No Public Prosecutor commenced an enforcement action.

1.3.    ENCHANTE employs ten (10) or more persons.

1.4.    Consent to Jurisdiction. For purposes of this Consent Judgment only, Plaintiff and ENCHANTE (each a "Party, and collectively, the "Parties") stipulate that (1) this Court has jurisdiction over the allegations of violation contained in the Complaint, and personal jurisdiction over ENCHANTE as to the acts alleged in the Complaint; (2) venue is proper in the County of Alameda; and (3) this Court has jurisdiction to approve, enter and oversee the enforcement of this Consent Judgment as a full and final binding resolution of all claims which were or could have been raised in the Complaint based on the facts alleged therein with respect to the Covered Products, and of all claims which were or could have been raised by any person

or entity based on or arising from the facts alleged in the Notices or the Action with respect to Covered Products (collectively, "Proposition 65 Claims").

1.5.   The Parties enter into this Consent Judgment as a full and final settlement of the Proposition 65 Claims, for the purpose of avoiding prolonged and costly litigation, and resolving the issues raised therein.  By executing and agreeing to the terms of this Consent Judgment, the Parties do not admit any fact, conclusion of law, or violation of law, nor shall ENCHANTE's compliance with this Consent Judgment be construed as an admission by ENCHANTE of any fact, conclusion of law, or violation of law.  ENCHANTE denies the material, factual, and legal allegations in the Notices and the Complaint, and denies any wrongdoing whatsoever.

1.6.   <u>No Effect on Future Proceedings</u>.  Except as expressly set forth herein, nothing in this Consent Judgment shall prejudice, waive or impair any right, remedy, argument, claim or defense the Parties may have in any other or future legal proceedings which do not arise out of the Action.

## 2.   CERTAIN DEFINITIONS

2.1.   "Effective Date" shall mean the date the Consent Judgment has been approved and entered by the Court.

2.2.   "Covered Products" or each a "Covered Product" shall mean each of the two products: (1) Beauty Concepts Cuticle Nipper (with clear plastic reusable Case or Protector) (the "Cuticle Nipper"); and, (2) Pretty Little Things Jewelry Hanging Organizer (the "Hanging Organizer.  It is the intent of this Consent Judgment to cover different styles, colors and/or packaging of the Cuticle Nipper and Hanging Organizer that are composed of plastic components including, but not limited to, style numbers 10119, 10863, 12821 and 12822, 13733, 13734.

This Consent Judgment shall cover and release all Covered Products manufactured or distributed by ENCHANTE pursuant to the terms of this Consent Judgment, including but not limited to Covered Products that are in third party inventory.  If challenged by a private

enforcer, a declaration by an officer of ENCHANTE citing the manufacturing date and explaining the procedures used to determine the specific product's manufacturing date shall be deemed dispositive.

## 3.     INJUNCTIVE RELIEF: REFORMULATION AND WARNINGS

3.1.     <u>Reformulation of Covered Products</u>. As of the Effective Date, Covered Products that ENCHANTE directly manufactures, imports, distributes, sells, or offers for sale in California shall either: (a) be Reformulated Products pursuant to <u>Section 3.2</u>, below; or (b) be labeled with a clear and reasonable warning pursuant to <u>Sections 3.3</u> and <u>3.4</u>, below.

3.1.1   For purposes of this Consent Judgment, a "Reformulated Product(s)" is a Covered Product(s) that is/are in compliance with the standard set forth in <u>Section 3.2</u> below.

3.1.2   The warning requirement set forth in <u>Sections 3.3</u> and <u>3.4</u> shall not apply to any Reformulated Product(s).

3.2.     <u>Reformulation Standard</u>. "Reformulated Product(s)" shall mean Covered Product(s) that contain concentrations less than or equal to 0.1% (1,000 parts per million (ppm)) of DEHP when analyzed pursuant to U.S. Environmental Protection Agency testing methodologies 3580A and 8270C or other methodology utilized by federal or state government agencies for the purpose of determining the phthalate content in a solid substance.

