1  Laurence D. Haveson, State Bar No. 152631
   Christopher M. Martin, State Bar No. 186021
2  HIRST & CHANLER LLP
   Parker Plaza
3  2560 Ninth Street, Suite 214
   Berkeley, California 94710
4  Telephone: (510) 848-8880
   Facsimile: (510) 848-8118

5
   Attorneys for Plaintiff
6  ANTHONY E. HELD, Ph.D., P.E.

7  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
8  Including Professional Corporations
   M. ELIZABETH McDANIEL, State Bar No. 114918
9  MICHELLE J. HIRTH, State Bar No. 200024
   Four Embarcadero Center, 17th Floor
10 San Francisco, California 94111-4109
   Telephone:  (415) 434-9100
11 Facsimile:  (415) 434-3947

12 Attorneys for Defendant
   ENCHANTÉ ACCESSORIES, INC.

13

14

15                SUPERIOR COURT OF THE STATE OF CALIFORNIA

16                          COUNTY OF SACRAMENTO

17                      UNLIMITED CIVIL JURISDICTION

18

19 ANTHONY E. HELD, Ph.D., P.E.,          CASE NO.  2008-00003275

20              Plaintiff,                [PROPOSED] JUDGMENT PURSUANT TO
                                          TERMS OF CONSENT JUDGMENT
21      v.

22 ENCHANTÉ ACCESSORIES, INC.;
   MICHAELS STORES, INC.; and DOES 1     Date:  January 9, 2009
23 through 150, inclusive,                Time:  9:00 a.m.
                                          Dept.: 54
24
25              Defendants.

26                                        **BY FAX**

27

28

─────────────────────────────────────────────────────────
       [PROPOSED] JUDGMENT PURSUANT TO TERMS OF CONSENT JUDGMENT

1      In the above-entitled action, Plaintiff ANTHONY E. HELD, Ph.D., P.E., and Defendant

2 ENCHANTÈ ACCESSORIES, INC. have agreed through their respective counsel that judgment

3 be entered pursuant to the terms of the Consent Judgment entered into by the parties on

4 November 7, 2008.

5      IT IS HEREBY ORDERED, ADJUDGED AND DECREED that pursuant to Code of

6 Civil Procedure section 664.6, judgment is entered in accordance with the terms of the Stipulation

7 and [Proposed] Order Re: Consent Judgment.

8      **IT IS SO ORDERED.**

9

                             SHELLEYANNE W.L. CHANG

10 Dated:   JAN - 9 2009                        _____

                             Judge of the Sacramento Superior Court

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____

[PROPOSED] JUDGMENT PURSUANT TO TERMS OF CONSENT JUDGMENT

1



KCD

1  Clifford A. Chanler, State Bar No. 135534
   Josh Voorhees, State Bar No. 241436
2  THE CHANLER GROUP
   2560 Ninth Street
3  Parker Plaza, Suite 214
   Berkeley, CA 94710
4  Telephone: (510) 848-8880
   Facsimile: (510) 848-8118
5

6  Attorneys for Plaintiff
   JOHN MOORE
7

FILED
ALAMEDA COUNTY

JUN 2 4 2011

CLERK OF THE SUPERIOR COURT
By _____
                        Deputy

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA .

9                      FOR THE COUNTY OF ALAMEDA

10                   UNLIMITED CIVIL JURISDICTION

11

12
   JOHN MOORE,                               Case No. RG11561293
13
                 Plaintiff,                  ~~MODIFIED [PROPOSED]~~
14      v.                                   JUDGMENT PURSUANT TO
                                             TERMS OF PROPOSITION 65
15  ENCHANTE ACCESSORIES INC.; and           SETTLEMENT AND CONSENT
    DOES 1-150, inclusive,                   JUDGMENT
16
                 Defendants.                 Date:  June 24, 2011
17                                           Time:  9:00 AM
                                             Dept.  16
18                                           Judge: Hon. Lawrence John Appel
19                                           Reservation No. R-1173008

20

21

22

23

24

25

26

27

28

RECEIVED JUN 1 3 2011

1    In the above-entitled action, Plaintiff JOHN MOORE and Defendant ENCHANTE

2    ACCESSORIES INC., having agreed through their respective counsel that Judgment be entered

3    pursuant to the terms of the Proposition 65 settlement agreement in the form of a Consent Judgment,

4    and following issuance of an Order approving this Proposition 65 settlement agreement and entering

5    the Consent Judgment,

6        IT IS HEREBY ORDERED, ADJUDGED AND DECREED that pursuant to Health & Safety

7    Code § 25249.7(f)(4) and Code of Civil Procedure § 664.6, judgment is hereby entered in accordance

8    with the terms of the Consent Judgment attached hereto as **Exhibit 1**. By stipulation of the parties,

9    the Court will retain jurisdiction to enforce the settlement under Code of Civil Procedure § 664.6.

10

11   **IT IS SO ORDERED.**

12

13   Dated: _____ **JUN 2 4 2011** _____

                                    JUDGE OF THE SUPERIOR COURT

[~~PROPOSED~~] JUDGMENT PURSUANT TO TERMS OF PROP. 65 SETTLEMENT

# EXHIBIT

1

Clifford A. Chanler, State Bar No. 135534
Josh Voorhees, State Bar No. 241436
THE CHANLER GROUP
2560 Ninth Street
Parker Plaza, Suite 214
Berkeley, CA 94710
Telephone: (510) 848-8880
Facsimile: (510) 848-8118

Attorneys for Plaintiff
JOHN MOORE

SUPERIOR COURT OF THE STATE OF CALIFORNIA

THE COUNTY OF ALAMEDA

UNLIMITED CIVIL JURISDICTION

| | |
|---|---|
| JOHN MOORE,<br><br>Plaintiff,<br><br>v.<br><br>ENCHANTE ACCESSORIES INC.; and<br>DOES 1-150, inclusive,<br><br>Defendants. | Case No. RG11561293<br><br>**[PROPOSED] CONSENT JUDGMENT**<br><br>Health & Safety Code § 25249.6 |

1   **1.**   **INTRODUCTION**

2     **1.1**   **John Moore and Enchante Accessories Inc.**

3       This Consent Judgment is entered into by and between John Moore (hereinafter "Moore")

4 and Enchante Accessories, Inc. (hereinafter "Enchante"), with Moore and Enchante collectively

5 referred to as the "Parties."

6     **1.2**   **Plaintiff**

7       Moore is an individual residing in California who seeks to promote awareness of exposures

8 to toxic chemicals and improve human health by reducing or eliminating hazardous substances

9 contained in consumer products.

10     **1.3**   **Defendant**

11       Moore alleges that Enchante employs ten or more persons and is a person in the course of

12 doing business for purposes of the Safe Drinking Water and Toxic Enforcement Act of 1986,

13 California Health & Safety Code §§ 25249.6 *et seq*. ("Proposition 65").

14     **1.4**   **General Allegations**

15       Moore alleges that Enchante has manufactured, distributed, and/or offered for sale in

16 California coverings for books/albums containing di(2-ethylhexyl)phthalate ("DEHP") without the

17 requisite Proposition 65 warnings. DEHP is listed pursuant to Proposition 65 as a chemical known

18 to the State of California to cause birth defects and other reproductive harm (hereinafter the "Listed

19 Chemical").

20     **1.5**   **Product Description**

21       The products that are covered by this Consent Judgment are books/albums with covers

22 containing the Listed Chemical, including but not limited to: *Photo Albums (Live Laugh Love, Sku*

23 *Nos. 400047539011, 400053106900, 400053155502, 400053728454, 400045535855,*

24 *400055612607, 400056243411)* manufactured, distributed and/or sold in California by Enchante

25 (hereinafter "Products").

