Andre A. Khansari, Esq.   (SBN 223528)
KHANSARI LAW CORP., APC
16133 Ventura Blvd., Suite 1200
Encino, California 91436
Tel:  (818) 650-6444; Fax: (818) 650-6445
Email: *Andre@Khansarilaw.com*

Attorneys for Plaintiff,
CA CITIZEN PROTECTION GROUP, LLC

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF ALAMEDA**

**HAYWARD HALL OF JUSTICE**

| | |
|---|---|
| CA CITIZEN PROTECTION GROUP, LLC,<br><br>　　　Plaintiff,<br><br>v.<br><br>ENCHANTE ACCESSORIES, INC., and DOES 1 to 50,<br><br>　　　Defendants. | Case No.: 22CV006164<br><br>(Assigned for All Purposes to:<br>Hon. Somnath Raj Chatterjee, Dept. 517)<br><br>**[PROPOSED] STIPULATED CONSENT JUDGMENT; [PROPOSED] ORDER**<br><br>[California Health & Safety Code, sections 25249.5 et seq.]<br><br>Complaint Filed:　January 27, 2022<br>Trial Date:　　　　Not Set |

1

STIPULATED CONSENT JUDGMENT

# STIPULATED CONSENT JUDGMENT

Plaintiff CA CITIZEN PROTECTION GROUP, LLC ("Plaintiff" or "CCPG"), and Defendant ENCHANTE ACCESSORIES, INC. ("ENCHANTE") hereby enter into this Stipulated Consent Judgment (this "Consent Judgment") as follows:

WHEREAS, on or about June 24, 2021, CCPG served a 60-Day Notice of Violations upon ENCHANTE, the California Attorney General, the District Attorneys of every County in the State of California, and the City Attorneys for every City in the State of California with a population greater than 750,000 (collectively, "Public Prosecutors") alleging that ENCHANTE violated California's Safe Drinking Water and Toxic Enforcement Act of 1986, California Health and Safety Code ("HSC") § 25249.6, *et seq.*, and its implementing regulations (collectively, "Proposition 65") and that CCPG intended to file an enforcement action against ENCHANTE in the public interest (the "June Notice"); and

WHEREAS, on or about November 11, 2021, Plaintiff served a 60-Day Notice of Violation upon ENCHANTE and Public Prosecutors alleging that ENCHANTE violated Proposition 65 and that CCPG intended to file an enforcement action against ENCHANTE in the public interest (the "November Notice, and together with the June Notice, collectively, the "Notices"); and

WHEREAS, CCPG alleges that ENCHANTE manufactured, imported, distributed, and/or offered for sale in California two products (1) Beauty Concepts Cuticle Nipper (with clear plastic reusable Case or Protector) (the "Cuticle Nipper"); and, (2) Pretty Little Things Jewelry Hanging Organizer (the "Hanging Organizer").

WHEREAS, CCPG alleged in the Notices that persons in the State of California were exposed to DEHP in the Covered Products without being provided the Proposition 65 warning set out at California Health and Safety Code § 25249.6 and its implementing regulations ("Proposition 65 Warning");

WHEREAS, ENCHANTE denies the allegations of the Notices, denies that it has violated Proposition 65, and denies that it has engaged in any wrongdoing whatsoever;

WHEREAS, on January 27, 2022, Plaintiff (CCPG) filed a Complaint against ENCHANTE for civil penalties, injunctive relief and reimbursement of its reasonable attorneys' fees and costs (the "Complaint") in Alameda County Superior Court, pending as Case No. 22CV006164 (the "Action"). CCPG contends in the Complaint that ENCHANTE knowingly and intentionally exposed California consumers to Di(2-ethylhexl) Phthalate ("DEHP"), a substance known to cause cancer and reproductive toxicity, through the sale of the Covered Products; and

WHEREAS, Plaintiff and ENCHANTE wish to resolve their differences without the delay and expense of prolonged litigation in the Action.

