Reuben Yeroushalmi (SBN 193981)
reuben@yeroushalmi.com
**YEROUSHALMI & YEROUSHALMI***
9100 Wilshire Boulevard, Suite 240W
Beverly Hills, California 90212
Telephone: 310.623.1926
Attorneys for Defendant
CONSUMER ADVOCACY GROUP, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENCHANTE ACCESSORIES, INC.<br><br>Plaintiff,<br><br>vs.<br><br>CONSUMER ADVOCACY GROUP, INC.,<br><br>Defendant | CASE NO. 4:22-cv-05035-DMR<br>*The Honorable Donna M. Ryu*<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT CONSUMER ADVOCACY GROUP'S MOTION TO DISMISS COMPLAINT**<br><br>**[Filed Concurrently with Notice of Motion and Memorandum of Points and Authorities; Declaration of Reuben Yeroushalmi; Declaration of Michael Marcus; and [Proposed] Order**<br><br>**Date: December 8, 2022**<br>**Time: 1:00 p.m.**<br>**Courtroom: 4** |

-1-

CAG's Request for Judicial Notice in Support of Motion to Dismiss
*Enchante Accessories, Inc. v. Consumer Advocacy Group, Inc.*
4:22-cv-05035-DMR

# I. INTRODUCTION

Pursuant to Federal Rule of Evidence 201, Defendant Consumer Advocacy Group ("CAG") hereby respectfully requests that the Court take judicial notice of the following exhibits in support of its concurrently filed Motion to Dismiss the Complaint.

Following Exhibits to the Declaration of Reuben Yeroushalmi:

1) **Exhibit A:** Enchante's answer to the First Amended Complaint in Consumer Advocacy Group. V. Ross Stores, Inc. et al. Los Angeles Superior Court, Case No. 19STCV25883

2) **Exhibit B:** Ross Stores, Inc.'s answer to the complaint in Consumer Advocacy Group. V. Ross Stores, Inc. et al. Los Angeles Superior Court, Case No. 19STCV25883

3) **Exhibit C:** Copy of the Court's Docket in Consumer Advocacy Group v. *Ross Stores, Inc. et al. Alameda County Superior Court, Case No. RG19034033*.

4) **Exhibit D:** Enchante's answer to the complaint in Consumer Advocacy Group v. *Ross Stores, Inc. et al. Alameda County Superior Court, Case No. RG19034033* filed on or about May 2, 2022.

5) **Exhibit E:** Order denying Ross Stores, Inc's Motion for Summary Judgment in Consumer Advocacy Group v. *Ross Stores, Inc. et al. Alameda County Superior Court, Case No. RG19034033*.

6) **Exhibit F:** Copy of the Court's Docket in *Consumer Advocacy Group v Ross Stores, Inc. et al., Los Angeles Superior Court, Case No. 20STCV18693*

7) **Exhibit G:** Notice of Related Cases filed in *Consumer Advocacy Group v Ross Stores, Inc. et al., Los Angeles Superior Court, Case No. 20STCV18693*.

8) **Exhibit H:** Enchante's answer to the complaint in *Consumer Advocacy Group v Ross Stores,*

-2-

*Inc. et al., Los Angeles Superior Court, Case No. 20STCV18693.*

9) **Exhibit I:** Ross' answer to the complaint in *Consumer Advocacy Group v Ross Stores, Inc. et al., Los Angeles Superior Court, Case No. 20STCV18693.*

10) **Exhibit J:** Copy of the Court's Docket in *Consumer Advocacy Group v. Ross Stores, Inc. et al. Los Angeles Superior Court, Case No. 20STCV45871.*

11) **Exhibit K:** Ross' answer to the First Amended Complaint in *Consumer Advocacy Group v. Ross Stores, Inc. et al. Los Angeles Superior Court, Case No. 20STCV45871.*

12) **Exhibit L:** Enchante's answer to the First Amended Complaint in *Consumer Advocacy Group v. Ross Stores, Inc. et al. Los Angeles Superior Court, Case No. 20STCV45871.*

13) **Exhibit M:** Copy of the Court's Docket in *Consumer Advocacy Group v. Ross Stores, Inc., Los Angeles Superior Court, Case No. 22STCV20056.*

14) **EXHBIT N:** Enchante's answer in Consumer Advocacy Group v. Ross Stores, Inc., Los Angeles Superior Court, Case No. 22STCV20056.

15) **EXHIBIT O:** Listing of DEHP Di(2-ethylhexyl)phthalate (DEHP) on the California Office of Environmental Health Hazard Assessment's website as a carcinogen and reproductive toxin.

16) **Exhibit Q** : The operative complaint filed against Enchante and Ross in *Consumer Advocacy Group v. Ross Stores, Inc., Los Angeles Superior Court, Case No. 20STCV45871.*

17) **Exhibit R** : The operative complaint filed against Enchante and Ross in *Consumer Advocacy Group v. Ross Stores, Inc., Alameda Superior Court, Case No. RG19034033.*

18) **Exhibit S** : The operative complaint filed against Enchante and Ross in *Consumer Advocacy Group v. Ross Stores, Inc., Los Angeles Superior Court, Case No. 20STCV18693.*

-3-

CAG's Request for Judicial Notice in Support of Motion to Dismiss
*Enchante Accessories, Inc. v. Consumer Advocacy Group, Inc.*
4:22-cv-05035-DMR

Following Exhibits to the Declaration of Michael Marcus:

19) **Exhibit AA** Consent Judgment between CCPG and CAG for DEHP in organizers dated April 6, 2022.

