1  Reuben Yeroushalmi (SBN 193981)
2  reuben@yeroushalmi.com
   **YEROUSHALMI & YEROUSHALMI***
3  9100 Wilshire Boulevard, Suite 240W
   Beverly Hills, California 90212
4  Telephone: 310.623.1926
   Attorneys for Defendant
5  CONSUMER ADVOCACY GROUP, INC.

6

7                    **UNITED STATES DISTRICT COURT**

8                    **NORTHERN DISTRICT OF CALIFORNIA**

9  ENCHANTE ACCESSORIES, INC.              CASE NO. 4:22-cv-05035-DMR

10         Plaintiff,                      **DEFENDANT'S NOTICE OF MOTION AND
11         vs.                            MOTION; MEMORANDUM OF POINTS
                                          AND AUTHORITIES IN SUPPORT OF
12 CONSUMER   ADVOCACY   GROUP,           DEFENDANT CONSUMER ADVOCACY
   INC.,                                  GROUP'S MOTION TO DISMISS
13                                        COMPLAINT**
14         Defendant
                                          **[Filed Concurrently with Request for Judicial
15                                        Notice; Declaration of Reuben Yeroushalmi;
                                          Declaration of Michael Marcus; and [Proposed]
16                                        Order**
17
                                          **Date: December 8, 2022**
18                                        **Time: 1:00 p.m.**
                                          **Courtroom: 4**
19

20
21         On December 8, 2022, at 1:30 p.m., in Courtroom 4 of the above-entitled Court, located at

22 Courtroom 4 – 3rd Floor, 1301 Clay Street, Oakland, CA 94612, Defendant Consumer Advocacy

23 Group ("CAG") hereby moves this Court for an order dismissing Plaintiff Enchante Accessories,

24 Inc. ("Enchante" or "Plaintiff") Complaint with prejudice pursuant to Federal Rule 12(b)(1),

25 12(b)(6), 12(b)(3) and 12(f), and an award of fees and costs incurred in bringing the motion in an

26 amount subject to proof. This Motion is based on this Notice, the Memorandum of Points and

27 Authorities, the accompanying Declarations and Request for Judicial Notice along with all other

28 matters of which the Court may take notice.

CAG's Memorandum of Points and Authorities
in Support of Motion to Dismiss Complaint                *Enchante Accessories, Inc. v. Consumer Advocacy Group, Inc.*
                                                                    4:22-cv-05035-DMR

## **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................1

II.   FACTUAL BACKGROUND...............................................................................2

A.    Enchante's Allegations Against CAG's Arise from CAG's Lawsuits and Related Activity
      in How those Lawsuits Are Pursued. ...............................................................2

      B.    The Pending State Lawsuits Involve the Same Issues Raised by The Complaint and are Far
            Advanced With Relatively Near Trial Dates. ........................................... 4

III.  LEGAL STANDARD .........................................................................................6

IV.   ARGUMENT.......................................................................................................7

      A.    Dismissal is Proper Under Rule 12(b)(1) Because the Court Lacks Subject Matter Jurisdiction
            Over the Claims ...................................................................................... 7

            1.    The Declaratory Judgment Claim (Count 1) Should Be Dismissed ..........................7

            2.    Non-Declaratory Judgment Claims Should Be Dismissed.................................9

            3.    Injunctive Relief Claims Are Subject To Dismissal...................................10

            4.    Dismissal Under *Colorado River* In the Alternative ..................................11

            5.    No Basis for Pendant Jurisdiction Over Other Claims ...................................12

      B.    Plaintiff Intentionally Filed Suit In Wrong Venue ...................................... 13

      C.    Counts 1 through 3 Should be Dismissed Under Rule 12(b)(6) ...................... 13

            1.    Counts 1 and 2 For Violation of the First Amendment Should be Dismissed
                  Because CAG is Not State Actor.........................................................13

            2.    Counts 1 and 2 Fail to State a Claim Under 42 U.S.C. § 1983 .................................14

            3.    *Noerr Pennington* Bars Enchante's Claims.............................................20

      D.    California Litigation Privilege Also Bars Plaintiff's Claims.......................... 22

      E.    Anti-SLAPP and Award of Fees and Costs. ............................................ 23

      F.    The Complaint Fails To Properly Plead Tortious Interference With Contract ........................... 24

      G.    Dismissal Under 12(b)(7) For Failing to Join Indispensable Party—State of California ............ 25

V.    CONCLUSION .................................................................................................25

*Enchante Accessories, Inc. v. Consumer Advocacy Group, Inc.*
                                                                             4:22-cv-05035-DMR

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Adobe Sys. Inc. v. Coffee Cup Partners, Inc.*, No. 11-cv-2243-CW, 2012 WL 3877783, at *18 (N.D. Cal. Sept. 6, 2012) ...............................................................................................................19, 30

*Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52–53 (1999) ..............................................22, 23

*Ashcroft v. Iqbal*, 556 U.S. at 678-79; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)...13, 21

*B&G Foods North America v. Embry*, 29 F.4th 527 (9th Cir. 2022) ...................................20, 26, 27

Ballinger v. City of Oakland, 24 F.4th 1287, 1300 (9th Cir.)......................................................22

*Baxter Healthcare Corp. v. Denton, 120 Cal.App.4th 333, 355 (2004).* ........................................11

*Blanchard v. DIRECTV, Inc.*, 123 Cal. App. 4th 903, 919 (2004) ...............................................29

*Blum v. Yaretsky,* 457 U. S. 991, 1004 (1982).....................................................................22, 23

*Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015). ............................12

*Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942); ....................................................................13

*Cal. Chamber of Comm v. Council for Educ. & Rsch. on Toxics*, 29 F.4th 468, 472 (9th Cir. 2022) ............................................................................................................................31

*Collins v. Allstate Indem. Co.*, 428 Fed. Appx. 688, 690 (9th Cir. 2011).....................................29

*Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976)......................13

*Cont. Cas. Co. v. Robsac Indust's*, 947 F.2d 1367, 1371–73 (9th Cir. 1991). ................................14

*Daniels v. Robbins*, 182 Cal. App. 4th 204, 214 (2010). ...........................................................29

*Divino Grp. LLC v. Google* LLC, No. 19-cv-04749-VKD, 2021 U.S. Dist. LEXIS 3245, at *31-32 (ND Cal. 2021)(........................................................................................................20

*Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614 (1991), .................................................25

*Equilon Enters. v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 67 (2002)..........................................29

*Florer v. Cong. Pidyon Shevuyim, N.A.*, 639 F.3d 916, 924.......................................................24

*Gaskell v. Weir*, 10 F.3d 626, 628 (9th Cir. 1993)....................................................................23

*Geneva Towers Tenants Org. v. Federated Mortg. Inv'rs*, 504 F.2d 483, 487 ..............................22

*Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) ...........................................16

*Hanover Ins. Co. v. Fremont Bank*, 68 F. Supp. 3d 1085, 1111 (N.D. Cal. 2014)..........................14

*Hi-Top Steel Corp. v. Lehrer*, 24 Cal. App. 4th 570, 577-78 (1994).....................................26, 27

*James R. Glidewell Dental Ceramics*, 2013 WL 655314, at *14  ...............................................27

*Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ......................17

*King v. Russell*, 963 F.2d 1301, 1304 (9th Cir.1992). ..............................................................19

*Kirtley v. Rainey*, 326 F. 3d 1088, 1094 (9th Cir. 2003). ..........................................................23

*Long Beach Unified Sch Dist. v. Margaret Williams, LLC (2019) 43 Cal.App.5th 87, 107,* ............16

*Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 941 (1982) ..............................................22, 23

*Makaeff v. Trump Univ.*, 715 F.3d 254, 261 (9th Cir. 2013) ....................................................29

*Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928 (2019)..............................19, 24

*Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 839 (9th Cir. 2001);.........................................29

*Monell v. Dept. of Social Serv's of the City of New York*, 436 U.S. 658, 686 (1978). ...............20, 22

*Monster Beverage Corp. v. Herrera*, No. EDCV1300786VAPOPX, 2013 WL 12131740, at *12 (C.D. Cal. Dec. 16, 2013),...................................................................................................15

*Montanore Minerals*, 867 F.3d at 1165 ........................................................................17, 18

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)). ...........................17

*Navellier v. Sletten*, 29 Cal.4th 82, 88 (2002)..................................................................30

*Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984, 995 n.13 (9th Cir. 2013)...............................24

*Niantic, Inc. v. Global++*, Case No. 19-cv-03425-JST, 2020 WL 1548465, at *8 (N.D. Cal. Jan. 30, 2020)..................................................................................................................30