3.3.     <u>Clear and Reasonable Warning</u>. As of the Effective Date, and continuing thereafter, a clear and reasonable exposure warning as set forth in this <u>Section 3.3</u> and <u>Section 3.4</u> must be provided for all Covered Product(s) that ENCHANTE manufacturers, imports, distributes, sells, or offers for sale in California that is not a Reformulated Product. There shall be no obligation for ENCHANTE to provide a warning for Covered Products that enter the stream of commerce prior to the Effective Date.  The warning shall consist of either the **Warning** or **Alternative Warning** described in Sections 3.3(a) or (b), respectively:

(a)     **Warning**.  The "Warning" shall consist of the statement:

⚠ **WARNING**: This product can expose you to chemicals including di(2-ethylhexyl) phthalate (DEHP), which is known to the State of California to cause cancer and birth defects or other reproductive harm. For more information go to www.P65Warnings.ca.gov.

    (b)    **Alternative Warning**: ENCHANTE may, but is not required to, use the alternative short-form warning as follows:

**WARNING**: **Cancer** and Reproductive Harm - www.P65Warnings.ca.gov.

////

////

3.4.    A **Warning** or Alternative **Warning** provided pursuant to Section 3.3 must print the word "**WARNING:**" in all capital letters and in bold font, followed by a colon. The warning symbol to the left of the word "**WARNING:**" must be a black exclamation point in a yellow equilateral triangle with a black outline, except that if the sign or label for the Covered Product does not use the color yellow, the symbol may be in black and white. The symbol must be in a size no smaller than the height of the word "**WARNING**". The warning shall be affixed to or printed on the Covered Product's packaging or labeling, or on a placard, shelf tag, sign or electronic device or automatic process, providing that the warning is displayed with such conspicuousness, as compared with other words, statements, or designs as to render it likely to be read and understood by an ordinary individual under customary conditions of purchase or use. A warning may be contained in the same section of the packaging, labeling, or instruction booklet that states other safety warnings, if any, concerning the use of the Covered Product and shall be at least the same size as those other safety warnings.

3.5.    If ENCHANTE sells Covered Products via an internet website to customers located in California, the warning requirements of this section shall be satisfied if the foregoing warning appears either: (a) on the same web page on which a Covered Product is displayed and/or described; (b) on the same page as the price for the Covered Product; or (c) on one or more web pages displayed to a purchaser prior to purchase during the checkout process. Alternatively, a symbol consisting of a black exclamation point in a yellow or white equilateral triangle may appear adjacent to or immediately following the display, description,

price, or checkout listing of the Covered Product, if the warning statement appears elsewhere on the same web page in a manner that clearly associates it with the product(s) to which the warning applies

     3.5   <u>Compliance with Warning Regulations</u>.  ENCHANTE shall be deemed to be in compliance with the warning requirements of this Consent Judgment by either adhering to <u>Section 3.3</u> and <u>Section 3.4</u> of this Consent Judgment or by complying with any of the safe harbor warning requirements as set forth in the regulations of the State of California's Office of Environmental Health Hazard Assessment ("OEHHA") and in effect after the Effective Date.

## 4.    MONETARY RELIEF

    4.1.   <u>Total Amount of Settlement</u>.  In full satisfaction of all civil penalties and CCPG's attorney's fees, expert fees and all other costs and expenses incurred, including, without limitation, pursuant to California Code of Civil Procedure § 1021.5, with respect to the Action and the Covered Products, ENCHANTE shall pay the total settlement amount of forty-eight thousand dollars ($48,000), apportioned as follows.

        4.1.2  **Civil Penalty**.  Of the settlement amount, ENCHANTE shall pay four thousand dollars ($4,000) as a civil penalty pursuant to HSC § 25249.7(b), to be apportioned in accordance with HSC § 25192, with 75% of these funds ($3,000) payable to OEHHA and the remaining 25% of the funds ($1,000) payable to Khansari Law Corporation - Trust Account in trust for CCPG as provided by HSC § 25249.12(d).