26     **1.6**   **Notice of Violation**

27       On October 15, 2010, Moore served Enchante and various public enforcement agencies with

28 a document entitled "60-Day Notice of Violation" that provided Enchante and such public enforcers

1  with notice that alleged that Enchante was in violation of Proposition 65 for failing to warn
2  consumers and customers that the Products exposed users in California to the Listed Chemical.

3  ### 1.7    Complaint

4  On February 15, 2011, Moore, who alleges that he was and is acting in the interest of the
5  general public in California, filed a complaint in the Alameda Superior Court (the "Complaint"),
6  naming Enchante as a defendant and alleging violations of Proposition 65 based on Defendant's
7  alleged failure to give clear and reasonable warnings before allegedly causing exposures to the
8  Listed Chemical contained in the Products

9  ### 1.8    No Admission

10  Enchante denies the factual and legal allegations contained in the Notice and Complaint, and
11  maintains that all products that it has sold in California have been and are in compliance with all
12  laws, including, without limitation, Proposition 65. Nothing in this Consent Judgment shall be
13  construed as an admission by Defendant of any fact, finding, conclusion, issue of law, or violation
14  of law, nor shall compliance with this Consent Judgment constitute or be construed as an admission
15  by Defendant of any fact, finding, conclusion, issue of law, or violation of law, such being
16  specifically denied by Defendant. However, this Section shall not diminish or otherwise affect
17  Defendant's obligations, responsibilities and duties under this Consent Judgment.

18  ### 1.9    Consent to Jurisdiction

19  For purposes of this Consent Judgment only, the Parties stipulate that this Court has
20  jurisdiction over Defendant as to the allegations contained in the Complaint, that venue is proper in
21  the County of Alameda, and that this Court has jurisdiction to enter and enforce the provisions of
22  this Consent Judgment, pursuant to California Code of Civil Procedure §664.6, as a full and binding
23  resolution of all claims which were or could have been raised in the Complaint against Defendant
24  based on the facts alleged therein and in the Notice.

25  ### 1.10    Effective Date

26  For purposes of this Consent Judgment, the term "Effective Date" shall mean March 25,
27  2011.

28

## 2. **INJUNCTIVE RELIEF**

### 2.1 **Reformulation**

As of the Effective Date, Enchante shall not ship, sell or offer to be shipped for sale in California any Products unless they are "Reformulated Products." For purposes of this Consent Judgment, Reformulated Products shall mean Products containing less than 1,000 parts per million of DEHP, when analyzed pursuant to Environmental Protection Agency ("EPA") testing methodologies 3580A and 8270C.

## 3. **MONETARY PAYMENTS**

In settlement of all the claims referred to in this Consent Judgment against it, Enchante shall make payments and receive credits totaling $12,000, in civil penalties, as follows:

**3.1** Enchante shall make an initial payment of $4,000 to be apportioned in accordance with Health & Safety Code § 25249.12 (c)(1) and (d), with 75% of these funds remitted to the State of California's Office of Environmental Health Hazard Assessment ("OEHHA") and the remaining 25% of these penalty monies remitted to Moore as provided by Health & Safety Code § 25249.12(d). Enchante shall issue two separate checks for the penalty payment: (a) one check made payable to "The Chanler Group in Trust for OEHHA" in the amount of $3,000, representing 75% of the total penalty, and (b) one check to "The Chanler Group in Trust for John Moore" in the amount of $1,000, representing 25% of the total penalty. Two separate 1099s shall be issued for the above payments. The first 1099 shall be issued to the Office of Environmental Health Hazard Assessment, P.O. Box 4010, Sacramento, CA 95814 (EIN: 68-0284486) in the amount of $3,000. The second 1099 shall be issued to Moore in the amount of $1,000, whose address and tax identification number shall be furnished upon request. The payments shall be delivered on or before April 15, 2011, at the address set forth in Section 3.4.

**3.2** Enchante shall receive an automatic credit of $4,000, for its commitment to reformulate its Products pursuant to Section 2, above.

**3.3** Enchante shall pay a second civil penalty of $4,000, on or before April 15, 2011, to be apportioned in accordance with Health & Safety Code § 25249.12 (c)(1) and (d) as described above, which penalty shall be waived in its entirety, if, by April 1, 2011, Enchante certifies in

writing that all Products in its inventory and the inventory of its downstream customers have been

removed from the market.

      **3.4**    All payments, unless waived, shall be delivered to the following address:

      The Chanler Group
      Attn: Proposition 65 Controller
      2560 Ninth Street
      Parker Plaza, Suite 214
      Berkeley, CA  94710

**4.**      **REIMBURSEMENT OF FEES AND COSTS**

      **4.1**    **Attorney Fees and Costs**

      The Parties acknowledge that Moore and his counsel offered to resolve this dispute without

reaching terms on the amount of fees and costs to be reimbursed to them, thereby leaving this fee

issue to be resolved after the material terms of the agreement had been settled. Enchante then

expressed a desire to resolve the fee and cost issue shortly after the other settlement terms had been

finalized. The Parties then attempted to (and did) reach an accord on the compensation due to

Moore and his counsel under general contract principles and the private attorney general doctrine

codified at California Code of Civil Procedure (CCP) §1021.5, for all work performed in this

matter. Under these legal principles, Enchante shall pay the amount of $32,000 for fees and costs

incurred as a result of investigating, bringing this matter to Enchante' attention, and negotiating a

settlement in the public interest. Enchante shall issue a separate 1099 for fees and costs (EIN: 94-

3171522) and shall make the check payable to "The Chanler Group" and shall be delivered on or

before April 15, 2011, at the following address:

      The Chanler Group
      Attn: Proposition 65 Controller
      2560 Ninth Street
      Parker Plaza, Suite 214
      Berkeley, CA  94710

**5.**      **RELEASE OF ALL CLAIMS**

      **5.1**    **Moore's Release of Enchante**

      In further consideration of the promises and agreements herein contained, and for the

payments to be made pursuant to Sections 3 and 4 above, Moore, on behalf of himself, his past and

current agents, representatives, attorneys, including, without limitation, The Chanler Group,

[PROPOSED] CONSENT JUDGMENT

successors and/or assignees, and in the interest of the general public, hereby waives all rights to institute or participate in, directly or indirectly, any form of legal action and releases all claims, including, without limitation, all actions and causes of action, in law or in equity, suits, liabilities, demands, obligations, damages, costs, fines, penalties, losses or expenses (including, but not limited to, investigation fees, expert fees and attorney's fees) of any nature whatsoever fixed or contingent (collectively "Claims"), that were brought or could have been brought against Enchante, subsidiaries or affiliates, and each of its past and current downstream customers, distributors, wholesalers, suppliers, licensors, licensees, auctioneers, retailers, or any other person in the course of doing business, and the successors and assigns of any of them, who may use, maintain, manufacture, distribute, advertise, market or sell Products, and the officers, directors, managers, employees, members, shareholders, agents, insurers and representatives of each of them (collectively "Releasees"), based on their failure to warn about alleged exposures to the Listed Chemical contained in the Products that were manufactured, distributed, or sold by Defendant. The Parties further understand and agree that this release shall not extend upstream to any third parties that manufactured the Products or any component parts thereof, or any distributors or suppliers who sold the Products or any component parts thereof to Defendant.

Compliance with the terms of this Consent Judgment resolves any issue, now and in the future, concerning compliance by Enchante and its Releasees with the requirements of Proposition 65 with respect to alleged exposure to the Listed Chemical from the Products distributed or sold by Enchante.

**5.2     Enchante's Release of Moore**

Enchante waives any and all claims against Moore, his attorneys and other representatives, for any and all actions taken or statements made (or those that could have been taken or made) by Moore and his attorneys and other representatives, whether in the course of investigating claims or otherwise seeking enforcement of Proposition 65 against it in this matter, and/or with respect to the Products.