NOW THEREFORE BE IT RESOLVED AND AGREED UPON AS BETWEEN PLAINTIFF ACTING IN THE PUBLIC INTEREST AND ENCHANTE AS FOLLOWS:

## 1. INTRODUCTION

1.1. On June 24, 2021 and November 11, 2021, respectively, Plaintiff served ENCHANTE and Public Prosecutors with the Notices alleging that Defendant and other noticed parties violated Proposition 65 when they failed to warn consumers that the Covered Products expose consumers to DEHP in violation of Proposition 65.

1.2. No Public Prosecutor commenced an enforcement action.

1.3. ENCHANTE employs ten (10) or more persons.

1.4. <u>Consent to Jurisdiction</u>. For purposes of this Consent Judgment only, Plaintiff and ENCHANTE (each a "Party, and collectively, the "Parties") stipulate that (1) this Court has jurisdiction over the allegations of violation contained in the Complaint, and personal jurisdiction over ENCHANTE as to the acts alleged in the Complaint; (2) venue is proper in the County of Alameda; and (3) this Court has jurisdiction to approve, enter and oversee the enforcement of this Consent Judgment as a full and final binding resolution of all claims which were or could have been raised in the Complaint based on the facts alleged therein with respect to the Covered Products, and of all claims which were or could have been raised by any person

or entity based on or arising from the facts alleged in the Notices or the Action with respect to Covered Products (collectively, "Proposition 65 Claims").

1.5. The Parties enter into this Consent Judgment as a full and final settlement of the Proposition 65 Claims, for the purpose of avoiding prolonged and costly litigation, and resolving the issues raised therein. By executing and agreeing to the terms of this Consent Judgment, the Parties do not admit any fact, conclusion of law, or violation of law, nor shall ENCHANTE's compliance with this Consent Judgment be construed as an admission by ENCHANTE of any fact, conclusion of law, or violation of law. ENCHANTE denies the material, factual, and legal allegations in the Notices and the Complaint, and denies any wrongdoing whatsoever.

1.6. <u>No Effect on Future Proceedings</u>. Except as expressly set forth herein, nothing in this Consent Judgment shall prejudice, waive or impair any right, remedy, argument, claim or defense the Parties may have in any other or future legal proceedings which do not arise out of the Action.

## 2. CERTAIN DEFINITIONS

2.1. "Effective Date" shall mean the date the Consent Judgment has been approved and entered by the Court.

2.2. "Covered Products" or each a "Covered Product" shall mean each of the two products: (1) Beauty Concepts Cuticle Nipper (with clear plastic reusable Case or Protector) (the "Cuticle Nipper"); and, (2) Pretty Little Things Jewelry Hanging Organizer (the "Hanging Organizer. It is the intent of this Consent Judgment to cover different styles, colors and/or packaging of the Cuticle Nipper and Hanging Organizer that are composed of plastic components including, but not limited to, style numbers 10119, 10863, 12821 and 12822, 13733, 13734.

This Consent Judgment shall cover and release all Covered Products manufactured or distributed by ENCHANTE pursuant to the terms of this Consent Judgment, including but not limited to Covered Products that are in third party inventory. If challenged by a private

enforcer, a declaration by an officer of ENCHANTE citing the manufacturing date and explaining the procedures used to determine the specific product's manufacturing date shall be deemed dispositive.

## 3. INJUNCTIVE RELIEF: REFORMULATION AND WARNINGS

3.1. <u>Reformulation of Covered Products</u>. As of the Effective Date, Covered Products that ENCHANTE directly manufactures, imports, distributes, sells, or offers for sale in California shall either: (a) be Reformulated Products pursuant to Section 3.2, below; or (b) be labeled with a clear and reasonable warning pursuant to Sections 3.3 and 3.4, below.

    3.1.1 For purposes of this Consent Judgment, a "Reformulated Product(s)" is a Covered Product(s) that is/are in compliance with the standard set forth in Section 3.2 below.