20) **Exhibit BB** Minute Order of the Court granting consent judgment between CCPG and Enchante

21) **Exhibit CC** Summary of settlements and Consent Judgments entered by Enchante

22) **Exhibit DD** Out of Court Settlement Agreements entered by Enchante for DEHP.

23) **Exhibit EE** Consent Judgements entered by Enchante with Proposition 65 Plaintiffs for DEHP.

24) **Exhibit FF** Consent Judgments entered by Ross involving Enchante product for DEHP.

## II. LEGAL STANDARDS

A court may take judicial notice of a fact "not subject to reasonable dispute [and] . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Federal Rule of Evidence 201(b). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

When ruling on a motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007)*.

Courts may take judicial notice of records and reports of administrative bodies. *See Interstate Natural Gas Co. v. Southern Cal. Gas Co., 209 F.2d 380, 385 (9th Cir. 1953).* Courts regularly take judicial notice of "undisputed matters of public record, including documents on file in federal or state courts." *Harris v. Cty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012).* The court may take judicial notice of state court records. *See Bias v. Moynihan, 508 F.3d 1212, 1225*

-4-

CAG's Request for Judicial Notice in Support of Motion to Dismiss
*Enchante Accessories, Inc. v. Consumer Advocacy Group, Inc.*
4:22-cv-05035-DMR

*(9th Cir. 2007); and Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964).*

A publicly available document, available on a publicly accessible website, it is capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned, and it is thus subject to judicial notice. *Rock the Vote v. Trump*, No. 20-CV-06021-WHO, 2020 WL 6342927, at *3 n.1 (9th Cir. 2020); *see also In re Facebook, Inc. Sec. Litig.*, 477 F. Supp. 3d 980, 1010 (9th Cir. 2020)

### III. ARGUMENT

The Court should consider the exhibits to the Declaration of Reuben Yeroushalmi and Declaration of Michael Marcus when ruling on CAG's Motion to Dismiss for the following reasons:

**Exhibits A-N, Q-S to Declaration of Reuben Yeroushalmi:**

Exhibits A-N and Q-S are various documents filed with the Los Angeles County Superior Court in Case Numbers: *19STCV25883, RG19034033, 20STCV18693, and 20STCV45871, 22STCV20056* including CAG's complaints, Enchante and Ross' answers to the complaints, notice of related cases and a copy of the court docket in these cases litigated between CAG and Enchante. These are all records of a Superior Court in the State of California. Federal Courts regularly take judicial notice of records of the state court, therefore, this Court can take judicial notice of these Exhibits. *See Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007); Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964) and Harris v. Cty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012).*

**Exhibits AA, BB, EE, and FF to Declaration of Michael Marcus:**

Exhibits AA, BB, EE, and FF are stipulated consent judgments which Enchante and Ross have entered with Proposition 65 enforcers. These Consent Judgments have been submitted to the Superior Court of California for approval. Therefore, they are part of the record of cases in the

-5-

Superior Court in the State of California. As explained above, Federal Courts can take judicial notice of documents filed in a state court and therefore the Court here may judicially notice these documents because they are capable of accurate and the accuracy of these documents cannot reasonably be questioned. *See Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007); Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964) and Harris v. Cty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012).*

**Exhibits O to Declaration of Reuben Yeroushalmi and Exhibits CC and DD to Declaration of Michael Marcus**

Exhibit O is the listing of DEHP Di(2-ethylhexyl) phthalate ("DEHP") on the California Office of Environmental Health Hazard Assessment's ("OEHHA") website as a carcinogen and reproductive toxin. Exhibits CC and DD are private settlements between Enchante and Proposition 65 enforcers which are reported to the Attorney General's website. These are publicly available documents on the OEHHA and Office of California Attorney General's website. As publicly available document, available on a publicly accessible website, they are capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned, and it is thus subject to judicial notice. *See Rock the Vote v. Trump, No. 20-CV-06021-WHO, 2020 WL 6342927, at \*3 n.1 (9th Cir. 2020);* see also In re Facebook, Inc. Sec. Litig.*, 477 F. Supp. 3d 980, 1010 (9th Cir. 2020)* CAG requests that the Court take judicial notice of OEHHA's website which lists DEHP as a carcinogen since it is a publicly available documents and thus its accuracy cannot be reasonably questioned.

Similarly, settlements between Enchante and Proposition 65 enforcers for DEHP, including settlements which require warnings for cancer for DEHP, are also available to the public on the California Attorney General's website and thus these documents are the appropriate subject of a

CAG's Request for Judicial Notice in Support of Motion to Dismiss
*Enchante Accessories, Inc. v. Consumer Advocacy Group, Inc.*
4:22-cv-05035-DMR

judicial notice. *Id.*

Further, the California Attorney General maintains the settlement agreements as records, and as maintaining these records is an official act of the executive department of a state of the United States. It may properly be judicially noticed. *See Interstate Natural Gas Co. v. Southern Cal. Gas Co., 209 F.2d 380, 385 (9th Cir. 1953).* Therefore, in matter at hand, the settlement agreement constitutes a source "whose accuracy cannot be reasonably questioned" because they are publicly available documents and also separately because they are records maintained by an executive department of the State of California. These are both individual grounds, each of which is proper to judicially notice the private settlement agreements.

## IV. CONCLUSION

This Court may appropriately take judicial notice of the exhibits attached to the Declaration of Reuben Yeroushalmi and the Declaration of Michael Marcus, filed concurrently with CAG's Motion to Dismiss Enchante's Complaint.

Dated: October 28, 2022

*s/ Reuben Yeroushalmi*
Reuben Yeroushalmi
Attorney for Defendant
Consumer Advocacy Group, Inc.