*Pac. Gas & Electric Co. v. Bear Stearns & Co.*, 50 Cal.3d 1118, 1126 (1990)....................31

*Pasadena Republican Club v. W. Just. Ctr.*, 985 F.3d 1161, 1167 (9th Cir.)...............21, 22

*Pineda v. Sun Valley Packing, L.P.,* No. 1:20-cv-00169-DAD-EPG, 2022 U.S. Dist. LEXIS 79667, at *12-15...................................................................................................................21

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018)......................................................................................................................30

*Polido v. State Farm Mut. Auto. Ins. Co.*, 110 F.3d 1418, 1423 (9th Cir. 1997)...............15

*Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991);..........................................................21

*R.R. St. & Co. v. Transp. Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011)...............................14

*Rawson v. Recovery Innovations, Inc*., 975 F.3d 742, 753 (9th Cir. 2020), cert. denied, 142 S. Ct. 69 (2021)......................................................................................................................22

*Real Estate Bar Ass'n for Mass., Inc. v. Nat'l Real Estate Info. Servs,* 608 F.3d 110, 122 (1 st Cir. 2010)......................................................................................................................23, 24

*Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982) ..................................................................24

*Rimac v. Duncan*, 319 Fed. Appx. 535 (9th Cir. March 10, 2009).......................................12

*Roberts v. AT&T Mobility LLC,* 877 F.3d 833, 845 (9th Cir. 2017)......................................20

*Rock River Commc'ns, Inc. v. Univ. Music Grp., Inc.*, 745 F.3d 343, 351–52 (9th Cir. 2014);........28

*Savage v. Glendale Union High School*, 343 F.3d 1036, 1039 Fn.1 (9th Cir. 2003). ......................12

*Scotts Co. LLC v. Seeds, Inc.*, 688 F.3d 1154, 1158–59 (9th Cir. 2012) .................................14

*Seattle Fishing Services LLC v. Bergen Industries & Fishing Co.*, 242 F. App'x 436, 438 (9th Cir. 2007)..................................................................................................................................22

*See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). ...........17

*Select Comfort Corp. v. Sleep Better Store, LLC*, 838 F. Supp. 2d 889, 899 (D. Minn. 2012)........27

*Seneca Ins. Co. v. Strange Land, Inc.*, 862 F.3d 835, 842 (9th Cir. 2017 ..........................17

*Silberg v. Anderson*, 50 Cal. 3d 205, 211-12 (1990). ...........................................................28

*Simmons v. Sacramento Cnty. Sup. Ct*, 318 F.3d 1156, 1161 (9th Cir. 2003)........................21

*Snodgrass v. Provident Life & Accident Ins. Co.*, 147 F.3d 1163, 1167 (9th Cir. 1998) ...............16

*Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006)......................................................................12

*Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1007 (9th Cir. 2008); ...................26

*U.S. v. Stanley*, 109 U.S. 3, 17 (1883). ...................................................................................19

*Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002);..............................12

*Westlands Water Dist. Distribution Dist. v. Nat. Res. Def. Council, Inc.*, 276 F. Supp. 2d 1046, 1054 (E.D. Cal. 2003). ..................................................................................................................26

*Wilcox v. Sup, Ct*, 27 Cal. App. 4th 809, 819 (1994)). ...........................................................29

*Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989) ...............................................26

**Statutes**

HSC § 25249.7(c) ....................................................................................................................25

28 U.S.C. § 1367(a). .................................................................................................................19

28 U.S.C. § 2201 ......................................................................................................................13

28 U.S.C. § 2201(a) ..................................................................................................13, 14
42 U.S.C. § 1983 ...............................................................................................15, 21, 27
Cal. Civ. Code §47.......................................................................................................28
Cal. Civ. Proc. § 425.16(e). ...................................................................................29, 30
Cal. HSC § 25249.7(d) ................................................................................................23
Clean Water Act, 33 U.S.C. § 1365 ............................................................................21
Code Civ.Proc., §  430.10, subd. (c). ..........................................................................11
Endangered Species Act, 16 U.S.C. § 1540(g), .........................................................21
HSC § 25249.6...................................................................................................... 13, 25
HSC § 25249.7(d) ............................................................................................15, 23, 25
42 U.S.C. § 300j-8 .......................................................................................................21


**Rules**
Fed. R. Civ. P. 12(h)(3).................................................................................................12
Federal Rule 12(b)(1)....................................................................................................12
Federal Rule 8(a)(2) ......................................................................................................12
Federal Rule of Civil Procedure 12(b)(1) ..............................................................12, 13
Federal Rule of Civil Procedure 12(b)(3), ...................................................................19
FRCP 12(b)(6). .............................................................................................................21

CAG's Memorandum of Points and Authorities
in Support of Motion to Dismiss Complaint

*Enchante Accessories, Inc. v. Consumer Advocacy Group, Inc.*
4:22-cv-05035-DMR

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

It is apparent from Enchante's long and complicated complaint it filed this lawsuit to retaliate against CAG for pursuing valid state Court claims against Enchante and its retailer Ross Stores. Enchante seeks to avoid a decision in the pending California state court litigation on these issues and instead is improperly asks this Court to intercede in the state court litigation, enjoin its progress and issue opinions on pending affirmative defenses Enchant asserted in those matters set to be tried in early to mid-2023.  In these underlying suits Enchante and Ross have been sued by CAG[1] because Enchante and Ross have (like they have many times before) placed toxic products into the stream of commerce, in violation of California's Health and Safety Code ("HSC"), Proposition 65, designed to protect the public from harmful toxins.  (*Declaration of Reuben Yeroushalmi* ("*Yeroushalmi Decl.*"), ¶ 4, Exhibits Q–S; *Request for Judicial Notice* ("*RFJN*"), RFJN Nos. 16-18, Exhibits Q–S). CAG is a private non-profit organization, incorporated in California, whose mission is to enforce California consumer protection laws including protecting people of California from toxic products (*Declaration of Michael Marcus*, ¶ 7 ("*Marcus Decl.*")). CAG has successfully brought suit against Ross on numerous occasions, for Plaintiff's sale of toxic products/Ross cases for Di(2-ethylhexyl) phthalate ("DEHP"). (*Marcus Decl.*, ¶ 6, Exhibit FF; *RFJN*, No. 24, Exhibit FF).

Enchante's lawsuit invoking the First Amendment, Section 1983 and state law tortious interference with a business relation claim seeks to improperly influence the outcome four (4) different ongoing state court proceedings between the parties concerning overlapping claims and affirmative defenses to CAG's claims that Plaintiff violated Proposition 65 by failing to include warning labels for the DEHP in its products that are sold in the state of California. Enchante's claims fail for at least the following reasons:

First, Plaintiff's Federal claims are not within the subject matter jurisdiction of this Court and

---

[1] CAG's State complaints allege DEHP as both a carcinogen and a reproductive toxin

exercising pendant jurisdiction over Plaintiff's state law claim would be improper without diversity jurisdiction (neither asserted nor existent). Claim 1 for First Amendment declaratory judgment falls entirely within the Court's broad discretion under the Declaratory Judgment Act and Anti-Injunction Act to *abstain* from exercising jurisdiction over. Claim 2, styled as a separate First Amendment Claim seeking injunctive and monetary relief under Section 1983 of Title 42 of the U.S. Code, should also be dismissed pursuant to the *Colorado River* doctrine because it is duplicative of the pending state court proceedings and stands to influence and/or negatively affect the results of these proceedings well underway. Claim 3 for tortious interference should also be dismissed because there is no independent basis for the Court to exercise jurisdiction over the state law tort claim.

Second, each cause of action fails as a matter of law to state plausible claims for relief. Count One and Two are both premised upon CAG's enforcement of the Proposition 65 warning against Enchante as violating the First Amendment rights, but these claims cannot survive because CAG is not a state actor or acting under color of the law. Further, all Counts are barred by the *Noerr-Pennington* doctrine because each arises directly from CAG's lawsuits and related petitioning activity. Similarly, Claim 3 for tortious interference is not plausibly or properly pled, barred by California litigation privilege and is subject to Anti-SLAPP (for which fees are available).

Third, venue is improper because CAG is based in Los Angeles County with no business or operations in the Northern District of California (*Marcus Decl.*, ¶ 2) and very few if any facts related to the claims in this lawsuit occurred in this judicial district. Fourth, the Court can dismiss this lawsuit because Plaintiff intentionally failed to join the State of California or attorney general as defendant to this lawsuit even though it is challenging the Constitutionality of Proposition 65. Thus, the Court can rely on any of these bases to dismiss this lawsuit with prejudice.