        4.13  **Attorneys' Fees and Costs**.  Of the settlement amount, ENCHANTE shall pay forty-four thousand dollars ($44,000) as reimbursement of CCPG's attorney's fees and costs incurred in the Action and with respect to the Notices payable to Khansari Law Corporation.

    4.2.   **Delivery of Settlement Payments**.  The Settlement payments called for in <u>Section 4.1</u> shall be made within ten (10) days of the Effective Date as follows:

4.2.1. ENCHANTE's payment of the civil penalty to OEHHA shall be delivered by United States Mail directly to OEHHA (with an electronic copy emailed to andre@khansarilaw.com) at the following address or such other address as updated by OEHHA at the time of payment:

Mike Gyurics
Fiscal Operations Branch Chief
Office of Environmental Health Hazard Assessment
P.O. Box 4010
Sacramento, CA 95812-4010

4.2.2. ENCHANTE's payments of the civil penalty to CCPG and for CCPG's attorney's fees and costs shall be delivered via electronic wire (wire instructions to be provided by CCPG upon request by ENCHANTE), or via tracked overnight mail, or to the following address:

Andre A. Khansari, Esq.
KHANSARI LAW CORPORATION
16133 Ventura Blvd., Suite 1200
Encino, CA 91364

## 5. CLAIMS COVERED AND RELEASE

5.1. This Consent Judgment is a full, final, and binding resolution between Plaintiff, on behalf of itself, and acting in the public interest, and ENCHANTE, and all of ENCHANTE's parent companies, as well as all of ENCHANTE's officers, directors, members, shareholders, employees, attorneys, agents, parent companies, subsidiaries, divisions, affiliates, suppliers, franchisees, licensees, and retailers, their parent and all subsidiaries, and affiliates, thereof, their respective employees, agents and assigns, as well as all other upstream and downstream entities in the distribution chain for any of the Covered Products, and the predecessors, successors, and assigns of any of them, including ENCHANTE, The TJX Companies, Inc., T.J. Maxx of CA, LLC and Ross Stores, Inc. (collectively, the "Released Parties"), for any alleged violation of Proposition 65, and its implementing regulations, for failure to provide Proposition 65 warnings for the Covered Products with respect to DEHP, and fully resolves all claims that have been brought, or which

could have been brought in the Action up to and including the Effective Date. Plaintiff on behalf of itself, and in the public interest, hereby discharges the Released Parties from any and all claims, actions, causes of action, suits, demands, liabilities, damages, penalties, fees, costs and expenses asserted, or that could have been asserted, with respect to any alleged violation of Proposition 65 arising from the failure to provide Proposition 65 warnings about exposures to DEHP for the Covered Products, through and including the Effective Date.

5.2.    It is possible that other claims not known to the Parties arising out of the facts contained in the 60-Day Notice of Violation or alleged in the Complaint relating to the Covered Products will hereafter be discovered. Plaintiff, on behalf of itself only, on the one hand, and ENCHANTE, on the other hand, acknowledge that this Consent Judgment is expressly intended to cover and include all such claims through and including the Effective Date, including all rights of action thereon. Plaintiff and ENCHANTE acknowledge that the claims released in <u>Sections 5.1</u> and <u>5.2</u> may include unknown claims, and nevertheless intend to release such claims, and in doing so waive California Civil Code § 1542 which reads as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

5.3.    Plaintiff understands and acknowledges that the significance and consequence of this waiver of California Civil Code § 1542 is that even if Plaintiff suffers future damages arising out of, resulting from, or related to the Covered Products, Plaintiff will not be able to make any claim for those damages against any of the Released Parties except as permitted under this Consent Judgment.