**6. COURT APPROVAL**

This Consent Judgment is not effective until it is approved and entered by the Court and shall be null and void if, for any reason, it is not approved and entered by the Court within one year after it has been fully executed by all Parties, in which event any monies that have been provided to Moore or his counsel pursuant to Section 3 and/or Section 4 above shall be refunded within fifteen (15) days after receiving written notice from Enchante that the one-year period has expired.

**7. SEVERABILITY**

If, subsequent to the execution of this Consent Judgment, any of the provisions of this Consent Judgment are held by a court to be unenforceable, the validity of the enforceable provisions remaining shall not be adversely affected.

**8. GOVERNING LAW**

The terms of this Consent Judgment shall be governed by the laws of the State of California and apply within the State of California. In the event that Proposition 65 is repealed, preempted, or is otherwise rendered inapplicable by reason of law generally, or as to the Products, then Enchante shall have no further obligations pursuant to this Consent Judgment with respect to, and to the extent that, the Products are so affected.

**9. NOTICES**

Unless specified herein, all correspondence and notices required to be provided pursuant to this Consent Judgment shall be in writing and personally delivered or sent by: (i) first-class, registered or certified mail, return receipt requested; or (ii) overnight courier on any party by the other party at the following addresses:

For Enchante:

> Ezra Erani, President
> Enchante Accessories, Inc.
> 4 East 34th Street, Floor 4
> New York, NY 10016

with a copy to:

> Betsy McDaniel, Esq.
> Sheppard Mullin Richter & Hampton LLP
> Four Embarcadero Center
> Seventeenth Floor
> San Francisco, CA 94111

For Moore:

> Proposition 65 Coordinator
> The Chanler Group
> 2560 Ninth Street
> Parker Plaza, Suite 214
> Berkeley, CA  94710

Any party, from time to time, may specify in writing to the other party a change of address to which all notices and other communications shall be sent.

**10.    COUNTERPARTS; FACSIMILE SIGNATURES**

This Consent Judgment may be executed in counterparts and by facsimile or .pdf signature, each of which shall be deemed an original, and all of which, when taken together, shall constitute one and the same document.

**11.    COMPLIANCE WITH HEALTH & SAFETY CODE § 25249.7(f)**

Moore agrees to comply with the reporting form requirements referenced in California Health & Safety Code § 25249.7(f).

**12.    ADDITIONAL POST EXECUTION ACTIVITIES**

The Parties acknowledge that, pursuant to California Health & Safety Code § 25249.7, a noticed motion is required to obtain judicial approval of this Consent Judgment.  In furtherance of obtaining such approval, Moore and Enchante and their respective counsel agree to mutually employ their best efforts to support the entry of this agreement as a Consent Judgment and obtain approval of the Consent Judgment by the Court in a timely manner.  For purposes of this section, best efforts shall include, at a minimum, cooperating on the drafting and filing of any papers in support of the required motion for judicial approval.

**13.    MODIFICATION**

This Consent Judgment may be modified only:  (1) by written agreement of the Parties and upon entry of a modified consent judgment by the Court thereon; or (2) upon a successful motion of any party and entry of a modified consent judgment by the Court.  The Attorney General shall be served with notice of any proposed modification to this Consent Judgment at least fifteen (15) days in advance of its consideration by the Court.

1   **14.**   **AUTHORIZATION**

2      The undersigned are authorized to execute this Consent Judgment and have read,

3 understood, and agree to all of the terms and conditions of this Consent Judgment.

4

5 **AGREED TO:**                  **AGREED TO:**

6

7 By:_____               By:_____

8      JOHN MOORE                       EZRA ERANI, PRESIDENT

9                                        Enchante Accessories Inc.

10 Date:___ JUNE 1, 2011 ___           Date:_____

11

12 **IT IS SO ORDERED.**

13

14 Date:_____

                           JUDGE OF THE SUPERIOR COURT

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **14.  AUTHORIZATION**

2       The undersigned are authorized to execute this Consent Judgment and have read,

3  understood, and agree to all of the terms and conditions of this Consent Judgment.

4

5  **AGREED TO:**                          **AGREED TO:**

6

7  By:_____       By:_____

8       JOHN MOORE                         GABRIEL KHEZRIE, Vice President

9                                          Enchante Accessories Inc.

10  Date:_____       Date: June 10, 2011

11

12  **IT IS SO ORDERED.**

13

14  Date: _____      _____

15                                      JUDGE OF THE SUPERIOR COURT

16

17

18

19

20

21

22

23

24

25

26

27

28

8
[PROPOSED] CONSENT JUDGMENT

Electronically Received 01/19/2021 12:00 AM

Electronically Received 01/19/2021 12:00 AM

MIGUEL A. CUSTODIO, JR., STATE BAR NO. 248744
VINEET DUBEY, STATE BAR NO. 243208
CUSTODIO & DUBEY LLP
448 S. Hill St., Suite 615
Los Angeles, CA 90013
Telephone: (213) 593-9095
Facsimile: (213) 785-2899

Attorneys for Plaintiff Ecological Alliance, LLC

**FILED**
Superior Court of California
County of Los Angeles

03/04/2021

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ K. Lappin _____ Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

(Unlimited Jurisdiction)

| | |
|---|---|
| ECOLOGICAL ALLIANCE, LLC, a California limited liability company,<br><br>        Plaintiff,<br><br>v.<br><br>ENCHANTE ACCESSORIES, INC., a New York corporation,<br><br>        Defendant. | Case No.: 20STCV49679<br><br>[PROPOSED] STIPULATED CONSENT JUDGMENT |

1  Plaintiff Ecological Alliance, LLC ("Plaintiff"), and Defendant Enchante Accessories,

2  Inc. ("Defendant") hereby enter into this Stipulated Consent Judgment ("Consent Judgment") as

3  follows:

4      WHEREAS: On or about August 13, 2020, Plaintiff, through Plaintiff's counsel, served a

5  60-Day Notice to Defendant, Burlington Coat Factory Direct Corporation, T.J. Maxx of CA,

6  LLC, the California Attorney General, the District Attorneys of every County in the State of

7  California, and the City Attorneys for every City in the State of California with a population

8  greater than 750,000 (collectively, "Public Prosecutor(s)") alleging that Defendant violated

9  California's Safe Drinking Water and Toxic Enforcement Act of 1986, California Health and

10 Safety Code § 25249.6, et seq., and its implementing regulations (collectively, "Proposition 65")

11 and that Plaintiff intended to file an enforcement action in the public interest; and

12     WHEREAS: Plaintiff alleges that Defendant manufactured and/or distributed necessity

13 kits, style # GB8MNBD3, skin care kits, Item # 384693, and car seat covers, UPC #

14 192598215246, all with cases containing Di(2-ethylhexy)phthalate ("DEHP"), (collectively the

15 "Covered Products" exemplar photographs of which are attached as Exhibits A-C hereto) that

16 were sold or distributed for sale in California and further alleges that those Covered Products

17 expose consumers in the State of California to chemicals including DEHP, which are listed by

18 the State of California pursuant to California Health and Safety Code § 25249.8; and

19     WHEREAS: Plaintiff further alleges that persons in the State of California were exposed

20 to DEHP in Covered Products without being provided the Proposition 65 warning set out at

21 California Health and Safety Code § 25249.6 and its implementing regulations ("Proposition 65

22 Warning");

23     WHEREAS: Defendant denies the allegations of the 60-Day Notice, and denies that it has

24 violated Proposition 65 and expressly denies that it has engaged in any wrongdoing whatsoever,

25     WHEREAS: Plaintiff seeks to provide the public with Proposition 65 warnings and

26 believes that this objective is achieved by the actions described in this Consent Judgment; and

27     WHEREAS: Plaintiff and Defendant wish to resolve their differences without the delay

28 and expense of litigation.