    3.1.2 The warning requirement set forth in Sections 3.3 and 3.4 shall not apply to any Reformulated Product(s).

3.2. <u>Reformulation Standard</u>. "Reformulated Product(s)" shall mean Covered Product(s) that contain concentrations less than or equal to 0.1% (1,000 parts per million (ppm)) of DEHP when analyzed pursuant to U.S. Environmental Protection Agency testing methodologies 3580A and 8270C or other methodology utilized by federal or state government agencies for the purpose of determining the phthalate content in a solid substance.

3.3. <u>Clear and Reasonable Warning</u>. As of the Effective Date, and continuing thereafter, a clear and reasonable exposure warning as set forth in this Section 3.3 and Section 3.4 must be provided for all Covered Product(s) that ENCHANTE manufacturers, imports, distributes, sells, or offers for sale in California that is not a Reformulated Product. There shall be no obligation for ENCHANTE to provide a warning for Covered Products that enter the stream of commerce prior to the Effective Date. The warning shall consist of either the **Warning** or **Alternative Warning** described in Sections 3.3(a) or (b), respectively:

    (a)     **Warning**. The "Warning" shall consist of the statement:

⚠ **WARNING**: This product can expose you to chemicals including di(2-ethylhexyl) phthalate (DEHP), which is known to the State of California to cause cancer and birth defects or other reproductive harm. For more information go to www.P65Warnings.ca.gov.

    (b)    **Alternative Warning**: ENCHANTE may, but is not required to, use the alternative short-form warning as follows:

**WARNING**: **Cancer** and Reproductive Harm - www.P65Warnings.ca.gov.

////

////

    3.4.    A **Warning** or Alternative **Warning** provided pursuant to Section 3.3 must print the word "**WARNING:**" in all capital letters and in bold font, followed by a colon. The warning symbol to the left of the word "**WARNING:**" must be a black exclamation point in a yellow equilateral triangle with a black outline, except that if the sign or label for the Covered Product does not use the color yellow, the symbol may be in black and white. The symbol must be in a size no smaller than the height of the word "**WARNING**". The warning shall be affixed to or printed on the Covered Product's packaging or labeling, or on a placard, shelf tag, sign or electronic device or automatic process, providing that the warning is displayed with such conspicuousness, as compared with other words, statements, or designs as to render it likely to be read and understood by an ordinary individual under customary conditions of purchase or use. A warning may be contained in the same section of the packaging, labeling, or instruction booklet that states other safety warnings, if any, concerning the use of the Covered Product and shall be at least the same size as those other safety warnings.

    3.5.    If ENCHANTE sells Covered Products via an internet website to customers located in California, the warning requirements of this section shall be satisfied if the foregoing warning appears either: (a) on the same web page on which a Covered Product is displayed and/or described; (b) on the same page as the price for the Covered Product; or (c) on one or more web pages displayed to a purchaser prior to purchase during the checkout process. Alternatively, a symbol consisting of a black exclamation point in a yellow or white equilateral triangle may appear adjacent to or immediately following the display, description,

price, or checkout listing of the Covered Product, if the warning statement appears elsewhere on the same web page in a manner that clearly associates it with the product(s) to which the warning applies

3.5 <u>Compliance with Warning Regulations</u>. ENCHANTE shall be deemed to be in compliance with the warning requirements of this Consent Judgment by either adhering to Section 3.3 and Section 3.4 of this Consent Judgment or by complying with any of the safe harbor warning requirements as set forth in the regulations of the State of California's Office of Environmental Health Hazard Assessment ("OEHHA") and in effect after the Effective Date.

## 4. MONETARY RELIEF

4.1. <u>Total Amount of Settlement</u>. In full satisfaction of all civil penalties and CCPG's attorney's fees, expert fees and all other costs and expenses incurred, including, without limitation, pursuant to California Code of Civil Procedure § 1021.5, with respect to the Action and the Covered Products, ENCHANTE shall pay the total settlement amount of forty-eight thousand dollars ($48,000), apportioned as follows.