## II.  FACTUAL BACKGROUND

### A.  Enchante's Allegations Against CAG's Arise from CAG's Lawsuits and Related Activity in How those Lawsuits Are Pursued.

1    Enchante alleges that CAG filed enforcement actions against Enchante's products that

2  employ improper tactics and interfere with its business relationships with Ross Stores its retailers.

3  (Ecf Dkt. No. 1 ("Complaint"), p. 20, ¶¶ 71-79). Specifically, Enchante Complaint is based on

4  Enchante and/or Ross being a defendant in four (4) cases brought by CAG and a pending consent

5  judgment in a fifth case. (*Id.* at ¶ 72). Enchante alleges litigation related conduct such as CAG

6  sending pre-suit required Proposition 65 notices to retailers (*Id.* at ¶¶ 73, 83-87), settlement

7  communications during suit (*Id.* at ¶ 74), filing suit against Ross (*Id.* at ¶¶ 75-76), state Court trial

8  schedule (*Id.* at ¶ 77), discovery conduct in litigation (*Id.* at ¶ 78), and whether the warning required

9  in Proposition 65 is constitutional or false and misleading (*Id.* at ¶ 79), how CAG litigated its

10  Proposition 65 cases, such as whether its settlement demands have been reasonable and how it has

11  settled with other parties (*Id.* at ¶¶ 79-82), and CAG's means of settling cases such as an issue from

12  2004 (*Id.* at ¶¶ 88, 91) and its counsel being disqualified in an unrelated matter in 2020 (*Id.* at ¶ 88).

13    The key allegations supporting Plaintiff's claims in this action are packed into Plaintiff's

14  description of the claimed five on-going Proposition 65 cases that CAG is prosecuting against

15  Enchante and Ross, in California state courts. (*Id.* at 92-113). According to Plaintiff, "CAG is

16  pursuing the *modus operandi* and associated statutory and regulatory abuses described in the

17  preceding sections." (*Id.* at 92 (emphasis in original)). Paragraphs 93-100 in the Complaint concern

18  pre-petition statements in furtherance of Los Angeles Superior Court, Case No. 19STCV25883, that

19  was filed by CAG on July 23, 2019, against Enchante and Ross for Proposition 65 warning

20  violations due to the amount of DEHP in cosmetic bags and notebooks ("Cosmetic Bag I and

21  Unicorn Notebook"). (*See Id.* at ¶ 94 (receipt of CAG's Notice of Violation), ¶ 95 (refusal to make

22  a reasonable prelitigation demand), ¶ 96 (discovery disputes), ¶ 97 (expert witness designations), ¶

23  98 (CAG's dismissal of and motion to compel), ¶ 99 (Settlement communications)).

24    Paragraphs 100-102 concern pre-petition and litigation statements in Alameda County

25  Superior Court, Case No. RG19034033, filed by CAG on September 16, 2019 against Ross for

26  Proposition 65 warning violations due to the amount of DEHP in plastic weekly planners (the

"Weekly Panner"). (*See Id*. at ¶ 101 (CAG petitioning Court for leave to add Enchante to suit); ¶102 (CAG's refusal to dismiss Ross from the case), ¶ 103 (trial date set for February 2023)).

Paragraphs 103-106 concern pre-petition and petitioning statements in Los Angeles Superior Court, Case No. 20STCV18693, filed by CAG on May 15, 2020 against Ross for Proposition 65 warning violations due to the amount of DEHP in cosmetic bags ("Cosmetic Bag II"). (*See Id*. at ¶ 104 (Service of Notice of Violation), ¶ 105 (CAG filed suit against Ross), ¶ 106 (Notice of Violation)).

Paragraphs 107-109 concern pre-petition and petitioning statements in Los Angeles Superior Court, Case No. 20STCV45871, filed by CAG on December 1, 2020 against Ross for Proposition 65 warning violations due to the amount of DEHP in "Magnifying Mirrors With Suction Cups" ("Suction Cup Mirrors"). (*Id*. at ¶ 108 (CAG filed suit against Ross, agreed not to oppose Enchante's motion to intervene), ¶ 109 (discovery progress; trial scheduled October 24, 2022)).

Paragraphs 110-113 concern pre-petition and petitioning statements in Los Angeles Superior Court, Case No. 22STCV20056, filed by CAG on June 20, 2022 against Ross for Proposition 65 warning violations. (*Id*. at ¶ 110 (Both California Citizen Protection Group ("CCPG") and CAG served Enchante and Ross with Notice of Violations related to the Pretty Little Things Jewelry Hanging Organizer ("Organizer") on November 11, 2021 and December 2, 2021); ¶ 111 (CCPG and Enchante settled their lawsuit related to the Organizer and reached a consent judgment on April 6, 2022); ¶ 112 (CAG lawsuit against Ross and purported refusal to dismiss), ¶ 113 (Notice of Violation and the filing of lawsuits for Proposition 65 violations)).

**B. The Pending State Lawsuits Involve the Same Issues Raised by The Complaint and are Far Advanced With Relatively Near Trial Dates.**

The four (4) pending lawsuits have trial dates of February 27, 2023, June 26, 2023, and August 7, 2023 respectively. (*Yeroushalmi Decl.* at ¶ 1, Exhibits C, F and J; *RFJN* Nos. 3, 6, and 10 Exhibits C,F and J) In each of the pending state Court lawsuits, Ross has asserted affirmative defenses that it is a retailer that should not be responsible for Proposition 65 violations and that forcing a warning would be vague and unconstitutional. (*Id*. at Exhibits B, I, K and N RFJN Nos. 2,

9, 11, and 14). In each of the pending state Court lawsuits, Enchante has asserted the First Amendment, Res Judicata/Collateral Estoppel, uncertainty and that that requiring a the Proposition 65 warning on its products would be otherwise unconstitutional among other defenses. *(Id.* at *Exhibits A, D, H, L and N RFJN Nos. 1, 4, 8, and 12).* Enchante has also asserted in its Answer(s) the same allegations in the Complaint such as that DEHP does not cause cancer in humans and CAG's refusal to settled the case (16th Affirmative Defense 883' case); Answer in ¶5 of '693 case); practice of filing against retailer such as Ross with claimed retailer defense and how pursuing case (Affirmative Defense 19, ¶31 of '693 case); ¶5 of Answer and sixteenth affirmative defense of "unreliable science" discussing Baxter ('871 case) ; ¶28 (not a human carcinogen) (16th). "Further, per Cal Code of Civil Procedure, where the related lawsuit is a prior action in state court of the same state, the later action may be subject to a plea in abatement that "[t]here is another action pending between the same parties on the same cause of action." (Code Civ.Proc., § 430.10, subd. (c).). Thus, Plaintiff's complaint should be dismissed.

There have been no judgements in these cases that DEHP is not a reproductive or developmental toxicant, that DEHP is not a carcinogen, or that Ross is an improper defendant. In *Baxter*, the superior court did not engage in a de novo review of OEHHA's administrative decision. It simply determined that, because Baxter presented persuasive evidence that exposure to DEHP in its products poses no significant risk of causing cancer in humans, the warning requirement exemption of section 25249.10, subdivision (c), applies to the prescription medical devices containing DEHP that are manufactured by *Baxter Healthcare Corp. v. Denton, 120 Cal.App.4th 333, 355 (2004)*. Further, California lists DEHP as such to this day *(Yeroushalmi Decl 2 Exhibit O, RFJN No. 15, Exhibit O)*. Complaint, ¶60 &62. None of the pleadings, Complaint, or dockets show an adverse ruling on the pending state Court lawsuits as to the merits of the causes of action against Ross or Enchante. *Id.* Ross **lost** a motion for summary judgment in the Alameda lawsuit based on its retailer defense. *Id.* at *Exhibit E RFJN No. 5*. Enchante and Ross have entered into consent judgments involving DEHP which require warnings for cancer and reproductive/developmental toxicity. *(Marcus Decl ¶5 and 6 Exhibits DD, EE, and FF RFJN Nos. 22-24)*. DEHP in products

such as those in this case would be banned altogether in Europe. *(Yeroushalmi Decl* at *¶3 Exh. P, Exhibit P).*

Enchante is a repeat violator of Proposition 65 involving DEHP. (*Marcus Decl. ¶3 Exhibit CC, RFJN No. 21 Exhibit CC).* Enchante has repeatedly entered into settlements and stipulated judgments in Court on their products containing DEHP that either require a Proposition 65 warning that includes **a cancer warning** or reformulation below 0.1%. *Id.* Additionally, other Proposition 65 enforcers have sued Enchante and retailers for Proposition 65 violations for DEHP and Enchante has settled with these enforcers including in consent judgments or settlements. (*Marcus Decl ¶5 Exhibit AA, BB, DD, EE, RFJN Nos. 19-23 Exhibit AA, BB, DD, EE ).* Ironically and quite inconsistently, in this action claim a cancer Proposition 65 warning such as the ones Enchante agreed to provide in multiple consent judgments would be false or misleading or unconstitutional.