5.4.    Compliance by ENCHANTE with the terms of this Consent Judgment shall constitute compliance with Proposition 65 with respect to exposure to DEHP in the Covered Products as set forth in the Notices and/or the Complaint.

5.5.    ENCHANTE waives any and all claims against Plaintiff, its attorneys, and representatives, for any and all actions taken, or statements made (or those that could have been taken or made) by Plaintiff and its attorneys and other representatives, whether in the course of investigating claims or otherwise seeking enforcement of Proposition 65 arising out of or related to the Notice and/or the Action.

## 6.    COMPLIANCE WITH HEALTH AND SAFETY CODE SECTION 25249.7(F)

6.1.    Plaintiff and its attorneys agree to comply with the reporting form requirements referenced in California Health and Safety Code § 25249.7(f).

## 7.    PROVISION OF NOTICE

7.1.    When any Party is entitled to receive any notice or writing under this Consent Judgment, the notice or writing shall be sent by first class certified mail with return receipt requested, or by electronic mail, as follows:

To <u>Defendant</u>:

Carol R. Brophy, Esq.
STEPTOE & JOHNSON LLP
1 Market Street, Spear Tower, Suite 3900
San Francisco, California 94105
Email: *cbrophy@steptoe.com*

To <u>Plaintiff</u>:

Andre A. Khansari, Esq.
KHANSARI LAW CORP., APC
16133 Ventura Blvd., Suite 1200
Encino, California 91436
Email: *Andre@Khansarilaw.com*

7.2.    Any party may modify the person and address to whom the notice is to be sent by sending the other Party notice that is transmitted in the manner set forth in section 7.1.

## 8.    COURT APPROVAL

8.1.    Upon execution of his Consent Judgment by all Parties, the Parties shall prepare and file a Motion for Approval of this Consent Judgment, and any related or required ancillary documents.  This Consent Judgment shall not become effective until approved and entered by the Court.  If this Consent Judgment is not entered by the Court, it shall be of no force or effect, and shall not be introduced into evidence or otherwise used in any proceeding for any purpose.

## 9.    GOVERNING LAW AND CONSTRUCTION

9.1.    The terms of this Consent Judgment shall be governed by the laws of the State of California.

## 10.    ENTIRE AGREEMENT

10.1.    This Consent Judgment contains the sole and entire agreement and understanding of the Parties with respect to the entire subject matter hereof, and any and all prior discussions, negotiations, commitments, or understandings related thereto, if any, are hereby incorporated into this Consent Judgment.

10.2.    There are no warranties, representations, or other agreements between the Parties except as expressly set forth herein.  No representations, oral or otherwise, express or implied, other than those specifically referred to in this Consent Judgment have been made by the Parties.

10.3.    No other agreements not specifically contained or referenced herein, oral or otherwise, shall be deemed to exist or to bind any of the Parties.  Any agreements specifically contained or referenced herein, oral or otherwise, shall be deemed to exist or to bind any of the Parties only to the extent that they are expressly incorporated herein.

10.4.    No supplementation, modification, waiver, or termination of this Consent Judgment shall be binding unless executed in writing by the Party to be bound, and approved and ordered by the Court.

10.5.    No waiver of any of the provisions of this Consent Judgment shall be deemed to constitute a waiver of any of the other provisions of this Consent Judgement whether or not similar, nor shall such waiver constitute a continuing waiver.

## 11.    RETENTION OF JURISDICTION; ENFORCEMENT OF CONSENT JUDGMENT

11.1.    This Court shall retain jurisdiction of this matter to implement or modify the Consent Judgment.

11.2.    Only after it complies with <u>Section 11.4</u> below may any Party, by motion or application for an order to show cause filed with this Court, enforce the terms and conditions contained in this Consent Judgment.