[PROPOSED] STIPULATED CONSENT JUDGMENT

Doc # SF/17906503v3

NOW THEREFORE BE IT RESOLVED AND AGREED UPON AS BETWEEN
PLAINTIFF ACTING IN THE PUBLIC INTEREST AND DEFENDANT AS FOLLOWS:

## 1.0 INTRODUCTION

1.1.     On August 13, 2020, Plaintiff served the 60-Day Notice upon Defendant,
Burlington Coat Factory Direct Corporation, T.J. Maxx of CA, LLC, and on Public Prosecutors.
No Public Prosecutors commenced an enforcement action.  No Public Prosecutor having
commenced an enforcement action, Plaintiff proceeded to file its Complaint against Defendant in
the present action.

1.2.     Defendant employs ten (10) or more persons.

1.3.     For purposes of this Consent Judgment only, Plaintiff and Defendant (the
"Parties") stipulate that: 1) this Court has jurisdiction over the allegations of violation contained
in the Complaint, and personal jurisdiction over Defendant as to the acts alleged in the
Complaint; 2) venue is proper in the County of Los Angeles; and 3) this Court has jurisdiction to
enter this Consent Judgment as a full and final resolution of all claims which were or could have
been raised in the Complaint based on the facts alleged therein with respect to the Covered
Products, and of all claims which were or could have been raised by any person or entity based
in whole or in part, directly or indirectly, on the facts alleged in the 60-Day Notice, in the present
action, or arising therefrom or related thereto, with respect to Covered Products, including any
Proposition 65 claim arising out of an exposure to Covered Products (collectively, "Proposition
65 Claims").

1.4.     The Parties enter into this Consent Judgment as a full and final settlement
of the Proposition 65 Claims, for the purpose of avoiding prolonged and costly litigation and of
resolving the issues raised therein both as to past and future conduct.  By execution of this
Consent Judgment and agreeing to comply with its terms, the Parties do not admit any fact,
conclusion of law, or violation of law, nor shall Defendant's compliance with the Consent
Judgment constitute or be construed as an admission by Defendant of any fact, conclusion of
law, or violation of law.  Defendant denies the material, factual, and legal allegations in the 60-
Day Notice and the Complaint and expressly denies any wrongdoing whatsoever.

[PROPOSED] STIPULATED CONSENT JUDGMENT

Doc # SF/1790165U3v3

1    **2.    DEFINITIONS**

2        2.1.        "Effective Date" shall mean, with respect to this Consent Judgment, the

3    date the Consent Judgment has been approved and entered by the Court.

4    **3.    INJUNCTIVE RELIEF**

5        3.1.        For each Covered Product, Defendant agrees to undertake, or cause to be

6    undertaken on its behalf, to provide a warning as prescribed in Sections 3.2-3.3, below.

7    Compliance with this Section 3.1 will constitute compliance by Defendant with all requirements

8    of Proposition 65 relating to DEHP exposure in the Covered Products:

9        3.2.        <u>Warning Option</u>

10        Subject to section 3.4, Covered Products shall be accompanied by a warning as described

11    in Section 3.3, below. This warning requirement shall only be required as to Covered Products

12    that are manufactured, distributed, marketed, sold or shipped for sale to consumers by Defendant

13    in the State of California, after ninety (90) days after the Effective Date. No Proposition 65

14    warning shall be required as to any Covered Products that are already in the stream of commerce

15    as of the Effective Date, and all such Covered Products are hereby deemed to be exempt from

16    Proposition 65 with respect to DEHP.

17        3.3.        <u>Warning Language</u>

18        Where required to meet the criteria set forth in Section 3.2, Defendant shall provide one

19    of the following warning statements on or within the unit packaging of the Covered Products, or

20    affixed to the Covered Products, displayed in a reasonably conspicuous manner:

21        (1)    ⚠ WARNING: This product can expose you to chemicals including DEHP,

22    which is known to the State of California to cause cancer and birth defects or other reproductive

23    harm. For more information go to www.P65Warnings.ca.gov.

24        (2)    ⚠ WARNING: Cancer and Reproductive Harm – www.P65Warnings.ca.gov.

25        If Defendant elects to use the warning statements identified in either (1) or (2) above, it

26    shall also include a symbol consisting of a black exclamation point in a yellow equilateral

27    triangle with a bold black outline. Where the sign, label or shelf tag for the product is not printed

28    using the color yellow, the symbol may be printed in black and white. The symbol shall be

4

Doc # SF/1790065fl3v3

placed to the left of the text of the warning, in a size no smaller than the height of the word "WARNING".

## 4.    MONETARY RELIEF

4.1.    Within ten (10) days of the Effective Date, Defendant shall pay the total sum of $25,000 which includes $5,000 in civil penalties and $20,000 in payment of Plaintiff's costs and reasonable attorney's fees. The $5,000 civil penalty shall be apportioned pursuant to Health and Safety Code section 25249.12 (d), with 75%, or $3,750, paid to the State of California's Office of Environmental Health Hazard Assessment and 25%, or $1,250, payable to Plaintiff.

4.2.    The payments specified in Section 4.1. shall be made by wire transfer to Plaintiff's counsel Custodio & Dubey LLP as set forth below. Plaintiffs' counsel will remit the portions due to the State of California Office of Environmental Health Hazard Assessment and to Plaintiff.

Bank: Bank of America, N.A.

Routing Transit No.: 026009593

Account No.:  325104702031

Beneficiary: Custodio & Dubey LLP

## 5.    CLAIMS COVERED AND RELEASE

5.1.    This Consent Judgment is a full, final, and binding resolution between Plaintiff, on behalf of itself, and acting in the public interest, and Defendant, and all of Defendant's parent companies, as well as all of Defendant's officers, directors, members, shareholders, employees, attorneys, agents, parent companies, subsidiaries, divisions, affiliates, suppliers, franchisees, licensees, and retailers, their parent and all subsidiaries, and affiliates, thereof, their respective employees, agents and assigns, as well as all other upstream and downstream entities in the distribution chain for any of the Covered Products, and the predecessors, successors, and assigns of any of them, including T.J. Maxx of CA, LLC and Burlington Coat Factory Direct Corporation (collectively, the "Released Parties"), for any alleged violation of Proposition 65, and its implementing regulations, for failure to provide

[PROPOSED] STIPULATED CONSENT JUDGMENT

Doc # SF/17906503v3

1  Proposition 65 warnings for the Covered Products with respect to DEHP, and fully resolves all
2  claims that have been brought, or which could have been brought in this action up to and
3  including the Effective Date. Plaintiff on behalf of itself, and in the public interest, hereby
4  discharges the Released Parties from any and all claims, actions, causes of action, suits,
5  demands, liabilities, damages, penalties, fees, costs and expenses asserted, or that could have
6  been asserted, with respect to any alleged violation of Proposition 65 arising from the failure to
7  provide Proposition 65 warnings about exposures to DEHP for any or all of the Covered
8  Products, through and including the Effective Date.

9       5.2.       It is possible that other claims not known to the Parties arising out of the
10  facts contained in the 60-Day Notice, or alleged in the Complaint, relating to the Covered
11  Products, will hereafter be discovered or developed. Plaintiff, on behalf of itself only, on the one
12  hand, and Defendant, on the other hand, acknowledge that this Consent Judgment is expressly
13  intended to cover and include all such claims through and including the Effective Date, including
14  all rights of action thereon. Plaintiff and Defendant acknowledge that the claims released in
15  Sections 5.1 and 5.2 may include unknown claims, and nevertheless intend to release such
16  claims, and in doing so waive California Civil Code § 1542 which reads as follows:

17  A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR
18  OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER
19  FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM
20  OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH
21  THE DEBTOR OR RELEASED PARTY.

22       5.3.       Plaintiff understands and acknowledges that the significance and
23  consequence of this waiver of California Civil Code § 1542 is that even if Plaintiff suffers future
24  damages arising out of or resulting from, or related directly or indirectly to, in whole or in part,
25  the Covered Products, including but not limited to any exposure to, or failure to warn with
26  respect to exposure to, the Covered Products, Plaintiff will not be able to make any claim for
27  those damages against any of the Released Parties.