    4.1.2 **Civil Penalty.** Of the settlement amount, ENCHANTE shall pay four thousand dollars ($4,000) as a civil penalty pursuant to HSC § 25249.7(b), to be apportioned in accordance with HSC § 25192, with 75% of these funds ($3,000) payable to OEHHA and the remaining 25% of the funds ($1,000) payable to Khansari Law Corporation - Trust Account in trust for CCPG as provided by HSC § 25249.12(d).

    4.13 **Attorneys' Fees and Costs**. Of the settlement amount, ENCHANTE shall pay forty-four thousand dollars ($44,000) as reimbursement of CCPG's attorney's fees and costs incurred in the Action and with respect to the Notices payable to Khansari Law Corporation.

4.2. **Delivery of Settlement Payments**. The Settlement payments called for in Section 4.1 shall be made within ten (10) days of the Effective Date as follows:

7
STIPULATED CONSENT JUDGMENT

4.2.1. ENCHANTE's payment of the civil penalty to OEHHA shall be delivered by United States Mail directly to OEHHA (with an electronic copy emailed to andre@khansarilaw.com) at the following address or such other address as updated by OEHHA at the time of payment:

    Mike Gyurics
    Fiscal Operations Branch Chief
    Office of Environmental Health Hazard Assessment
    P.O. Box 4010
    Sacramento, CA 95812-4010

4.2.2. ENCHANTE's payments of the civil penalty to CCPG and for CCPG's attorney's fees and costs shall be delivered via electronic wire (wire instructions to be provided by CCPG upon request by ENCHANTE), or via tracked overnight mail, or to the following address:

    Andre A. Khansari, Esq.
    KHANSARI LAW CORPORATION
    16133 Ventura Blvd., Suite 1200
    Encino, CA 91364

## 5. CLAIMS COVERED AND RELEASE

5.1. This Consent Judgment is a full, final, and binding resolution between Plaintiff, on behalf of itself, and acting in the public interest, and ENCHANTE, and all of ENCHANTE's parent companies, as well as all of ENCHANTE's officers, directors, members, shareholders, employees, attorneys, agents, parent companies, subsidiaries, divisions, affiliates, suppliers, franchisees, licensees, and retailers, their parent and all subsidiaries, and affiliates, thereof, their respective employees, agents and assigns, as well as all other upstream and downstream entities in the distribution chain for any of the Covered Products, and the predecessors, successors, and assigns of any of them, including ENCHANTE, The TJX Companies, Inc., T.J. Maxx of CA, LLC and Ross Stores, Inc. (collectively, the "Released Parties"), for any alleged violation of Proposition 65, and its implementing regulations, for failure to provide Proposition 65 warnings for the Covered Products with respect to DEHP, and fully resolves all claims that have been brought, or which

could have been brought in the Action up to and including the Effective Date. Plaintiff on behalf of itself, and in the public interest, hereby discharges the Released Parties from any and all claims, actions, causes of action, suits, demands, liabilities, damages, penalties, fees, costs and expenses asserted, or that could have been asserted, with respect to any alleged violation of Proposition 65 arising from the failure to provide Proposition 65 warnings about exposures to DEHP for the Covered Products, through and including the Effective Date.

5.2. It is possible that other claims not known to the Parties arising out of the facts contained in the 60-Day Notice of Violation or alleged in the Complaint relating to the Covered Products will hereafter be discovered. Plaintiff, on behalf of itself only, on the one hand, and ENCHANTE, on the other hand, acknowledge that this Consent Judgment is expressly intended to cover and include all such claims through and including the Effective Date, including all rights of action thereon. Plaintiff and ENCHANTE acknowledge that the claims released in Sections 5.1 and 5.2 may include unknown claims, and nevertheless intend to release such claims, and in doing so waive California Civil Code § 1542 which reads as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

5.3. Plaintiff understands and acknowledges that the significance and consequence of this waiver of California Civil Code § 1542 is that even if Plaintiff suffers future damages arising out of, resulting from, or related to the Covered Products, Plaintiff will not be able to make any claim for those damages against any of the Released Parties except as permitted under this Consent Judgment.