## III. **LEGAL STANDARD**

Federal Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A defendant may seek dismissal of a complaint for lack of subject matter jurisdiction pursuant to Federal Rule 12(b)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). When a complaint is "considered by the district court under a Rule 12(b)(1) motion to dismiss, [the court assumes] the material facts alleged in the complaint are true. *Savage v. Glendale Union High School*, 343 F.3d 1036, 1039 Fn.1 (9th Cir. 2003). Under Rule 12(b)(1) must distinguish between a "facial attack"' and a "factual attack." *Branson Label, Inc. v. City of Branson, Mo*., 793 F.3d 910, 914 (8th Cir. 2015). Under a facial attack, a Court may consider matters of judicial notice. *Rimac v. Duncan*, 319 Fed. Appx. 535 (9th Cir. March 10, 2009).

In deciding a Rule 12(b)(6) motion, the court generally looks only to the face of the complaint and documents attached thereto or those properly the subject of judicial notice. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006)(court filings proper judicial notice). To survive a motion to dismiss, the complaint

must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' ... A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678-79; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## IV. **ARGUMENT**

Plaintiff's lawsuit can be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction; 12(b)(3) for improper venue; 12(b)(6) for failure to state claims for relief; and 12(f) for failing to join an indispensable party.

### A. Dismissal is Proper Under Rule 12(b)(1) Because the Court Lacks Subject Matter Jurisdiction Over the Claims

The court should abstain or dismiss this case in favor of CAG's ongoing state proceedings enforcing Proposition 65 with respect to DEHP against the products sold by Plaintiff and its retailers because invoking federal jurisdiction over this declaratory judgment and injunction lawsuit is improper under (a) the Declaratory Judgment Act, 28 U.S.C. § 2201(a); (b) *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942); (c) the Anti-Injunction Act, 28 U.S.C. § 2283; and (d) *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). The federal claims fail as a matter of law and/or are subject to abstention or dismissal. It follows the Court should not exercise pendent jurisdiction over the state law tortious interference claim (Count 3).

### 1. The Declaratory Judgment Claim (Count 1) Should Be Dismissed

Plaintiff prays for five separate forms of declaratory relief: (1) the Proposition 65 warning requirement for cancer, HSC § 25249.6, as applied to DEHP in consumer products violates the First Amendment; (2) the Proposition 65 warning requirement for reproductive toxicity, HSC § 25249.6, as applied to DEHP in consumer products violates the First Amendment; (3) that the Proposition 65 warning requirement, HSC § 25249.6, on its face violates the First Amendment; (4) that Plaintiff's consumer products do not require a Proposition 65 warning for cancer; and (5) that Plaintiff's consumer products do not require a Proposition 65 warning reproductivity. Complaint, ¶132-142.

Under the Declaratory Judgments Act, 28 U.S.C. § 2201, "[a] district court may, in its

1   discretion, decline to hear a declaratory judgment action when a related case is pending in state

2   court," *Scotts Co. LLC v. Seeds, Inc.*, 688 F.3d 1154, 1158–59 (9th Cir. 2012); *R.R. St. & Co. v.*

3   *Transp. Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011)l; *See* 28 U.S.C. § 2201(a) (federal courts "may

4   declare the rights and other legal relations of any interested party" in a declaratory judgment

5   action); *see also Brillhart*, 316 U.S. at 495 (holding federal courts "under no compulsion" to

6   exercise jurisdiction over suits under Declaratory Judgments Act).

7        Courts generally consider three factors when determining the propriety of entertaining a

8   declaratory judgment action under *Brillhart*[2]: (1) avoiding "needless determination of state law

9   issues"; (2) discouraging "forum shopping"; and (3) avoiding "duplicative litigation." *Id.*  Here,

10  because the primary legal question as to Counts 1 and 2 is one of federal law, the latter two factors

11  are most relevant and support dismissal.[3] First, given the timing of plaintiff's filing, plaintiff seeks

12  to proceed in this federal action to avoid results in the ongoing state court actions currently set for

13  trial in 2023 in which these same issues have been pending for years. *Brillhart's* policy rationale of

14  discouraging forum shopping applies in precisely this situation, "when a party files a suit in federal

15  court in reaction to a pending state court suit on the same issues, seeking a declaration that would

16  influence the outcome of the state litigation." *Hanover Ins. Co. v. Fremont Bank*, 68 F. Supp. 3d

17  1085, 1111 (N.D. Cal. 2014) (citing *Cont. Cas. Co. v. Robsac Indust's*, 947 F.2d 1367, 1371–73

18  (9th Cir. 1991). This is the kind of "reactive declaratory action" federal courts "should generally

19  decline to entertain," *Dizol*, 133 F.3d at 1225.

20  

21        Second, plaintiff's declaratory relief claim would likely be duplicative of claims in the

22  ongoing state court proceedings involving the parties because the Enchante has asserted the *same*

23  First Amendment, constitutional and related defenses in those actions involving the same DEHP

24  and Proposition 65 allegations pled by Plaintiff. Complaint ¶132-153 . It is in the interest of judicial

25

26

27  ────────────────────

28  [2] The Supreme Court has "not yet delineated "the outer boundaries of the so-called [Brillhart] doctrine," the Ninth Circuit has generally "allowed district courts broad discretion as long as it furthers the Declaratory Judgment Act's purpose of enhancing 'judicial economy and cooperative federalism,'" *Id.* at 975 (quoting *Dizol*, 133 F.3d at 1224).

economy to avoid unnecessarily deciding questions that are being raised before the state courts. *Polido v. State Farm Mut. Auto. Ins. Co.*, 110 F.3d 1418, 1423 (9th Cir. 1997) ("[T]he dispositive question is not whether the pending state proceeding is 'parallel,' but rather, whether there was a procedural vehicle available to the [defendant] in state court to resolve the issues raised in the action filed in federal court."), overruled on other grounds by *Dizol*, 133 F.3d at 1227.

Moreover, "[t]he Anti-Injunction Act also applies to declaratory judgments if those judgments have the same effect as an injunction." *Randtron*, 284 F.3d at 975; *see also Samuels*, 401 U.S. at 72 ("[O]rdinarily a declaratory judgment will result in precisely the same interference with and disruption of state proceedings that the longstanding policy limiting injunctions was designed to avoid."). Plaintiff's requested declaratory relief, if granted, would enjoin CAG's pending lawsuits against Plaintiff and Ross, which have been in active litigation in state court since 2019, deprive those Courts of ruling on these defenses, decide affirmative defenses for the State Court and interfere with the state court decisions in progress. *See also Monster Beverage Corp. v. Herrera*, No. EDCV1300786VAPOPX, 2013 WL 12131740, at \*12 (C.D. Cal. Dec. 16, 2013), aff'd, 650 F. App'x 344 (9th Cir. 2016) (finding declaratory relief barred by Anti-Injunction Act where granting relief would "effectively bar all of the [defendant's] claims in the pending state court action, and resolve it just as an injunction would"). Accordingly, plaintiff's claim for declaratory relief should be dismissed under the Anti-Injunction Act.

### 2.   Non-Declaratory Judgment Claims Should Be Dismissed

Plaintiff prays for "A permanent injunction, pursuant to 42 U.S.C. § 1983 and other applicable law, prohibiting Defendant CAG or any of its officers, employees, or agents, and all those in privity with and/or acting in concert with those entities or individuals (including private enforcers of Proposition 65 under HSC § 25249.7(d), from enforcing or threatening to enforce in the future the Proposition 65 warning requirement with respect to DEHP in consumer products."

---

[3] Claim 3 for tortious interference with a business relationship would otherwise have no basis for pendant or original jurisdiction in this Court and therefore supports *Brilhart* factor 1 and denying jurisdiction over this declaratory judgment claim.