11.3.    If ENCHANTE distributes for sale in the State of California, or directly sells in the State of California a Covered Product without a Proposition 65 warning in the future, and subsequently CCPG alleges that any such product fails to qualify as a Reformulated Covered Product (for which CCPG alleges that no warning has been provided), then CCPG shall inform ENCHANTE in a reasonably prompt manner of CCPG's test results.   ENCHANTE shall, within thirty (30) days following such notice, provide CTWG with testing information, from an independent third-party laboratory demonstrating ENCHANTE's compliance with this Consent Judgment.  The Parties shall first attempt to resolve the matter prior to taking any further legal action with the Court.

11.4.    **<u>Good Faith Attempt to Resolve Disputes</u>**.   If a dispute arises with respect to any Party's compliance with the terms of this Consent Judgment entered by the Court, the Parties shall meet in person or by telephone and endeavor to resolve the dispute in an amicable manner.  No action or motion may be filed in the absence of such a good faith attempt to

resolve the dispute beforehand.  In the event an action or motion is filed, however, the prevailing party may seek to recover costs and reasonable attorneys' fees for each violation. As used in the preceding sentence, the term "prevailing party" means a party who is successful in obtaining relief more favorable to it than the relief that the other party was amenable to providing during the parties' good faith attempt to resolve the dispute that is the subject of the Action.

## 12. NO EFFECT ON OTHER SETTLEMENTS

12.1.    Nothing in this Consent Judgment shall preclude Plaintiff from resolving any claim against another entity on terms that are different from those contained in this Consent Judgment.

## 13. EXECUTION IN COUNTERPARTS

13.1.    This Consent Judgment may be executed in counterparts, each of which shall be deemed to be an original, and all of which, taken together, shall constitute the same document. Execution of the Consent Judgment by e-mail, facsimile, or other electronic means, shall constitute legal and binding execution and delivery.  Any photocopy of the executed Consent Judgment shall have the same force and effect as the original.

## 14. AUTHORIZATION

14.1.    The undersigned are authorized to stipulate to, enter into, and execute this Consent Judgment on behalf of their respective parties, and have read, understood, and agree to all of the terms and conditions of this Consent Judgment.

## 15. DRAFTING.  The terms of this Consent Judgment have been reviewed by the respective counsel for each Party to this settlement prior to its signing, and each Party has had an opportunity to fully discuss the terms with counsel.  The Parties agree that, in any

subsequent interpretation and construction of this Consent Judgment entered thereon, the terms and provisions shall not be construed against any Party.

16. **MODIFICATION.** This Consent Judgment may be modified only by further written stipulation of the Parties and the approval of the Court or upon the granting of a motion brought to the Court by either Party.

17. **ATTORNEY'S FEES**

17.1   Except as explicitly provided herein each Party is to bear its own fees and costs with respect to the Action. A Party, however, who unsuccessfully brings or contests an action or proceeding arising out of this Consent Judgment shall be required to pay the prevailing party's reasonable attorney's fees and costs.

17.2   Nothing in this <u>Section 17</u> shall preclude a Party from seeking an award of sanctions pursuant to law.

18. **SEVERABILITY.**  If subsequent to Court approval of this Consent Judgment, any part or provision is declared by a Court to be invalid, void, or unenforceable, the remaining portions or provisions shall continue in full force and effect.

*[Signatures Appear on the following Page]*

**IT IS SO STIPULATED AND AGREED TO:**

**CA CITIZEN PROTECTION GROUP, LLC**

Dated: April __6__, 2022

By: _Tal Ohana_
Name: Tal Ohana
Its: Manager

**ENCHANTE ACCESSORIES, INC.**

Dated: April __6__, 2022

By: _____
Name: ADAM COHEN
Its: VP OF FINANCE

## ORDER AND JUDGMENT

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that, pursuant to Health & Safety Code § 25249.7(f)(4) and Code of Civil Procedure § 664.6, and based upon the Parties' Stipulation, and good cause appearing, this Consent Judgment is approved, and Judgment is hereby entered according to its terms.

Dated: _____        _____
                                        Judge of the Superior Court