28

[PROPOSED] STIPULATED CONSENT JUDGMENT

Doc # SF/1790650303v3

5.4.     Compliance by Defendant with the terms of this Consent Judgment shall constitute compliance with Proposition 65 with respect to exposure to DEHP in the Covered Products as set forth in the 60-Day Notice and/or the Complaint.

**6.     COMPLIANCE WITH HEALTH AND SAFETY CODE SECTION 25249.7(F)**

6.1.     Plaintiff and its attorneys agree to comply with the reporting form requirements referenced in California Health and Safety Code § 25249.7(f).

**7.     PROVISION OF NOTICE**

7.1.     When any Party is entitled to receive any notice or writing under this Consent Judgment, the notice or writing shall be sent by first class certified mail with return receipt requested, or by electronic mail, as follows:

To Defendant:

Carol R. Brophy, Esq.

Steptoe & Johnson LLP

1 Market Street

Spear Tower, Suite 3900

cbrophy@steptoe.com


To Plaintiff:

Vineet Dubey, Esq.

Custodio & Dubey LLP

448 S. Hill St., Ste 615

Los Angeles, CA 90013

dubey@cd-lawyers.com

7.2.     Any party may modify the person and address to whom the notice is to be sent by sending the other Party notice that is transmitted in the manner set forth in section 7.1.

**8.     COURT APPROVAL**

8.1.     Upon execution of his Consent Judgment by all Parties, Plaintiff shall prepare and file, at its sole cost and expense, a Motion for Approval of this Consent Judgment

[PROPOSED] STIPULATED CONSENT JUDGMENT

Doc # SF/17906503v3

that Defendant shall support. This Consent Judgment shall not become effective until approved and entered by the Court. If this Consent Judgment is not entered by the Court, it shall be of no force or effect, and shall not be introduced into evidence or otherwise used in any proceeding for any purpose.

## 9.    GOVERNING LAW AND CONSTRUCTION

9.1.    The terms of this Consent Judgment shall be governed by the laws of the State of California.

## 10.    ENTIRE AGREEMENT

10.1.    This Consent Judgment contains the sole and entire agreement and understanding of the Parties with respect to the entire subject matter hereof, and any and all prior discussions, negotiations, commitments, or understandings related thereto, if any, are hereby merged herein and therein.

10.2.    There are no warranties, representations, or other agreements between the Parties except as expressly set forth herein. No representations, oral or otherwise, express or implied, other than those specifically referred to in this Consent Judgment have been made by any Party hereto.

10.3.    No other agreements not specifically contained or referenced herein, oral or otherwise, shall be deemed to exist or to bind any of the Parties hereto. Any agreements specifically contained or referenced herein, oral or otherwise, shall be deemed to exist or to bind any of the Parties hereto only to the extent that they are expressly incorporated herein.

10.4.    No supplementation, modification, waiver, or termination of this Consent Judgment shall be binding unless executed in writing by the Party to be bound thereby, and approved and ordered by the Court.

10.5.    No waiver of any of the provisions of this Consent Judgment shall be deemed or shall constitute a waiver of any of the other provisions hereof whether or not similar, nor shall such waiver constitute a continuing waiver.

## 11. RETENTION OF JURISDICTION

11.1. This Court shall retain jurisdiction of this matter to implement or modify the Consent Judgment.

## 12. NO EFFECT ON OTHER SETTLEMENTS

12.1. Nothing in this Consent Judgment shall preclude Plaintiff from resolving any claim against another entity on terms that are different from those contained in this Consent Judgment.

## 13. EXECUTION IN COUNTERPARTS

13.1. This Consent Judgment may be executed in counterparts, each of which shall be deemed to be an original, and all of which, taken together, shall constitute the same document. Execution of the Consent Judgment by e-mail, facsimile, or other electronic means, shall constitute legal and binding execution and delivery. Any photocopy of the executed Consent Judgment shall have the same force and effect as the original.

## 14. AUTHORIZATION

14.1. The undersigned are authorized to stipulate to, enter into, and execute this Consent Judgment on behalf of their respective parties, and have read, understood, and agree to all of the terms and conditions of this Consent Judgment.

## 15. SEVERABILITY

15.1. If subsequent to Court approval of this Consent Judgment, any part or provision is declared by a Court to be invalid, void, or unenforceable, the remaining portions or provisions shall continue in full force and effect.

**AGREED TO:**

**Ecological Alliance LLC**

By: _____     Date: December 29 2020

Harmony Welsh, Managing Member

9

**AGREED TO:**

**Enchante Accessories, Inc.**

By: _____     Date: December 2 , 2020

     Abraham Weinberger, CEO

    **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that, pursuant to Health & Safety Code § 25249.7(f)(4) and Code of Civil Procedure § 664.6, judgment is hereby entered.

Dated: 03/04/2021 _____

                        JUDGE OF THE SUPERIOR COURT

                        Laura A. Seigle / Judge

[PROPOSED] STIPULATED CONSENT JUDGMENT

Doc # SF/17906503v3

EXHIBIT A



# EXHIBIT B



SANDALWOOD
& TEAKWOOD

# EXHIBIT C



DURABLE
EASY TO INSTALL
$14.99
WATERPROOF HAMMOCK
SEAT COVER

1 | Andre A. Khansari, Esq.   (SBN 223528)
2 | KHANSARI LAW CORP., APC
3 | 16133 Ventura Blvd., Suite 1200
Encino, California 91436
Tel:  (818) 650-6444; Fax: (818) 650-6445
4 | Email: *Andre@Khansarilaw.com*
5 |
Attorneys for Plaintiff,
6 | CA CITIZEN PROTECTION GROUP, LLC
7 |
8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9 | **COUNTY OF ALAMEDA**
10 | **HAYWARD HALL OF JUSTICE**
11 |

| | |
|---|---|
| CA CITIZEN PROTECTION GROUP, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>ENCHANTE ACCESSORIES, INC., and DOES 1 to 50,<br><br>        Defendants. | Case No.: 22CV006164<br><br>(Assigned for All Purposes to: Hon. Somnath Raj Chatterjee, Dept. 517)<br><br>**[PROPOSED] STIPULATED CONSENT JUDGMENT; [PROPOSED] ORDER**<br><br>[California Health & Safety Code, sections 25249.5 et seq.]<br><br>Complaint Filed:   January 27, 2022<br>Trial Date:         Not Set |

1

STIPULATED CONSENT JUDGMENT

## <u>STIPULATED CONSENT JUDGMENT</u>

Plaintiff CA CITIZEN PROTECTION GROUP, LLC ("Plaintiff" or "CCPG"), and Defendant ENCHANTE ACCESSORIES, INC. ("ENCHANTE") hereby enter into this Stipulated Consent Judgment (this "Consent Judgment") as follows:

WHEREAS, on or about June 24, 2021, CCPG served a 60-Day Notice of Violations upon ENCHANTE, the California Attorney General, the District Attorneys of every County in the State of California, and the City Attorneys for every City in the State of California with a population greater than 750,000 (collectively, "Public Prosecutors") alleging that ENCHANTE violated California's Safe Drinking Water and Toxic Enforcement Act of 1986, California Health and Safety Code ("HSC") § 25249.6, *et seq*., and its implementing regulations (collectively, "Proposition 65") and that CCPG intended to file an enforcement action against ENCHANTE in the public interest (the "June Notice"); and

WHEREAS, on or about November 11, 2021, Plaintiff served a 60-Day Notice of Violation upon ENCHANTE and Public Prosecutors alleging that ENCHANTE violated Proposition 65 and that CCPG intended to file an enforcement action against ENCHANTE in the public interest (the "November Notice, and together with the June Notice, collectively, the "Notices"); and

WHEREAS, CCPG alleges that ENCHANTE manufactured, imported, distributed, and/or offered for sale in California two products (1) Beauty Concepts Cuticle Nipper (with clear plastic reusable Case or Protector) (the "Cuticle Nipper"); and, (2) Pretty Little Things Jewelry Hanging Organizer (the "Hanging Organizer").