5.4. Compliance by ENCHANTE with the terms of this Consent Judgment shall constitute compliance with Proposition 65 with respect to exposure to DEHP in the Covered Products as set forth in the Notices and/or the Complaint.

5.5. ENCHANTE waives any and all claims against Plaintiff, its attorneys, and representatives, for any and all actions taken, or statements made (or those that could have been taken or made) by Plaintiff and its attorneys and other representatives, whether in the course of investigating claims or otherwise seeking enforcement of Proposition 65 arising out of or related to the Notice and/or the Action.

## 6. COMPLIANCE WITH HEALTH AND SAFETY CODE SECTION 25249.7(F)

6.1. Plaintiff and its attorneys agree to comply with the reporting form requirements referenced in California Health and Safety Code § 25249.7(f).

## 7. PROVISION OF NOTICE

7.1. When any Party is entitled to receive any notice or writing under this Consent Judgment, the notice or writing shall be sent by first class certified mail with return receipt requested, or by electronic mail, as follows:

> To Defendant:
>
> Carol R. Brophy, Esq.
> STEPTOE & JOHNSON LLP
> 1 Market Street, Spear Tower, Suite 3900
> San Francisco, California 94105
> Email: *cbrophy@steptoe.com*
>
> To Plaintiff:
>
> Andre A. Khansari, Esq.
> KHANSARI LAW CORP., APC
> 16133 Ventura Blvd., Suite 1200
> Encino, California 91436
> Email: *Andre@Khansarilaw.com*

7.2. Any party may modify the person and address to whom the notice is to be sent by sending the other Party notice that is transmitted in the manner set forth in section 7.1.

**8. COURT APPROVAL**

8.1. Upon execution of his Consent Judgment by all Parties, the Parties shall prepare and file a Motion for Approval of this Consent Judgment, and any related or required ancillary documents. This Consent Judgment shall not become effective until approved and entered by the Court. If this Consent Judgment is not entered by the Court, it shall be of no force or effect, and shall not be introduced into evidence or otherwise used in any proceeding for any purpose.

**9. GOVERNING LAW AND CONSTRUCTION**

9.1. The terms of this Consent Judgment shall be governed by the laws of the State of California.

**10. ENTIRE AGREEMENT**

10.1. This Consent Judgment contains the sole and entire agreement and understanding of the Parties with respect to the entire subject matter hereof, and any and all prior discussions, negotiations, commitments, or understandings related thereto, if any, are hereby incorporated into this Consent Judgment.

10.2. There are no warranties, representations, or other agreements between the Parties except as expressly set forth herein. No representations, oral or otherwise, express or implied, other than those specifically referred to in this Consent Judgment have been made by the Parties.

10.3. No other agreements not specifically contained or referenced herein, oral or otherwise, shall be deemed to exist or to bind any of the Parties. Any agreements specifically contained or referenced herein, oral or otherwise, shall be deemed to exist or to bind any of the Parties only to the extent that they are expressly incorporated herein.

10.4. No supplementation, modification, waiver, or termination of this Consent Judgment shall be binding unless executed in writing by the Party to be bound, and approved and ordered by the Court.

10.5. No waiver of any of the provisions of this Consent Judgment shall be deemed to constitute a waiver of any of the other provisions of this Consent Judgement whether or not similar, nor shall such waiver constitute a continuing waiver.

## 11. RETENTION OF JURISDICTION; ENFORCEMENT OF CONSENT JUDGMENT

11.1. This Court shall retain jurisdiction of this matter to implement or modify the Consent Judgment.

11.2. Only after it complies with <u>Section 11.4</u> below may any Party, by motion or application for an order to show cause filed with this Court, enforce the terms and conditions contained in this Consent Judgment.