Dkt No. 1 at pg. 40-41. Plaintiff also prays for monetary relief in the form of: "All costs, attorneys' fees, and expenses that Plaintiff reasonable incurs, see U.S.C. § 1988; and that Plaintiff be awarded its costs and fees in this action; ... [and] A Judgment awarding monetary costs incurred by Enchante as a result of the improper prosecution of Proposition 65 cases by CAG against its retailers." Dkt No. 1 at pg. 40-41.

"[T]his discretionary jurisdictional rule [under the Declaratory Judgement Act] does not apply to '[c]laims that exist independent of the request for a declaration.'" *Scotts Co. LLC*, 688 F.3d at 1158–59 (quoting *Snodgrass v. Provident Life & Accident Ins. Co.*, 147 F.3d 1163, 1167 (9th Cir. 1998)). Where a case involves a claim for declaratory relief under the Declaratory Judgment Act in addition to a claim for monetary or injunctive relief, "[t]he appropriate inquiry ... is to determine whether there are claims in the case that exist independent of any request for purely declaratory relief, that is, claims that would continue to exist if the request for a declaration simply dropped from the case." *Snodgrass*, 147 F.3d at 1167. The other claims are not independent as they turn on the same allegations in the declaratory relief count. Still, even if so these "independent" claims are instead evaluated under the more stringent *Colorado River* abstention doctrine (*Scotts Co. LLC*, 688 F.3d at 1158–59 (citation omitted)) and would still be dismissed (see below). As a general rule, a court should not decline to entertain a claim for declaratory relief when it is joined with independent claims, unless there is some other basis for abstention. *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (*en banc*) (citation omitted). Enchante's complaint should also be dismissed pursuant to the ruling in *Long Beach Unified Sch Dist. v. Margaret Williams, LLC (2019) 43 Cal.App.5th 87, 107*, because the cause of action presented here, as it was there, was "not truly a separate cause of action, but rather an affirmative defense to plaintiff's complaint,".

### 3.   Injunctive Relief Claims Are Subject To Dismissal

Plaintiff's claim for injunctive relief is not a separate cause of action, but a remedy based on Plaintiff's 42 U.S.C. § 1983 claim for violation of the First Amendment, and therefore does not survive independently if the declaratory relief claims were dropped from the case. *Jensen v. Quality*

*Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action." (citation omitted)).

### 4. Dismissal Under *Colorado River* In the Alternative

In addition to and/or in the alternative, the Court can dismiss or stay each of Plaintiff's claims under Colorado River. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). Federal courts may dismiss or stay a matter under *Colorado River* "in deference to pending, parallel state proceedings" in "exceptional circumstances." *Montanore Minerals*, 867 F.3d at 1165. In determining whether such exceptional circumstances exist, the court should consider: (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court. *Id*. at 1166 (quoting *R.R. St. & Co.*, 656 F.3d at 978-79). These factors are not a "'mechanical checklist'; indeed, some may not have any applicability to a case." *Seneca Ins. Co. v. Strange Land, Inc.*, 862 F.3d 835, 842 (9th Cir. 2017) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)). The Court should therefore weigh these factors in "a pragmatic, flexible manner with a view to the realities of the case at hand." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 21.The *Colorado River* factors support dismissal.

The first *Colorado River* factor does not apply because there is no property at stake. Under the second factor—inconvenience of the federal forum—CAG, a Proposition 65 private enforcer, has sued over DEHP in Los Angeles county state courts and one Alameda county state court; not in federal court where this Court sits. Dkt. No. 1 at *Yeroushalmi Decl ¶4, Exhibit Q, R and S, RFJN Nos. 16-18 Exhibit Q, R and S*.) Further, under the third factor, allowing the Plaintiff's declaratory judgment action to proceed would result in piecemeal litigation, as this Court considers Plaintiff's First Amendment claim while the same affirmative defense have been asserted in the multiple

pending parallel state court proceedings. *See Montanore Minerals*, 867 F.3d at 1167 (holding that need to avoid piecemeal litigation supported a stay where mining company had filed "two separate actions in two different courts" in pursuit of its "singular goal" of "extinguishing Defendants' claimed rights"). Dismissal is also warranted under the fourth *Colorado River* factor because the state courts obtained jurisdiction over the subject matter first and are well into if not near the end of litigating these First Amendment defenses at trial. See *id.* at 1168 (holding this factor supported *Colorado River* stay where "not only did the state court obtain jurisdiction long before the federal court, but the state court proceedings had progressed significantly"). The fifth factor, whether state or federal law will afford resolution on the merits, is neutral as Plaintiff has asserted federal and state claims in the instant suit. Dkt. No. 1.

Consistent with the sixth *Colorado River* factor, the state courts will adequately protect the Plaintiff's rights, including by considering where necessary any First Amendment claims they may raise. *See id.* at 1169 ("When it is clear that the state court has authority to address the [federal] rights and remedies at issue this factor may weigh in favor of a stay.") (quotation omitted). Dismissal is also warranted under the seventh factor to avoid forum shopping by Plaintiff, who will have an opportunity to litigate their First Amendment affirmative defense and counterclaim (should they bring it) in the state court proceedings, where defendants, including Plaintiff, have routinely pled it as a defense. *See id.* at 1169-70. Lastly, applying the eighth *Colorado River* factor, the state courts will necessarily address Plaintiff's First Amendment claims, if presented for decision, before ruling against them in this Court, thus resolving all the issues Plaintiff seeks to raise in this action. For these reasons, dismissal is also warranted under *Colorado River*.

### 5.   No Basis for Pendant Jurisdiction Over Other Claims

The supplemental-jurisdiction statute provides that, generally speaking, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United

States Constitution." 28 U.S.C. § 1367(a). Here, Plaintiff's Third Cause of Action is for tortious interference with a business relation – a state law claim. Dkt. No. 1. Here the Court does not have original or diversity jurisdiction over any aspect of Plaintiff's declaratory judgment and injunctive relief claims because the Court can (1) abstain or dismiss Plaintiff's First and Second Claims as a matter of law under Declaratory Judgment Act and the Anti-Injunction Act or abstention doctrines (2) dismiss under the Neorr-Pennington Doctrine and/or California Litigation Privilege or dismiss the Second Count because CAG is not a state actor. Plaintiff did not plead allegations of an amount in controversy sufficient to support diversity jurisdiction under Section 1332. Consequently, the Court lacks supplemental jurisdiction over any of Plaintiff's purely state law claims.

**B.  Plaintiff Intentionally Filed Suit In Wrong Venue**

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss a complaint for improper venue. Plaintiff bears the burden to show venue is proper. *Adobe Systems Inc.,* 125 F.Supp.3d at 958. If the court determines that venue is improper under 28 U.S.C. § 1406(a), the court must either dismiss the action or, if it is in the interests of justice, transfer the case to a district or division in which it could have been brought. *Id* at 959; *see also King v. Russell*, 963 F.2d 1301, 1304 (9th Cir.1992). Plaintiff's lawsuit should be dismissed outright or in the alternative transferred to the District Court for the Central District of California because no party resides in this judicial district and none of the allegations concern this judicial district.

**C. Counts 1 through 3 Should be Dismissed Under Rule 12(b)(6)**

**1.  Counts 1 and 2 For Violation of the First Amendment Should be Dismissed Because CAG is Not State Actor.**

Counts One and Two must be dismissed because the Complaint does not plead state action by CAG for purposes of sustaining a violation of the Am. I, U.S. Constit. The Supreme Court explained in the Civil Rights Cases that the Fourteenth Amendment limits "state action" and not "individual invasion of individual rights." *U.S. v. Stanley*, 109 U.S. 3, 17 (1883). In other words, the Constitution and the Bill of Rights limit the actions of governmental actors, not private actors. *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928 (2019).  Here, CAG is a private,

non-profit corporation, presumptively not subject to regulation under the 1st Amendment. Id. CAG is not a person subject to regulation under the First Amendment.

The elements of a Section 1983 case require "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by **a "person" acting "under color" of state law**. Non-state governments and their agencies (such as cities, counties, local agencies, and private corporations) may be sued as a "person" under Section 1983. *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 686 (1978). Here, the Complaint does not allege that CAG is a city, county, or local agency. *See B&G Foods N. America v. Embry, 42 U.S.C. 1983* , (March, 17, 2022) at fn. 3 ("A determination that Defendants are not state actors would be dispositive" on the section 1983 against Proposition 65 private enforcer and remanding to the District Court for a determination). Plaintiff admits that CAG is a California corporation with its principle place of business in Los Angeles, California. Complaint ¶¶ 4, 5, (*Yeroushalmi Decl ¶1* ). Therefore, CAG is also not a person under Section 1983.