WHEREAS, CCPG alleged in the Notices that persons in the State of California were exposed to DEHP in the Covered Products without being provided the Proposition 65 warning set out at California Health and Safety Code § 25249.6 and its implementing regulations ("Proposition 65 Warning");

WHEREAS, ENCHANTE denies the allegations of the Notices, denies that it has violated Proposition 65, and denies that it has engaged in any wrongdoing whatsoever;

STIPULATED CONSENT JUDGMENT

WHEREAS, on January 27, 2022, Plaintiff (CCPG) filed a Complaint against ENCHANTE for civil penalties, injunctive relief and reimbursement of its reasonable attorneys' fees and costs (the "Complaint") in Alameda County Superior Court, pending as Case No. 22CV006164 (the "Action"). CCPG contends in the Complaint that ENCHANTE knowingly and intentionally exposed California consumers to Di(2-ethylhexl) Phthalate ("DEHP"), a substance known to cause cancer and reproductive toxicity, through the sale of the Covered Products; and

WHEREAS, Plaintiff and ENCHANTE wish to resolve their differences without the delay and expense of prolonged litigation in the Action.

NOW THEREFORE BE IT RESOLVED AND AGREED UPON AS BETWEEN PLAINTIFF ACTING IN THE PUBLIC INTEREST AND ENCHANTE AS FOLLOWS:

## 1. INTRODUCTION

1.1. On June 24, 2021 and November 11, 2021, respectively, Plaintiff served ENCHANTE and Public Prosecutors with the Notices alleging that Defendant and other noticed parties violated Proposition 65 when they failed to warn consumers that the Covered Products expose consumers to DEHP in violation of Proposition 65.

1.2. No Public Prosecutor commenced an enforcement action.

1.3. ENCHANTE employs ten (10) or more persons.

1.4. Consent to Jurisdiction. For purposes of this Consent Judgment only, Plaintiff and ENCHANTE (each a "Party, and collectively, the "Parties") stipulate that (1) this Court has jurisdiction over the allegations of violation contained in the Complaint, and personal jurisdiction over ENCHANTE as to the acts alleged in the Complaint; (2) venue is proper in the County of Alameda; and (3) this Court has jurisdiction to approve, enter and oversee the enforcement of this Consent Judgment as a full and final binding resolution of all claims which were or could have been raised in the Complaint based on the facts alleged therein with respect to the Covered Products, and of all claims which were or could have been raised by any person

1  or entity based on or arising from the facts alleged in the Notices or the Action with respect to
2  Covered Products (collectively, "Proposition 65 Claims").

3      1.5.      The Parties enter into this Consent Judgment as a full and final settlement of the
4  Proposition 65 Claims, for the purpose of avoiding prolonged and costly litigation, and
5  resolving the issues raised therein.  By executing and agreeing to the terms of this Consent
6  Judgment, the Parties do not admit any fact, conclusion of law, or violation of law, nor shall
7  ENCHANTE's compliance with this Consent Judgment be construed as an admission by
8  ENCHANTE of any fact, conclusion of law, or violation of law.  ENCHANTE denies the
9  material, factual, and legal allegations in the Notices and the Complaint, and denies any
10  wrongdoing whatsoever.

11     1.6.      <u>No Effect on Future Proceedings</u>.  Except as expressly set forth herein, nothing
12  in this Consent Judgment shall prejudice, waive or impair any right, remedy, argument, claim
13  or defense the Parties may have in any other or future legal proceedings which do not arise out
14  of the Action.

15  **2.      CERTAIN DEFINITIONS**

16     2.1.      "Effective Date" shall mean the date the Consent Judgment has been approved
17  and entered by the Court.

18      2.2.  "Covered Products" or each a "Covered Product" shall mean each of the two
19  products: (1) Beauty Concepts Cuticle Nipper (with clear plastic reusable Case or Protector)
20  (the "Cuticle Nipper"); and, (2) Pretty Little Things Jewelry Hanging Organizer (the "Hanging
21  Organizer.  It is the intent of this Consent Judgment to cover different styles, colors and/or
22  packaging of the Cuticle Nipper and Hanging Organizer that are composed of plastic
23  components including, but not limited to, style numbers 10119, 10863, 12821 and 12822,
24  13733, 13734.

25      This Consent Judgment shall cover and release all Covered Products manufactured or
26  distributed by ENCHANTE pursuant to the terms of this Consent Judgment, including but not
27  limited to Covered Products that are in third party inventory.  If challenged by a private

28

enforcer, a declaration by an officer of ENCHANTE citing the manufacturing date and explaining the procedures used to determine the specific product's manufacturing date shall be deemed dispositive.

## 3.    INJUNCTIVE RELIEF: REFORMULATION AND WARNINGS

3.1.    <u>Reformulation of Covered Products</u>.  As of the Effective Date, Covered Products that ENCHANTE directly manufactures, imports, distributes, sells, or offers for sale in California shall either: (a) be Reformulated Products pursuant to <u>Section 3.2</u>, below; or (b) be labeled with a clear and reasonable warning pursuant to <u>Sections 3.3</u> and <u>3.4</u>, below.

      3.1.1   For purposes of this Consent Judgment, a "Reformulated Product(s)" is a Covered Product(s) that is/are in compliance with the standard set forth in <u>Section 3.2</u> below.

      3.1.2   The warning requirement set forth in <u>Sections 3.3</u> and <u>3.4</u> shall not apply to any Reformulated Product(s).

3.2.    <u>Reformulation Standard</u>.  "Reformulated Product(s)" shall mean Covered Product(s) that contain concentrations less than or equal to 0.1% (1,000 parts per million (ppm)) of DEHP when analyzed pursuant to U.S. Environmental Protection Agency testing methodologies 3580A and 8270C or other methodology utilized by federal or state government agencies for the purpose of determining the phthalate content in a solid substance.

3.3.    <u>Clear and Reasonable Warning</u>. As of the Effective Date, and continuing thereafter, a clear and reasonable exposure warning as set forth in this <u>Section 3.3</u> and <u>Section 3.4</u> must be provided for all Covered Product(s) that ENCHANTE manufacturers, imports, distributes, sells, or offers for sale in California that is not a Reformulated Product. There shall be no obligation for ENCHANTE to provide a warning for Covered Products that enter the stream of commerce prior to the Effective Date.  The warning shall consist of either the **Warning** or **Alternative Warning** described in Sections 3.3(a) or (b), respectively:

      (a)    **Warning**.  The "Warning" shall consist of the statement:

⚠ **WARNING**: This product can expose you to chemicals including di(2-ethylhexyl) phthalate (DEHP), which is known to the State of California to cause cancer and birth defects or other reproductive harm. For more information go to www.P65Warnings.ca.gov.

    (b)    **Alternative Warning**: ENCHANTE may, but is not required to, use the alternative short-form warning as follows:

**WARNING**: **Cancer** and Reproductive Harm - www.P65Warnings.ca.gov.

/ / / /

/ / / /

3.4.    A **Warning** or Alternative **Warning** provided pursuant to Section 3.3 must print the word "**WARNING:**" in all capital letters and in bold font, followed by a colon. The warning symbol to the left of the word "**WARNING:**" must be a black exclamation point in a yellow equilateral triangle with a black outline, except that if the sign or label for the Covered Product does not use the color yellow, the symbol may be in black and white. The symbol must be in a size no smaller than the height of the word "**WARNING**". The warning shall be affixed to or printed on the Covered Product's packaging or labeling, or on a placard, shelf tag, sign or electronic device or automatic process, providing that the warning is displayed with such conspicuousness, as compared with other words, statements, or designs as to render it likely to be read and understood by an ordinary individual under customary conditions of purchase or use. A warning may be contained in the same section of the packaging, labeling, or instruction booklet that states other safety warnings, if any, concerning the use of the Covered Product and shall be at least the same size as those other safety warnings.