11.3. If ENCHANTE distributes for sale in the State of California, or directly sells in the State of California a Covered Product without a Proposition 65 warning in the future, and subsequently CCPG alleges that any such product fails to qualify as a Reformulated Covered Product (for which CCPG alleges that no warning has been provided), then CCPG shall inform ENCHANTE in a reasonably prompt manner of CCPG's test results. ENCHANTE shall, within thirty (30) days following such notice, provide CTWG with testing information, from an independent third-party laboratory demonstrating ENCHANTE's compliance with this Consent Judgment. The Parties shall first attempt to resolve the matter prior to taking any further legal action with the Court.

11.4. **Good Faith Attempt to Resolve Disputes**. If a dispute arises with respect to any Party's compliance with the terms of this Consent Judgment entered by the Court, the Parties shall meet in person or by telephone and endeavor to resolve the dispute in an amicable manner. No action or motion may be filed in the absence of such a good faith attempt to

resolve the dispute beforehand. In the event an action or motion is filed, however, the prevailing party may seek to recover costs and reasonable attorneys' fees for each violation. As used in the preceding sentence, the term "prevailing party" means a party who is successful in obtaining relief more favorable to it than the relief that the other party was amenable to providing during the parties' good faith attempt to resolve the dispute that is the subject of the Action.

## 12. NO EFFECT ON OTHER SETTLEMENTS

12.1. Nothing in this Consent Judgment shall preclude Plaintiff from resolving any claim against another entity on terms that are different from those contained in this Consent Judgment.

## 13. EXECUTION IN COUNTERPARTS

13.1. This Consent Judgment may be executed in counterparts, each of which shall be deemed to be an original, and all of which, taken together, shall constitute the same document. Execution of the Consent Judgment by e-mail, facsimile, or other electronic means, shall constitute legal and binding execution and delivery. Any photocopy of the executed Consent Judgment shall have the same force and effect as the original.

## 14. AUTHORIZATION

14.1. The undersigned are authorized to stipulate to, enter into, and execute this Consent Judgment on behalf of their respective parties, and have read, understood, and agree to all of the terms and conditions of this Consent Judgment.

**15. DRAFTING.** The terms of this Consent Judgment have been reviewed by the respective counsel for each Party to this settlement prior to its signing, and each Party has had an opportunity to fully discuss the terms with counsel. The Parties agree that, in any

subsequent interpretation and construction of this Consent Judgment entered thereon, the terms and provisions shall not be construed against any Party.

**16. MODIFICATION.** This Consent Judgment may be modified only by further written stipulation of the Parties and the approval of the Court or upon the granting of a motion brought to the Court by either Party.

**17. ATTORNEY'S FEES**

17.1 Except as explicitly provided herein each Party is to bear its own fees and costs with respect to the Action. A Party, however, who unsuccessfully brings or contests an action or proceeding arising out of this Consent Judgment shall be required to pay the prevailing party's reasonable attorney's fees and costs.

17.2 Nothing in this Section 17 shall preclude a Party from seeking an award of sanctions pursuant to law.

**18. SEVERABILITY.** If subsequent to Court approval of this Consent Judgment, any part or provision is declared by a Court to be invalid, void, or unenforceable, the remaining portions or provisions shall continue in full force and effect.

*[Signatures Appear on the following Page]*

IT IS SO STIPULATED AND AGREED TO:

                                                **CA CITIZEN PROTECTION GROUP, LLC**

Dated: April  6 , 2022

                                                By: *Tal Ohana*
                                                Name: Tal Ohana
                                                Its: Manager

                                                **ENCHANTE ACCESSORIES, INC.**

Dated: April 6, 2022

                                                By:
                                                Name: ADAM COHEN
                                                Its: VP OF FINANCE

## ORDER AND JUDGMENT

    IT IS HEREBY ORDERED, ADJUDGED AND DECREED that, pursuant to Health & Safety Code § 25249.7(f)(4) and Code of Civil Procedure § 664.6, and based upon the Parties' Stipulation, and good cause appearing, this Consent Judgment is approved, and Judgment is hereby entered according to its terms.

Dated: _____          _____
                                                         Judge of the Superior Court