What is more to permit defendants to sue plaintiffs as "state actors" would chill participation by citizens in vindicating the public policies embodied in Proposition 65 and every other similar state and federal statute permitting private enforcement. There is no case, statute, regulation or policy that warrants forcing private citizens considering a private enforcement action to weigh the personal risk and burden of defending lawsuits challenging the Legislature's actions. *See Roberts v. AT&T Mobility LLC,* 877 F.3d 833, 845 (9th Cir. 2017) ("[P]rivate parties [do not] face constitutional litigation whenever they seek to rely on some [statute] governing their interactions with the community surrounding them.").

Here, the Court should dismiss both Count 1 and Count 2 as declaratory relief is not a proper Count; it's a remedy and dependent on the failed § 1983 claim. *Divino Grp. LLC v. Google LLC*, No. 19-cv-04749-VKD, 2021 U.S. Dist. LEXIS 3245, at *31-32 (ND Cal. 2021)(collecting cases that declaratory relief is not an independent cause of action and also dismissing declaratory relief claim for First Amendment violation because defendant not state actor under § 1983).

## 2. Counts 1 and 2 Fail to State a Claim Under 42 U.S.C. § 1983

Section 1983 creates no substantive rights. Rather, it creates a vehicle for enforcing existing

rights. *42 U.S.C. § 1983.* In the instant case, Plaintiff's First and Second Causes of Action premised on violations of Plaintiff's First Amendment rights arising from CAG's enforcement actions under Proposition 65 can be dismissed because CAG is not a state actor under the law. The complaint's references to Defendant as an "enforcer" at ¶¶ ¶8, 9, 12, 13, 18, 36, 37, Fn. 20, 38, 40, 42, 43, 45, 46, 82, 88, 90 as an unadorned accusation insufficient to survive a motion to dismiss under FRCP 12(b)(6). *Ashcroft,* 556 U.S. at 678. Like Proposition 65, numerous statutes permit private actions to enforce public rights without converting the private citizen plaintiffs into state actors for 1983 purposes, such as the federal Clean Water Act, 33 U.S.C. § 1365, Endangered Species Act, 16 U.S.C. § 1540(g), and Safe Drinking Water Act, 42 U.S.C. § 300j-8, or California law also permits citizen suits to recover civil penalties, such as under PAGA. See, *Pineda v. Sun Valley Packing, L.P.,* No. 1:20-cv-00169-DAD-EPG, 2022 U.S. Dist. LEXIS 79667, at *12-15 (E.D. Cal. Apr. 29, 2022)(dismissing §1983 claim PAGA private enforcer).

### i. No Plausible Allegations CAG is "acting under color of law."

When the defendant is not a government employee, but is somehow linked to the government, courts must question whether there was joint action, an intertwined relationship, state encouragement, or a public function performed. Martin A. Schwartz & John E. Kirklin, 1A Section 1983 Litigation: Claims & Defenses, § 5.10, at 520 (3d ed. 1997). Generally, private parties are not acting under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991); see also *Simmons v. Sacramento Cnty. Sup. Ct*, 318 F.3d 1156, 1161 (9th Cir. 2003) (lawyer in private practice does not act under color of state law). "The Supreme Court has developed four different tests that 'aid … in identifying state action for purposes of a Section 1983 action: '(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus.'" *Pasadena Republican Club v. W. Just. Ctr.*, 985 F.3d 1161, 1167 (9th Cir.), *cert. denied*, 142 S. Ct. 337 (2021). None of those have been plead and none can plausibly be met by Enchante.

### a. Public function does not apply

As discussed above the public function doctrine does not apply to CAG because it is not a "person" under Section 1983. *Monell v. Dept. of Social Serv's of the City of New York*, 436 U.S.

658, 686 (1978).

### b.  Joint action is not present

"[P]rivate parties may act under color of state law when the state significantly involves itself in the private parties' actions and decision making at issue." *Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 753 (9th Cir. 2020), cert. denied, 142 S. Ct. 69 (2021).  A private individual's actions can only be considered state action if a "sufficiently close nexus" makes private action "treat[able] as that of the [government entity] itself." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) (citation omitted). Merely "authoriz[ing]," "approv[ing,] or acquiesc[ing]" to private action— such as the "creation or modification of any legal remedy"—is not enough to show state action. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52–53 (1999) (citations omitted). And an "[a]ction by a private party pursuant to [a] statute, without something more, [is] not sufficient to justify a characterization of that party as a 'state actor.'" *Lugar v. Edmondson Oil Co*., 457 U.S. at 939;  Ballinger v. City of Oakland, 24 F.4th 1287, 1300 (9th Cir.), cert. denied sub nom. *Ballinger v. City of Oakland, California*, 142 S. Ct. 2777 (2022).

Purely ministerial acts attendant to private action pursuant to a statute does not show the private actor is acting under color of law.  *Seattle Fishing Services LLC v. Bergen Industries & Fishing Co.*, 242 F. App'x 436, 438 (9th Cir. 2007). What's more, the opportunity to receive fees and penalties in a successful Proposition 65 case does not make CAG a state actor according to Ninth Circuit precedent. *Pasadena Republican Club v. W. Justice Ctr.*, 985 F.3d 1161, 1169-70 (9th Cir. 2021) ("Although WJC borrowed money from the City to acquire and improve the Property, the Club does not allege that WJC and the City are financially integrated.")  *Id. Cf. Rendell-Baker*, 457 U.S. at 840 (holding that "receipt of public funds does not make [a private school's] discharge decisions acts of the State"); *Geneva Towers Tenants Org. v. Federated Mortg. Inv'rs*, 504 F.2d 483, 487 (9th Cir. 1974) facility and enhanced its success").

In the instant case, Plaintiff alleges that, "Prop 65 contains a unique enforcement mechanism, as it allows anyone to enforce it, and private enforcers keep 25% of any civil penalty in addition to attorneys' fees and costs," (Complaint ¶ 9), does not allege that the California Attorney General's successful administration depends upon the civil penalties from Prop. 65, nor does the

complaint indicate what the State of California does with the penalties. *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 941 (1982) (explaining that a deprivation caused by a state-created procedure may be attributed to the state whereas a deprivation caused by the misuse of that procedure cannot); s*ee Sullivan*, 526 U.S. at 50 (stating that § 1983 excludes from its reach "`merely private conduct, no matter how discriminatory or wrongful'") *Gaskell v. Weir*, 10 F.3d 626, 628 (9th Cir. 1993) (deeming complaint patently frivolous where allegations of state action involved a court clerk performing the ministerial act of accepting and filing settlement documents)."). Therefore, joint action is not present and Plaintiff's claims should be dismissed.

### c.  Compulsion does not apply

Plaintiff did not and cannot plead CAG is a state actor under the coercion or compulsion test. "The compulsion test considers whether the coercive influence or significant encouragement of the state effectively converts a private action into a government action." *Kirtley v. Rainey,* 326 F. 3d 1088, 1094 (9th Cir. 2003). Courts "have never held that the mere availability of a remedy for wrongful conduct, even when the private use of that remedy serves important public interests, so significantly encourages the private activity as to make the State responsible for it." *Am. Mfrs. Mut. Ins.,* 526 U.S. at 53; see also *Real Estate Bar Ass'n,* 608 F.3d at 122 ("action undertaken by a private party does not become state action merely because the action is authorized by state statute.").

Here, Proposition 65 permits but does not require private enforcement actions. Cal. HSC § 25249.7(d) ("Actions pursuant to this section *may* be brought by a person in the public interest ....") (emphasis added)). Proposition 65's civil penalties are not such "significant encouragement" that the choice to initiate a private enforcement action "must in law be deemed to be that of the State." *Blum v. Yaretsky,* 457 U. S. 991, 1004 (1982). HSC private enforcers are treated differently from government prosecutors: unlike public enforcers, private enforcers are required to provide 60 days' notice before filing an action (HSC § 25249.7(d)(1)); they cannot sue if a public enforcer has already sued, *id.* § 25249.7(d)(2); they are subject to sanctions if they bring a frivolous case, *id.* § 25249.7(h)(2) among other differences. Proposition 65 itself does not treat private enforcers as an arm of the state and CAG is not coerced or compelled to act as a state actor.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### d.  No Nexus Between CAG and State of California

The nexus test asks whether "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Florer v. Cong. Pidyon Shevuyim, N.A.*, 639 F.3d 916, 924 (quotation omitted); *Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984, 995 n.13 (9th Cir. 2013). "An action undertaken by a private party does not become state action… because the action is authorized by state statute." *Real Estate Bar Ass'n,* 608 F.3d at 122 (citations omitted); *Roberts v. AT&T Mobility*, 877 F.3d 833, 845 (9th Cir. 2017) ("[P]ermission of a private choice cannot support a finding of state action ... and private parties [do not] face constitutional litigation whenever they seek to rely on some [statute].").