3.5.    If ENCHANTE sells Covered Products via an internet website to customers located in California, the warning requirements of this section shall be satisfied if the foregoing warning appears either: (a) on the same web page on which a Covered Product is displayed and/or described; (b) on the same page as the price for the Covered Product; or (c) on one or more web pages displayed to a purchaser prior to purchase during the checkout process. Alternatively, a symbol consisting of a black exclamation point in a yellow or white equilateral triangle may appear adjacent to or immediately following the display, description,

price, or checkout listing of the Covered Product, if the warning statement appears elsewhere on the same web page in a manner that clearly associates it with the product(s) to which the warning applies

    3.5   <u>Compliance with Warning Regulations</u>.  ENCHANTE shall be deemed to be in compliance with the warning requirements of this Consent Judgment by either adhering to <u>Section 3.3</u> and <u>Section 3.4</u> of this Consent Judgment or by complying with any of the safe harbor warning requirements as set forth in the regulations of the State of California's Office of Environmental Health Hazard Assessment ("OEHHA") and in effect after the Effective Date.

## 4.   MONETARY RELIEF

    4.1.   <u>Total Amount of Settlement</u>.  In full satisfaction of all civil penalties and CCPG's attorney's fees, expert fees and all other costs and expenses incurred, including, without limitation, pursuant to California Code of Civil Procedure § 1021.5, with respect to the Action and the Covered Products, ENCHANTE shall pay the total settlement amount of forty-eight thousand dollars ($48,000), apportioned as follows.

    4.1.2   **Civil Penalty.**  Of the settlement amount, ENCHANTE shall pay four thousand dollars ($4,000) as a civil penalty pursuant to HSC § 25249.7(b), to be apportioned in accordance with HSC § 25192, with 75% of these funds ($3,000) payable to OEHHA and the remaining 25% of the funds ($1,000) payable to Khansari Law Corporation - Trust Account in trust for CCPG as provided by HSC § 25249.12(d).

    4.13   **Attorneys' Fees and Costs**.  Of the settlement amount, ENCHANTE shall pay forty-four thousand dollars ($44,000) as reimbursement of CCPG's attorney's fees and costs incurred in the Action and with respect to the Notices payable to Khansari Law Corporation.

    4.2.   **Delivery of Settlement Payments**.  The Settlement payments called for in <u>Section 4.1</u> shall be made within ten (10) days of the Effective Date as follows:

4.2.1. ENCHANTE's payment of the civil penalty to OEHHA shall be delivered by United States Mail directly to OEHHA (with an electronic copy emailed to andre@khansarilaw.com) at the following address or such other address as updated by OEHHA at the time of payment:

Mike Gyurics
Fiscal Operations Branch Chief
Office of Environmental Health Hazard Assessment
P.O. Box 4010
Sacramento, CA 95812-4010

4.2.2. ENCHANTE's payments of the civil penalty to CCPG and for CCPG's attorney's fees and costs shall be delivered via electronic wire (wire instructions to be provided by CCPG upon request by ENCHANTE), or via tracked overnight mail, or to the following address:

Andre A. Khansari, Esq.
KHANSARI LAW CORPORATION
16133 Ventura Blvd., Suite 1200
Encino, CA 91364

## 5. CLAIMS COVERED AND RELEASE

5.1. This Consent Judgment is a full, final, and binding resolution between Plaintiff, on behalf of itself, and acting in the public interest, and ENCHANTE, and all of ENCHANTE's parent companies, as well as all of ENCHANTE's officers, directors, members, shareholders, employees, attorneys, agents, parent companies, subsidiaries, divisions, affiliates, suppliers, franchisees, licensees, and retailers, their parent and all subsidiaries, and affiliates, thereof, their respective employees, agents and assigns, as well as all other upstream and downstream entities in the distribution chain for any of the Covered Products, and the predecessors, successors, and assigns of any of them, including ENCHANTE, The TJX Companies, Inc., T.J. Maxx of CA, LLC and Ross Stores, Inc. (collectively, the "Released Parties"), for any alleged violation of Proposition 65, and its implementing regulations, for failure to provide Proposition 65 warnings for the Covered Products with respect to DEHP, and fully resolves all claims that have been brought, or which

could have been brought in the Action up to and including the Effective Date. Plaintiff on behalf of itself, and in the public interest, hereby discharges the Released Parties from any and all claims, actions, causes of action, suits, demands, liabilities, damages, penalties, fees, costs and expenses asserted, or that could have been asserted, with respect to any alleged violation of Proposition 65 arising from the failure to provide Proposition 65 warnings about exposures to DEHP for the Covered Products, through and including the Effective Date.

5.2.     It is possible that other claims not known to the Parties arising out of the facts contained in the 60-Day Notice of Violation or alleged in the Complaint relating to the Covered Products will hereafter be discovered. Plaintiff, on behalf of itself only, on the one hand, and ENCHANTE, on the other hand, acknowledge that this Consent Judgment is expressly intended to cover and include all such claims through and including the Effective Date, including all rights of action thereon. Plaintiff and ENCHANTE acknowledge that the claims released in <u>Sections 5.1</u> and <u>5.2</u> may include unknown claims, and nevertheless intend to release such claims, and in doing so waive California Civil Code § 1542 which reads as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

5.3.     Plaintiff understands and acknowledges that the significance and consequence of this waiver of California Civil Code § 1542 is that even if Plaintiff suffers future damages arising out of, resulting from, or related to the Covered Products, Plaintiff will not be able to make any claim for those damages against any of the Released Parties except as permitted under this Consent Judgment.

5.4. Compliance by ENCHANTE with the terms of this Consent Judgment shall constitute compliance with Proposition 65 with respect to exposure to DEHP in the Covered Products as set forth in the Notices and/or the Complaint.

5.5. ENCHANTE waives any and all claims against Plaintiff, its attorneys, and representatives, for any and all actions taken, or statements made (or those that could have been taken or made) by Plaintiff and its attorneys and other representatives, whether in the course of investigating claims or otherwise seeking enforcement of Proposition 65 arising out of or related to the Notice and/or the Action.

## 6. COMPLIANCE WITH HEALTH AND SAFETY CODE SECTION 25249.7(F)

6.1. Plaintiff and its attorneys agree to comply with the reporting form requirements referenced in California Health and Safety Code § 25249.7(f).

## 7. PROVISION OF NOTICE

7.1. When any Party is entitled to receive any notice or writing under this Consent Judgment, the notice or writing shall be sent by first class certified mail with return receipt requested, or by electronic mail, as follows:

To Defendant:

Carol R. Brophy, Esq.
STEPTOE & JOHNSON LLP
1 Market Street, Spear Tower, Suite 3900
San Francisco, California 94105
Email: *cbrophy@steptoe.com*

To Plaintiff:

Andre A. Khansari, Esq.
KHANSARI LAW CORP., APC
16133 Ventura Blvd., Suite 1200
Encino, California 91436
Email: *Andre@Khansarilaw.com*

7.2.     Any party may modify the person and address to whom the notice is to be sent by sending the other Party notice that is transmitted in the manner set forth in section 7.1.

**8.     COURT APPROVAL**

8.1.     Upon execution of his Consent Judgment by all Parties, the Parties shall prepare and file a Motion for Approval of this Consent Judgment, and any related or required ancillary documents.  This Consent Judgment shall not become effective until approved and entered by the Court.  If this Consent Judgment is not entered by the Court, it shall be of no force or effect, and shall not be introduced into evidence or otherwise used in any proceeding for any purpose.