Enchanté does not plead any facts showing a "close nexus" between private Proposition 65 enforcement actions or CAG and the State because the State does not command private enforcers to bring actions. *Kirtley*, 326 F.3d at 1095 (no close nexus between a guardian *ad litem* and the state, even though the guardian "is appointed by a state actor, is paid by the state, and is subject to regulation by state law"). Further, the statute treats private enforcers differently from government prosecutors. Accordingly, Proposition 65 does not treat private enforcers as an arm of the state.

### ii.    The traditional function exception does not apply

Plaintiff's allegations do not show CAG is a state actor according to the traditional function test. "[V]ery few functions" are "traditionally" and "exclusively" reserved to the States. *Manhattan Cmty. Access Corp., supra,* 139 S. Ct. at 1928. It is "not enough that the function serves the public good or the public interest in some way." *Id.* Rather, the plaintiff must show that the alleged state action is both traditionally *and* exclusively performed by the government. *Id.* (citing "running elections" and "operating a company town" as examples of traditional and exclusive government functions); *Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982) ("That a private entity performs a function which serves the public does not make its acts state action."). This is a demanding standard, and the plaintiff has the burden to meet it. *Real Estate Bar Ass'n for Mass., Inc. v. Nat'l Real Estate Info. Servs,* 608 F.3d 110, 122 (1 st Cir. 2010) (Bar Association was **not** a "state

actor[]" because while the State chose to give bar associations a defined role in bringing court actions regarding the unauthorized practice of law, the bringing of a lawsuit to obtain a declaration as to legality was not exclusive function of government).

Enchanté's allegations are not plausible that "[t]he actions of Defendant CAG, as set forth below, were undertaken under the color of state law simply because the California Safe Drinking Water and Toxic Enforcement Act of 1986 ("Proposition 65") creates private enforcer's right of action in the public interest. HSC section 25249.6, et seq; §25249.7(d)."  (Complaint ¶8, 9, 12, 13, 18, 36, 37, Fn. 20, 38, 40, 42.  Proposition 65 itself and the allegations of the complaint indicate that a lawsuit to enforce Proposition 65 is not an "exclusive" or "traditional" government function in that Proposition 65 differentiates between state actions, which are brought by the Attorney General or a prosecutor, and "private actions" which are brought by private citizens after notifying the State. HSC § 25249.7(c) & 25249.7(d)). The right to bring a Proposition 65 is not exclusively or traditionally reserved to the State and CAG cannot be a "state actor" as a matter of law.

### iii.     The domination exception does not apply

Plaintiff's allegations also do not show CAG is a state actor according to the domination exception. In *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614 (1991), the Court found: "[a]lthough the conduct of private parties lies beyond the Constitution's scope in most instances, governmental authority may dominate an activity to such an extent that its participants must be deemed to act with the authority of the government and, as a result, be subject to constitutional constraints." "The compulsion test considers whether the coercive influence or significant encouragement of the state effectively converts a private action into a government action." Kirtley, supra, 326 F.3d at 1094 (quotation omitted). Plaintiff alleges CAG is a private corporation, Complaint ¶ 5. CAG is not a state actor because Proposition 65 permits but does not require private actions. HSC § 25249.7(d) ("Actions pursuant to this section may be brought by a person in the public interest ...." (emphasis added)). *Manhattan Community Access Corp. v. Halleck,* 139 S. Ct. 1921, 1932 (2019) (being regulated by the State does not make one a state actor.)

### iv.     Alternatively, if CAG is the State or the alter ego of the State, a suit may not be maintained against the State under section 1983

States may not be sued in federal court under section 1983.  *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989) To the extent the Complaint insinuates that CAG is the alter ego of the State, the suit must be dismissed, based on 11th Amendment immunity. (See Complaint at ¶¶ 8, 9, 12, 13, 18, 36, 37, Fn. 20, 38, 40, 42, 43, 45, 46, 82, 88, 90).

### 3.   *Noerr Pennington* Bars Enchante's Claims.

CAG was sued by Plaintiff in this Federal Court for California state court lawsuits against Plaintiff for Proposition 65 violations and its petitioning conduct. Noerr-Pennington stands for the proposition that "those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct." *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006). "Conduct incidental to a lawsuit... falls within the protection of the Noerr-Pennington doctrine." *Theme Promotions, Inc. v. News Am. Mktg. FSI,* 546 F.3d 991, 1007 (9th Cir. 2008); *Sosa*, 437 F.3d at 935–36 (It also protects "conduct incidental to the prosecution of the suit," such as demand letters and related prelitigation communications.). Moreover, Noerr-Pennington provides a defense to equitable claims, such as declaratory judgment.  *Westlands Water Dist. Distribution Dist. v. Nat. Res. Def. Council, Inc.*, 276 F. Supp. 2d 1046, 1054 (E.D. Cal. 2003). Most recently, in *B&G Foods North America v. Embry¸* 29 F.4th 527 (9th Cir. 2022) the Ninth Circuit affirmed Rule 12(b)(6) dismissal of Plaintiff's complaint based on Noerr-Pennington because the Complaint filed against a Proposition 65 private enforcer sought to enjoin it from sending Proposition 65 notices and pursuing lawsuits on products with acrylamide.

Here, Enchante's lawsuit burdens CAG's petitioning rights, CAG's rights are certainly protected activity (even if a state actor which it is not, would advance public goals) and are therefore protected. Count 1 is for Violation of the First Amendment to the U.S. Constitution through which Plaintiff seeks a declaration concerning existing lawsuits and enjoin CAG's suits. See, Dkt. No. 1 at p142. *Hi-Top Steel Corp. v. Lehrer*, 24 Cal. App. 4th 570, 577-78 (1994) (Noerr-Pennington doctrine applies "regardless of the underlying cause of action," because to hold otherwise "would effectively chill the defendants' First Amendment rights") (citations omitted);

compare *B&G Foods N. Am.,* 29 F.4th at 535 ("indeed, if successful, B&G's suit would completely prevent Defendants from engaging in their petitioning activities—sending prelitigation communications and suing to enforce Prop. 65").

Count 2 is for Violation of the First Amendment to the U.S. Constitution – 42 U.S.C. s1983 The gravamen of Plaintiff's 1983 claim is that "Enchante, and its retailers include entities that have already been harmed by California's requirement to provide a false, misleading, and/or highly controversial cancer warning for DEHP in consumer products as enforced by the State and by CAG, and will be injured further if forced to either comply with Proposition 65's compelled false warning requirement, or incur costly other burdens and face the threat of ***private enforcement suits*** or other enforcement actions." Dkt. No. 1 at 150 (emphasis added); ¶¶ 151-53. Plaintiff also seeks to prevent CAG from filing any further and future Proposition 65 enforcement suits over the amount of DEHP in consumer products. Simply put, Plaintiff is using the First Amendment as a shield to block the legitimate and good faith Proposition 65 claims that CAG brought from going forward in their respective jurisdictions. As such, Count 2 should be dismissed. *Hi-Top Steel Corp.*, 24 Cal. App. 4th at 577-78; *B&G Foods N. Am.,* 29 F.4th at 535.

Count 3 is entitled "Defendant's Inappropriate Enforcement Methods Cause Interference with Contractual Relationships". Dkt. No. 1. According to Plaintiff, the manner in which CAG prosecutes the lawsuits that disrupts the relationship between Plaintiff and its retailers (although it does not plead how it is disrupted). *Id.* at ¶¶157-58. This claim is based on CAG's petitioning related activity and should be dismissed. *Select Comfort Corp. v. Sleep Better Store, LLC*, 838 F. Supp. 2d 889, 899 (D. Minn. 2012) (Noerr-Pennington doctrine immunized seller from competitor's interference claim based on seller's assertion of trademark rights); *James R. Glidewell Dental Ceramics*, 2013 WL 655314, at *14 (Noerr-Pennington doctrine and California Litigation Privilege both applied to California unfair competition counterclaim where allegations were sales stagnated/lost due lawsuit) Noerr-Pennington doctrine bars each of Plaintiff's claims for relief.