**9.     GOVERNING LAW AND CONSTRUCTION**

9.1.     The terms of this Consent Judgment shall be governed by the laws of the State of California.

**10.     ENTIRE AGREEMENT**

10.1.     This Consent Judgment contains the sole and entire agreement and understanding of the Parties with respect to the entire subject matter hereof, and any and all prior discussions, negotiations, commitments, or understandings related thereto, if any, are hereby incorporated into this Consent Judgment.

10.2.     There are no warranties, representations, or other agreements between the Parties except as expressly set forth herein.  No representations, oral or otherwise, express or implied, other than those specifically referred to in this Consent Judgment have been made by the Parties.

10.3.     No other agreements not specifically contained or referenced herein, oral or otherwise, shall be deemed to exist or to bind any of the Parties.  Any agreements specifically contained or referenced herein, oral or otherwise, shall be deemed to exist or to bind any of the Parties only to the extent that they are expressly incorporated herein.

STIPULATED CONSENT JUDGMENT

10.4.    No supplementation, modification, waiver, or termination of this Consent Judgment shall be binding unless executed in writing by the Party to be bound, and approved and ordered by the Court.

10.5.    No waiver of any of the provisions of this Consent Judgment shall be deemed to constitute a waiver of any of the other provisions of this Consent Judgement whether or not similar, nor shall such waiver constitute a continuing waiver.

## 11.    RETENTION OF JURISDICTION; ENFORCEMENT OF CONSENT JUDGMENT

11.1.    This Court shall retain jurisdiction of this matter to implement or modify the Consent Judgment.

11.2.    Only after it complies with <u>Section 11.4</u> below may any Party, by motion or application for an order to show cause filed with this Court, enforce the terms and conditions contained in this Consent Judgment.

11.3.    If ENCHANTE distributes for sale in the State of California, or directly sells in the State of California a Covered Product without a Proposition 65 warning in the future, and subsequently CCPG alleges that any such product fails to qualify as a Reformulated Covered Product (for which CCPG alleges that no warning has been provided), then CCPG shall inform ENCHANTE in a reasonably prompt manner of CCPG's test results.   ENCHANTE shall, within thirty (30) days following such notice, provide CTWG with testing information, from an independent third-party laboratory demonstrating ENCHANTE's compliance with this Consent Judgment.  The Parties shall first attempt to resolve the matter prior to taking any further legal action with the Court.

11.4.    <u>**Good Faith Attempt to Resolve Disputes**</u>.   If a dispute arises with respect to any Party's compliance with the terms of this Consent Judgment entered by the Court, the Parties shall meet in person or by telephone and endeavor to resolve the dispute in an amicable manner.  No action or motion may be filed in the absence of such a good faith attempt to

resolve the dispute beforehand.  In the event an action or motion is filed, however, the prevailing party may seek to recover costs and reasonable attorneys' fees for each violation. As used in the preceding sentence, the term "prevailing party" means a party who is successful in obtaining relief more favorable to it than the relief that the other party was amenable to providing during the parties' good faith attempt to resolve the dispute that is the subject of the Action.

**12.    NO EFFECT ON OTHER SETTLEMENTS**

12.1.    Nothing in this Consent Judgment shall preclude Plaintiff from resolving any claim against another entity on terms that are different from those contained in this Consent Judgment.

**13.    EXECUTION IN COUNTERPARTS**

13.1.    This Consent Judgment may be executed in counterparts, each of which shall be deemed to be an original, and all of which, taken together, shall constitute the same document. Execution of the Consent Judgment by e-mail, facsimile, or other electronic means, shall constitute legal and binding execution and delivery.  Any photocopy of the executed Consent Judgment shall have the same force and effect as the original.

**14.    AUTHORIZATION**

14.1.    The undersigned are authorized to stipulate to, enter into, and execute this Consent Judgment on behalf of their respective parties, and have read, understood, and agree to all of the terms and conditions of this Consent Judgment.

**15.    DRAFTING**.  The terms of this Consent Judgment have been reviewed by the respective counsel for each Party to this settlement prior to its signing, and each Party has had an opportunity to fully discuss the terms with counsel.  The Parties agree that, in any

subsequent interpretation and construction of this Consent Judgment entered thereon, the terms and provisions shall not be construed against any Party.

**16.    MODIFICATION.**  This Consent Judgment may be modified only by further written stipulation of the Parties and the approval of the Court or upon the granting of a motion brought to the Court by either Party.

**17.    ATTORNEY'S FEES**

17.1    Except as explicitly provided herein each Party is to bear its own fees and costs with respect to the Action. A Party, however, who unsuccessfully brings or contests an action or proceeding arising out of this Consent Judgment shall be required to pay the prevailing party's reasonable attorney's fees and costs.

17.2    Nothing in this Section 17 shall preclude a Party from seeking an award of sanctions pursuant to law.

**18.    SEVERABILITY.**  If subsequent to Court approval of this Consent Judgment, any part or provision is declared by a Court to be invalid, void, or unenforceable, the remaining portions or provisions shall continue in full force and effect.

*[Signatures Appear on the following Page]*

**IT IS SO STIPULATED AND AGREED TO:**

**CA CITIZEN PROTECTION GROUP, LLC**

Dated: April __6__, 2022

By:_____*Tal Ohana*_____
Name: Tal Ohana
Its:___Manager___

**ENCHANTE ACCESSORIES, INC.**

Dated: April __6__, 2022

By:_____
Name: ADAm COHEN
Its: VP OF FINANCE

## <u>ORDER AND JUDGMENT</u>

    IT IS HEREBY ORDERED, ADJUDGED AND DECREED that, pursuant to Health & Safety Code § 25249.7(f)(4) and Code of Civil Procedure § 664.6, and based upon the Parties' Stipulation, and good cause appearing, this Consent Judgment is approved, and Judgment is hereby entered according to its terms.

Dated: _____

_____
Judge of the Superior Court

STIPULATED CONSENT JUDGMENT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
### Hayward Hall of Justice

| | |
|---|---|
| CA Citizen Protection Group, LLC<br>Plaintiff/Petitioner(s)<br>vs.<br>Enchante Accessories, Inc.<br>Defendant/Respondent(s) | No.    22CV006164<br><br>Date:   09/09/2022<br>Time:  10:30 AM<br>Dept:  517<br>Judge:  Somnath Raj Chatterjee<br><br>ORDER re: Hearing on Motion - Other To Approve and Enter Stipulated Consent Judgment |

Prior to the hearing, the Court issued a tentative ruling, which was uncontested and is affirmed as set forth below.

The Motion for Order TO APPROVE AND ENTER STIPULATED CONSENT JUDGMENT filed by CA Citizen Protection Group, LLC on 08/12/2022 is Granted.

Dated: 09/09/2022

*Somnath Raj Chatterjee*

Somnath Raj Chatterjee / Judge

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

COURTHOUSE ADDRESS:
Hayward Hall of Justice
24405 Amador Street, Hayward, CA 94544

PLAINTIFF/PETITIONER:
CA Citizen Protection Group, LLC

DEFENDANT/RESPONDENT:
Enchante Accessories, Inc.

## CERTIFICATE OF MAILING

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda
09/13/2022
Chad Finke, Executive Officer / Clerk of the Court
By: _D. Labrecque_ Deputy
D. Labrecque

CASE NUMBER:
22CV006164

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Hayward, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

ANDRE A. KHANSARI
Khansari Law Corporation
16133 Ventura Blvd.
Suite 1200
Encino, CA 91436

Carol Rene Rountree Brophy
STEPTOE & JOHNSON LLP
1 Market Street, #3900 Spear Tower
San Francisco, CA 94105

Chad Finke, Executive Officer / Clerk of the Court

Dated: 09/13/2022          By:

D. Labrecque, Deputy Clerk