Plaintiff does not plead and cannot plausibly plead that any of CAG's lawsuits are a sham or

any exceptions to Noerr-Pennington apply. *Rock River Commc'ns, Inc. v. Univ. Music Grp., Inc.,* 745 F.3d 343, 351–52 (9th Cir. 2014); *B&G Foods,* (suit was not objectively unreasonable because foods have the subject chemical, chemical was on the list of chemicals known to cause cancer, and B&G did not provide a warning). Here, DEHP is on the list as both a reproductive and developmental toxicant as well as carcinogen and Plaintiffs do not allege otherwise. The only evidence on merit of these suits is Ross losing a motion for summary judgment, conclusory allegations about the merits, that Plaintiff (and Ross) entering into consent judgment resolving the same claims[4]. CAG has successfully settled more than 80 cases till date obtaining injunctive relief in all on products containing DEHP and extracting more than $1,154,024 in civil penalties. (*Marcus Decl ¶1*) Further, Plaintiff has failed to plead the lack of success or success rate of Plaintiff's claim to establish a pattern of baseless litigation. *Id.* Further, Plaintiff does not plead any knowing fraud to the Court depriving litigation of its legitimacy. Thus, the claims are barred by *Noerr-Pennington*.

### D. California Litigation Privilege Also Bars Plaintiff's Claims.

CAG has absolute immunity for the litigation-related statements and conduct alleged by in the Complaint under California's Litigation Privilege. *See* Cal. Civ. Code §47. The California Litigation Privilege "has been given broad application" and "applies to any publication required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication is made outside the courtroom and no function of the court or its officers is involved." *Silberg v. Anderson*, 50 Cal. 3d 205, 211-12 (1990). Litigation Privilege "encompasses not only testimony in court and statements made in pleadings, but also statements made prior to the filing of a lawsuit, whether in preparation for anticipated litigation or to investigate the feasibility of filing a lawsuit." *Hagberg v. Cal. Fed. Bank, FSB*, 32 Cal. 4th 350, 361 (2004).

California litigation privilege immunizes CAG from Plaintiff's claim for tortious interference. Plaintiff openly pleads the basis for bringing its claim is CAG filed lawsuits against

---

[4] *See B&G Foods N. Am., Inc. v. Embry,* No. 2:20-cv-00526-KJM-DB, 2020 U.S. Dist. LEXIS 186444, at *7 (E.D. Cal. Oct. 6, 2020)(B&G's own allegations show [Defendants'] litigation is not a sham, at least not completely asserting "over the last few years, [they] have extracted nearly $1.7 million in penalties and fines from food companies.")

Ross, and against Enchante for Proposition 65 violations due to the amount of DEHP in certain products. *See, e.g.* Complaint, ¶157, 158. This is precisely the kind of petitioning related conduct California Litigation Privilege is designed to prevent—being sued for statements in the Notices of Violation and causes of action in the Complaint. When it applies, like here, the privilege "is absolute." *Blanchard v. DIRECTV, Inc.*, 123 Cal. App. 4th 903, 919 (2004) (emphasis supplied). Thus, Plaintiff's tortious interference claim is precluded by the California Litigation Privilege.

### E. Anti-SLAPP and Award of Fees and Costs.

California's anti-SLAPP statute creates an avenue for pre-trial dismissal lawsuits that "masquerade as ordinary lawsuits" but aim to deter "expression through costly, time-consuming litigation." *Makaeff v. Trump Univ.*, 715 F.3d 254, 261 (9th Cir. 2013) (internal quotations omitted); *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 839 (9th Cir. 2001); *Wilcox v. Sup, Ct*, 27 Cal. App. 4th 809, 819 (1994)). Under the anti-SLAPP statute, a defendant may move to strike a claim or complaint when the underlying conduct was an "act in furtherance of [the] right to petition or free speech." *Id.* at 818. The statute "mandates that 'a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs.'" *Collins v. Allstate Indem. Co.*, 428 Fed. Appx. 688, 690 (9th Cir. 2011). Anti-SLAPP applies to claims here where a Proposition 65 enforcer is sued for sending Proposition 65 Notices or filing claims. *See, Equilon Enters. v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 67 (2002) (Equilon's action for declaratory and injunctive relief is one arising from Consumer Cause's activity in furtherance of its constitutional rights of speech or petition—viz., the filing of Proposition 65 intent-to-sue notices…")

To evaluate an anti-SLAPP motion, courts use a two-step analysis. *Daniels v. Robbins*, 182 Cal. App. 4th 204, 214 (2010). <u>At the first step</u>, the defendant must demonstrate the challenged causes of action arise from an act in furtherance of the defendant's right of petition or free speech. Cal. Civ. Proc. § 425.16(e). If the defendant satisfies this burden, the analysis moves to step two. <u>At step two</u>, the burden shifts to the plaintiff to show a probability of prevailing on the challenged claim. *Metabolife Int'l*, 264 F.3d at 840; *Daniels*, 182 Cal. App. 4th at 214. The Ninth Circuit held

that courts must apply federal rules of procedure when determining the proper standard of review to assess the probability of prevailing. *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018). When "an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim," as it does here, the standard of review under Federal Rule of Civil Procedure 12(b)(6) applies. *Planned Parenthood*, 890 F.3d at 834.

Here, CAG can satisfy the first step in the Anti-SLAPP analysis because the Complaint fall within the ambit of section 425.16(e). See, e.g., *Navellier v. Sletten*, 29 Cal.4th 82, 88 (2002). Cal. Code Civ. Proc. § 425.16(e), among other things, includes within its ambit "any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law." In the instant case, as discussed above Plaintiff openly pleads notices of violation and prosecution of the Complaints as the basis for its claims. Complaint, ¶ 113. Plaintiff alleges CAG's activity in its separate Proposition 65 cases CAG brought against Plaintiff or Ross. *Id.* 93-112 & see 114-124. CAG's Notice of Proposition 65 Violations and the pleadings and filings lawsuits brought by CAG are written statements within the ambit of Cal. Code Civ. Proc. § 425.16(e). *Equilon Enters., 29 Cal. 4th at 67*

As to the second step, Plaintiff cannot establish that it will prevail on its First Amendment Claims or its tortious interference claims because the Neorr-Pennington Doctrine and the California Litigation Privilege provide absolute immunity for such claim as a matter of law, and the claim is not properly pled (see below). *See, e.g., Adobe Sys. Inc. v. Coffee Cup Partners, Inc*., No. 11-cv-2243-CW, 2012 WL 3877783, at *18 (N.D. Cal. Sept. 6, 2012) (granting special motion to strike, finding no likelihood of success due to Noerr-Pennington and litigation privilege, and directing fees/costs pursuant to Civ. L.R. 54); *Niantic, Inc. v. Global++*, Case No. 19-cv-03425-JST, 2020 WL 1548465, at *8 (N.D. Cal. Jan. 30, 2020).  Accordingly, the Court should strike the claim.

### F. The Complaint Fails To Properly Plead Tortious Interference With Contract

"The elements which a plaintiff must plead to state the cause of action for intentional interference with contractual relations are (1) a valid contract between plaintiff and a third party;

(2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." *Pac. Gas & Electric Co. v. Bear Stearns & Co.*, 50 Cal.3d 1118, 1126 (1990). The complaint offer only conclusory accusations (Complaint, ¶156-159), and does not identify any contract, when or such breach or disruption happened or what that breach or disruption was, or damage." *Id.*

### G. Dismissal Under 12(b)(7) For Failing to Join Indispensable Party—State of California

Under Rule 19, a "required party" must be joined as a party if doing so is "feasible." Fed. R. Civ. P. 19. Under Rule 19(a)(1)(A), a party is required if "in that person's absence, the court cannot accord complete relief among existing parties". See, *Cal. Chamber of Comm v. Council for Educ. & Rsch. on Toxics,* 29 F.4th 468, 472 (9th Cir. 2022) (naming Attorney General as seeking preliminary injunction against enforcing Proposition 65 for acrylamide).   Here, Plaintiff intentionally did not sue the state of California and the requested relief cannot be provided by CAG.

## V.  CONCLUSION

For the foregoing reasons, CAG requests the Court dismiss this Complaint with prejudice and award CAG its attorneys' fees and costs incurred in bringing this Motion.

Dated: October 28, 2022                      */s/ Reuben Yeroushalmi*

                                            Reuben Yeroushalmi
                                            Attorneys for Defendant,
                                            CONSUMER ADVOCACY GROUP, INC.

CAG's Memorandum of Points and Authorities
in Support of Motion to Dismiss Complaint                 *Enchante Accessories, Inc. v. Consumer Advocacy Group, Inc.*
                                                          4:22-cv-05035-DMR